

FILED

SEP 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

Cornell D.M. Judge Cornish, Esq. )
Suite 301 )
1101 New Hampshire Ave., NW )
Washington, DC 20037-1502 )
(202) 429-9705 )
DC Bar Number 366240 )
)
Plaintiff *Pro Se* )
)
v. )

JON DUDAS, in his Official
Capacity as Under-Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office
And the UNITED STATES PATENT AND
TRADEMARK OFFICE )
P.O Box 1450 )
Alexandria, VA 22313-1450 )
)
Harry I. Moatz, in his Official Capacity as )
Director )
Office of Enrollment and Discipline )
U.S. Patent and Trademark Office )
P.O. Box 1450 )
Alexandria, VA 22313-1450 )
)
William J. Griffin, in his Official Capacity as )
Staff Attorney )
Office of Enrollment and Discipline )
U.S. Patent and Trademark Office )
P.O. Box 1450 )
Alexandria, VA 22313-1450 )
)
Defendants )

Case: 1:07-cv-01719
Assigned To : Roberts, Richard W.
Assign. Date : 9/26/2007
Description: Pro Se Gen. Civil

CA No._____

COMPLAINT;

~~AND~~

~~MOTIONS FOR ORAL HEARING;~~

1

FOR LIMITED DECLARATORY JUDGMENT OF UNCONSTITUIONAL RIGHT OF

APPEAL TO BOARD OR PATENT APPEALS AND INTERFERENCES UNDER

ARTICLE II, SECTION 2, cl. 2, AND 5 U.S.C. 3105; DECLARATION THAT 35

U.S.C. 2(B)(2)(D), 6 AND 32 ARE NULL AND VOID FOR SETIING UP CONTENT

GATE-KEEPERS WITHOUT PRIOR RESTRAINT OR DUE PROCESS AS A

DANGEROUS PRECEDENT TO BAR ATTORNEY ADVERTISEMENTS OF THEIR

NAMES IN PATENTS; AND WHICH IMPROPERLY  REQUIRE TESTING

WITHOUT REEASONABLE ACCOMMODATIONS; AND FOR INJUNCTIVE

RELIEF TO ENJOIN ENFORCEMENT OF 35 U.S.C. 2, 6, 32; AND TO OBTAIN

REDRESS OF PLAINTIFF'S CONCRETE, PARTICULARIZED, ACTUAL AND

IMMINENT IRREPARABLE INJURY IN FACT


COMPLAINT ON THE MERITS

(PREMLIMINARY AND SUPPLEMENTAL STATEMENT)


THIS COMPLAINT IS ALSO FOR A TRIAL ON THE MERITS TO REDRESS HARM
BY THE DEFENDANTS FOR VIOLATION OF CONFIDENTIALITY AND
PRIVILEGE, AND TO OBTAIN REVERSAL OF DEFENDANTS' INACTION AND
ACTIONS, INCLUDING AN ILLEGAL AND AMBIGUOUS ATTEMPT TO SHIFT
THE BURDEN OF PROOF BY THE NOTICE ON AUGUST 22, 2007, WITHOUT
PROPER, DEFINITE AND NAROWLY TAILORED PARAMETERS AND DUE
PROCESS  UNDER 35 U.S.C. 2(B)(2)(D)

## **COMPLAINT**

### **Nature of Action and Parties**

**Plaintiff Cornell D.M. Judge Cornish (Plaintiff), as and for his Complaint**

**against Defendants  UNITED STATES PATENT AND TRADEMARK OFFICE; Jon**

Dudas, in his Official Capacity as Under-Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office; Harry I. Moatz, in his Official Capacity as Director of the Office of Enrollment and Discipline of the U.S. Patent and Trademark Office; and  William J. Griffin, in his Official Capacity as Staff Attorney Office of Enrollment and Discipline of the U.S. Patent and Trademark Office, alleges as follows:

## FIRST COUNT

This action is brought for a preliminary injunction; declaratory judgment pursuant to 28 U.S.C. 2201 *et seq.* and for a *Writ of Mandamus.* More particularly, Plaintiff seeks to prevent:  (1) Defendants from implementing their letter of August 22, 2007, 35 U.S.C. 2 (b)(2)(D), 6 and 32;  (2) to seek an order declaring them null and void without legal effect as being beyond their power and authority; (3) preventing actions by Defendants, among other things, purporting to prevent Plaintiff from advertising his name as an attorney; (3) preventing actions by Defendants that are arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, and contrary to Plaintiff's Constitutional rights; and (4) for the issuance of a *Writ of Mandamus* requiring Defendants to return and correct his Certificate of Registration No. 19,240 and to reinstate him on the rolls of attorneys, and requiring them to comply with the requirements of the Administrative Procedure Act (APA), 5 U.S.C. sec. 1 *et seq.*

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. sec. 1331 and 1338, inasmuch as this is a civil action arising under the laws and Constitution of the United States, and

relating to patents, including the United States Patent Act, 35 U.S.C. 1 *et seq,* the

Declaratory Judgment Act, 28 U.S.C. sec. 2201 *et seq.*, the APA, and the U.S.

Constitution.

## VENUE

Venue is proper in this District pursuant, *inter alia,* to 35 U.S.C.sec.1(b) and 28

U.S.C. 1391(e).

## ADDITIONAL COUNTS

This Complaint is also for a trial on the merits to redress harm by the Defendants for

violation of confidentiality and privilege, and to obtain reversal of Defendants' illegal

and ambiguous attempt to shift the Burden of Proof by their Notice on August 22, 2007;

improperly requiring testing without reasonable accommodations; invading and

interfering with Plaintiff's right of privacy; discriminating against Plaintiff because of his

age and confidential medical history; subjecting Plaintiff to public ridicule,

embarrassment and shame; taking his property without due process or just compensation;

refusing to return and correct his Certificate of Registration No. 19,240.

Plaintiff is also seeking a Writ of Possession for the return of his corrected

Certificate of Registration No. 19,240 from the Defendants; and damages for irreparably

injuring Plaintiff and causing him mental pain and suffering among other damages for

which Plaintiff is seeking up to $2,500,000 in damages.

## PRELIMINARY MOTION

## MOTION FOR ORAL HEARING

It is respectfully submitted in good faith that the Court should consider, and after consideration, respond favorably to Plaintiff's request for permission to appear to offer oral testimony considering the confidential nature of the underlying facts, with the possibility of offering the same to the Court in camera with evidence and facts to clarify the specific nature of this case and the facts applicable thereto and to the Counts relative to the actions of the Defendants in raising Constitutional questions of importance to the public and the general welfare.

Plaintiff Cornell D.M. Judge Cornish is an attorney of good moral character and reputation, and is qualified by subject-matter jurisdiction, and otherwise, to bring this complaint for declaratory judgment under 28 U.S.C. sec. 2201(a), or otherwise, and for other relief, *inter alia*, because the Defendants letter of August 22, 2007 is invalid and unenforceable. It was a clear threat to enforce the underlying invalid and unenforceable appointment of the Board of Patent Appeals and Interferences to punish Plaintiff, and by government coercion to dispose of my current patent and trademark applications by prior restraint, and retroactively to require correction of valid and existing or licensed patents, or future patents and trademarks, and, by ambiguous and capricious action, abuse of power, and invalid and unenforceable actions without due process or just compensation, govern by prior restraint Plaintiff's speech and press rights, and his conduct in seeking to advertise his name as a practicing attorney, and to seek recognition as an attorney and

return of his Registration Certificate under his Registration No. 19,140. Defendants by these active controversies intend to thwart, embarrass and expose Plaintiff to ridicule into the taking of the Patent Office Exam (Exam) without reasonable accommodations for Continuing Legal Education (CLE) purposes, or other mere academic reasons, and do so without any possibility of correcting the test or appealing the results.

Med immune, Inc. v. Genentech, Inc., et al, No. 05-608, _____ U.S. _____ (2006); Atvater v. Freeman, 319 U.S. 359 (1943), support Plaintiff's view that a case or controversy exists between parties having adverse legal interest of sufficient immediacy and reality to warrant relief (Maryland Casualty Co. v. Pacific Coal & Oil Co, 312 U.S. 270, 273), and the case is not moot.

When threatened government action is concerned, Plaintiff is not required to expose himself to liability before bringing suit to challenge the basis of the threat. Plaintiffs own action (or inaction) in failing to violate the law eliminates the imminent threat of prosecution, but nonetheless does not eliminate Article III jurisdiction because the threat-eliminating behavior was effectively coerced.

The risks and coercion involved in this case are real, *inter alia*, because Plaintiff faces the risk of endless unconstitutional prior restraint and censorship, the loss of his profession, multimillion dollar fines under 35 U.S.C. 33. Also, the risk of appeal he faces are real before an invalid, unauthorized Board of Patent Appeals and Interferences and they are substantial and current.

Plaintiff is widely recognized as an *attorney* and as a *practitioner* in the PTO, not only because he has been authorized and so recognized under Registration Certificate No. 19,240 for over thirty years, but also because the Defendants have violated his rights and

irreparably damaged him by coercing him not to advertise his name as an attorney, and to give up his profession, not only in violation of Constitutional restraints, but also in violation of statute and rule, including without limitation 28 U.S.C.1654; section 6 (a) of the Administrative Procedures Act (APA), 60 Stat. 240, 5 U.S.C. 550(b) and 1005(a), (albeit, he is also authorized and recognized without limitation, as provided by 37 C.F.R. 10.14(a) and 10.140. and 11.1 of the Manuel of Patent Examining Procedure (MPEP).

Defendants, in a dangerous precedent, have set themselves up as gatekeepers of his right to advertise his name as an attorney. To this end, they have, by prior restraint and without due process or the required authorization from Congress under Article II, Section 2, cl.2 of the Constitution, set up an invalid and unenforceable system of unconstitutionally removing his rights. They have also censored Plaintiff's right to advertise as an attorney in patents and trademarks by refusing to allow him to prosecute his applications as an attorney or to so recognize him as an attorney.

To this end, Defendants have made it impossible for Plaintiff to enjoy his legitimate rights of free speech and press. Additionally, Defendants have erased Plaintiff's right of appeal by the unconstitutional appointment of the Board of Appeals and Interference under the current statute. The pseudo, but unauthorized right of appeal, violates Plaintiff's constitutional and other rights, not only under Article II, Section 2, cl. 2, but also under Article I, Section 8, cl. 8, the First, Fourth, Fifth and Fourteenth Amendments, and other common law and statutory rights.

Defendants have additionally and irreparably harmed Plaintiff by intentional, irrational, and unconstitutional discrimination; violation of Plaintiff's privacy; the confidentiality of his records; and public embarrassment, ridicule and insult by

7

ambiguously and capriciously requiring him to repeatedly take an ambiguous and capricious Patent Office Exam without reasonable accommodations, probable cause, or strict tailoring of the requirements to accomplish the compelling public policies involved. Indeed, the Defendants have unconstitutionally thwarted, limited and otherwise restrained Plaintiff by prior restraint, interference and outright exclusion and seizure of his Registration Certificate and trademark, so as to punish him and to prevent him from practicing his profession or advertising his name as an attorney under 35 U.S.C. 32 and 37 C.F.R. 10.158(b)(5).

In essence, Defendants have invoked unconstitutional procedures without the proper authority or jurisdiction for the Board of Patent Appeals and Interferences (Board), whereby Plaintiff is forced now to appeal to this Court for redress by a declaratory judgment of statutory invalidity and other relief.

The injury to Plaintiff is not moot. Moreover, it is in active controversy, is not burdened by failure to exhaust administrative remedies, and will continue until Plaintiff receives a declaratory judgment that 35 U.S.C. 6 is null and void; until Defendants receive proper authority and jurisdiction from Congress for the appointment of the Board of Patent Appeals and Interferences from the Secretary of Commerce under HR 1908, or otherwise; Plaintiff receives reinstatement and the return of his Certificate of Registrations No. 19,240, and reasonable accommodations to take, challenge, correct, and appeal the marks received on the Patent Office Exam for Continuing Legal Education Purposes (CLE), or as a mere academic exercise, once excluded, but allowed.

In The Patent Law, the unconstitutional functioning of 35 U.S.C. PART CHAPTER 1, ESTABLISHMENT, OFFICERS AND EMPLOYEES, FUNCTIONS,

Section 6, Board of Appeals and Interferences, makes it impossible for Section 2 Powers

and Duties, and CHAPTER 3, PRACTICE BEFORE PATENT AND TRADEMARK

OFFICE, Section 32, to function constitutionally, since the right of appeal in the PTO

becomes meaningless. Likewise, it removes from Plaintiff the freedom of speech and

press to publish and advertise his name as an attorney, his right to recognition to

prosecute Plaintiff's patent application S.N. 29/273,235, filed 02/26/2007, and his

trademark application S.N. 77/2437.319, filed 08/04/2007.

Defendants, and the procedures under which they operate have made it

impossible, or otherwise thwarted, Plaintiff's right to advertise his name as an attorney,

makes it impossible for Plaintiff, not only to prosecute the same as an attorney under 35

U.S.C. CHAPTER 2 – PROCEEDINGS IN THE PATENT AND TRADEMARK

OFFICE – Testimony in Patent and Trademark Office Cases, Section 23, but also

impossible for Plaintiff to gain a constitutional hearing and decision on appeal under

CHAPTER 13 – REVIEW OF PATENT AND TRADEMARK OFFICE DECISION,

Proceedings on appeal, Section 142.

Still further, the lack of constitutional authority and procedures in the PTO, has

left Plaintiff with the prospect of a penalty of up to $2,000,000 or more, comprising a fine

of $1000 per day under 35 U.SC. 33 for his advertisements in still active patent No.

5,256,367, and/or subsequent applications, patents and trademarks.

Without this timely and good faith appeal to this Court now, Plaintiff is left

without remedy for the irreparable injuries and manifestly unjust treatment he has

received.

9

Without the timely intervention of this Court now, not only will the Plaintiff, but all other applicants and the public at large, be irreparably injured, and the compelling public policies involved in publishing patents and trademarks, because they all depend on the proper authorization of the Board of Patent Appeals and Interferences, which depend on the proper functioning of the methods and procedures under SPECIFIC POWERS, sub-section 2 (b)(2)(D), of the Powers and duties Sections 2, and Section 32 of 35 U.S.C.. Like a house of cars, each individual part will fall by the improper actions and lack of proper actions by the Defendants. Like the weakest link in a chain, the failure of the Board of Appeals to be authorized by Congress causes the whole PTO operation to fail.

This Court has a duty to act because we all depend on the constitutional authorization of the Board and other relevant and current sections under Article II, Section 2, cl.2. They are part of a piece that must be taken as a whole, and not piece-by-piece. This intimately, and unconstitutionally connects Plaintiff's patent and other applications, because, under 37 C.F.R. 1.181, Petitions may be taken to the Defendant Dudas or to this court if any action or requirement of any examiner in not subject to appeal to the Board of Patent Appeals and Interferences. Since the Board of Appeals and Interferences (Board) is unconstitutionally authorized, no appeal thereto is authorized, and any appeal can be taken to this Court under 37 C.F.R 1.181, or otherwise.

Heretofore, the Board governed the outcome of any appeal of Plaintiff's patent application to the Board of Appeals and Interferences.

There are similar connections via PRACTICE BEFORE PATENT AND TRADEMARK OFFICE and 35 U.S.C. 6; Illustrations of these connection are well established under portions of CHAPTER 3 relating to the appointing, governing,

10

recognizing, and requiring portions of 35 U.S.C. 2 (b)(2)(D), including, 32, and the implementation thereof under related requirements for Hearings.

These hearings are essential for due process, which Plaintiff has been denied. And they are not just before administrative judges but for appeal to this Court, as required by the Manual of Patent Examining Procedure (MPEP) 10.154.

Likewise, the Defendants have exceeded their gate-keeper power of exclusion under Consolidated Rule 10.158(b)(5) and 10.159(a), by preventing Plaintiff by prior restraint from advertising his name in patents and applications as an *attorney* or *practitioner* without a right of appeal to a properly authorized Board, or giving notice to this Court and authorities in any State in which Plaintiff is known to be a member of the bar, and any appropriate bar associations without any appeal to the Board.

This involves appeals to this Court under 11.158: Suspended or excluded practitioner, including Section (5) *advertising;* and Subpart B – Recognition To Practice Before the USPTO, with particular reference to the MPEP 11.1 and 11.6 (a) and (d), which relates to appeals to the *Board of Patent Appeals and Interferences* for action by a person who is not registered on the roll of attorneys in the PTO.

The latter provides that: "For action by a person who is not registered in a proceeding before the *Board of Patent Appeals and Interferences* (emphasis added), registration of attorneys and agents lies under 11.7 (a)(2)(iii), 11.7 (b)(1)(d)(ii), 11.10 (a), and the process covered by 11.1 through 11.11, which are believed in good faith to be unconstitutional and null and void,

Still further, according to the statutory history in the Congress concerning the Trademark Trial and Appeal Board, including Mr. O'Mahoney's report from the

11

Committee on the Judiciary: The Committee on the Judiciary, to which was referred the bill (H.R. 8826) to amend the act entitled "An act to provide for registration and protection of trademarks used in commerce, to carry out the provisions of international conventions, and for other purposes, "approved July 5, 1946, with respect to proceedings in the Patent Office, having considered the same, reports favorably thereon with an amendment and recommends that the bill, as amended, do pass, wherein "employees" are designated by the Commissioner and whose qualifications have been approved by the Civil Service Commission as being adequate for appointment to the position of examiners in charge of interferences without any requirement of testing, such as that required by Defendants in this case.

And with regard to appeals within the Patent Office in trademark matters, especially as they relate to the Board, The Trademark Act (Public Law 489, 79th Cong., ch. 540, approved July 5, 1946, 60 Stat. 427) provides that when the examiner of trademarks refuses to register a trademark the applicant may appeal to the Commissioner of Patents (sec. 20; 15 U.S.C. 1070).

And these and other appeals were decided by an unconstitutional delegation to the Assistant Commissioner of Patents from the Defendant Commissioner. And one result was that the appeals to the Commissioner in contested cases amounted to between 200 and 300 annually, whereby that system of appeal had to be abolished.

But the proposed cure was as bad or worse than before. And this is merely illustrative of the many actions by attorneys and others who practice or prosecute without being registered or recognized as attorney, and that do not require the passing of a Patent Office Exam to prosecute.

12

The proposal made by Congress in trademarks was similar to the practice then in patent interferences (35 U.S.C. 135), whereby an internal appeal was abolished in 1939. The decision of the panel of three would be the final decision of the Patent Office in the case, and the parties would have their right of appeal to the court from that decision, as they now have from the final decision of the Commissioner of Patents.

The members of the Board contemplated by the bill include the necessary number of specially qualified persons occupying a position in the Patent Office. The Commissioner and Assistant Commissioners would be ex office members of this Board, as they are of the Board of Appeals in patent cases (35 U.S.C. 7) and could participate in hearing and deciding cases.

In accordance with this complaint the respective defective Statues and Rules should be declared null and void by this Court; unconstitutional by declaratory judgment; and Defendants should be enjoined from punishing Plaintiff, by limiting, and failing to recognize Plaintiff as an attorney and practitioner, or otherwise preventing him from advertising his name as an attorney by prior restraint. Therefore, Plaintiff requests that Defendants be enjoined from enforcing the unconstitutional Statutes and Rules, and in otherwise limiting, restraining, and discriminating against Plaintiff, failing to provide reasonable accommodations, and/or in failing to return or correct his Registration Certificate No. 19,240 and register him on the roll of attorneys in the PTO.

Under sec.16: 15 U.S.C.1066, oppositions to a registration is like a request for re-examination of a patent in appealing to the Board without being a practitioner, or being registered. And the same is true under 35 U.S.C. 315 for an Appeal by PATENT OWNER, such as Plaintiff, who is the owner of his above-mentioned patent, and

applications. Prosecution by a patent owner or a third party requester, including the

Plaintiff, has no requirement that he be an attorney, registered, or a practitioner. It would

be against public policy and legislative history to do so, and it would be manifestly unjust

by prior restraint to keep him from advertising his name as an attorney and practitioner in

the mentioned patent and applications, or other such applications, patents or trademarks.

It is well recognized by long standing complaints by Plaintiff and/or others, as

well as by academic publication, that there are Constitutional defects in the PTO

procedures, that proper authorization and jurisdiction from Congress is lacking, and that

these defects have been recognized in the PTO processes under 35 U.S.C., and the Rules

implementing them. This is clear from the fact that Congress, having recognized such

defects, is attempting to correct them in HR 1908. Moreover, the corrections have not

been made and may never be made without intervention by this Court. However, by HR

1908, at least the House of Representatives has acknowledged the constitutional defects

in the present system in the PTO for appointing administrative judges, and the impact of

this defect has in connection with its establishment, and the implementation of the powers

and duties of the Defendants, who are under the authority of Congress alone.

According to HR 1908, therefore, 35 U.S.C. 6, is amended to provide that: "The

administrative judges shall be persons of competent legal knowledge and scientific ability

who are appointed by *the Secretary of Commerce* [emphasis added]. This is in

conformance with the requirements of Article II, Section 2, cl 2 the Constitution.

In contrast, however, the current procedures are unconstitutional because the Defendants

individually and severally, including JON DUDAS, in his Official Capacity as Under-

Secretary of Commerce for Intellectual Property and Director of the United States Patent

14

and Trademark Office, and the UNITED STATES PATENT AND TRADEMARK

OFFICE, or The United Sates Patent and Trademark Office itself (*per se*), P.O Box 1450,

Alexandria, VA 22313-1450, don't have the required authority or jurisdiction from

Congress.  The required authority and jurisdiction is lacking, and the present process

diverges from what is required by Congressional authority under Article II, Section 2, cl.

2.

   To this end, the required authority and jurisdiction for appointing the Board of

Patent Appeals and Interferences (Patent Trial and Appeal Board) under 35 U.S.C.6, is

lacking in the Defendants, including Dudas, the other Defendants, or otherwise.  The

present statutes to this end are null and void, and must be replaced and amended to

provide what is required by Congress to avoid the defects under the present process,

which is as follows

   (a)     ESTABLISHMENT AND COMPOSITION. – There shall be in the

           United States Patent and Trademark Office a Board of Patent Appeals

           and Interferences.  The Director, the Deputy Commissioner, the

           Commissioner for Patents, the Commissioner for Trademarks, and the

           administrative patent judges shall constitute the Board.

   Thus, the present system for implementing the governing, appointing and

recognizing functions of the Board of Patent Appeals and Interferences, the Defendants

part in that, and the connections with appeals by Plaintiff to the Board, are

unconstitutional.  For convenience, they may be viewed as lacking the required authority,

and exceeding the powers and authority granted to them by Congress.  In a rough

analogy, they are without the authority and power they need from Congress, not just in 35

U.S.C. 6, but also in the whole process for governing, appointing and recognizing attorneys and others, which frequently involves appeals to the Board concerning the conduct of attorneys, and which may involve the Plaintiff 's conduct, and his right to advertise his name as an attorney of a specific invention, without prior restraint under 35 U.S.C.32, and 37 C.F.R. 10.1 *et seq,* or otherwise, particularly under 37 C.F.R. 10.2, 10.4, 10.7, 10.10, 10.11, and 10.130 through 10.160 and revisions.

Under the present process, designating and authorizing the Board, and recognizing and governing attorneys and their advertising and appeals in connection with 35 U.S.C, 6 is defective. For example, the appointment of the Board of Patent Appeals and Interferences being unconstitutional, the Plaintiff has no right of appeal to the Board for review of a rejections to his claim in his current applications, which includes his of right to advertise his name as an attorney and practitioner in a patent application, and/or to advertise his name as an attorney in his trademark application under 37 C.F.R. 11.1 (Definitions), and his recognition as an authorized practitioner under 37 C.F.R. 11.1(2).

Accordingly, the gratuitous removal of Plaintiff's name as an attorney and recognized practitioner by deleting his name from the rolls of attorneys, which prevents him from advertising his name as an attorney in patents and trademarks, and in the records of his pending applications without a hearing by administrative judges not appointed by the Secretary of Commerce, as in HR 1908, or other Officials properly appointed under Article II, Section 2, cl.2, the process is unconstitutional.

The requirements and prior restraints imposed are also without probable cause, due process or an opportunity for a hearing, and, thus, unconstitutional on that basis. Moreover, there was not no showing that Plaintiff was not of good moral character and

reputation and not possessed of the necessary qualifications, and Defendants did not meet their burden of proof, e.g., under 37 C.F.R. 10.149.

In this connection, Defendants bindingly admitted that the record does *not* show that the Plaintiff has *not* presented objective evidence to show that he continues to possess legal qualifications necessary to render applicants for patent valuable service.

This Court has jurisdiction under 28 U.S.C. 1331 and 1338, inasmuch as this is a civil action arising under the laws and Constitution of the United States, and related to patents, including Article I, Section 8, cl. 8, the United States Patent Act, 35 U.S.C. 1 *et seq* (The Patent Act)*,* and the Declaratory Judgment Act, 218 U.S.C. 2201, This Court also has jurisdiction pursuant to 28 U.S.C. 1361, inasmuch as Cornell D.M. Judge Cornish seeks a *Writ of Mandamus* requiring Defendants to comply with the Administrative Procedures Act (APA), (albeit, also under the United States Constitution and the Patent Act).

Venue is proper in this District pursuant to 35 U.S.C. 1(b) and 32, and 28 U.S.C. 1391(e). See also 35 U.S.C. 32, 37 C.F.R. 10.157, and Local Rule 213. which are also relevant to venue.

Facts Applicable To All Counts

Plaintiff Cornell D.M. Judge Cornish is seeking authorization and recognition as an attorney in the PTO, and his right to advertise his name as an attorney without prior restraint under the U.S. Constitution, statutes and case law governing the same, including, e.g., under the provisions of 35 U.S.C. 2, 6, and 32, the Constitutional and Statutory policies of the United States that promote the progress of science and useful arts by securing for limited times to authors and inventors the exclusive rights to their respective

17

rights and discoveries; the compelling public interests in continuing to safeguard broad access to the United States patent system through the reduced fee structure for small entities, and in protecting free speech and press, advertising in general, and commercial advertising in patents and trademarks in particular, both in paper documents and records, and electronically.

Defendants have also violated provisions of the Constitution, including the First, Fourth, Fourteenth Amendments, and Article I, Sec. 8, cl. 8, and Article II, Sec. 2, c. 2, and law protecting his rights of property, due process, privacy, confidential and privileged information, the law against taking and interfering with his property, privileges and profession without just compensation and the protection of trademarks by law.

Furthermore, Defendants have injured Plaintiff by odious discrimination against Plaintiff because of his age without reasonable accommodations in an irrational and manifestly unjust process intended to publicly expose him to embarrassment, ridicule by besmirching recognition of Plaintiff's name in advertising by holding himself out as an attorney with good moral character, reputation and professional standing, and his substantial and sufficient qualifications to render to applicants or other persons valuable service, advice, and assistance in the presentation or prosecution of their applications or other business before the Defendants, *inter alia*, by virtue of, but not limited to, his U.S. Patent No. 5,256,367, which expires 17 years from its issue date on October 26, 1993; the filing of U.S. Design Patent Application S.N. 29/273,235 on 02/26/2007 or before, and U.S. Trademark Application S.N. 77,247,319, filed on 08/04/2007.

Plaintiff has successfully for over thirty years been widely and long recognized by Defendants without objection as a practitioner capable of prosecuting patent and

18

trademark applications in the U.S. Patent and Trademark Office as an attorney, to advertise his name as an attorney in patents and trademarks, and, in good faith, to continue to do so, despite the actions of the Defendants and the limitations and prior restraints placed on Plaintiff by them, and until the present controversy in connection therewith is settled on its merits.

By a binding admission against interest, Defendants have concluded from the record in this case that Plaintiff has not presented insufficient objective evidence to show that he continues to possess legal qualifications necessary to render applicants for patent valuable service.

Despite Defendants claims to the contrary, however, and in connection with the present controversy, which is not moot, as alleged by Defendants, Plaintiff claims the right to advertise his name as an attorney in patents and trademarks, a right to obtain an injunction against Defendants to enjoin them from preventing, coercing, threatening, or limiting Plaintiff from doing so in his current applications and issued patents, as well as future applications and patents without prior restraint, and to obtain a *Writ of Mandamus* directing Defendants to allow him to do so under his Registration No. 19,240; a *Writ of Possession* and Order commanding Defendants to return and/or correct that Certificate so as to prevent the Defendants from seizing it or other property as contraband without due process or just compensation. Plaintiff is entitled to a *Writ of Mandamus* Ordering Defendants to reinstate him on the rolls of attorneys, and to allow him to take the Patent Office Exam as a mere academic exercise with reasonable accommodations and without fees, except nominal costs, and to inspect, challenge, correct and appeal the grading of the same for Continuing Legal Education (CLE) or other such mere academic purposes.

The Plaintiff also claims damages of up to $2,000,000, which includes pain and suffering and the potential costs of fines at $1000 per day for holding himself out and permitting himself to be held out as so recognized, or as being qualified to prepare and prosecute applications for patent.

The Plaintiff, Cornell D.M. Judge Cornish ("Plaintiff"), while willing to proceed *pro se* if the Court denies his Motion for an oral hearing, timely moves *pro se* in good faith for an oral hearing to obtain the appointment of an attorney acting *pro bono, inter alia,* because of the important Constitutional issues raised by this complaint. *See*, e.g., the complaints for the strict limitations on the constitutionally permissible methods of appointment of the Defendants and others Officials acting as judicial lieutenants, the right of attorneys, such as Plaintiff, to advertise, and the seizing of Plaintiff's documents, registration and property in his profession and Registration Certificate No 19,240 without due process and adequate consideration under Article I, Section 8; Article II. Section 2, cl. 2, and the First, Fourth, Fifth and Fourteenth Amendments, as set forth hereinafter. Important issues are also raised under the Administrative Procedures Act (APA) and the Patent Laws.

As stated in the attached declaration, Plaintiff is a *pro* se party whose complaint is proper and within the jurisdiction of this Court under 28 U.S.C. 1331 and 1654. To this end, this is an action arising under the Constitution, laws, or treaties of the United States in accordance with 28 U.S.C. 1331, and the Administrative Procedures Act.

In support of his request for an oral hearing, Plaintiff has a demonstrated inability to hire and pay for an attorney due to lack of a job and job prospects as a patent attorney because of the actions of the Defendants in violating Plaintiff's confidential and

20

privileged information, and because of prior restraint of Plaintiff's speech and access to

advertise his name as an attorney in publicly accessible patent and trademark records,

documents and papers, and his right to advertise himself as an attorney in the PTO under

the First Amendment, which is the basis of Plaintiff's identity and profession for over

thirty years.

The fees and costs to Plaintiff for an attorney in this complex case would be

exceed Plaintiff's ability to pay those fees, which are not compatible with his ability to

pay projected medically related fees for his doctors, which are well documented in the

record of this case. And Plaintiff fairly believes that in order to protect the ongoing

requirements and prospects for the health and welfare of himself and his wife at their

advanced age of 78 without additional disability insurance, he would be unable to retain

and pay the anticipated fees and costs for counsel in this court, and/or through an appeal.

Also, it is obvious from the attached complaint, that this is a complex

Constitutional case, which involves violation of confidentiality and privileged

information; the Plaintiff's claims have potential merit for a Summary Judgment; and due

to the important questions involved for the advertising of all patent lawyers in the PTO,

there is present a high degree to which the interests of justice and the public will be

served by appointment of counsel, including the benefit the Court may derive from the

assistance of the appointed counsel without any waiver of his Age Discrimination or

other Claims under the Employment Act of 1967 (ADEA) and Equal Employment

Opportunity Commission (EEOC) rights, 29 C.F.R. Part 1625 *et seq.,* and/or other rights

or privileges as an injured and aggrieved party. The Defendants' reverse recognition of

Plaintiff as an attorney are manifestly unjust and otherwise satisfy the requirements for this cause of action, and jurisdiction and venue, as in this Complaint.

## FACTUAL ASSERTIONS OF PLAINTIFF

Plaintiff asserts in this complaint that he is a patent attorney admitted and recognized in good standing by the Court of Appeals of Maryland, the District of Columbia, New York State, the Court of Appeals of the Federal Circuit, the District Courts For the Eastern and Southern Districts of New York, the U.S. Tax Court, the Supreme Court of the United States, and able thereby to practice as an attorney before federal agencies in a wide variety of cases and venues, including the copyright office and by Rule in the Trademark Office, or *inter alia,* under an exception to, or by suspension of the Statute and Rules in the Patent Office, or otherwise, e.g., under the exception to the Common Law Rule that *non-attorneys* cannot *litigate* the interests of others, unless prohibited in a timely manner after the filing and notice of a complaint by the PTO, and after an opportunity for a probable cause evidentiary hearing, under the name Cornell D.M. Judge Cornish, and/or in connection with his trademark Cornell D.M. Judge Cornish **downpat**.

Plaintiff further asserts that he is familiar with the Rules of the PTO, the Manual of Patent Examining Procedure (MPEP), the *Rules of Professional Conduct* by meeting the specific ethical requirements of New York State on 2/27/2002, and that he maintains his Patent Office skills by Continuing Legal Education (CLE) approved by the American Intellectual Property Law Association (AIPLI).

Still further, Plaintiff asserts a cause of action for himself *PRO SE,* as an aggrieved party and his own attorney, *inter alia,* under the Judiciary Act of 1789, later

codified in 28 U.S.C. 1331, 1651 and 1654; Title VII of the Civil Rights Act of 1964; the Administrative Procedures Act, 5 U.S.C. 702 (APA); the Individuals With Disabilities Education Act (IDEA); 20 U.S.C. 1400 *et seq.* (1415(i)(2)(A) 2000 ed., Supp. IV); the Age Discrimination in Employment Act (ADEA), 29 U.S.C. beginning at section 621 (Pub.L. 90-202); The Older Workers Benefit Protection Act (Pub. L. 101-433; Section 115, etc. of the Civil Rights Act of 1991 (Pub.L. 102-166); and the Equal Employment Opportunity Act of 1967 (EEOA).

Plaintiff asserts in this complaint his right for a preliminary injunction and a declaratory judgment pursuant to 28 U.S.C. Section 2201 *et* seq. and for *Writs of Mandamus, inter alia,* to stop violations of confidentiality and privilege by Defendants, for public embarrassment and injury there from, and for unlawful Possession and restraint of his Registration Certificate 19,240.

More particularly, Plaintiff seeks (1) herein, under 28 U.S.C. 1331 and Title VII of the Civil Rights Act of 1964, or otherwise, to redress actual, concrete damages to Plaintiff amounting to over $50,000, including redress and damages for pain and suffering from violation of privileged and confidential information, and equitable relief to preserve his personal, professional, pecuniary, or property rights and privileges as a lawyer that were affectively transgressed, violated and compromised by Defendant's actions, which include the manifest injustice of sanctions, punishments, equivalents, and/ or requirements by Defendants under 37 CFR 10.7 and 1.21(a)(3), or otherwise, including actual, concrete actions now in controversy and not moot, and legal wrongs that may be in whole or partially based on concrete facts not in dispute, entitling Plaintiff to judgment as a matter of law, as well as a basis for a Summary Judgment due to Defendants failure

timely to comply with statutory and administrative provisions requiring timely on the record notice of a disciplinary complaint and a timely evidentiary, probable, show cause hearing before an attorney or another, or resulting from a court's decree or judgment.

In view of the manifest injustice involved, this complaint by Plaintiff as an aggrieved party is made to preserve Plaintiff's rights against the Defendants personally for violation of privilege and confidentiality, and arbitrary discriminations, which may be continued with the Court's permission by bifurcation and personal service in the venue of The United States District Court For Eastern District of Virginia (Alexandria Division).

## DEFENDANTS

This is a timely Motion and Complaint with service that is not time barred, in the venue of this Court against Defendant United States Patent and Trademark Office, and Defendants, Jon W. Duda, in his official capacity as United States Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("PTO" or "Office"); Harry I. Moatz ("Moatz") in his official capacity as Director of the PTO Office of Enrollment and Discipline ("OED"), and William J. Griffin ("Griffin") in his official capacity as staff hearing attorney for Harry I. Moatz in the Office of Enrollment and Discipline ("OED"), through and by the Plaintiff's personal signature *pro se*, *inter alia*, under the provisions of the 28 U.S.C. 1331, and *inter alia*, the Judiciary Act of 1789, later codified at 28 U.S.C. 1654 and Title VII of the Civil Rights Act of 1964 and the Administrative Procedures Act (APA); and likewise, as and for others without resources to hire an attorney, or represent children and grandchildren or other minors *pro bono*, as in <u>Jacob Winkelman, et al v. Parma City School District, No. 05-983, 550 U.S.  (May 21, 2007).</u>

## ACTIONS OF DEFENDANTS

The Defendants have attempted unlawfully without Constitutional authority to shift the burden of proof from Defendants to Plaintiff under the First, Fourth, Fifth and Fourteenth Amendments, Articles I, Section 8, cl. 8, Article II, Section 2, cl. 2, 35 U.S.C.32, and the Administrative Procedures Act (APA), to prevent Plaintiff from advertising his name as an attorney without notice and opportunity for a hearing.   To this end, Defendants have invoked in imaginary and irrational presumption, to the irreparable injury and embarrassment of Plaintiff, without statutory and constitutional authority, and which is in controversy and not moot, to govern the conduct of Plaintiff, by word, circular, letter, or by advertising as an attorney in applications, and other papers, documents and records in the PTO.

The presumption the Defendants wish to foist on Plaintiff, is the requirement that Plaintiff must obtain a passing grade by taking another test after notice of a grade on a test taken in 2007 that does not carry the proper identification for the Exam taken by Plaintiff, wherein the test involves arbitrary and capricious questions and answers similar to a test that Plaintiff has already taken and passed in 1958.  Moreover, the test given in 2007 was given to discriminate against Plaintiff in favor of young, healthy, males in a way that publicly embarrasses Plaintiff and subjects him to intimidation without reasonable accommodations for his medical limitations, and wherein, the overall or individual marks given, are not subject to challenge, correction or appeal.

That presumption has been used illegally and unconstitutionally by Defendants to withhold recognition of Plaintiff as an attorney under the regulations established under 35 U.S.C. 2 (b)(2)(D), despite the record in this case that clearly shows, as is not in dispute,

not only that Plaintiff is of good moral character and reputation and possessed of the necessary qualifications to render to applicants or other persons valuable service, advice and assistance in the presentation of prosecution of their applications or other business before the PTO, but that also clearly shows that Defendants by their own admission against interest, after carefully examining the material, objective evidence in the record, have voluntarily after sufficient investigation and consideration, concluded and admitted on March 22, 2005, based upon the current record, that Plaintiff has not presented insufficient objective evidence to show that he continues to possess legal qualifications necessary to render applicants for patent valuable service.

Defendants committed discrete, unlawful, adverse, arbitrary and intentionally unlawful discriminating practices, motives, acts, conduct, recognition Rules, and disparate-treatment, *inter alia,* on August 22, 2007, and/or before, by initially adopting and using highly questionable, arbitrary or inadequately tailored requirements for reinstatement of Plaintiff, who was for a time voluntarily and provisionally inactive without sanction, plea bargain or other consideration, and without any requirement for a showing of fitness for reinstatement, such as, for example, under comparable rules in this Court, including LCLrR 57.21.1, and those provided in other District Courts, such as the Eastern District of New York and this Court by Rule, or in Maryland, the District of Columbia, or New York where provisional inactivity, employment, reemployment, advertising and other privileges as an attorney, are not hindered by performance based testing, especially since Plaintiff has passed selective, standard, universally applied ethical and other tests narrowly tailored to avoid arbitrary discrimination against aged, physically challenged attorneys, such as Plaintiff. Under the APA Title 5, Part I, Chapter

5, Subchapter 500, Plaintiff should be treated, accepted and recognized as a member in good standing of the bar of the highest court of a State, and may represent a person before an agency, including the Copyright Office, and the Trademark Office, as also provided in 37 C.F.R. 10.9, 10.11, 10.14 and revisions.

The Defendants by reverse recognition have banned Plaintiff from advertising himself as an attorney in patents, trademarks and the records of the PTO.

Instead, Defendants in a series of requirements, by Notices on August 22, 2007, August 16, 2006 and August 15, 2005, required Plaintiff to pass another arbitrary, discriminatory test without reasonable accommodations.

Defendants, have no authority to make such a presumption, to reverse the normal burden of proof, or to fail to recognize Plaintiff as an attorney because they lack the proper Congressional, statutory, procedural, discretionary, administrative and judging authority under 35 U.S.C. 32, Article II, Section 2, cl. 2,

Still further, Defendants have violated Plaintiff's confidential and privileged information on March 22, 2005 and March 4, 1996, by a process that is an inherent conflict of interest between the functions of "enrolling" and "disciplining" Plaintiff, using highly questionable, arbitrary, and inadequately tailored performance based testing decisions without reasonable accommodations, and with intent to discriminate, harass, intimidate, embarrass, accuse, censor, suspend, prohibit, discipline, fine, coerce, punish and otherwise subject Plaintiff to ridicule, and to interfere with, or to limit Plaintiff in his profession from advertising in the PTO. The test given discriminates Plaintiff in favor of young, healthy, white males without need for reasonable accommodations under the

provisions of unconstitutional rules and statutes, as provided for in 35 U.S.C. 6, 23, 24, 32 and 33.

Defendants violated Plaintiff's confidential and privileged information, comprising confidential and privileged information concerning steps successfully taken to resolve issues raised in File No. C96-017, which, in fact, were taken and resolved, closed and abandoned in 1996 in the PTO. Additionally, the Defendants have made material damaging mistakes and misdiagnoses on March 4, 1996 and March 22, 2005, based upon invasions of confidential medical records that compromised, damaged and interfered with Plaintiff's privacy and privileged information as a basis of their requirements.

These actions continue to be harmful to Plaintiff as an aggrieved party, as is apparent from the record herein in administrative, non-litigating, administrative contexts, and in the face of administrative due process complaints by Plaintiff, including by way of example, complaints of failure of Defendants to notify the Plaintiff of the closure and abandonment of the issues raised in File No. C96-017, which should have resulted in the continuance of Plaintiff's recognition as an attorney in the Trademark Office, as well as the PTO, and the automatic renewal of Plaintiff's recognition as an attorney on the rolls of attorneys in the PTO in 1996, and/or 2000, 2005, 2006, and 2007, rather than the banning of his advertising as an attorney by prior restraint and a threat of a $1000 fine for every offense in the records and applications for trademarks and patents before and after they issued under 35 U.S.C. 33.

The PTO knew or should have known on or before March 4, 1996, in its File No. C96-017, as Plaintiff did, that the confidential and privileged issues raised were

addressed, resolved, closed, dropped and abandoned after investigation by both Maryland and the PTO, and the matter was addressed, resolved, closed, dropped and abandoned by all parties because successful privileged and confidential steps had been taken to successfully address, resolve, close and abandon the matter.

Also, Plaintiff independently, in accordance with independent, confidential and privileged considerations, benignly assumed what amounted to a provisional, temporary and limited "inactivity" without discipline or disability, without any requirement for a showing of fitness for reinstatement, and without any waiver of any right to due process. Thereby, Plaintiff was exempted from paying fees for maintaining or continuing active status as attorneys in Maryland and the PTO, and without any requirement for a showing of fitness for recognition to advertise as an attorney or agent.

Plaintiff was recognized as an attorney and should have continued to be recognized under Registration No. 19,240 in advertisements in patents and trademarks by the Court of Appeals of Maryland and/or the PTO without any further requirement for recognition in the Trademark or Patent Office as such.

The PTO did not notify Plaintiff until March 22, 2005 or thereafter that the Defendants would attempt to reverse the burden of proof for provisionally removing him from the rolls of attorneys in the PTO, *nunc pro tunc* to 1996, and that it was their intention in 2005 to discriminate against him, and to ban him by prior restraint thereafter from advertising his name as an attorney in both the Patent and Trademark Office.

Plaintiff timely filed complaints and petitioned for the return of his seized Certificate of Registration No. 19,240; automatic renewal of his active status; and

reinstatement and recognition to advertise as an attorney in the PTO, but his petitions have not been timely answered, except to say that they were "moot" on May 15, 2007.

Defendants did not notify Plaintiff on March 4, 1996 in File No. C96-017 that he would be banned from advertising as an attorney in the U.S. Trademark Office until he satisfied the requirements for registration set forth in 37 CFR 10.7 and payment of the fee set forth in 37 CFR 1.21(a)(3).

Defendants, without authority, incorrectly gave Plaintiff Notice under USPTO ID #: 41361, on August 22, 2007 of the grade obtained by the person taking the test on July 16, 2007, under that ID. That ID did not correspond with the identification given to the exam taken by Plaintiff on July 16 and 17, 2007 under USPTO ID 19240. The Notice was apparently given to the wrong person for the wrong date. It also made the irrational, speculative, unauthorized, illegal and incorrect presumption, without material, factual, supporting evidence in the record, and without any opportunity for a hearing required by 35 U.S.C. 32, of the specific percentage estimate by the Officer designated by the Director, who was not appointed with Congressional authority under Article II, Section 2, cl.2, to test, measure and estimate the quality of Plaintiff's moral character, reputation and qualifications for recognition.

By a binding admission against interest on March 22, 2005, the Defendants had already acknowledged that the current record satisfied the requirements for recognition of Plaintiff as an attorney to represent him and others. By a binding admission against interest in 1958, without objection, and by a binding waiver of objection, Defendants recognized that the then current record showed the required moral character, reputation and possession of the necessary qualifications for recognition without a right of

30

advertisement. It was, therefore, only irrationally, illegally and unconstitutionally presumed without authority or an opportunity for a hearing, that he lacked good moral character and reputation and was not possessed of the necessary qualifications to be recognized to represent himself or others as an attorney, or to render to applicants or other persons valuable service, advice, and assistance in the presentation or prosecution of their applications or other business before the PTO.

This injured and aggrieved Plaintiff was irreparably embarrassed and subjected to public ridicule by testing him and using that test to limit his advertisements as a lawyer by prior restraint on the basis of an incorrect or apparently mistaken ID for a test given without due process and/or reasonable accommodations to discriminate against him because of his age. The Notice given was inadequate, irrational, discriminatory, humiliating, and/or apparently mistaken. The Notice Of Results of Performance given, was an irrational estimate without any basis in fact in the public record, or accessible electronically or by way of an FOI request, based on testing for a charge of $450 plus a $40 qualification fee, in a printed Patent Office Exam given on July 16, 2007 to register and recognize attorneys and others to prosecute and advertise in patent applications.

Plaintiff was tested without charge on both July 16 and 17, 2007 for Continuing Legal Education (CLE) and other mere academic purposes, but independently of his hope of reinstatement of recognition to advertise his name in patents and trademarks as an attorney, and to prosecute them as an attorney for others. The qualification necessary to take the test for that purpose, was sufficient for recognition to advertise his name in patents as an attorney electronically without taking or passing the test again, and so the condition necessary for such recognition were met and accepted without objection from

31

the Defendants by binding notice and admission against interest on November 30, 2006,
and by waiver of any right to withdraw the same, or to make demands or requirements for
other qualification, showings or criteria, in order to recognize Plaintiff's right to advertise
as a lawyer in design patent application No. 29/273,235, filed 02/26/2007, and trademark
application S.N. 08/04/2007, filed 08/04/2007   But notice was specifically given only as
to the results of a July 16, 2007 testing date in order to renege on Defendants' letter of
November 30, 2006, and/or the admissions and waivers therein or 0in other letters to the
Plaintiff.

To this end, by Notice on August 22, 2007, Defendants reinstated their
presumption and reversed the burden of proof from Defendants to Plaintiff under 35
U.S.C. 2(b)(2)(D), so as to discriminate against advertising Plaintiff's name electronically
as an attorney under his attorney docket number or his Registration No 19,240 in the
records of the PTO, all of which was a real threat of Plaintiff liability to a fine of
$1000/day for each offense under 35 U.S.C. 33.

Also, the Notice given was mistaken and misplaced unfairly by limiting Plaintiff,
within 60 days of August 22, 2007, to inspect, but not copy, correct or appeal the
questions and answers answered on July 16th, all without due process or reasonable
accommodations (37 CFR 11.7(c)), and requiring him, after passing the exam in 1958, to
take the examination again and again as a mere academic exercise to estimate irrationally
his moral character and reputation, and possession of the necessary qualifications to
render applicants  suffer the consequences.

Defendants' actions reversed recognition of Plaintiff in advertisements as an
attorney by prohibiting him and banning Plaintiff's previous recognition to advertise by

prior restraint and from continuing without permission to hold himself out and/or to advertise or publish his name and trademark by advertisement as an attorney in non-litigating administrative trademark and patent actions, records, documents, papers, patents and trademarks in the PTO on the basis of his advertisement in unexpired U.S. Patent No. 5,256,367, in which his name appears as Attorney, Agent or Firm.  Defendants also prohibited him from using his name as an attorney in any other administrative non-litigating actions in the Patent and Trademark Office (PTO) as a recognized attorney under Registration No. 19,240, either in his existing patent and trademark applications, S.N. 29/273,235, filed 02/26/2007 and S.N. 77/247,319, filed 08/04/2007, or otherwise.

Defendants have otherwise damaged and aggrieved Plaintiff by prior restraint and threat of a $1000 fine for each offense without clear and convincing evidence, a show cause order, probable cause, or a full, public, evidentiary hearing.  They have banned him from advertising in printed patents and PTO records from prosecution of patent applications as a sole attorney or joint attorney with others *pro hoc vice*, *pro bono* or otherwise, or by his own signature as counsel, under the name of Cornell D.M. Judge Cornish, Esq., on the basis of arbitrary discrimination, the withholding of reasonable accommodation for Continuing Legal Education (CLE) or other training, and/or material mistakes and misdiagnoses, apparent on the current record, which are correctable by recognizing him as fully active on the PTO register of attorneys under Certificate No. 19,240.  The injustice of Defendants' actions is manifest.

The banning of Plaintiff from advertising himself as an attorney in patent and trademarks is inconsistent with Defendants notification on March 22, 2005, in a conclusion to their letter signed by the Defendant "Griffin," that said, "based on the

33

current record you have not presented insufficient objective evidence to show that you
continue to possess legal qualifications necessary to render applicants for patent valuable
service."

## THE BURDEN IS ON DEFENDANTS

The burden is on Defendants under 37 C.F.R. 10.49, or otherwise, of going
forward with the evidence, and by clear and convincing evidence, to contradict the
record, which is not in dispute; and to show probable cause why Plaintiff should be so
restrained and/or otherwise banned from advertising, and to show by sufficient objective
and material evidence why he should not regain or copy his documents, papers, and
Certificate of Registration in Replevin or otherwise by a writ of possession, as requested,
as originally issued in 1958, or by a copy of his corrected Certificate, as requested, and
that he be reinstated as an attorney,

Further, the burden is on Defendants to show that he does not continue to possess
the statutory legal qualifications necessary to render applicants for patents valuable
service, that Plaintiff not have the necessary statutory good moral character and
reputation, and that he does not possess the necessary statutory qualifications to render to
applicants, including himself and other persons, valuable advice, and assistance in the
presentation or prosecution of their patent and/or trademark applications under 37 C.F.R.
10.14, and revisions, including 11.7, or in connection with other business before the
Office in accordance with 35 U.S.C. 2(b)(2), including the necessary statutory
requirements for the facilitation and expediting of the processing of patent applications,
particularly those mentioned above, which can be and are filed stored, processed,
searched, and retrieved electronically, and also, that he does not recognize the public

interest in continuing to safeguard broad access to the United States patent system through the reduced fee structure for small entitles, such as Plaintiff, his son, his grandson, and his *pro bono* clients.

Still further, Defendants unfairly and illegally discriminated against Plaintiff in his employment and FOIA causes of action, or otherwise, whereby the Court in its discretion can grant leave under 28 U.S.C. Section 1915 or otherwise to Plaintiff as a pro se litigant upon application to proceed in an oral hearing with an appointed attorney because of the complexity of this action; the merit of the *pro se* party's claim; the demonstrated inability of the *pro se* party to retain counsel by other means; and the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel, *inter alia,* by the appointment of a *pro bono* attorney because of Plaintiff's age and physical limitations, which require reasonable accommodations, and whereby the Defendants by reverse prior restraint and discrimination, require Plaintiff to attain a grade of 70 on the Patent Registration Exam after passing the exam once in 1958.

To this end, according to Plaintiff's timely complaint, Defendants have made material mistakes apparent on the record, including misdiagnosis of Plaintiff's private and privileged medical records and invasion of Plaintiff's privacy, and Plaintiff has been damaged and aggrieved by the widespread confusion about what federal and state privacy law allow, the mis-marking of his Patent Office Exam on August 22, 2007; also, the denial of reasonable accommodations in taking the Patent Office Exam for Continuing Legal Education (CEL) purposes because of his well documented need for such accommodations because of his age of 78 and physical limitations,

Defendants have banned Plaintiff by prior restraint from advertising his credentials, practicing his profession, and have arbitrarily discriminated against his employment, his privileges as an attorney, and his FOIA requests in the PTO as a lawyer in trademarks and patents and applications, and/or as an attorney in U.S. patents. A controversy as to all of the above exists, and is not moot as alleged by Defendants on May 15, 2007.

## CERTIFICATION

Plaintiff is a 78 year old, natural born citizen of the United States, entitled to do business in the PTO and to advertise without prior restraint truthfully as an attorney or intellectual property attorney, under 37 C.F.R. or otherwise, unless otherwise prohibited by law, and publish and edit his speech or the speech of others and to communicate thereby with the public on matters of vital interest and concern to the public welfare, as an attorney or intellectual property law attorney, or otherwise as a practitioner in the papers, documents and records of the PTO and the Copyright Office, under the First Amendment, Article I, Section 8, cl. 8, and the Patent Statutes, including 35 U.S.C. 101, 102, 103, and 112, 251, 254, 255, 256, 261, 262, 271, 273, 281, 285. 301, 302, 306, 311, 315 and Part IV, Patent Cooperation Treaty, or other treaties and laws or rules. Plaintiff may advertise and otherwise use his name as an attorney or intellectual property attorney in the PTO, or be appointed to advertise in the PTO as an attorney or intellectual property attorney, by filing and prosecuting domestic and foreign patent and trademark applications as an inventor, assignee, owner, attorney or intellectual property attorney, and/or file, copy, inspect and search papers, documents, records or other material in the PTO as an attorney or intellectual property attorney for himself and others, as a sole

36

inventor, co-inventor, assignee, co-assignee, patentee, trademark owner, attorney, intellectual property attorney, author, Editor, or otherwise, *inter alia,* by inheritance, bequest, assignment, ownership, as an inventor, co-inventor, author, Editor, assignee, owner, attorney, intellectual property attorney, interested citizen or otherwise, under 35 U.S.C., 37 C.F.R. 10.9, 10,10 and 10.14, and revisions, and/or otherwise, and may advertise his name as an attorney, intellectual property attorney or firm in trademarks and patents, including U.S. Patent 5,256,367, and in the files of applications, including, e.g., S.N. 29/273,235, filed 02/26/2007, and S.N. 77/247,319, filed 08/04/2007, and also in State and Federal Courts where he is admitted, or otherwise. He has been engaged in the practice of intellectual property law as a patent, copyright and trademark attorney and intellectual property attorney, and has held himself out as such, for over thirty years under Registration No. 19,240, and he has never been removed from the register of attorneys because of misconduct or disability, or otherwise, except by mistake, misdiagnosis of his privileged and confidential medical history, manifestly unjust means and methods, illegal unconstitutional seizure of his Certificate of Registration No.19,240, without due process and just compensation, or failure to provide reasonable accommodations.

Plaintiff currently holds himself out for practice as an attorney, intellectual property law attorney, contractor, and patent, trademark and copyright searcher under his name and trademark Cornell D.M. Judge Cornish, and his trademark Cornell D.M. Judge Cornish downpat," in Maryland, New York and the District of Columbia, where he is admitted to practice and in good standing as an attorney. He is widely recognized as an attorney and intellectual property law specialist and practitioner, who practices from an

office located in the District of Columbia at 1101 New Hampshire Ave., NW, Suite 301,

Washington, DC 20037-1502, (202) 429-9705, cornishj@erols.com.

By this Motion and Complaint, Plaintiff declares (or certifies, verifies or states) in

the United States under penalty of perjury that the foregoing is true and correct on

information and belief as of the date stated herein below, and alleges further as follows:

## RELIEF REQUESTED

The Court is asked for an Order declaring the current appointment process for

administrative judging in the PTO, including, but not limited to judging actions for

reprimand, suspension or exclusion under 37 C.F.R. 10.2, 10.10 *et seq.*, including

revisions, and 11.10 *et seq.*, and 35 U.S.C. 6, 32, and 33, unconstitutional under Article 2,

Section 2, cl. 2 and the First, Fourth, Fifth and Fourteenth Amendments; Article I,

Section 8; the remaining Patent Statutes and revisions; and illegal under the

Administrative Procedures Act (APA).

1.    The Court is asked for an Order declaring unconstitutional and not moot, and

    inconsistent with 37 C.F.R. 10.140 (a), 10.9 and 10.14, under the First, Fourth, Fifth

    and Fourteenth Amendments, Article I, Section 8, the Patent Laws and revisions,

    and illegal under the APA, the restrictions, limitations, and prior restraint of

    Plaintiff's advertisements as an attorney in PTO records, applications, trademarks,

    patents , and the requirements that he pass another Patent Office Exam without

    reasonable accommodations..

2.    The Court is asked for a Writ of Possession to Plaintiff for his Registration

    Certificate No. 19,240 as an attorney in his corrected name Cornell D.M. Judge

Cornish for the standard fee for a Certificate; a Writ of *Mandamus* directing the Defendants to return the same to Plaintiff; a Writ of *Mandamus* recognizing and enrolling Plaintiff without fee as an attorney on the rolls of attorneys admitted to practice in the U.S. Patent and Trademark Office; and a Writ of *Mandamus* directing Defendants to allow Plaintiff for a standard per page fee to copy his papers filed in the PTO and the Office of Enrollment and Discipline under the FOIA.

3.     The Court is asked for an Order preliminarily enjoining Defendants, UNITED STATES PATENT AND TRADEMARK OFFICE; Jon Dudas, in his Official Capacity as Under-Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office; Harry I. Moatz, in his Official Capacity as Director of the Office of Enrollment and Discipline of the U.S. Patent and Trademark Office; and  William J. Griffin, in his Official Capacity as Staff Attorney Office of Enrollment and Discipline of the U.S. Patent and Trademark Office, from violating Plaintiff's confidential and privileged or otherwise secret information; and preventing Defendants from restraining, limiting, banning or otherwise interfering with Plaintiff, or otherwise destraining him in his use of his name in advertisements by the use of his name as an attorney in applications, patents, trademarks, or other records in the U.S. Patent and Trademark Office; and/or from representing himself *pro se* or others, *pro bono, pro hoc vice* or otherwise as an attorney in any business before the U.S. Patent and Trademark Office

4.   The Court is asked for an Order allowing Plaintiff to take, review and correct his
exam answers for CLE purposes, and to appeal the marks given in his previous
Patent Office Exams for CLE purposes and merely academic reasons, and to take
the exam any number of times with reasonable accommodations, including enlarged
print questions, an enlarged print answer sheet, and an enlarged print  Manual of
Patent Examining Procedure (MPEP), extra heat and light, extra time, comprising
two testing sessions of four hours each on two separate days as a single test taker
alone in a well heated and lighted room.

5.   The Court is asked for an Order allowing damages of $50,000 to Plaintiff.

6.   The Court is asked for an Order for an oral hearing.

7.   The Court is asked for appointment of an attorney *pro bono,* because it is manifestly
unjust, based on the record before the Court, that Plaintiff is suffering and will
continue to suffer irreparable harm, and it is likely to be significant, incalculable
and not susceptible to full and final monetary compensation or implementation
except by further litigation over an extended period of time, which may be beyond
the lifetime of the Plaintiff, due to the frail nature of his 78 year age, the dim
prospects of his well demonstrated financial and medical challenges during the
withholding of his Certificate of Registration No. 19,240 by reverse prior restraint
in the PTO, the manifest injustice Plaintiff is facing by Defendants limitation of his
recognition to practice even in *pro se* causes in the PTO, the complexity of this
case, and his asked for award of damages of $50,000, which is made without any
waiver of further damages claimed by Plaintiff or presently in dispute for

inaccuracies and errors, e.g., in administering, scanning marking, and/or rectifying errors in the last Exam.

8. The Court is asked for an Order correcting inaccuracies and errors including results and marks by Defendants lower than Plaintiff's actual score in past exams.

9. The Court is asked for an Order allowing damages of between $50,000 to $100,000, corresponding payments of nearly $3 million, as reported by the press as a significant admission of the real harm done to several thousand students by the October 2005 SATT scoring errors (Washington Post, A2, August 25, 2007).

10. The Court is asked for an Order narrowly tailoring the means for achieving the compelling government objectives required by the cited Constitutional provisions, including the First, Fourth, Fifth and Fourteenth Amendments, and the other statutes cited, including, *inter alia,* Article I, Section 8, the Patent Statutes and the Administrative Procedures Act (APA).

11. The Court is asked for an Order recognizing that Congress in enacting the Administrative Procedure Act refused to limit the right to practice before the administrative agencies to lawyers representing others.

12. The Court is asked for an Order recognizing and protecting the interests of the States under color of the State authority that the State have in allowing authorized practice of patent law.  Sperry v. Florida, 373 U.S. 379 (1963).

13. The Court is asked for an Order limiting the testing of attorneys to the States, because there is an inherent conflict of interest between the rules and testing regulations applicable to the States and the PTO.

14. The Court is asked to review the inherent conflict of interest in the PTO between the functions of discipline and enrollment administered by OED.

15. The Court is asked to recognize a First Amendment right of lawyers to advertise by publishing their names in patents and trademark publications as attorneys and prosecutors of those patents and trademarks. *See* Bates v. State of Arizona, 433 U.S. 350 and Goldfarb v. Virginia State Bar, 421 U.0S. 773.

16. The Court is asked to overrule and reverse the Defendants ban on Plaintiff's recognition to prosecute patents and/or to advertise as an attorney in patents and trademarks.

17. The Court is asked to confirm the high ethical standards assured by the regulations of the states, and their assurance to this court of the good moral character, reputation and high ethical standards of the Plaintiff under 35 U.S.C. 2 and otherwise under the Rules of the PTO.

18. The Court is asked to narrowly tailor the dangers of suppressing information and the dangers arising from its free flow "that the First Amendment makes for us." *Ibid. See* also Areopagatica, John Milton 1644.

19. The Court is asked to overrule the PTO's representation that the issues herein are moot.

20. The Court is asked to award damages to Plaintiff of between $50,000 and $2,000,000 *inter alia,* for punishing the Plaintiff by jeopardizing the Plaintiff's license, threatening discipline, parallel threats of criminal prosecution and a fine of $1000 for each time Plaintiff held himself out or permitted himself to be held out as recognized or qualified to prepare applications for patent as an attorney without

recognition under Registration Certificate No. 19,240, originally granted on November 5, 1998.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order in the proposed form included herewith, enjoining Defendants from implementing and enforcing Rules that prohibit, ban, restrain or restrict Plaintiff from advertising as a lawyer under Registration No. 19,240, and preventing him from taking the Patent Office Exam except for CLE, or merely academic or other purposes with reasonable accommodations, or requiring Plaintiff to pass another Patent Office Exam. Plaintiff also respectfully requests an oral hearing for the appointment of a lawyer to aid the Court in this case; and for, Declaratory Judgment and Injunctive Relief for recovery, revival and reinstatement of Plaintiff's Registration Certificate No. 19,240, and Reasonable Accommodations now requested but refused in a presently active, concrete but resolvable dispute, including an enlarged print Manual of Patent Examining Procedure ("MPEP"), for one exam taker alone, and otherwise as provided heretofore with increased time, light and heat in a separate room on at least two separate respective days for at least four hours on each day for the purpose of taking the Patent Office Exam for Continuing Legal Education ("CLE") purposes, and with enlarged print exam questions and a matching enlarge print answer sheet. Plaintiff also respectfully requests damages and closely tailored provisions for review of past examinations, as is still in an active, concrete but resolvable dispute, and, therefore, not moot. And Plaintiff respectively requests such, other, further and different relief as the Court deems just, equitable and proper

Respectfully submitted,

*Cornell D. M. Judge Cornish*

Cornell D.M. Judge Cornish
DC Bar No. 366240
1101 New Hampshire Ave., NW
Suite 301
Washington, DC 20037-1502
(202) 429-9705 (voice and fax)
E-mail: cornishj@erols.com
Plaintiff *pro se*

Date: 09/26/07

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

---

**I (a) PLAINTIFFS**

Cornell D.M. Judge Cornish Pro Se

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __11001__
(EXCEPT IN U.S. PLAINTIFF CASES)

88888

**DEFENDANTS**

~~U.S. Patent & Trademark Office;~~
Jon Dudas, Director USPTO; et. al.
COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

1101 New Hampshire Ave, NW
Washington, DC 20037 (202) 429-970

Case: 1:07-cv-01719
Assigned To : Roberts, Richard W.
Assign. Date : 9/26/2007
Description: Pro Se Gen. Civil

---

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 2 U.S. Government Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties in item III)

**III CITIZEN** FOR PLAINTIFF

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**☐ E. General Civil (Other) OR ☒ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☒ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

**No Summons Issued**

| □ G. *Habeas Corpus/ 2255* | □ H. *Employment Discrimination* | □ I. *FOIA/PRIVACY ACT* | □ J. *Student Loan* |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| □ K. *Labor/ERISA (non-employment)* | □ L. *Other Civil Rights (non-employment)* | □ M. *Contract* | □ N. *Three-Judge Court* |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>☒ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

Ⓧ 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify)  □ Multi district Litigation  □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C.sec's 2201-2202

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS<br>□  ACTION UNDER F.R.C.P. 23 | **DEMAND $** | Check YES only if demanded in complaint<br>**JURY DEMAND:** □ YES     □ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   □ YES   Ⓧ NO   If yes, please complete related case form.   N.F.

DATE   9/26/07   SIGNATURE OF ATTORNEY OF RECORD   *Cornell D. M. Judge Cornish*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.