**FILED**

SEP 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

Cornell D.M. Judge Cornish, Esq.    )
Suite 301    )
1101 New Hampshire Ave., NW    )
Washington, DC 20037-1502    )
(202) 429-9705    )
DC Bar Number 366240    )
    )
Plaintiff *Pro Se*    )
    )
v.    )
    )
JON DUDAS, in his Official    )
Capacity as Under-Secretary of Commerce for    )
Intellectual Property and Director of the    )
United States Patent and Trademark Office    )
And the UNITED STATES PATENT AND    )
TRADEMARK OFFICE    )
P.O Box 1450    )
Alexandria, VA 22313-1450    )
    )
Harry I. Moatz, in his Official Capacity as    )
Director    )
Office of Enrollment and Discipline    )
U.S. Patent and Trademark Office    )
P.O. Box 1450    )
Alexandria, VA 22313-1450    )
    )
William J. Griffin, in his Official Capacity as    )
Staff Attorney    )
Office of Enrollment and Discipline    )
U.S. Patent and Trademark Office    )
P.O. Box 1450    )
Alexandria, VA 22313-1450    )
    )
Defendants    )

Case: 1:07-cv-01719
Assigned To : Roberts, Richard W.
Assign. Date : 9/26/2007
Description: Pro Se Gen. Civil

CA No._____

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Rule 65 of the Federal Rules of Procedure, Plaintiff Cornell D.M. Judge Cornish, respectfully moves for an Order for Oral Argument to preliminarily enjoin Defendants UNITED STATES PATENT AND TRADEMARK OFFICE; Jon Dudas (Dudas), in his Official Capacity as Under-Secretary of Commerce for Intellectual Property and Director (Director) of the United States Patent and Trademark Office (PTO); Harry I. Moatz (Moatz), in his Official Capacity as Director of the Office of Enrollment and Discipline (OED) of the U.S. Patent and Trademark Office (PTO); and William J. Griffin (Griffin), in his Official Capacity as Staff Attorney Office of Enrollment and Discipline (OED) of the U.S. Patent and Trademark Office (collectively the Defendants), from implementing 35 U.S.C. 2 (b)(2)(D), 6, 32, 33 and the Defendants letter of August 22, 2007 to Plaintiff, because they have been or will be used unconstitutionally, or are not being used or implemented, constitutionally to recognize the public interest in continuing to safeguard broad access to the United States patent system through the reduced fee structure for small entities, such as Plaintiff; or not being so used constitutionally to facilitate and expedite the processing or amendment of Plaintiff's patent and trademark applications, or to govern the recognition of attorneys, including Plaintiff, representing applicants, including himself or other parties before the PTO under 35 U.S.C. 2(b)(1) and (2)(C) and (E), 101, 102, 103 and 112; and, to that end, being used or implemented unconstitutionally, without the proper legal authority from Congress, as a method of appointing patent judges of the Board of Patent Appeals and Interferences (BPAI), and unconstitutionally authorizing the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and

Trademark Office (Director), instead of the Secretary of Commerce, to suspend or exclude Plaintiff as an attorney, either generally or in any particular case, from further practice before the PTO or from being recognized as an attorney under his Registration No. 19,240, and by unconstitutionally designating any attorney who is an officer or employee of the PTO to conduct the hearing required by 35 U.S.C. 32 without the authority of this Court to appoint a special trial judge, or designation by the Secretary of Commerce, and for suspending or excluding the Plaintiff, or not recognizing him as an attorney, for not passing the Patent Office Exam until he passes another Patent Office Exam, and by requiring Plaintiff to pass such an Exam for the second time, in accordance with Defendants letter of August 22, 2007.

Plaintiff also asks that said Order enjoin Defendants from making use of or implementing 37 C.F.R. 10.2 and revisions. 10.11 and revisions, 10.15, and 10.130 through 10.160; and, thereby, enjoining Defendants from avoiding, evading or "limiting the universe of eligible recipients" and thereby "preventing the diffusion of the appointment power" under Art. II, Section 2, cl.2.  Freytag v. Commissioner, 501 U.S. 868, 880, 878 (1991).

Plaintiff asks that said Order enjoin Defendants from dismissing Plaintiff's request for an oral hearing in this Court to challenge the authorization and constitutionality of the Defendants individually or severally to assign or otherwise hear, reprimand, suspend or exclude Plaintiff, or failing to recognize Plaintiff's right under 37 C.F.R. 10.9 or revisions, and 10.14 and revisions, to obtain limited or full recognition as an attorney and to advertise his name as an attorney for himself or others under 37 C.F.R. 10.2 (and revisions), 10.11 (and revisions), 10.15, and 10.130 through 10.160, in any

3

particular documents, papers, records, patents or trademarks in the PTO, including design

patent application S.N. 29/273,235, filed 02/26/2007, trademark application S.N.

77/247,319, filed 08/04/2007, or either generally or in any particular other way,

including other applications.

Plaintiff also asks that the Order also enjoin Defendants from transgressing the

structure of the separation of powers embodied in the Appointments Clause Article II,

Section 2, cl.2 or the U.S. Constitution; enjoin Defendants from refusing to follow the

law, logic and legislative history of Congressional Patent Reform in 2007, correcting the

authority of the PTO Director to make appointments by the passage of House of

Representatives H.1908, to be codified at 35 U.S.C. (and sometimes collectively referred

to herein as the Patent Statutes), which follows John Duffy's attack on the present

appointments by the PTO Director; enjoin Defendants from implementing the

requirements of their letter to Plaintiff of August 22, 2007, requiring Plaintiff to pass

another PTO Exam before reinstating him to active practice in the PTO; enjoin

Defendants from withholding or refusing to return, copy, correct, or release Plaintiff's

Registration Certificate No. 19,240 to Plaintiff; enjoin Defendants from refusing to allow

Plaintiff to challenge, correct or appeal the Exam Plaintiff took on July 16 and 17, 2007;

enjoin Defendants from refusing to grant Plaintiff reasonable accommodations for taking

the Patent Office Exam for CLE and academic purposes; enjoin Defendants from refusing

to allow Plaintiff to challenge, correct or appeal the removal of Plaintiff's name from the

roll of attorneys registered to practice in the PTO on or about March 4, 1996; enjoin the

Defendants from preventing Plaintiff, generally or in any specific case, from advertising

his name as an attorney in filings, records, documents, papers, patents or trademarks in

the PTO, or either generally or specifically in any specific case as a prosecuting attorney

for himself or others in any business in the PTO, or otherwise as an attorney, including in

Plaintiff's Design Patent Application S.N. 29/273,235, filed 02/26/2007, and trademark

application S.N. 77/247,319, filed 08/04/2007, or any other applications in the PTO,

before or after petition or appeal of any objection or rejection before the Director or the

Board of Appeals.

As set forth more particularly in Plaintiff's supporting Memorandum of Law and

the Declaration of the Plaintiff, Plaintiff is faced with irreparable injury personally and in

his profession, inventions, trademarks, property, documents, patents, trademarks, patent

applications and trademark applications under the present Patent Laws and Rules; and

Defendants should be preliminarily enjoined from employing the present unconstitutional

methods of appointments, and recognition of attorneys in general or in specific cases, or

otherwise injuring, discriminating or punishing Plaintiff for practicing for himself or on

behalf of others as an attorney, or advertisement his name as an attorney in records,

documents, papers, files, patents, trademarks, applications or in other business in the

PTO, or from suspending or excluding Plaintiff by prior restraint from his right of speech

and press under the First Amendment; and Defendants should be preliminarily enjoined

from illegally in manifestly unjust ways from seizing, taking, retaining, restraining, and

limiting Plaintiff's Registration No. 19,240, or interfering with his profession,

trademarks, property and person without due process or just compensation, and from

refusing to reinstate him as an attorney in the PTO; and also enjoined from refusing to

give him reasonable accommodations for taking the Patent Office Exam for CLE and

academic purposes, and reviewing, challenging, correcting and appealing the grading of said Exams.

Defendants should likewise be enjoined as requested pending a final decision on the merits of Plaintiff's claims seeking a declaratory judgment that the present appointments by the Commissioner and the Director of OED, and their appointment methods for reprimanding, suspending and excluding, or otherwise, punishing, or fining attorneys, failing to recognize them as attorneys, or removing their names from the rolls of attorneys in the PTO, preventing them from prosecuting as attorneys and publishing to the public their names as attorneys in the PTO, or seizing the Registration Certificates and other documents, papers and property of attorneys without due process or just compensation; or refusing to make reasonable accommodations for Plaintiff in taking the Patent Office Exam for CLE and academic purposes, subverts the democratic government and the limitations of the Constitution.

Defendants should be preliminarily enjoined pending a final decision on the merits of Plaintiff's claims seeking a declaratory judgment that the present statutes and Rules are null, void and without legal effect or authority because they are inconsistent with the United States Constitution and other federal statutory law and Rules, in whole or in part, including, without limitation, the all or portions of the following: Sections 1, 3, 21, 22, 24, 25, 131, 132, 134, 171, 181, 183, 254, 261, 262, 282, 283, 284, 364 of the Patent Act (35 U.S.C.), and/or the Patent Rules (37 C.F.R), including in whole or in part 37 C.F.R. 10.9 and revisions, and 10.14 and revisions, inasmuch as Defendants exceeded the rule making authority delegated to the Defendants by Congress, and the appointment and disciplining Rules are contrary to the above Constitutional or statutory provisions; (2)

6

the Administrative Procedure Act, Title 5 of the United States Code, particularly in

failing to follow the mandates provided for in 5 UK.S.C. Sections 553© and 706(2), *inter*

*alia*, by failing to consider all relevant matter presented during this case and the relevant

rule making process and promulgating rules that are arbitrary, capricious, and are an

abuse of discretion, not in accordance with law, and in excess of the PTO's statutory

jurisdiction and authority, and contrary to the U.S. Constitution; and (3) Article I, Section

8, cl. 8 of the United States Constitution, including by failing "to promote the progress of

science and useful arts" and the Takings Clause of the Fifth Amendment, which prohibits

the federal government from taking property without due process of law, .

Still further, Plaintiff asserts a cause of action for himself *PRO SE,* as an

aggrieved party and his own attorney, *inter alia,* under the Judiciary Act of 1789, later

codified in 28 U.S.C. 1331, 1651 and 1654; Title VII of the Civil Rights Act of 1964; the

Administrative Procedures Act, 5 U.S.C. 702 (APA); the Individuals With Disabilities

Education Act (IDEA); 20 U.S.C. 1400 *et seq.* (1415(i)(2)(A) 2000 ed., Supp. IV); the

Age Discrimination in Employment Act (ADEA), 29 U.S.C. beginning at section 621

(Pub.L. 90-202); The Older Workers Benefit Protection Act (Pub. L. 101-433; Section

115, etc. of the Civil Rights Act of 1991 (Pub.L. 102-166); and the Equal Employment

Opportunity Act of 1967 (EEOA).

## PRAYER FOR RELIEF

WHEREFOR, Plaintiff respectfully requests that this Court enter an Order in the

proposed form included herewith, enjoining Defendants from implementing the letter of

August 22, 2007 to Plaintiff and other letters, limitations, and actions irreparably injuring

Plaintiff, as described, and maintaining the *status quo* pending final judgment of this

Court on the merits, along with such, other, further and different relief as the Court deems

just, equitable and proper.

Respectfully submitted,

*Cornell D. M. Judge Cornish*

Cornell D.M. Judge Cornish
DC Bar No. 366240
1101 New Hampshire Ave., NW
Suite 301
Washington, DC 20037-1502
(202) 429-9705 (voice and fax)
E-mail: cornishj@erols.com
Plaintiff *pro se*

Dated:    09/26/07

8

# UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Cornell D.M. Judge Cornish, Esq.<br>Suite 301<br>1101 New Hampshire Ave., NW<br>Washington, DC 20037-1502<br>(202) 429-9705<br>DC Bar Number 366240<br><br>Plaintiff *Pro Se*<br><br>v.<br><br>JON DUDAS, in his Official<br>Capacity as Under-Secretary of Commerce for<br>Intellectual Property and Director of the<br>United States Patent and Trademark Office<br>And the UNITED STATES PATENT AND<br>TRADEMARK OFFICE<br>P.O Box 1450<br>Alexandria, VA 22313-1450<br><br>Harry I. Moatz, in his Official Capacity as<br>Director<br>Office of Enrollment and Discipline<br>U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450<br><br>William J. Griffin, in his Official Capacity as<br>Staff Attorney<br>Office of Enrollment and Discipline<br>U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>CA No._____ |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION

## FOR PRELIMINARY INJUNCTION

07 1719

**FILED**

SEP 2 6 2007

Preliminary Statement

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff Cornell D.M. Judge Cornish respectfully submits this memorandum of law in support of his motion for preliminary injunction based on a record that entitles Plaintiff to request the same against Defendants for subjecting Plaintiff, who is a licensed attorney, to public ridicule, threats of punishment, fines and other irreparable personal and property damage.

An injunction will not substantially injure either the Defendants or Plaintiff's statutorily protected rights under 35 U.S.C. 120, or that of other interested parties, and it will further the Plaintiff's rights and that of the public interest Godfrey v. Eames, 68 U.S. 317 (1863) without injuring the rights of the Defendants or others.

The actions of the Defendants, as shown by the record, punish and discriminate against him in the quality of his person, property and professional capabilities, by requiring him with improper intent to pass an ambiguous and capricious public Patent Office Exam (Exam) more than once, without any right of correction and appeal, and which discriminates against Plaintiff without reasonable accommodations. The discrimination is based upon Plaintiff's medically limited and challenged age and professional capabilities in favor of healthy, young, white males, by withholding his Certificate of Registration No. 19,240 as contraband without probable cause or due process, preventing him from practicing his profession or being recognized to advertise or publish his name as an attorney in a patent, trademark, or any record in the Patent Office. His right of advertisement is a service to compelling individual and societal interests and public policy, and in assuring the quality of informed and reliable decision-making. The actions of the Defendants are contrary to such compelling interest, and are a

burden on commerce, the statutory protection of small entities, interstate commerce, and the Constitutional mandate to promote to progress of science and useful arts by protecting the rights of inventors and authors. The record supports the challenge of the Plaintiff and his request for an injunction as an effort done in good faith to make null and void the reversing of the usual or proper process, the burden of proof, and the presumptions for properly assuring the public of the quality of Plaintiff's moral character, reputation, and his qualifications to render to applicants or other persons valuable service, advice, and assistance in the presentation or prosecution of their applications or other business before the U.S. Patent and Trademark Office (PTO) without passing a Patent Office Exam (Exam) again.

The Defendants' actions were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, and therefore, violated the Administrative Procedures Act. (APA). 5 U.S.C. 555(C). Section 706 (2) of the APA provides that a reviewing court should find any agency action unlawful if the action is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law. 5 U.S.C.706 (2)(A). They also violate the constitution because neither the PTO nor Congress may overreach the restraints imposed by the stated constitutional purpose. Graham v. John Deere Co. of Kansas City, 383 U.S. 1, 5-6 (1966).

Here, the PTO's power to establish regulations that are not inconsistent with the law stems from 35 U.S.C. 2, which gives the PTO the power and authority to grant patents, subject to the policy direction of the Secretary of Commerce But both must specifically consider the impact of the PTO regulations to promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their

3

respective writing and discoveries. Article I, Section 8, cl. 8. They cannot use the power to simply reduce workload, suppress speech, press, or the conduct or recognition of attorneys', e.g., in their names as attorneys in their advertisements in patents by prior restraint. They can't suppress the property rights in patents or an attorneys' Certificate of Registration. Patents possess property rights. 35 U.S.C.261. Consol Fruit-Jar Co. v. Wright, 94 U.S. 92, 96 (1876). They cannot deprive attorneys of their life, liberty, or property, without due process of law, or seize their property without due process or just compensation. Amendments IV and V, U.S. Constitution. And they can't do so retroactively.

. On August 22, 2007, the Defendants, UNITED STATES PATENT AND TRADEMARK OFFICE (PTO); Jon Dudas (Dudas), in his Official Capacity as Under Secretary of Commerce for Intellectual Property and Director (Director) of the United States Patent and Trademark Office (PTO); Harry I. Moatz (Moatz), in his Official Capacity as Director of the Office of Enrollment and Discipline (OED) of the PTO; and William J. Griffin (Griffin), in his Official Capacity as Staff Attorney OED of the PTO (collectively Defendants), sent a letter dated August 22, 2007, bringing public discredit, ridicule and embarrassment to the quality of Plaintiff's moral character and reputation, and his qualifications to render to applicants or other persons valuable service, advice, and assistance in the presentation or prosecution of their applications or other business before the PTO. Thereby, the usual burden of proof, along with the proper presumptions and process of recognition, were improperly and unlawfully implemented, if not reversed, arbitrarily, capriciously, and by abuse of discretion, and totally, by limiting Plaintiff's right generally and in all specific cases to advertise his name in patents and trademarks,

in the files of applications filed on paper or electronically, and/or in other documents, papers and business before the PTO.

To this end, their letter of August 22, 2007, was an illegal attempt to shift the burden of evidence from Defendants to Plaintiff, to cause Plaintiff to show cause by Exam without notice and a hearing, as to why he should not be subject to a $1000 fine for each offense in connection with his truthful, non-fraudulent, non-deceitful, non-misleading, non-threatening advertising as an attorney in the PTO, under 35 U.S.C. 33.

Defendants' letter has illegally, unconstitutionally, arbitrarily, capriciously, frivolously, by abuse of discretion, and manifestly unjustly, without Constitutional authority or sufficient basis in fact, attempted to raise a presumption without the authority of Article II, Section 2, cl.2, and by not following the limitations of Article I, Section 8, cl. 8, and the compelling public policy of the First, Fourth, Fifth and Fourteenth Amendments, whereby Congress alone, or with the President, by Law is vested with the power of Appointment of inferior Officers or in the Heads of Departments, as they think proper, including the Defendants, whose appointments are not otherwise provided for, and which shall be established by Law or otherwise.  The Plaintiff has not met those Constitutional requirements, or the requirements of 35 U.S.C. 2(b)(2)(D).

The Defendants by their letter of August 22, 2007, or otherwise, have coerced Plaintiff, without the assistance of an appointed counsel, or a duly authorized Officer of the Commerce Department in this complex case, to waive his claim of Age Discrimination or other Claims under the Employment Act of 1967 (ADEA), his Equal Employment Opportunity Commission  (EEOC) rights, 29 C.F.R. Part 1625 *et seq.*,

and/or other rights or privileges as an injured and aggrieved party, e.g., under 6 A of the Administrative Procedures Act (APA), 60 Stat/ 240, 5 I/S/C/ 1005 (a).

The Defendants by their letter of August 22, 2007, in requiring Plaintiff to pass more than one Patent Office Exam for recognition as an attorney, have ignored statutory law, or done so without statutory authority, including. e.g., the Patent Statutes under 35 U.S.C.

The Defendants by their letter of August 22, 2007, or otherwise, have required Plaintiff, without the assistance of appointed or other counsel, to waive or ignore the Constitutional requirements and the case law, including <u>Sperry v. Florida</u>, 373 U.S. 379 (963), <u>Bates v. State of Arizona</u>, 433 U.S. 350, <u>Goldfarb v. Virginia State Bar</u>, 421 U.S. or other case law requiring strict adherence to Free Speech, Press and Due Process, and the protections of lawyer advertising, the aged, and the physically challenged who wish to advertise.

Defendants have also required Plaintiff to pass more than one Patent Exam to be a representative of applicants or other persons according to the mistaken requirements and instructions, including those in their letter of August 22, 2007.

The Defendants by their letter of August 22, 2007, and/or May 15, 2007, or otherwise, have required Plaintiff to pass more than one Patent Office Exam for recognition as an attorney *pro se,* to prosecute, amend, advertise his name as an attorney, or otherwise to business in the PTO in his current patent application S.N. 29/273,235, filed 02/26/2007.

The Defendants by their letter of August 22, 2007, and/or May 15, 2007, or otherwise by claiming that Plaintiff's case and/or his petitions for relief are moot, have,

6

nevertheless, required Plaintiff to pass more than one Patent Office Exam for recognition by the Defendants as an attorney in his trademark application or all other trademark applications.

The Defendants by their letter of August 22, 2007, August 16, 2006, August 15, 2005, or otherwise, have required Plaintiff to pass more than one Patent Office Exam for recognition by the Defendants as an attorney in all other applications, and business before the PTO, either by paper or electronically.

The Defendants by their letter of August 22, 2007, or otherwise, have required Plaintiff to pass more than one Patent Office Exam for recognition as an attorney and to show why he is entitled to reasonable accommodations in taking the Patent Office Exam for CLE and other academic purposes, and in inspecting, reviewing, challenging, correcting and appealing the grading of the Exam; why he is not being discriminated against because of his age and medical limitations to prevent him from advertising his name as an attorney in patents and trademarks; and why he has otherwise failed to meet the requirements of 35 U.S.C. 2 (b)(2)(D), as required in their letter of March 22, 2005.

The Defendants, by their letter of August 22, 2007, or otherwise, have required Plaintiff to pass more than one Patent Office Exam for recognition as an attorney *pro se* or otherwise, or before recognizing him or reinstating him as an attorney, or advertising as an attorney, under 35U.S.C. 2(b)(D) (Powers and Duties) and 32 (Suspension or exclusion from practice) or 33 (Unauthorized representation as practitioner); and 37 C.F.R. 10.6 (Registration of attorneys and agents, 10.7 (Requirements for registration), 10.9 (Limited Registration), 10.10 (Restrictions on practice in patent cases), 10.11 (Removing names from the register), 10.14 (Individuals who may practice before the

Office in trademark and other non-patent cases), 10.15 (Refusal to recognize a

practitioner), 10.32 (Advertising), 10.9 (Limited recognition in patent causes), 10.14 or

revisions, and 10.130 *et seq.*(Investigations and Disciplinary Proceedings through 10.160

(Petition for Reinstatement).

Defendants have otherwise restricted, banned, suspended, excluded, punished,

coerced, limited, interfered with Plaintiff in his property, profession and/or trademark, or

otherwise prevented Plaintiff from advertising, or attempting to advertise his name, as an

attorney in the PTO, or any papers, documents, records, applications, patents, trademarks

or in other business in the PTO, and refused to return, copy or correct Plaintiff's property,

including his Registration Certificate No. 19,240.

Said August 22, 2007 letter also required Plaintiff to pass a Patent Office Exam for

a second time without reasonable accommodations, or allowing him to inspect, copy,

correct or appeal the mark or any answers given on any questions answered by Plaintiff

on July 16 and 17, 2007.

Plaintiff has submitted material factual evidence that he possesses an MS degree in

Electrical Engineering from SUNY Stony Brook and has practiced patent law

successfully for over thirty years starting in 1958.  He passed the Patent Office Exam

once in 1958, and qualified to take the Exam four times for Continuing Legal Education

(CLE) or academic purposes, in 1958, 2005, 2006 and 2007.  He continually completes

yearly CLE courses approved by the American Intellectual Property Law Association and

the State of New York, which requires him each year to complete more than 12 hours per

year. This is material factual evidence well known to the Defendants, and not in dispute,

of the recognition of Plaintiff by background and knowledge of the Defendants, that

Plaintiff possesses the necessary qualifications to render to applicants or other persons valuable service, advice, and assistance in the presentation or prosecution of their applications or other business before the PTO.

Plaintiff is an attorney in good standing of the bars of Maryland, the District of Columbia, New York State, the Eastern and Southern Districts of New York, the Court of Appeals of the Federal Circuit, the U.S. Tax Court, and the Supreme Court of the United States, which is material factual evidence that he is currently a person of good moral character and reputation and possessed of the necessary qualification to render to applicants or other persons valuable service, advice, and assistance in the presentation or prosecution of their applications or other business before the PTO.

Defendants exceeded their Congressionally delegated authority and violated provisions of the U.S. Constitution by sending said letter of August 22, 2007 to Plaintiff incorrectly notifying him of a mark on a Patent Office Exam he took on July 16 and 17, 2007, for CLE or mere academic purposes without reasonable accommodations for his well documented physical and medical limitations that are not in dispute; refusing to credit him with a passing mark, refusing to allow him to inspect, formally complain, correct, petition or appeal the mark he was given by requiring him to pass the Exam again before being reinstated as an attorney or returning his Registration Certificate No. 19,240. Said letter thus restricted, limited, interfered with, refused to recognize Plaintiff as an attorney, and restrained Plaintiff by prior restraint, and otherwise prevented or punished Plaintiff for advertising or attempting to advertise his name as an attorney in documents, papers, records, patents, trademark, applications or other business in the PTO, including his U.S. unexpired patent 5,256,367, and his applications S.N. 29/273,235, filed

9

02/26/2007, and S.N. 77/247,319, filed 08/04/2007 filed in his name as an attorney or
under his attorney docket numbers.

Defendants by said August 22, 2007 letter, or otherwise, also interfered with
Plaintiff's profession, rights of speech, press, advertising and due process, his trademark
and his right to Petition the Director and appeal to the Board of Appeals for redress,
reversal or the voiding of the letter, its requirements or other requirements, to correct his
patents to avoid fines of $2,550,000 or more, or to petition objections or to appeal
rejections of his applications because the method of appointing and designating and the
Defendants powers and duties of appointing, designating, recognizing, or conducting
hearings, censoring, editing, disseminating or publishing advertisements by attorneys to
the public under 35 U.S.C. 2(a)(2), 6, 32 and 134, which are unconstitutional under
Article 2, Section 2, cl. 2, and unconstitutionally implemented by Defendants, who have
exceeded their Congressionally delegated authority, and the limitations of the First,
Fourth, Fifth and Fourteenth Amendments, and Article I, Section 8 of the U.S.
Constitution, and the Administrative Procedures Act (APA).

Defendants exceeded their Congressionally delegated authority and violated
provisions of the U.S. Constitutional limitations, under unconstitutional statutes,
including 35 U.S.C. 2(a)(2), 6 and 32, and 37 C.F.R. in relevant parts, because they are
inconsistent with the United States Constitution and other federal law, including, without
limitation, the following:

(1)        The Patent Act (35 U.S.C. Sections 2(b)(2)(D), 6 and 32), inasmuch
           as they exceed the rule making authority delegated to the Defendants
           by Congress and are contrary to statute; and,

10

(2)     the Administrative Procedures Act (APA), 5 U.S.C. Sections 553©

and 706(2), *inter alia*, because the PTO failed to consider all relevant

matter presented during the rule making process and promulgated

rules that are arbitrary, capricious, an abuse of discretion, not in

accordance with law, in excess of the PTO's statutory jurisdiction

and authority, and contrary to the U.S. Constitution, including

Article II, Section 2, cl. 3;; and,

(3)     the United States Constitution, Article I, Section 8, cl. 8; and the

First, Fourth and Fourteenth Amendments, by failing to take into

consideration in its rule-making, appointing, delegating and

recognizing activities in connection with the promotion of "the

progress of science and useful arts;" and

(4)      the limitations of the First Amendment's speech, press and

advertising  provisions, and the limitations of the due process and

taking provisions of the Fourth, Fifth and Fourteenth Amendments;

and

(5)     the Defendants Age Discrimination or other of Plaintiff's Claims

under the Employment Act of 1967 (ADEA), the Equal Employment

Opportunity Commission  (EEOC) rights, 29 C.F.R. Part 1625 *et*

*seq.,* and/or other rights or privileges as an injured and aggrieved

party.

**Relevant Factual and Procedural Background**

The Plaintiff is an individual or co-inventor of U.S. Patents 5,256,367, dated
October 26, 1993, on a Pipe And Sewer Lining Method; and 3,433,705, dated March 18,
1969, on a thermonuclear reactor called a Stellarator Having Multipole Magnets.
He practiced successfully as a patent attorney for over 30 years and is still practicing in
representing himself, other inventors and companies and patent attorneys in perhaps
hundreds of patents and patent and trademark application. He continually takes CLE
courses to maintain his skills as a patent attorney up until the present time, and to
maintain his license in New York, where is currently in good standing as an attorney. He
also has passed the ethics requirements test in New York. He fulfills *pro bono*
requirements in Maryland to remain active there. He pays his dues in the District of
Columbia for active status there and has paid his dues continuously, except for three
years from March 27, 1997 to November 16, 2000. He obtained his MS degree in
electrical engineering from SUNY Stony Brook in 1958. Prior to his career as a patent
attorney he worked in private industry as an engineer, technician and patent coordinator.


The Long-Standing Prior Law Regarding Administration and Administrative Judges


Under 35 U.S.C. Sections 6, 32 and 134 and 37 C.F.R. 10.9 and revisions, 10.4 and
revisions, and 10.132, and revisions, or otherwise, according to the method of selecting,
referring and appointing or recognizing attorneys who can and do prosecute applications
as attorneys for themselves and others in the PTO, these maters and others are often
referred to a hearing attorney or an administrative judge, The Board of Patent Appeals
and Interferences, and the Commissioner of Patents and Trademark, who is Director of

12

the U.S. Patent and Trademark Office (Director). He does the appointing, designating, referring, recognizing and other actions without Congressional authority. It is the Secretary of Commerce who has the authority of Congress necessary to implement the mentioned functions, and setting up the method used in appeals and petitions in the PTO. The present method of appointing, designating recognizing, referring and otherwise administering appeals, petitions and recognition of attorneys is almost certainly unconstitutional. No cases holding otherwise have been observed, and no cases holding the method null and void. But *see* John F. Duffy, *Are Administrative Patent Judges Unconstitutional?*, 2007 Patent-O Patent L.J. 21, which asks the question, and by referring to 35 U.S.C. Section 6. He says the answer is mostly certainly, yes.!

Congress has recognized the unconstitutionality of the methods used by passing HR 1908 to cure the defect, but the House Bill remains un-passed in the Senate and unsigned by the President. Thus, this case is not moot.

The Department of Justice 's Office of Legal Counsel (OLC) in April of 2007 issued an opinion stressing that the concept of "Officers of the United States" in the Appointments Clause has generally been interpreted to include "many particular officers who had authority but little if any discretion in administering the laws.

The majority opinion in <u>Freytag v. Commissioner</u>, 501 U.S. 868, 880, 878 (1991), pretty clearly forecloses any argument that the Director of the PTO could be considered a department head, such as a cabinet officer. Moreover, by statute in 1999, the Secretary of Commerce's power to appoint PTO officers generally, and Board of Patent Appeals and Interferences (Board) members in particular, was specifically removed by Congress. Pub. L. No. 106-113, Section 1000(a), 113 Stat. 1501, 1535-36 (1999).

Thus, the Defendants, including the PTO, and the PTO Director, Commissioner of patents and trademarks, or the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, since he is subordinate to the Secretary of Commerce, cannot qualify as a Cabinet-level department head. Thus, Congress has given no legal authority of appointment to the Board, or to the Defendants to limit Plaintiff's right of appeal to this Court by adding persons who implement the method of recognizing, revoking, limiting, excluding, suspending or banning Plaintiff by prior restraint, or other like situated lawyers, by acting without due process as gate-keepers to limit Plaintiff's advertising of his name as an attorney and practitioner in PTO files, records, documents, papers, applications, patents and trademarks, or other business in or with the PTO.

And, present Rules concerning Statutory Invention Registration (SIR), voluntary-divisional or other continuation applications, continuation-in-part applications, requests for continued examination (RCE) practice, Continuing Prosecution Applications (CPA), Reissue applications, *inter parte* or *ex parte* Reexaminations, Corrections, Citations, or other business in the PTO or such applications and other applications under the present Rules, Plaintiff has been injured and has legal standing to bring this action.

The Plaintiff might have considered secrecy of all of his research in his previously filed and pending patent applications had he known the irreparable harm the Defendants would cause him in severely restricting both his legal right and practical ability to file future continuations applications and to advertise his name as an attorney and prosecutor of patents and trademarks.

<u>Argument</u>

14

## Plaintiff Satisfies The Preliminary Injunction Standard

Preliminary injunction motions are decided pursuant to the framework established in Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). In assessing such motions, "the district court must balance the hardships likely to befall the parties if the injunction is, or is not, granted." Hoeschst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411, 4167-17 (4th Cir. 1999) (citing Blackwelder, 550 F.2d at 196).It is different from Plaintiff's action in Replevin, whereby the Plaintiff in that case, to gain immediate recovery of his unlawfully taken property, must post a bond sufficient to cover the loss to the Defendant if the Plaintiff should fail on the merits to recover his property in court.

Specifically, in the case of a Preliminary injunction motion, the court must consider the following factors: "(1) the likelihood of erreparable harm to the plaintiff if the preliminary injunction is denied; (2) the likelihood of harm to the defendants if the requested relief is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest." Id. At 417 (citations omitted).

Under the Blackwelder framework, the movant's likelihood of harm or lack thereof if the injunction is not granted relative to the harm, or lack thereof, to the non-movant if the injunction is granted, affects the showing the movant must make with respect to its likelihood of success on the merits of its claims.  That is to say, in instances as in the case before this Court now, where the potential harm to the movant is great if the preliminary injunction is not granted and the potential harm to the non-movant is slight if the injunction is granted, "it is enough that grave or serious questions [on the merits] are presented; and Plaintiff need not show a likelihood of success." Blackwelder,

550 F.2d at 195-196.  Compare Hoechst Diafoil, 174 F.3d at 417 (court may not grant preliminary injunction "where it is legally impossible for a plaintiff to succeed on the merits of its underlying claim...no matter how severe or irreparable an injury").

    A.    Plaintiff Is Likely to Succeed on the Merits of His Case

        1.  Defendants exceeded their authority in appointing the present Board of Patent Appeals and Interferences (Board) (albeit the incestuous interactions of the Patent and Trademark Boards of Appeals with each other and the Defendants also exceeds the Statutory Authority Delegated To Them Under The Constitution).

            a.  Section II, Section 2, cl.2 of the Constitution makes it clear that authority from Congress is required and is lacking.

            b.  The First Amendment Mandates Unfettered Rights Of Speech Press, which includes the commercial right of truthful advertisement by the use of Plaintiff's name as an attorney on the face of patents and trademarks, and in the records, papers, documents and business of the PTO accessible to the public.

            c.  Constitutional burdens and requirements are manifest under Article I, Section 8, cl. 8 of the Constitution, and these have not been met by the Defendants.

            d.  The Fourth, Fifth and Fourteenth Amendments Mandate Unfettered Rights Of Due Process, Probable Cause and a Hearing, and Just Compensation for the taking, seizure and failure to return Plaintiff's Certificate of Registration No.

19,240, his property therein; in otherwise preventing, interfering, banning, excluding, suspending or limiting his right to advertise as an attorney in the PTO; exposing him to public ridicule and embarrassment; discriminating against him or otherwise failing to recognize him as holding himself out as a practitioner of law, patent law, trademark law, or intellectual property law, for himself and/or others; and/or removing or preventing him from doing so as a practitioner without reasonable accommodations; and/or refusing to recognize him in his profession and/or use of his trademark as an attorney, patent attorney, trademark attorney or intellectual property attorney.

The Defendants letter of August 22, 2007, and other letters and notices from Defendants to Plaintiff, exceed the scope of the PTO's authority as conferred by Congress and is a *prima facie* violation of statutory law. The Defendants sole authority for giving notice on August 22, 2007, and in other letters and notices, requiring Plaintiff to take another Patent Office Exam without reasonable accommodations, without a hearing and due process, and/or an opportunity for a hearing to suspend or exclude Plaintiff from practice or recognition as an attorney, either generally or in any particular case, and for appointment or designation of one or more of the Defendants, or other Officer or employee of the PTO to conduct a hearing in connection therewith, or failure to do so in their Notice of August 22, 2007, or otherwise in letters and Notices to Plaintiff, are 35 U.S.C. Section 1, 2, 3, 6, 32, and 33 which provide that in certain

instances the PTO "may establish regulations, not inconsistent with law," and/or "Suspend or exclude" Plaintiff. Nothing is said in any other way permitting Defendants to discriminate, limit, restrain or control Plaintiff from practice by refusing to recognize him as a practitioner, or allowing him to advertise as an attorney in connection with his business generally, or specifically his pending applications in the PTO. Neither these or other general grants or rule-making authority, nor any other statutory provision, bestows any authority upon the Defendants, including the PTO, to take, seize or withhold Plaintiff's Certificate of Registration No. 19,240; require him to sequentially take Patent Office Exams in order to be reinstated, or to continue to discriminate against him because of his age; or refuse to give his Certificate back without a hearing and due process; to fail to reinstate him without a hearing or due process; fail to recognize him as an attorney or a practitioner without a hearing and due process; refuse to provide him with a copy of his Certificate in his correct name as an attorney without a hearing and due process ; to limit the Plaintiff's rights of speech, press, advertisement, practice of his profession, or right to reasonable accommodations in sequentially taking the Patent Office Exam for CLE and/or for other academic purposes without a hearing and due process, and/or in inspecting, complaining, objecting correcting, and/or appealing the grade given to him on the Patent Office Exam.

The Supreme Court has interpreted Article II, Section 2, cl. 2 as a rather strict limitation on the constitutionally permissible methods of appointment, and this implies such limits in bestowing general grants or rule-making authority. To this end, there are no other statutory provision than those cited above that bestow any authority upon the Defendants, including the PTO, to take, seize or withhold Plaintiff's Certificate of

Registration No. 19,240; require him to sequentially take Patent Office Exams in order to be reinstated, or to continue to discriminate against him because of his age; or refuse to give his Certificate back without a hearing and due process; to fail to reinstate him without a hearing or due process; fail to recognize him as an attorney or a practitioner without a hearing and due process; refuse to provide him with a copy of his Certificate in his correct name as an attorney without a hearing and due process ; to limit the Plaintiff's rights of speech, press, advertisement, practice of his profession, and right to reasonable accommodations in sequentially taking the Patent Office Exam for CLE and/or other academic purposes without a hearing and due process, and/or any right to inspect, complain, object correct, and/or appeal the grade given to him on the Patent Office Exam.

.  Under the Supreme Court's precedent, any government appointee "exercising significant authority pursuant to the laws of the United States is an 'Officer of the United States'; and must, therefore, be appointed in the manner prescribed by [the Appointments Clause]." Buckley v. Valeo, 424 U.S. 1, 126 (1976).

The Clause is properly interpreted as "limit[ing] the universe of eligible recipients of the people to appoint' and theeby 'preventing the diffusion of the appointment power." Freytag v Commissioner, 501 U.S. 868, 880, 878 (1991).  Thus, if a person in the government exercises "significant authority," the person is at least an "inferior Officer[]" and can be a[[pointed only by the President, alone or with the advice and consent of the Senate; the "Courts of Law"; or by the "Heads of Departments."

The results have been a manifest injustice by the Defendants UNITED STATES PATENT AND TRADEMARK OFFICE; Jon Dudas (Dudas), in his Official Capacity as Under-Secretary of Commerce for Intellectual Property and Director (Director) of the

19

United States Patent and Trademark Office (PTO); Harry I. Moatz (Moatz), in his

Official Capacity as Director of the Office of Enrollment and Discipline (OED) of the

U.S. Patent and Trademark Office (PTO); and William J. Griffin (Griffin), in his Official

Capacity as Staff Attorney Office of Enrollment and Discipline (OED) of the U.S. Patent

and Trademark Office (collectively the Defendants), in unconstitutionally implementing

or intending to make threats and recriminations under 35 U.S.C 126, 32, 33 via the

Defendants letter of August 22, 2007 to Plaintiff, and in other letters and Notices to

Plaintiff.

Plaintiff has appeared for himself and others pro bono for a wide variety of poor

and elderly clients in Maryland and the District of Columbia.   He has appeared with and

for himself, other attorneys, and other individuals in the patent office in perhaps hundreds

of cases over more than thirty years. He filed an amicus brief in a patent case in the

Supreme Court of the United States. *See* <u>Parker v. Chakrabarty</u>, 206 USPQ 193; 477 US

303 (1980).  His present practice of patent law is from an office at 1101 New Hampshire

Ave., NW, Suite 301 located in the District of Columbia at 20037.

Plaintiff owns property in the service-mark "CORNELL D.M. JUDGE CORNISH

**DOWNPAT**," which is the subject of his U.S. Trademark Application S.N. 77/247,319;

his ownership of the property and invention in a. Design, which is the subject of his U.S.

Patent Application S.N. 29/273,235; his invention of the subject matter of U.S. Patent

No. 3,433,705; and his co-invention of the subject matter claimed in U.S. Patent No.

5,256,367, which advertises his name as an attorney, agent or firm on the patent face.

Defendants personally, and in their official capacity in the United States Patent and

Trademark Office ("PTO"), act as individuals and independently as administrative agents

of the United States Department of Commerce charged with, among other actions,
recognizing the public interest in continuing to safeguard broad access to the United
States patent system through the reduced fee structure for small entities, such as the
Plaintiff, under section 41(H)(1) of Title 35 of the Consolidated laws governing the
recognition, and conduct of agents, attorneys, or other persons representing applicants or
other parties before the Office ("PTO") by requiring them to provide reasonable
accommodations for individual needs of small entities, including aged persons, and strict
scrutiny of compelling governmental interests, consistent with Article I, Section 8 and the
protections and limitations thereof required by the sword and the shield of the First
Amendment and the due process, property and equal protection provisions of the U.S.
Constitution, as well as by the case law that requires the narrow tailoring of the burden
and demands for qualifications placed on innocent small entity individuals and classes to
accomplish that goal so as to avoid odious, invidious, noxious, immoral, inherently
wrong, destructive, illegal and unconstitutional results, such as in the case of small entity,
aged, experienced, and practicing attorneys, such as the Plaintiff, who have passed the
patent office bar exam once ,and have well recognized capabilities, long experience, and
continuous training under the auspices of Bar approved courses, as well as recognized
knowledge, experience and unsatisfied but addressable needs for reasonable
accommodations as a small entity, aged and physically challenged person that are not in
dispute.

  Under 35 U.S.C. 32, the Director may, *after notice and opportunity* for a hearing
(which has not been given to Plaintiff), suspend or exclude, either generally or in any
particular case, from further practice before the Patent and Trademark Office, any person,

agent, or attorney shown to be incompetent or disreputable, or guilty of gross misconduct. But Plaintiff has not been shown to be incompetent, disreputable, or guilty of gross misconduct, before or after notice and an opportunity for a hearing. Thus, Defendants have not complied with the regulations established under 35 U.S.C. section 2(b)(2)(D).

35 U.S.C. section 2(b)(2)(D) authorizes the power to govern <u>recognition</u> and conduct of agents, attorneys, or other persons <u>representing</u> <u>applicants</u> or other parties before the Office, before being <u>recognized</u> as <u>representatives</u> of applicants or other persons, to <u>show</u> that they are of good moral character and reputation and are possessed of the necessary qualifications to render to applicants or other persons valuable service, advice, and assistance in the presentation or prosecution of their applications or other business before the Office (PTO). But Defendants have admitted in a binding admission in the conclusion of their letter of March 22, 2005, for the reasons given, that the objective evidence in the current record is not insufficient to show that Plaintiff continues "to possess legal qualifications necessary to render applicants for patent valuable service."

Also, it is not in dispute that Defendants are bound without objection, and have admitted examining, allowing and approving without objection, the objective evidence in the record that was insufficient to <u>recognize</u> that Plaintiff has possessed, and does possesses, the necessary qualifications to practice as an attorney to be so identified in a Certificate of Registration No. 19,240 under 35 U.S.C.2(b)(2)(D), and to be continuously recognized to represent applicants or other persons for over 30 years without being excluded or suspended after notice an opportunity for a hearing under 35 U.S.C. 32. The facts are not in dispute, that he has had, and still has the qualifications to take the Patent

22

Exam with reasonable accommodations for Continuing Legal Education (CLE) or other mere academic reasons.

The Defendants in a binding admission against interest on November 30, 2006, further stated that Plaintiff could be examined "without the payment of additional government fees." And it is the policy of the Defendants, as reflected in their current revised regulations, to allow qualified attorneys and others to take the Patent Exam based upon a showing that they are possessed of the necessary qualification to render to applicants or other persons valuable service, advice, and assistance in the presentation or prosecution of their applications or other business before the Office, and to take the Exam an endless number of times without restriction, without any limitations as to whether it is for mere academic reasons for taking the Exam or not, such as for Continuing Legal Education (CLE), or other purposes, as stipulated in their current regulations. *See* change in 37 C.F.R. 10.7, which has been revised to delete the limitation for taking the Exam as a mere academic exercise.

Still further, Defendants recognize attorneys who are not registered, and are never shown by passing the Patent Exam to possess the necessary qualifications to render to applicants or other persons valuable service advice, and assistance in the presentation or prosecution of their applications or other business before the Office (PTO).

Obviously, therefore, the authority of the Defendants under 35 U.S.C. 2(b)(2)(D) to recognize, does not require the passing of the Patent Exam even once, as Plaintiff has done. This is the practical option for recognizing many attorneys and others who may qualify for recognition without passing a second Patent Exam. For example, ex-examiners and individuals not registered under 37 C.F.R. 10.6 (a) or (b), who are

23

appointed to practice for others, and to prosecute international applications before the U.S. International Searching Authority and the U.S. International Preliminary Examining Authority under PCT Art. 49, Rule 90 and Section 1.455, or before the International Bureau when acting as a Receiving Office, by rendering to applicants or other persons valuable service, advice, and assistance in the presentation or prosecution of their applications or other business before the Office (PTO). *See* 37 C.F.R. 10.9 (a) and (b), and revisions.

Still further, Defendants may waive or suspend the rules for recognition without taking the Patent Exam. *See* 37 C.F.R. 10.170.

And, as a practical matter, the rules may be suspended with like effect without notice and an opportunity for a hearing under 35 U.S.C. 32, as requested by Plaintiff, but the same has not been allowed by the Defendants.

Indeed, the Plaintiff and others may be recognized to represent themselves or others with or without suspension of the Rules of the PTO or without passing the Patent Exam a second time because there is no requirement that anyone pass the exam a second time under 35 U.S.C. 2 (b)(2)(D) or the current Rules for reinstatement.

Defendants have excluded and suspended the right of Plaintiff to advertise his name and to prosecute as an attorney under 35 U.S.C. 32, or otherwise, such as in Plaintiff's advertisement in U.S. Patent 5,256,367, despite his current applications for a patent and a trademark, or vice versa, and has been specially refused the right to prosecute them electronically as an attorney. And Defendants intend to threaten and coerce him to avoid attempting to do so now or again in the future with or without due process or a hearing to find him guilty of a possible fine of millions of dollars under 35 U.S.C. 33.

These exclusions and suspensions of his right to advertise, requires an investigation, notice and an opportunity for a hearing, which so far has been lacking, as is not in dispute.

Persons who advertise without passing the Patent Exam even once, or who advertise after passing the Patent Exam once, are under constant threat of suspension or exclusion from further practice before the PTO, and of being subject to millions of dollars in fines, if they are <u>shown</u> to be a person, agent or attorney who shall, by word, circular, letter, or *advertising* [*emphasis added*], [advertise] with intent to defraud in any manner, *deceive*, *mislead* [emphasis added], or threaten any applicant or prospective applicant, or other person having immediate or prospective business before the Office. The reasons for any such suspension or exclusion shall be duly recorded, but the punishment has nothing to do with the requirement, or a presumption that the burden of proof is changed by not passing the Patent Exam more than once.

The burden of proof is on the Defendants, and they have made admissions against interest in this connection. To this end, 35 U.S.C. 32 requires suitable notice and a hearing other than the one requested by Plaintiff herein, to prove that Plaintiff has an intent to defraud, deceive, mislead or threaten in order for Defendants to cause Plaintiff to be limited, excluded, barred, fined, punished, enjoined, restrained, discriminated against, or deprived of reasonable accommodations to take the Patent Exam for CLE purposes. The same applies to his advertisements, and professional or commercial speech, and rights of press and editing.

The Defendants cannot so challenge Plaintiff by prior restraint, or interference with Plaintiff's rights, property or profession in order to coerce or require the Plaintiff to pass

25

another Patent Exam, although he is quite willing to take it for CLE purposes with reasonable accommodations, and to take it without additional cost, as approved by the Defendants for mere academic reasons.

The Defendants have admitted that their requirements have been manifestly unjust, in as much as they have refunded Plaintiff's $40 filing fee and credited the $450 Patent Exam Fee to a credit card, which Plaintiff requests be held in escrow without any waiver or admission against interest until the merits of this case can be decided. Any such actions by Defendants to deprive Plaintiff of his rights would be manifestly unjust, unlawful and unconstitutional.

There is no requirement that Plaintiff pass the Patent Exam for the second time in order to avoid  punishment. And there is no requirement to change the burden of proof, or to create a new presumption.   The burden of proof is not on Plaintiff to show cause why he does not need to pass the Patent Exam for the second time in order to advertise his name as an attorney in a patent and a trademark or to prosecute an application for another. There is no burden of proof on Plaintiff to show cause why he should be recognized to have the right to such advertisements without prior restraint.

Under 35 U.S.C. 32, at an undetermined time after March 4, 1996, the *Commissioner* designated *Defendants Moatz* and *Griffin*, who are *Officers* and attorneys of the United States Patent and Trademark Office, or other such Officers and attorneys, to conduct a confidential investigation under Docket No. C96-017, which was held to be confidential and in abeyance on or about March 4, 1996, and without notice of a hearing required by this section and without conducting the hearing as required, [i.e., by designating such *Officers* of the United States, as "judges" to exercise significant

26

authority pursuant to the laws of the United States for suspending or excluding *Plaintiff* from practice before the PTO], and under 37 C.F.R. 10.130 - 132 or revisions, they did not institute, publish or continue the confidential disciplinary Docket No. C96-017, or any other proceeding, on or about March 4, 1996. It remained confidential until this controversy arose.

Instead, until this controversy, Defendants resolved to close, abandon and hold it in abeyance without investigation, and to keep it confidential. They failed to file a complaint under Section 10.134, failed to reprimand, or otherwise punish, suspend or exclude *Plaintiff,* except as they did with regard to his advertisements without a hearing or due process.

Defendants on August 22, 2007, *excluded, banned, limited, coerced and threatened Plaintiff not to advertise himself as an attorney anymore, or in two specific ex parte cases, namely S.N.'s 29/273,235, filed 2/26/2007, and 08/04/2007, filed 08/04/2007 in the Office (PTO), the same not being governed by Section 10.130 through 10.170. They intend, in effect, to <u>now</u> thereby* refer the matter to a disciplinary to a non-confidential proceeding or an administrative law judge if Plaintiff does not pass the Exam. Nevertheless, he is meanwhile, still excluded and suspended from the right to advertise himself as an attorney in any papers, documents, cases, records or applications and patents currently filed in the PTO, including unexpired U.S. Patent No. 5,256,367, which does not expire until 17 years from its issue date of October 26, 1993.

Letters on March22, 2005, August 15, 2005 and August 16, 2007, informed Plaintiff that Plaintiff would not be granted reasonable accommodations, thus revoking his right to continue to advertise in the records of U.S. Patent 5,256,367, as of August 22, 2007, and

on the face of the patent itself. This invited, coerced and threatened him to retroactively

correct the patent and patent records, and to cease holding himself out as an attorney in

that patent, or otherwise, as of the dates of those letters, and thereafter during the life of

the patent (albeit, it also exposed him to public ridicule and embarrassment).

The intent of the Defendants was clearly to intimidate and subject Plaintiff to public

embarrassment and ridicule. Additionally, they intended to threaten Plaintiff with a fine

by becoming liable to be brought under the auspices of 35 U.S.C. 33, and 37 C.F.R.

10.130 through 10,170, including a potential fine of $1000 for each day the records and

the face of the patent incorrectly carried Plaintiff's advertisement as an attorney, agent or

law firm. A rough estimate would equal approximately $2,555,000 so long as Plaintiff

failed to correct the patent with a petition under 37 C.F.R. 1.324 and a fee, or otherwise

so not to deceive the public by not notifying the public of the correction necessary as a

result of the Notices and letters sent to the Plaintiff by the Defendants, as described, or

otherwise.

Those notices and letters revoked Plaintiff's right to advertise his name in said

patent as an attorney, agent or firm and required him to correct said patent in order not to

receive public derision by deceiving the public. Meanwhile, the letters left Plaintiff

without any possibility of defense in an administrative hearing or otherwise without filing

this complaint in this case.

Similarly, Defendants sent Plaintiff a letter on August 22, 2007 requiring him to take

another Patent Office Exam before he could advertise his name in a patent or trademark,

or in the records of the PTO, and/or in other existing records and patent and trademark

applications. To this end, that letter revoked Plaintiff's right to advertise his name in the

28

records and applications as of that date. Thus, that letter reflected the punishment Plaintiff received in his recently filed applications in the PTO on 02/26/2007 and 08/04/2007. He asked to make such advertisements in said applications but was refused.

Thus, Plaintiff has been banned, restrained, destrained, limited, coerced and otherwise punished for his attempts to advertise his name in the records, documents, patents and trademarks in the PTO. Of course, this unjustly exposes Plaintiff to over $2,555,000 in damages, including fines of $1000 for each occurrence under 35 U.S.C. 33. Such abuse discriminates him and punishes him in a way that is manifestly unjust to an attorney who has been. actively advertising himself as an attorney in the past, and otherwise selectively advertising himself as an attorney in the PTO for over thirty years.

The United States District Court for the District of Columbia, under such conditions and upon such proceedings as it by its rules determines, may review the actions of the Director upon the petition of the person so refused recognition, so suspended, or excluded and/or so excluded from advertising himself in said applications or cases, directly or indirectly by threats in those specific or other specific cases, or in this or other active cases in controversy and not moot to the irreparable injury to the Plaintiff under 35 U.S.C. 33.


## Nature of Action

The letter of August 22, 2007 and other letters and Notices from the Defendants, imply that they and the PTO have some inherent authority to constrict, edit and otherwise substantively limit long-standing practice in recognizing attorneys and their practice in the PTO, even if such actions limit rights of speech, press and advertisement, and

interfere with, and produce, seizures of an attorneys property, interferes with his profession, or otherwise limits him by prior restraint, such as by interferences with Plaintiff's property, profession and trademark with impunity or without adequate safeguards. As noted in the case of Sperry v. Florida, 373 U.S. 379 (1963), and it is clear from the holding in Bates v. State of Arizona, 433 U.S. 350, and Goldfarb v. Virginia State Bar, 421 U.S. 773, that lawyers and non-lawyers are able to advertise under the Supreme Court's interpretation of the First Amendment, whereby the Constitution puts a strict limitation on the Government's constitutionally permissible methods of limiting the same by prior restraint or lack of due process.

The Supreme Court has long required, and it is well established that it requires, strict and heightened scrutiny, and narrowly tailored means to achieve the public purpose of recognizing attorneys and practitioners, and in avoiding manifestly unjust results, noxious, immoral, inherently wrong, illegal and unconstitutional results, especially those that invidiously discriminate against insular minorities such as, in the case of the Plaintiff. In this connection, Plaintiff is deserving of special treatment because of his age of 78, and his physically challenged status without reasonable accommodations, as is not in dispute. Moreover, the Defendants by binding admission have never objected to the showing of Plaintiff in the record. To this end, Defendants admit affirming to Plaintiff that the records: "have not presented insufficient objective evidence to show that you continue to possess legal qualifications necessary to render applicants for patent valuable service."

After investigating the history of that matter and the records of this case, and for the reasons presented by sufficient objective evidence, that was the conclusion of Defendant

30

Griffin's letter to Plaintiff on March 22, 2005, and it was never rebutted or denied by any of the Defendants.

It is a well established, long standing public policy, that the burden is on the Defendants to rebut the record, and the sufficient, objective material evidence it contains. It has long been held as a well-established public policy, and it has never been rebutted or denied by Defendants.

That policy and Defendants long-standing well-established conclusion are not in dispute. And this Court must Order that any change in the policy of that burden is null and void and unconstitutional without a change in that policy by Congress. *See* the requirements for Congress to change policy in <u>In re Hogan</u>, 559 F.2d 595, 194 USPQ 527 (CCPA 1977), "a limit upon continuation applications is a matter of policy for the Congress." <u>Id.</u> At 604 n.13 (quoting <u>In re Henriksen</u>, 399 F.2d 253, 262, 158 USPQ 224 (CCPA 1968)..

The Supreme Court more than 150 years ago, in <u>Godfrey v. Evans</u>, 69 U.S. 317, 323-325 (1863), recognized the ability of an applicant to file a revised version of a patent application. 35 U.S.C. 120 codifies the need for Congress to change that policy. Without narrowly tailored means for changing the well established public policy involved, Plaintiff can file a revised version of his currently filed patent application S.N. 29/273,235, filed 02/26/2007, to currently advertise that he is an attorney and was an attorney and practitioner, and recognized as such, both when the case was filed and now. Likewise, Plaintiff can similarly revise his trademark application S.N. 77/247.319, filed 08/04/2007, to advertise his name as an attorney. And if necessary the Plaintiff can take a final rejection of such actions by the Defendants through an administrative appeal, such

31

as he has repeatedly done. But that appeal is constitutionally burdened by a lack of authority to appoint to the Trademark Board, or the Board of Patent Appeals and Interferences, which is incestuously tied thereto.

As pointed out above, taking an appeal of a final rejection to the Board of Appeals anywhere except to this Court unconstitutionally authorized according to this complaint. Indeed, respectable commentators, and the Congress have indicated by the patent law revision by HR 1908, which has not been passed by the Senate or signed by the President, that such a defect exists.

Thus, such an appeal on the part of Plaintiff are, have been and would be useless because the actions of the Defendants, and their authority for such actions, including the appointment of the Board of Appeals are presently null and void, and would be null and void without proper authority from Congress.

Thus, this complaint is necessary because Defendants have persevered with intent to do so, in preventing Plaintiff from any administrative remedy, by petition or administrative appeal or otherwise, and have continued to pursue, punish, coerce and threaten Plaintiff with serious consequences for taking further administrative action, not the least of which is threatened punishment of a fine of $1000 per day until the fine reaches $2,550,000 or more, to prevent him from resolving this dispute and the injury and harm that have been done, and is being done, to him by the Defendants, by their letters and Notices, including their Notice of August 22, 2007, or otherwise.

35 U.S.C. 251 recognizes the ability of an applicant, such as Plaintiff, to reissue his U.S. Patent No. 5,256,367, to correct it in accordance with the requirements of the Defendants and/or their letter of August 22, 2007, and other letters and Notices, to avoid

32

a fine of $1000 per offense, or $2,550,000 during the remaining life of the patent. To this end, Plaintiff cant remove mention of Plaintiff or his name and recognition of the true fact that he is an attorney, agent or firm by reissue, by disclaimer under 35 U.S.C.253, or by Certificate of Correction under Sections 255 or 256, in order to remove his liability to punishment and fine under 35 U.S.C. 33, but this would be manifestly unjust.

This action is brought for a range of relief's, including avoiding such threats of punishment, coercion, discrimination, interference with speech and press, the seizing of Plaintiff's property without due process or just compensation, interference with his profession and trademark, and unbearable fines, as well as failure to provide reasonable accommodations.

Letters and Notices from the Defendants have been used in an attempt to raise a rebuttable presumption. The rebuttable presumption arises without justification or consideration of the record, and cannot arise after consideration of the record. Also, the PTO does not have statutory authority to promulgate such a rebuttable presumption. The present system for recognizing and refusing to recognize attorneys and practitioners, is premised on the notion that the Plaintiff is not entitled to the statutory and constitutional requirements of the Article II, Section 2, cl. 2, Article I, Section 8, cl. 8, and the First, Fourth, Fifth and Fourteenth Amendments, his civil rights, or other statutory protections.

Orders declaring the mentioned and other Rules and Statutes applicable to this case in support of the Defendants positions, or the rebuttable presumptions allegedly raised by them to shift the burden of proof to Plaintiff, are unconstitutional under Article II, Section 2, cl. 2, Article I, Section 8, and the First, Fourth, Fifth and Fourteenth Amendments of the Constitution, and Patent Statutes and Rules that are not unconstitutional.

33

The process for recognizing not only attorneys and practitioners has never been definitively circumscribed by <u>Sperry v. Florida,</u> 373 U.S. 379 (1963), reminded us that persons other than attorneys can representing applicants or other parties before the PTO as well as other Federal Agencies, such as the Copyright Office.  However, the process is a creature of the Constitution and statute, including, for example, Article I, Section 8, cl. 8, and the First Amendment, the Patent Laws and the Administrative Procedures Act (APA).

In addition, the process is premised on the notion of comity, full faith and credit and treaties.  These are important and relevant public policies of the states and the Federal Government in connection with patents, trademarks and copyrights.  In accordance with those and other unstated public policies, the process may involve a showing that the common law requiring an attorney to represent others, is not involved in the PTO, while it may still be applicable in representing others in court, with the exception set forth in <u>Jacob Winkelman, A Minor, By And Through His Parents And Legal Guardians, v. Parma City School District,</u> 550 U.S. _____ (2007).

To this end, the states or individuals other than attorneys may offer material evidence that those allowed to represent themselves or others in the PTO are of good moral character and reputation, and that the inventors and owners of trademark are entitled to be represented selectively with or without an attorney or another person recognized as capable of rendering him valuable service, advice, and assistance in the presentation of their applications in various stages of the prosecution of their applications to a patent in the PTO or elsewhere under a treaty or foreign laws, at various times or places, such as meeting the requirements of 35 U.S.C. 101 *et seq.*

34

This action is specifically brought to obtain Orders for specific performance, damages, a preliminary injunction; and a declaratory judgment pursuant to 28 U.S.C. Section 2201 *et* seq., for *Writs of Mandamus*. More particularly, Plaintiff seeks: (1) to prevent Defendants from implementing existing Rules and decisions by which the PTO and/or the Defendants are seizing, holding, interfering with, limiting access to and refusing to return Plaintiff's Certificate of Registration No. 19,240; (2) for issuance of a Writ of Possession to, and the return of his Certificate of Registration in Replevin, as originally awarded in 1958, or in the name as presently on record in the PTO; (3) Specific Performance recognizing him by suspending the Rules to reinstate him without passing a second PTO examination for admission as an attorney on the roll of attorneys admitted to practice before the PTO; (4) Damages in conversion or Deninue for possession of his Registration No. 19,240 and interference of his speech, press, and property, comprising, *inter alia*, his trademark and intellectual property rights; (5) Relief in tort for damages, and a jury trial for interference with his civil rights, freedom of speech, press and property; and (6) issuance of a *Writ of Mandamus* requiring Defendants to comply with the requirements of the Administrative Procedure Act, 5 U.S.C. Section 1, *et seq. (*the "APA") in promulgating any further rules in the future concerning the subject matter of the Plaintiff's recognition as an attorney, and/or the present Rules as applied by the Defendants.

Plaintiff is entitled to a Declaratory Judgment, Specific Performance and Injunctive Relief For Recognition to practice as an attorney with Reasonable Accommodations, as he is admitted and in good standing in the District of Columbia, Maryland, New York, the Eastern and Southern Districts of New York, the Court of Appeals for the Federal

35

Circuit, the U.S. Tax Court, and the Supreme Court of the U.S.   The OED has written to him after review of his credentials that, "For the foregoing reasons, based on the current record, you have not presented insufficient objective evidence to show that you continue to possess legal qualifications necessary to render applicants for patent valuable service," all in accordance with the Patent Statues, including 35 U.S.C. Sections 2(b)(2)(D) and (E).  37 CFR 10.14 and revisions specifically state that: Any individual who is an attorney may represent others before the Office in trademark and other non-patent cases. An attorney is not required to apply for registration or recognition to practice before the Office in trademark and other non-patent cases."  To threaten and punish him without probable cause, and to make demands of him and his class of aged, physically limited, small entity attorneys who have passed the Patent Office Exam once, by arbitrarily adopting a new Rule demanding repeated exams for CLE purposes without proper public notice, rather than conventional, well established, and long recognized CLE courses administered by the Patent Bar, artificially and irrationally burdens that class with such a new, arbitrary and invidious Rule that it is inherently wrong, as well as illegal, and contrary to the Administrative Procedures Act.  It unconstitutionally deprives them of their rights, including rights of speech, press, property, and due process, without any rational basis, or any compelling government interest.  It unreasonably limits their needs for reasonable accommodations, which are well documented and not in dispute.  Such a Rule is not narrowly tailored to accomplish the required goals of law.  It is a punishment and unconscionable deprivation of rights, liberty and the pursuit of happiness by prior restraint of soundly established rights without probable cause, or the appointment of an

36

attorney who is an officer or employee of the United States Patent and Trademark Office
to conduct a hearing as required by law.

### Jurisdiction and Venue

This Court has jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1338,
inasmuch as this is a civil action arising under the laws and Constitution of the United
States, and relating to patents, including the United States Patent Act, 35 U.S.C. Section
1, *et seq.,* including particularly Sections 2, 120, 132 and 365; the Declaratory Judgment
Act, 28 U.S.C. Section 2201, and the United States Constitution, First, Fourth, Fifth and
Fourteenth Amendments and Article I, Section 8.

Venue is proper in this District pursuant to 35 U.S.C. section 1(b) and 28 U.S.C.
Section 1391(e).

### Existing, Concrete Controversy

The present active, ongoing, concrete dispute between the Plaintiff and the
Defendant is not moot as alleged by the Defendants. Plaintiff has sought and timely
exhausted his Administrative Remedies and the Defendants in the end have resisted all
Plaintiffs' efforts to advance the case to issue. Defendant's responses to his attempts to
have the Commissioner reverse the refusals to recognize Plaintiff's complaints or to give
him Reasonable Accommodations have all been refused. Defendants have, accordingly,
finally failed to give him what he requests without legal action for Declaratory and
Injunctive relief for his recognition as an attorney, and/or by suspension or limitation of
the Rules for Reinstatement as an attorney admitted to practice in the PTO to pursue and
prosecute his applications for inventions, co-inventions and trademarks originating with

37

himself, his children and/or others, *pro bono, pro hoc vice, pro se*, or otherwise with
Reasonable Accommodations.

## Conclusion

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order in the
proposed form included herewith, enjoining Defendants from implementing and
enforcing Rules that prohibit, ban, restrain or restrict Plaintiff from advertising as a
lawyer under Registration No. 19,240, and preventing him from taking the Patent Office
Exam except for CLE, or merely academic or other purposes with reasonable
accommodations, or requiring Plaintiff to pass another Patent Office Exam. Plaintiff also
respectfully requests an oral hearing for the appointment of a lawyer to aid the Court in
this case; and for, Declaratory Judgment and Injunctive Relief for recovery, revival and
reinstatement of Plaintiff's Registration Certificate No. 19,240, and Reasonable
Accommodations now requested but refused in a presently active, concrete but resolvable
dispute, including an enlarged print Manual of Patent Examining Procedure ("MPEP"),
for one exam taker alone, and otherwise as provided heretofore with increased time, light
and heat in a separate room on at least two separate respective days for at least four hours
on each day for the purpose of taking the Patent Office Exam for Continuing Legal
Education ("CLE") purposes, and with enlarged print exam questions and a matching
enlarge print answer sheet. Plaintiff also respectfully requests damages and closely
tailored provisions for review of past examinations, as is still in an active, concrete but
resolvable dispute, and, therefore, not moot. And Plaintiff respectively requests such,
other, further and different relief as the Court deems just, equitable and proper

### Conclusion

38

WHEREFOR, Plaintiff respectfully requests that the Court enter an Order in the proposed form included herewith, enjoining Defendants from implementing the prior restraint of Plaintiff's advertisements of his name as an attorney in patents, trademark, applications, records, documents, copies, or other business in the PTO, and maintain the *status quo* pending final judgment of this Court on the merits, along with such, other, further and different relief as the Court deems just, equitable and proper.

Respectfully submitted,

*Cornell D. M. Judge Cornish*

Cornell D.M. Judge Cornish
DC Bar No. 366240
1101 New Hampshire Ave., NW
Suite 301
Washington, DC 20037-1502
(202) 429-9705 (voice and fax)
E-mail: cornishj@erols.com
Plaintiff *pro se*

Date:    09/26/07

39