```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

CORNELL D.M. JUDGE CORNISH,       )
                                  )
        Plaintiffs,               )
                                  )
   v.                             )Civil Action No. 07-1719 RWR
                                  )
JON DUDAS, Under-Secretary of     )
  Commerce for Intellectual Property)
  and Director of the U.S. Patent )
  and Trademark Office, et al.,   )
                                  )
        Defendants.               )
_____)
```

### DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL, AND MEMORANDUM IN SUPPORT THEREOF

Defendants hereby request that the Court permit the filing of the attached Defendants' Opposition To Plaintiff's Motion For Preliminary Injunction, Declarations, with Exhibits and Administrative Record under seal for 10 business days, pending further briefing.  In a telephone conversation on October 9, 2007, Plaintiff indicated that he does not oppose this motion.

This request is made because Plaintiff has indicated a desire to protect his privacy interests which may arguably be affected by some or all of the filings relied upon in Defendants' Opposition To Plaintiff's Motion For Preliminary Injunction. Certain medical concerns are reflected in the records as well as one or more scores on plaintiff's bar examination for the Patent Bar.  Plaintiff may seek to maintain this or other information under seal, but Defendants submit that appropriate considerations must minimize the material that is maintained under seal.

There exists in our nation's common law a tradition of public access to the records of judicial proceedings. See United States v. Hubbard, 650 F.2d 293, 314 (D.C. Cir. 1980). See also generally Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 529 F. Supp. 866, 895-97 (E.D. Pa. 1981). Indeed, the Court of Appeals has expressly declared that the public's "common law right to inspect and copy judicial records is indisputable." In re Nat'l Broadcasting Co., 653 F.2d 609, 613 (D.C. Cir. 1981); see United States v. Hickey, 767 F.2d 705, 708 (10th Cir.), cert. denied, 474 U.S. 1022 (1985). Furthermore, the Court of Appeals has emphasized that "this common law right is not some arcane relic of ancient English law. To the contrary, the right is fundamental to a democratic state." United States v. Mtichell, 551 F.2d 1252, 1258 (D.C. Cir. 1976), rev'd on other grounds sub nom. Nixon v. Warner Communications, Inc., 435 U.S. 589 (1978). The Court of Appeals explained that the right of access, like the First Amendment, assures a well-informed public opinion, permits public monitoring of the courts, and promotes confidence in the fairness and justice of the court system. Id.; see also United States v. Edwards, 672 F.2d 1289, 1292-94 (7th Cir. 1982). These policy considerations in favor of open judicial proceedings are just as strong in the pretrial stage of civil litigation as they are at the trial stage. See Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 529 F. Supp. at 897 n.55.

The public's right of access, to be sure, is not absolute. All courts have supervisory powers over their own records and files. See In re Nat'l Broadcasting Co., 653 F.2d at 613. Accordingly, a court, in its discretion, may seal documents "if the public's right of access is outweighed by competing interests." United States v. Hickey, 767 F.2d at 708 (quoting In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir. 1984)). The Supreme Court has described the traditional exceptions to the general rule of open access as follows:

> [A]ccess has been denied where court files might have become a vehicle for improper purposes. For example, the common-law right of inspection has bowed before the power of a court to insure that its records are not used to gratify private spite or promote public scandal through publication of the painful and sometimes disgusting details of a divorce case. Similarly, courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption, or as sources of business information that might harm a litigant's competitive standing.

Nixon v. Warner Communications, Inc., 435 U.S. at 598 (internal quotations and citations omitted); see In re Nat'l Broadcasting Co., 653 F.2d at 613.

The Supreme Court has also pointed out that there can be no simple formula for deciding whether or not to limit access because that issue is necessarily fact-bound. Nixon v. Warner Communications, Inc., 435 U.S. at 599. "[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant

facts and circumstances of the particular case."  Id.; accord, United States v. Hubbard, 650 F.2d at 316-17.

The trial court's decision to limit access, however, "is not open ended."  In re Nat'l Broadcasting Co, 653 F.2d at 613.  The trial court must consider all the relevant facts and circumstances of the particular case and weigh the interests advanced by the parties in light of the public interest and the duty of the courts.  Id.; see United States v. Hickey, 767 F.2d at 708.  In other words:

> The court's discretion must clearly be informed by this country's strong tradition of access to judicial proceedings.  In balancing the competing interests, the court must give appropriate weight and consideration to the presumption -- however gauged -- in favor of public access to judicial records.  Any denial of this precious and fundamental common law right remains subject to appellate review for abuse.

In re Nat'l Broadcasting Co., 653 F.2d at 613 (internal quotations and footnotes omitted).

In United States v. Hubbard, 650 F.2d at 314-24, the Court of Appeals for this Circuit articulated several somewhat overlapping factors that a district court should consider when deciding whether a party's interest in privacy or confidentiality outweighs the strong presumption in favor of public access to judicial proceedings.[1]  See Johnson v. Greater Southeast

---

[1] Those factors include: (i) the need for public access to the documents at issue; (ii) the extent to which the public has previously had access to the documents; (iii) the identity of the party objecting to disclosure; (iv) the strength of the property

Community Hospital Corp., 951 F.2d 1268, 1277 & n.14 (D.C. Cir. 1991).  Department of Justice regulations also generally call for the placement of information in litigation to be maintained on the public record.  See 28 C.F.R. § 50.9; see also 28 C.F.R. § 23 (noting general policy against confidentiality in settlement agreements and consent decrees).

    Accordingly, Defendants propose to file the documents under seal for a limited period of time, during which the plaintiff may seek to continue or modify the stay, should he deem such action appropriate.  Barring any motion by the plaintiff, the stay should be lifted in the interest of placing on the public record as much information in pending litigation as is possible.

    For the aforementioned reasons, Defendants respectfully request that the Court permit the filing under seal of the above-referenced documents for 10 business days, or such other period as may be necessary to resolve any request to extend or modify that seal that may be made by Plaintiff within that 10-day

---

and privacy interests involved; (v) the possibility of prejudice to those opposing disclosure; and (vi) the purposes for which the documents are being introduced.

period.  A proposed Order consistent with this motion accompanies this motion.

                    Respectfully submitted,

                    _____
                    JEFFREY A. TAYLOR, DC Bar #498610
                    United States Attorney

                    _____
                    RUDOLPH CONTRERAS, DC Bar #434122
                    Assistant United States Attorney

                    _____
                    W. MARK NEBEKER, DC Bar #396739
                    Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendants' Unopposed Motion For Leave To File Under Seal and the accompanying Declarations, Exhibits and Administrative Record has been made by mailing copies thereof to:

CORNELL D.M. JUDGE CORNISH, ESQ.
Suite 301
1101 New Hampshire Ave., N.W.
Washington, DC  20037-1502

on this 10th day of October, 2007.

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230

<u>CORNELL D.M. JUDGE CORNISH</u> v. <u>JON DUDAS</u>, <u>et</u> <u>al.</u>,
Civil Action No. 07-1719 RWR

<u>NOTICE</u>

    Defendants' Opposition To Plaintiff's Motion For Preliminary Injunction, Declarations, with Exhibits and Administrative Record has been lodged with the Clerk of the Court with Defendants' Unopposed Motion For Leave To File Under Seal.

```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA

CORNELL D.M. JUDGE CORNISH,         )
                                    )
        Plaintiffs,                 )
                                    )
    v.                              )Civil Action No. 07-1719 RWR
                                    )
JON DUDAS, Under-Secretary of       )
  Commerce for Intellectual Property)
  and Director of the U.S. Patent   )
  and Trademark Office, et al.,     )
                                    )
        Defendants.                 )
_____)
```

ORDER

UPON CONSIDERATION of Defendants' Motion For Leave To File Under Seal, And Memorandum In Support Thereof, and the grounds stated therefor, and the entire record herein, it is on this _____ day of _____, 2007, hereby

ORDERED that Defendants' Motion For Leave To File Under Seal should be and hereby is granted; and it is

FURTHER ORDERED that the Opposition, Declarations, Exhibits and Administrative Record lodged with Defendants' Unopposed Motion For Leave To File Under Seal shall be accepted for filing under seal; and it is

FURTHER ORDERED that the documents shall be maintained under seal and not available to the general public for a period of 10 business days, whereupon the seal shall be lifted and the documents deemed to have been filed on the public record, provided however, that if Plaintiff shall file a motion to continue or modify the seal before the passage of that 10-day

period, the seal shall remain in place until resolution of the motion filed by the plaintiff.

                                                     UNITED STATES DISTRICT JUDGE

copies to :

W. MARK NEBEKER
Assistant U.S. Attorney
555 4th Street, N.W.
Civil Division
Washington, DC  20530

CORNELL D.M. JUDGE CORNISH, ESQ.
Suite 301
1101 New Hampshire Ave., N.W.
Washington, DC  20037-1502