UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

Cornell D.M. Judge Cornish, Esq.           )
Suite 301                                  )
1101 New Hampshire Ave., NW                )
Washington, DC 20037-1502                  )
(202) 429-9705                             )
DC Bar Number 366240                       )
                                           )
Plaintiff *Pro Se*                         )
                                           )
v.                                         )
                                           )
JON DUDAS, in his Official                 )
Capacity as Under-Secretary of Commerce for)
Intellectual Property and Director of the  )
United States Patent and Trademark Office  )
And the UNITED STATES PATENT AND           )
TRADEMARK OFFICE                           )
P.O Box 1450                               )
Alexandria, VA 22313-1450                  )
                                           )
Harry I. Moatz, in his Official Capacity as)
Director                                   )    CASE   07-CV-01719 (RWR)
Office of Enrollment and Discipline        )
U.S. Patent and Trademark Office           )
P.O. Box 1450                              )
Alexandria, VA 22313-1450                  )
                                           )
William J. Griffin, in his Official Capacity as )
Staff Attorney                             )
Office of Enrollment and Discipline        )
U.S. Patent and Trademark Office           )
P.O. Box 1450                              )
Alexandria, VA 22313-1450                  )
                                           )
Defendants                                 )
                                           )

<u>MOTION FOR PERMISSION TO FILE ELECTRONICALLY STARTING WITH</u>

<u>DECLARATION REQUESTING DATE FOR MEET-AND-CONFER CONFERENCE</u>

<u>ETC.</u>

1

## MOTION

BEING DULY SWORN, Plaintiff *pro se* declares and affirms on information and belief, as follows:

The undersigned Plaintiff *pro se* in the subject Case 07-cv-01719, is Cornell D.M. Judge Cornish, who is filing by hand on October 9, 2007, in the Court Public In-box, one copy of this Motion for Permission for Electronic Filing in the Court (albeit, Plaintiff would also like to have permission to serve the Defendants electronically, but until authorized to do so is serving the same on the Defendants by mail).

Plaintiff is desirous of a Meet-and-Confer Conference with the Defendants, or the designee who is authorized to make an appearance for them as soon as possible, and preferably within one month of the filing of the subject case on September 27, 2007. The date suggested by the Plaintiff for such a meeting is Monday October 29, 2007 at 11:00 am at the Court or the U.S. Patent and Trademark Office.

To aid in this regard, Plaintiff is filing by hand on October 9, 2007, in the Court Public In-box, one copy of a Declaration already served by hand on the Defendants on October 2, 2007, by leaving a copy with their official designees, or, in the case of the U.S. Attorney General, serving it on him by sending it to him by Express Mail, Registration No. EB 213534962.

The enclosed Declaration, which was served on the Defendants as stated above, is important to the expeditious handling of this case because it asks the Defendants to waive the requirement for personal service, to make an appearance, and to agree to the Meet-to-Confer Conference required by 28 U.S.C. 636( c ), Fed. R.Civ. P. 73 and Local Rule 502.

It is requested that this enclosed Declaration be scanned and filed electronically in this Court along with the enclosed Motion for electronic filing, and the Returns of Service for the documents served on all the Defendants on October 2, 2007, as stated above. Thus, in effect, Plaintiff's filings, will all be filed electronically in this Court, and Plaintiff will only lack official authorization by the Court to serve the Court and the Defendants electronically in connection with future filings.

It is understood that the enclosures, including the Returns of Service submitted herewith and served on the Defendants as stated above, will all be scanned and filed electronically with all the other papers that have already been filed electronically in this Court in this case, including the Summons and Complaints for all the Defendants, the Motion for Preliminary Injunction, and the Memorandum In Support of the Motion For Preliminary Injunction.

Plaintiff understands the need to address safety and security concerns, and many other concerns because of the heavy criminal demands for cases in this Court, and no less so for a variety of reasons in this case, by encouraging, if not requiring, electronic filing wherever possible.

To this end, Plaintiff personally hand carried and left in the Court In-Box on Third Street this Motion For Permission To File Electronically on all the named Defendants, who are individuals. But, since the remaining Defendant U.S. Patent and Trademark Office (PTO), is not a person, it is assumed that Ms. Kyra Abraham, the Attorney in the PTO Solicitor's Office who received the Summons and Complaint personally in this case for the Solicitor of the PTO on 10/02/2007 at 3:41 pm, must be served by hand, or by mailing a paper copy to the PTO c/o of the Solicitor of the U.S.

Patent and Trademark Office, P.O. Box 1450. Alexandria, VA 22313-1450 until authorization to serve her electronically is approved and granted to Plaintiff by the Court.

If, at some later date, Ms. Abraham or another named representative for receiving electronic service is officially recognized, designated, authorized and acknowledged in writing by the Solicitor of the PTO to be served electronically, and the same is served on Plaintiff with a paper copy of his action at some time in the future, then Plaintiff will be relieved of the requirement of filings paper copies of his filings on the PTO, since Plaintiff's filings can then all be electronic with electronic copies to all the Defendants.

Apparently, there is no fee for electronic filings, but Plaintiff will be charged for copies of electronic filings at $.08 per page according to our information from the PACER System.

This assumes that there will come a time when both the Plaintiff and all the Defendants will be able to be served with filings in this case that are electronic, but hopefully, Plaintiff will still be served by paper copies in addition to the electronic filings required by the Court.

The following is a review of the above:

1. By approving this Motion for Plaintiff to be allowed to serve the Defendants electronically, Plaintiff will save the cost of serving the Court and each of the four Defendants by hand or by mail.

2. To this end, Plaintiff asks the Court to approve, and the Defendants to agree, that allowing Plaintiff to file electronically will not require Plaintiff to redundantly serve copies of his filings on the Defendants in this case by mail.

District of Columbia:

        : ss

City of Washington:

Sworn to and subscribed before me this _____9th_____ day of _October_ 2007

                                              *Barbara J. Johnson*
                                                Notary Public



                                    Barbara J. Johnson
                                    Notary Public, District of Columbia
                                    My Commission Expires 4/30/2011

3. Plaintiff asks the Court to approve this Motion for both parties to file electronically, while Defendants will continue to serve Plaintiff with paper copies by mail in this case.

4. By requesting electronic filing, Plaintiff does not waive his right to be served by mail with paper copies of filings by the Defendants.

5. By serving the Plaintiff by mail the Defendants do not waive their right and obligation to file electronically.

Respectfully submitted,

*Cornell D. M. Judge Cornish*

Cornell D.M. Judge Cornish *Pro Se*
1101 New Hampshire Ave., NW
Suite 301
Washington, DC 20037-1502
(202) 429-9705
cornishj@erols.com

This is to Certify that this Motion, which was filed in the District Court for the District of Columbia by hand on October 8, 2007, with a letter of explanation dated October 6, 2007, which was attached thereto for the above-identified case 07-cv-01719, was served on the Defendants by first class mail on October 8, 2007.

*Cornell D. M. Judge Cornish*

Cornell D.M. Judge Cornish, Plaintiff *Pro Se*

EXPRESS MAIL
UNITED STATES POSTAL SERVICE
Post Office To Addressee
Customer Copy
Label 11-B, March 2004

U.S. COURT OF APPEALS
FOR THE D.C. CIRCUIT
2007 OCT -9 PM 1: 14
FILING DEPOSITORY

Oct. 02, 2007

#21.40

CUSTOMER USE ONLY
PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No.
Federal Agency Acct. No. or
Postal Service Acct. No.

WAIVER OF SIGNATURE (Domestic Mail Only)
Additional merchandise insurance is void if customer requests waiver of signature.
I wish delivery to be made without obtaining signature of addressee or addressee's agent (if delivery employee judges that article can be left in secure location) and I authorize that delivery employee's signature constitutes valid proof of delivery.

NO DELIVERY
Weekend   Holiday   Mailer Signature

FROM: (PLEASE PRINT)   PHONE (
Cornell D.M. Judge Cornish
1101 New Hampshire Ave, NW
Washington, DC 20037
Suite 301

TO: (PLEASE PRINT)   PHONE (
U.S. Attorney General
950 Pennsylvania Ave., NW
Washington DC 20530

FOR PICKUP OR TRACKING
Visit www.usps.com
Call 1-800-222-1811
EMS

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

TRADEMARK OFFICE )
P.O Box 1450 )
Alexandria, VA 22313-1450 )
)
Harry I. Moatz, in his Official Capacity as )
Director )            CASE  07-CV-01719 (RWR)
Office of Enrollment and Discipline )        Assigned to: Roberts, Richard W.
U.S. Patent and Trademark Office )           Assign. Date: 9/26/2007
P.O. Box 1450 )                               Description: Pro Se Gen. Civil
Alexandria, VA 22313-1450 )
)
William J. Griffin, in his Official Capacity as )
Staff Attorney )
Office of Enrollment and Discipline )
U.S. Patent and Trademark Office )
P.O. Box 1450 )
Alexandria, VA 22313-1450 )
)
Defendants )
_____)

<u>DECLARATION AND MEMORANDUM OF LAW IN SUPPORT OF DEPOSIT OF</u>

<u>SUMMONS AND COMPLAINT, MOTION FOR PRELIMINATY INJUNCTION,</u>

<u>MEET-AND-CONFER-CONFERENCE AND WAIVER OF SERVICE</u>

✓ cc: U.S. Distr. Court For District of Columbia

1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ELECTRONIC CASE FILES
Attorney/Participant Registration Form

LIVE SYSTEM

This form shall be used to register for an account on the Court's Electronic Case Files (ECF) system and to subscribe to the ECF EMail (Listserver) notification service. Registered attorneys and other participants will have privileges both to electronically submit documents, and to view and retrieve electronic docket sheets and documents for all cases assigned to the Electronic Case Files system. Listserver subscribers receive email messages whenever the Court wishes to electronically notify ECF registrants of pertinent ECF information.

The following information is required for registration:  _civil_

If you are appointed pro bono or pro hac vice, please provide the case number: _07-1719 RWR_

First Name/Middle Initial/Last Name  _Cornell D. M. Judge Cornish_

Last four digits of Social Security Number  _9361_

DC Bar ID#:  _366240_

Firm Name  _Cornell D. M. Judge Cornish_

Firm Address  _1101 New Hampshire Ave, N.W. Suite 301_
_Washington, DC 20037-1502_

Voice Phone Number  _(202) 429-9705_

FAX Phone Number  _(202) 429-9705_

Internet E-Mail Address  _CornishJ@erols.com_

By submitting this registration form, the undersigned agrees to abide by the following rules:

1. This system is for use only in cases permitted by the **U.S. District Court for the District of Columbia**. It may be used to file and view electronic documents, docket sheets, and notices. Please visit the Court's ECF Internet, www.dcd.uscourts.gov, website to schedule training.

2. Pursuant to Federal Rule of Civil Procedure 11, every pleading, motion, and other paper (except list, schedules, statements or amendments thereto) shall be signed by at least one attorney of record or, if the party is not represented by an attorney, all papers shall be signed by the party. An attorney's/participant's password issued by the court combined with the user's identification, serves as and constitutes the attorney's/participant's signature. Therefore, an attorney/participant must protect and secure the password issued by the court.

1-800-676-6856 PACER   pacer.uscourts.gov
Pacer@psc.uscourts.gov   (210) 301-1441 FAX

       If there is any reason to suspect the password has been compromised in any way, it is the duty and responsibility of the attorney/participant to immediately notify the court. This should include the resignation or reassignment of the person with authority to use the password. The Court will immediately delete that password from the electronic filing system and issue a new password.

3.     An attorney's/participant's registration will not waive conventional service of a summons and complaint, subpoena, or other judicial process; submit the client to the jurisdiction of the Court; or operate as a consent to accept service of pleadings, documents, and orders in actions in which such attorney/participant has not entered an appearance. An attorney's/participant's registration will constitute a waiver in law only of conventional service of other non-process pleadings, documents, and orders in the case. The attorney/participant agrees to accept, on behalf of the client, service of notice of the electronic filing by hand, facsimile or authorized e-mail.

4.     Upon receipt of your login and password, you are strongly encouraged to change your password, which may be done through the Utilities function, to a name easily recalled. **You may be subjected to a fee, should the Clerk's Office have to create a new password for you, or alternatively, you may be required to appear in person to receive your new password.**

5.     Attorneys who are active members of the bar of this Court, or government attorneys who are employed or retained by the United States, or who have been permitted to proceed *pro hac vice*, must file pleadings electronically.


Please return this form to:        U.S. District Court for the District of Columbia
                                      Attn:   Attorney Admissions
                                      333 Constitution Avenue NW, Room 1825
                                      Washington, DC 20001

Or FAX to:                        Peggy Trainum
                                      U.S. District Court for the District of Columbia
                                      (202) 354-3023


Applicant's Signature    *Cornell D. M. Judge Cornish*

_Cornish_             _C.D.M.J._      _9361_
Full Last Name         Initial of       Last 4 Digits SS#
                          First Name

**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

RECEIVED
U.S. COURT OF APPEALS
FOR THE D.C. CIRCUIT

2007 OCT -9 PM 1: 15

FILING DEPOSITORY

| | |
|---|---|
| Cornell D.M. Judge Cornish, Esq.<br>Suite 301<br>1101 New Hampshire Ave., NW<br>Washington, DC 20037-1502<br>(202) 429-9705<br>DC Bar Number 366240<br><br>Plaintiff *Pro Se*<br><br>v.<br><br>JON DUDAS, in his Official<br>Capacity as Under-Secretary of Commerce for<br>Intellectual Property and Director of the<br>United States Patent and Trademark Office<br>And the UNITED STATES PATENT AND<br>TRADEMARK OFFICE<br>P.O Box 1450<br>Alexandria, VA 22313-1450<br><br>Harry I. Moatz, in his Official Capacity as<br>Director<br>Office of Enrollment and Discipline<br>U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450<br><br>William J. Griffin, in his Official Capacity as<br>Staff Attorney<br>Office of Enrollment and Discipline<br>U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450<br><br>Defendants | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>CASE   07-CV-01719 (RWR)<br>Assigned to: Roberts, Richard W.<br>Assign. Date:  9/26/2007<br>Description: Pro Se Gen. Civil |

<u>DECLARATION AND MEMORANDUM OF LAW IN SUPPORT OF DEPOSIT OF

SUMMONS AND COMPLAINT, MOTION FOR PRELIMINATY INJUNCTION,

MEET-AND-CONFER-CONFERENCE AND  WAIVER OF SERVICE</u>

1

BEING DULY SWORN, Plaintiff declares on information and belief, as follows:

That the undersigned Cornell D.M. Judge Cornish, personally hand carried and left with the Official designated by the Defendants to receive filings at the U.S. Patent and Trademark Office, Madison West Building, 600 Dulany Street, Alexandria, VA 22314, including a copy of this Declaration in Support of Motion For Meet-and-Confer Conference and Waiver of Service, a SUMMONS and the COMPLAINT, Motion for Temporary Injunction and Memorandum of Law in Support that were filed in the U.S. District Court for the District of Columbia under Case No. 07-cv-01719 on September 27, 2007, with Nancy Mayer-Whittington, Clerk, and Sealed by Maureen Higgins, Deputy Clerk. Copies were also delivered to the Offices of the U.S. Attorney General at 950 Pennsylvania Avenue, NW, Washington, DC 20530; and the U.S. Attorney for the District of Columbia at 501 Third Street, NW, Washington, DC 20001.

The undersigned Cornell D.M. Judge Cornish is 78 years old and an attorney with obvious physical limitations without reasonable accommodations about which there is no dispute, and he is prosecuting this case pro se without sufficient funds to hire a lawyer. Hiring a process servers at $65 per service would cause undue hardship, and Plaintiff will assert in a meet-and confer conference that the Court should appoint a pro bono lawyer in view of the complexity of this case and the help it would afford to the Court.

Moreover, this is a good faith effort to address in the most efficient manner the issues involved, which are of substantial if not great importance to public interest.

Plaintiff has been barred from advertising his name as an attorney in patents and trademarks even though he is an attorney who has been practicing Patent and Trademark

2

Law specifically, and Intellectual Property Law generally under Registration No. 19,240, for over thirty years.

Defendants by their letter of August 22, 2007, effectively restated a new prophylactic rule, first stated in Defendants' letter of May 15, 2007, without due process, probable cause or a hearing in violation of Plaintiff's constitutional rights, causing him irreparable injury; namely that: the controversy over Plaintiff's injury due the Defendants violation of Plaintiff's constitutional rights of speech, press, petition, privilege, property, due process, privacy, confidentiality, just compensation for seizure of his property as contraband, his patent rights under: Article II, Section 2, cl. 2 and Article I, Section 8, cl. 8 of the Constitution of the United States; 35 U.S.C 2, 6 and 33; and Plaintiff's rights under the Administrative Procedures Act, are "moot."

The "mootness" scenario, and the phantom presumption raised by Defendants thereby, also effectively restated another new prophylactic rule, first stated in Defendants' letter of November 30, 2006, without due process, probable cause, a hearing or reasonable accommodations, namely that: Plaintiff's requests for reasonable accommodations to take the Patent Office Exam in 2007 without reasonable accommodations for merely academic purposes, such as Continuing Legal Education, were also "moot."  One possible excuse was that Plaintiff was allowed to take the exam without cost in 2007.  Another possible excuse was that Plaintiff had had passed the Exam in 1958,  Still another possible excuse was that the Patent Office now allows qualified applicants permission to take the exam endlessly for mere academic reasons, such as for Continuing Legal Educations reasons.

But those excuses only masked the underlying existing controversy that is not moot for further arbitration in this Court.

To this end, Defendants letter of March 22, 2005, revealed their intent to thwart Plaintiff's attempts to exhaust his administrative remedies by a frivolous and capricious, but nevertheless an unconstitutional abuse of discretion, which was thrust at Plaintiff like a bolt of lightning, i.e., by placing Plaintiff on disability inactive status for an imaginary disability, *nunc pro tunc* to in April 1996, to thwart his Petitions to the Commissioner, and thereby refusing all efforts to recognize Plaintiff as an attorney, or to recognize Plaintiff's Certificate of Registration, which Defendants seized as contraband without probable cause, due process, just compensation or a hearing with the intention of refusing to reinstate him under Registration No. 19,240, until he passed another Patent Office Exam at his own expense again without reasonable accommodations to accommodate his physical limitations, all of which have been documented by licensed physicians, and none of which are in doubt.

Defendants intended illegally and needlessly to create an endless controversy that irrevocably punishes and injures Plaintiff by keeping him from advertising his name as an attorney in a patent or a trademark without due process, a hearing or probable cause, by discriminating against him in favor of young, healthy, white men, and by exposing him to public ridicule, shame and embarrassment. This, moreover, includes exposing Plaintiff to fines of $1000 per day for continuing to use his name as an attorney without correction in his U.S. Patent No. 5,256,367; his Patent Application S.N. 29/273,235, filed 02/26/2007; and his U.S. Trademark Application S.N. 77/247,319, filed 08/04/2007, by requiring him to pass the Patent Office Exam in 2005, 2006 and 2007, even though he has passed it

4

once in 1958, thereby qualifying him to regularly use his name as an attorney in a U.S. Patent or Trademark for over thirty years.

There is no yearly fee for maintaining Plaintiff's name on the roll of attorneys, and Plaintiff was told that he could take the Patent Office Exam without charge and without any showing of fitness for reinstatement, which he did for Continuing Legal Education purposes. He did so in 2007 because he was authorized to do so for merely academic reasons, such as Continuing Legal Education without reasonable accommodations.

Moreover, Plaintiff reasonably believed he was registered, or his registration could easily and automatically be restored without paying the $1500 fee required by 37 C.F.R. 10.159, or even if his registration had somehow lapsed because he had become inactive in response to inactivity in Maryland, where the lapsing of his registration kept him from paying the yearly fee. Such a fee is required in Maryland, DC and New York where Plaintiff is now active without any requirement for a showing of fitness for reinstatement, such as happens also regularly in this and other state and federal Courts once registration is achieved and the attorney becomes temporarily inactive.

Instead, however, Plaintiff was punished *nunc pro* tunc, back at least to April 1956 by the Defendants' manifestly unjust bolt of lightning on March 22, 2005, which was completely inconsistent with Defendants' express conclusion from the current record in this case, according to that letter, that Plaintiff had "not presented insufficient objective evidence to show that you continue to possess legal qualifications necessary to render applicants for patent valuable service."

5

Stated another way, the record showed that there is no statutory requirement for passing the Patent Office Exam twice, and Plaintiff had met the statutory requirements for admission, registration and advertisement of his name as an attorney in patents and trademarks in 1958. Therefore, he could expect to be automatically reinstated under his Certificate of Registration No. 19,240.

Accordingly, the controversy continues as to whether Defendants actions are unconstitutional or otherwise illegal.

Thus, Plaintiff seeks a declaratory judgment and preliminary injunction in this Court approving his right to advertise his name as an attorney in his present and future patents and applications, and to reverse the new unconstitutional, Prophylactic Patent Office Rules and Presumptions that Defendants illegally imposed on him without due process or a hearing by prior restraint of his rights of speech, press, petition, privilege, property, due process, privacy, confidentiality, and unreasonable seizure without due process, just compensation or access to this court heretofore. The Defendants actions also violate the Administrative Procedures Act (APA), the Patent Laws, and other laws and Rules of the PTO.

These unconstitutional and illegal infringements of Plaintiff's rights are in present controversy and are not moot.

Plaintiff is under threat of million dollar fines for not correcting his name as an attorney in patents and trademarks, and that involves retroactive removed. Under the new rules of "mootness," he would not be able to continue his registration and advertisements in patents and trademark without possible discipline and punishment of $1000/day, and immediate fines for failure to file and pay for a certificate of correction in

his unexpired U.S. Patent No. 5,256,367, where he truthfully advertised his name as an attorney, agent or firm.

This is a surprising rule that operates on the presumption that Plaintiff has the burden of showing that his constitutional defenses to the disciplinary system put in place in the Patent and Trademark Office without due process or a hearing are not absent or moot. The controversy exists and is not moot. The controversy remains each time Defendants violate Plaintiff's rights, no matter how many times he asks for manifest justice, and now matter how many times they violate his rights by insisting that he retake the Patent Office Exam until he gets a passing grade again.

Plaintiff does not believe in good faith that the Defendants are free to endlessly and paternalistically govern his conduct with a prophylactic approach to his advertising, even if it is geared to persons with specific legal problems, or merely to the publication of inventions in a patent by the Plaintiff for himself or by rendering others valuable service, advice, and assistance in the presentation or prosecution of their applications or other business before the PTO.

Serious paternalistic and prophylactic efforts to punish lawyers, govern their conduct, destroy them in their profession, and to limit them from publishing information to the public by prior restraint of their advertisements, were defeated in a long line of Supreme Court cases, including. <u>Zauderer v. Office of Disciplinary Counsel of the Supreme Court of Ohio</u>, 471 U.S. 626 (1985). That is just one case that requires narrow tailoring whose air is to provide a compelling governmental interest.

7

In that case, there was no compelling interest served by the application of rules governing lawyers conduct relating to the nature of practice geared to personas with specific legal interests.

The paternalistic or prophylactic effort made was not found to be compelling, despite the dissent of Justice O'Connor, who is not now on the bench. And, there is no cause for consternation. When a person believing in good faith and on the basis of accurate information regarding his legal rights, that he has suffered a legally cognizable injury, he can turn to the courts for a remedy. "We cannot accept the notion that it is always better for a person to suffer a wrong silently than to redress it by legal action." Bates v. State Bar of Arizona, 433 U.S. 376.

This Declaration and Memorandum in Support, requests Defendants to agree to a Prompt and Timely Appearance and Waiver of Service by the Defendants in their respective Official Capacities, as stated in the Title of this Case, by scheduling their appearance at a meet-and-confer conference mandated by the requirements of 28 U.S.C. sec. 636 ( c ), Fed. R.Civ.P.73 and Local Rule 206 before this case is assigned to a Magistrate Judge for trial.

To advance this case to issue, and better enable the parties to determine the procedures to be agreed on in this case, including whether this case should be a jury or non-jury trial, and whether the parties agree that this case should be re-assigned to a Magistrate Judge from the already designated Judge Richard W. Roberts, the Defendants are requested to waive service to save time, to avoid delay and expense, to advance this case to issue promptly in a timely fashion, and to relieve all the parties of some of the heavy burdens involved in this important case.

To save time, to avoid delay and to make a proper record, the Defendants, in their Official Capacities, have set up public access and designated Officials for receiving hand delivery of papers and other filings as following locations:

The U.S. Patent and Trademark Office, and adjacent Offices of the Solicitor and the Office of Enrollment and Discipline, Madison West Building, 600 Dulany Street, Alexandria, VA, 22314; the U.S. Attorney General, 950 Pennsylvania Avenue, NW, Washington, DC 20530; and the U.S. Attorney for the District of Columbia, 501 Third Street, NW, Washington DC 20001.

Plaintiff, accordingly certifies that he has on October 2nd, 2007, hand deposited with Officials designated by Defendants to receive for them this Declaration And Memorandum in Support of Waiver of Service, and Meet-to-Confer Conference, along with the enclosed Summons and Complaint, Motion For Preliminary Injunction, and Memorandum in Support of Preliminary Injunction at the above locations, according to the following schedule:

Plaintiff deposited this Declaration in Case: 07-cv-01719 by hand together with the Summons and Complaint, Motion For Preliminary Injunction, and Memorandum in Support on October $2^{rd}$, 2007, in the Office of the U.S. Attorney General at 950 Pennsylvania Ave., NW, Washington, DC 20530; deposited this Declaration in Case: 07-cv-1719 by hand together with a Summons and Complaint, Motion For Preliminary Injunction, Memorandum in Support on October 3rd, 2007, in the Office of the U.S. Attorney For the District of Columbia, 501 Third Street, NW, Washington, DC 20001; deposited this Declaration in Case: 07-cv-1719 by hand together with a Summons and Complaint, Motion For Preliminary Injunction, and Memorandum in Support on October

9

2rd, 2007, respectively, with the U.S. Patent and Trademark Office and its Officials, in the U.S. Patent and Trademark Offices designated by the Defendants to receive the large volume of hand filings made with them in their Official Capacities, thereby making a record of the same by and for the respective Defendants and the Plaintiff at the U.S. Patent and Trademark Office, comprising the U.S. Patent and Trademark Office, Madison West Building, 600 Dulany Street. Alexandria, VA 22314; and the other Offices of the respective Defendants, comprising: Jon Dudas, in his Official Capacity as Under-Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office; Harry I. Moatz, in his Official Capacity as Director of the Office of Enrollment and Discipline; and William J. Griffin, in his Official Capacity as Staff Attorney in the Office of Enrollment and Discipline.

Plaintiff also hand deposited a copy of this Declaration in the Court on October 2rd, 2007, stapled (or otherwise firmly attached) to the Declaration, the Summons and Complaint, Motion For Preliminary Injunction, and Memorandum in Support which were placed personally into the hands of Clerk Nancy Mayer-Whittington under (Docket) Case: 07-cv-01719 (RWR) on September 27, 2007 in order to give the parties as much time as possible in deciding these preliminary issues.

A prompt, timely reply is respectfully requested to this Declaration, Summons and Complaint, Motion for Temporary Injunction, and Memorandum in Support because the Clerk has given Plaintiff only 60 days to obtain service of the Defendants in order to move this case forward.

Respectively submitted,

*Cornell D. M. Judge Cornish*

Date: 10/2/2007

Cornell D.M. Judge Cornish
1101 New Hampshire Ave., NW
Suite 301
Washington, DC 20037
(202) 429-9705
cornishj@erols.com

District of Columbia:
: ss
City of Washington:

Sworn to and subscribed before me this 2nd day of October 2007.

*[signature]*
Notary Public

**Chang Ho Choi**
**Notary Public District of Columbia**
**My Commission Expires 6/14/09**

RECEIVED
U.S. COURT OF APPEALS
FOR THE D.C. CIRCUIT

2007 OCT -9 PM 1:16

FILING DEPOSITORY

11