```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA

CORNELL D.M. JUDGE CORNISH,        )
                                   )
        Plaintiffs,                )
                                   )
    v.                             )Civil Action No. 07-1719 RWR
                                   )
JON DUDAS, Under-Secretary of      )
  Commerce for Intellectual Property)
  and Director of the U.S. Patent  )
  and Trademark Office, et al.,    )
                                   )
        Defendants.                )
                                   )
```

DEFENDANTS' RESPONSE TO PLAINTIFF'S "MOTIONS TO CONTINUE SEAL ORDERS OF OCTOBER 12, 2007 UNTIL MODIFIED OR RESOLVED, AND TO REFER EXHIBITS TO LAWYERS COUNSELING UNDER LOCAL RULE LCrR 57.31"

Defendants hereby oppose the retention under seal of the entire filings and exhibits submitted in this action under seal.[1] As undersigned counsel has advised Plaintiff, Defendants are willing to examine discrete portions of the record and to consider whether redactions of the copies of those pages on the publicly-available docket might be appropriate. Plaintiff indicated a willingness to present those proposed redactions soon.[2] Wholesale sealing of the records on file, however, is unwarranted.

---

[1] Defendants have previously set forth the reasons why under seal filings are generally not appropriate. See Defendants' Unopposed Motion For Leave To File Under Seal, And Memorandum In Support Thereof at 2-5. Rather than repeat those authorities here, Defendants hereby incorporate that filing by reference.

[2] Defendants propose the filing of a stipulation if agreeable redactions can be identified.

Defendants further oppose the treatment of the exhibits needed to resolve this action as if they were the subject of Local Crim. Rule 57.31.[3]  Plaintiff seeks to maintain the exhibits submitted by Defendants under seal by having them forwarded to the counseling panel referred to in Local Crim. R. 57.31.[4]  Plaintiff, however, does not assert that he is a member of the bar of this Court.  See Complaint at 6 ("plaintiff is widely recognized as an *attorney* and as a *practitioner* in the PTO"); id. at 22 (Plaintiff asserts in his Complaint that he is "a patent attorney", that he is admitted to practice in Maryland, the District of Columbia, New York, the Federal Circuit, the District Courts for the Eastern and Southern Districts of New York, the U.S. Tax Court, the Supreme Court of the United States, "and able thereby to practice as an attorney before federal agencies.")  Nowhere does Plaintiff assert that he is a member of the bar of this Court.  Indeed, he asks for "the appointment of an attorney" in this action.  Id. at 20.

Local Criminal Rule 57.31(a), like Local Civil Rule 83.21(a), permits the referral to the Lawyer Counseling Panel of "any member of the Bar of this Court who exhibits a deficiency in

---

[3] A similar provision is contained in Local Civil Rule 83.20.

[4] All documents and communications relating to or referring to the panel's referrals shall remain confidential and privileged.  See Local Crim. R. 57.31(d); accord Local Civ. R. 83.20(d).

performance and who, in the judge's opinion, would likely benefit from counseling by other trial attorneys on matters of litigation practice, ethics, or apparent abuse of alcohol or drugs." Id. Because Plaintiff does not appear to meet the definition of a member of the bar of this Court, he cannot be the subject of such a referral.  Moreover, even if he could establish that he should be referred as a member of the bar of this Court, this would not mean that the evidence needed to litigate the merits of his claims here should be afforded some special, confidential status simply because the matters therein have been referred.

In short, Defendants believe that, if the matters currently on file with the Court are to be maintained under seal, Plaintiff must make a more particularized showing that the public's interest in access to the records is outweighed by his privacy concerns.  Defendants do not believe that he has met this standard at this time.

                                                                 Respectfully submitted,

                                                  _____  
JEFFREY A. TAYLOR, DC Bar #498610  
United States Attorney

                                                  _____  
RUDOLPH CONTRERAS, DC Bar #434122  
Assistant United States Attorney

                                                  _____  
W. MARK NEBEKER, DC Bar #396739  
Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendants' Response to Plaintiff's "Motions To Continue Seal Orders Of October 12, 2007 Until Modified Or Resolved, And To Refer Exhibits To Lawyers Counseling Under Local Rule LCrR 57.31" has been made by mailing copies thereof to:

CORNELL D.M. JUDGE CORNISH, ESQ.
Suite 301
1101 New Hampshire Ave., N.W.
Washington, DC  20037-1502

on this 5th day of November, 2007.

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230