UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Cornell D.M. Judge Cornish, Esq. ) <br> Suite 301 ) <br> 1101 New Hampshire Ave., NW ) <br> Washington, DC 20037-1502 ) <br> (202) 429-9705 ) <br> DC Bar Number 366240 ) <br> ) <br> Plaintiff *Pro Se* ) <br> ) <br> v. ) <br> ) <br> JON DUDAS, in his Official ) <br> Capacity as Under-Secretary of Commerce for ) <br> Intellectual Property and Director of the ) <br> United States Patent and Trademark Office ) <br> And the UNITED STATES PATENT AND ) <br> TRADEMARK OFFICE ) <br> P.O Box 1450 ) <br> Alexandria, VA 22313-1450 ) <br> ) <br> Harry I. Moatz, in his Official Capacity as ) <br> Director ) <br> Office of Enrollment and Discipline ) <br> U.S. Patent and Trademark Office ) <br> P.O. Box 1450 ) <br> Alexandria, VA 22313-1450 ) <br> ) <br> William J. Griffin, in his Official Capacity as ) <br> Staff Attorney ) <br> Office of Enrollment and Discipline ) <br> U.S. Patent and Trademark Office ) <br> P.O. Box 1450 ) <br> Alexandria, VA 22313-1450 ) <br> ) <br> Defendants ) | CASE   07-CV-01719 (RWR) |

**PLAINTIFF'S MOTION TO KEEP PLEADING OPEN AND IN OPPOSITION (WITH MEMORANDUM IN SUPPORT) TO DEFENDANTS' MOTIONS:**

RECEIVED
NOV - 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

**11/5/2007, IN OPPOSITION TO RETENTION OF SEAL, AND  11/7/2007 ALTERNATELY FOR SUMMARY JUDGMENT;**

**WHEREBY, PLAINTIFF CAN RESPOND AND OPPOSE MORE FULLY DEFENDANTS' "UNOPPOSED" MOTION FOR LEAVE TO FILE UNDER SEAL, AND MEMORANDUM IN SUPPORT THEREOF BECAUSE IT WAS FILED NOVEMBER 7, 20007 WITH ALTERNATE MOTIONS TO DISMISS OR FOR SUMMARY JUDGMENT, WHICH WERE NEVER UNOPPOSED**

**(NOTE FOR THE COURT): PLAINTIFF'S MOTION TO CONTINUE SEAL ORDER OF OCTOBER 12, 2007, AND MEMORANDUM IN SUPPORT THEREOF, WERE  IN SUPPORT OF PLAINTIFF'S MOTION UNDER RULE 12 TO DEFER  AS UNRIPE DETERMINATION OF DEFENDANTS' REQUEST TO FILE MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT UNDER SEAL PENDING A RULING ON PLAINTIFF'S REQUEST TO CONTINUE THE SEAL IN THIS CASE, AND DEFENDANTS' AGREEMENT TO DEFER DETERMINATION UNTIL A THOROUGH EXAMINATION OF DISCRETE PORTIONS OF THE RECORD AND PROPOSED REDACTIONS OF PAGES THAT DEFENDANTS WANT TO BE RELEASED AS MAY BE APPROPRIATE**

Defendants originally asked for and supported a Seal Order for good cause, and it was granted on 10/12/2007. In view of Plaintiff's timely Motion to Continue the Seal Order, Plaintiff's Unopposed Motion To Continue Seal was granted. In accordance with the Seal Order, that seal Order was to "remain in place until resolution of the motion filed by plaintiff." Defendants agreed that the Court should continue the seal so that he Court can consider Plaintiff's request to defer its decision on the merits at trial, when Plaintiff has tentatively requested the Court to make the seal permanent only with regard to portions of the proceedings. To this end, Plaintiff objects to release to the public of Defendants' Exhibits and Defendants' 10/17/07 Answer and Opposition to Plaintiff's Request for a Preliminary Injunction. Plaintiff, however, does not waive his right to make further objections to other portions of the proceedings up until the time of the trial, because it is a difficult and time consuming problem to decide each and every issue relating to the seal in advance.

There was and is good cause for the Defendants' request for the Seal Order. There was and is good cause for the Court to activate, to maintain and to keep the Seal Order in place, whereby the proceedings are all under Seal, except for some filings, principally some Motions, or all of them. Almost all Motions have not been kept under Seal. Thus, most of the proceedings have not been kept under Seal, and those open proceedings are available on the Court's computer. That makes most of the proceedings accessible to the public. Presumably, all of those accessible proceedings are also available to the public on line electronically, except to those without electronic access, including Plaintiff, who has no electronic access to the Court's database. Basically, that has left under seal <u>only</u> Defendants' 10/16/07 Answer and Opposition, the attached

3

Exhibits 1-33, and a rent Motion by Defendant under seal, which presumably will be or are under seal, and will continue to remain under seal for good cause. Thus, Plaintiff opposes the release to the public of any of Defendants' Motions under seal, or their 10/17/07 Answer and Opposition or the attached Exhibits 1-33 until a decision is made on the merits at trial. In fact, Defendants have pointed out, and the Court is on Notice, that Plaintiff has requested, "that the *seal be permanent,"* (emphasis added), at least to the cited portions of the proceedings that remain under seal, including portions that are incorrectly and incompletely redacted, so as to keep Defendants' 10/17/07 Answer, Opposition and the attached Exhibits, and other filings under seal, permanently under seal. A decision on that request should be deferred until a hearing on the merits at trial. In this regard, Plaintiff has objected to releasing portions of Defendants' Answer and Opposition filed 10/17/07, because it needs portions to be redacted, and because it describes private, personal, confidential and embarrassing discussions with Plaintiff's physician concerning his need for reasonable accommodations. For example, on page 16 there is an unacceptable characterization, i.e., "Plaintiff purportedly needed to [redacted] frequently." Still further, Defendants have the option of filing redacted and un-redacted copies of their filings to solve their presently expressed concerns in this matter. See their 11/7/07 Unopposed Motion For Leave To File Under Seal and Memorandum In Support.

And deferral has been specifically requested by Plaintiff's Motion to defer under Rule 12. To this end, the Court has been asked to grant Plaintiff's Motion for such deferral and his request to make the seal *permanent* at trial on the merits <u>limited</u> only to sensitive parts of the record.

Coming now to Plaintiff's response and opposition to Defendants' alternative Motion to Dismiss or for Summary Judgment, dated November 7, 2007, this Motion and Memorandum in Support, like Plaintiff's Unopposed Motion for Enlargement of Time, and Memorandum in Support thereof, Support Plaintiff's Motion Under Rule 12 To Defer all matters until a decision on the merits at trial. That trial is to hear evidence on the remaining disputes and controversies. Basically, Plaintiff's well plead complaint and request for a Preliminary Injunction meets the requirements for a Preliminary Injunction, and also complies with Rule 12, as follows:

1. There is no lack of jurisdiction over subject matter.
2. There is no lack of jurisdiction over the person, because Plaintiff has acquired jurisdiction over the United States Patent and Trademark Office, and the Defendants individually and severally in their Official Governmental Capacities, while he has requested waiver of service or bifurcation for a suit in Virginia against them personally.
3. The venue is proper in this Court for the Defendants in their Official Governmental Capacities.
4. There is no insufficiency of process, and Defendants have admitted sufficiency of service, or waived sufficiency of service and have made an appearance.
5. There is no insufficiency of service of Process, and Defendants have admitted sufficiency of service of Process, and have made an appearance.
6. There is no failure to state a claim upon which relief can be granted, e.g., for challenges to the constitutionality of federal statutes, and infringement of

liberty rights under the First Amendment, Due Process Clause, Art. II, Section 2, cl. 2, etc.

7. There is no failure to join a party under Rule 19.

8. No Motions by Defendant making any of those defenses have been made before pleading, and Plaintiff may assert at trial any defense in law or fact to such other claims for which no waiver has been made, and no such waiver has been made. And no Motion has been made to dismiss for failure of the pleading to state a claim upon which relief can be granted. And no Motion that can be treated as one for Summary Judgment has been made. Also, no reasonable opportunity has been made to present all material made pertinent to such a motion by Rule 56. If a judgment on the pleading is made, under Rule 12 (c), such as by a judgment on the pleadings, that Motion shall be heard and determined before trial on application of Plaintiff, and Plaintiff has made a Motion that the determination of any Motion for Summary Judgment, including a Motion for Judgment on the Pleadings, be deferred until trial.

Additionally, no Motion For Judgment On the Pleadings has been made, and the Pleadings have not been closed for good cause. The Motions relating to the Seal Order in particular require the pleading to remain open. And it is not ripe to have the pleadings relating to the Seal Order closed. Respectfully submitted,

*Cornell D. M. Judge Cornish*

Cornell D.M. Judge Cornish, Pro Se
1101 New Hampshire Ave., NW
Suite 301
Washington, DC 20037-1502
(202 429-9705

Date: 11/9/07

6

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

Case: 07-cv-01719 (RWR)

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that service of the foregoing has been made by hand delivering a copy thereof to:

W. Mark Nebeker, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
(202) 514-7230

on this 9th day of November, 2007.

*Cornell D. M. Judge Cornish*
Cornell D.M. Judge Cornish, Pro Se
1101 New Hampshire Ave., NW
Suite 301
Washington, DC 20037-1502
(202 429-9705

Date: 11/9/07

7