```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

CORNELL D.M. JUDGE CORNISH,    )
                               )
          Plaintiff,           )
                               )
     v.                        )    Civil Action No. 07-1719 RWR
                               )
JON DUDAS, et al.,             )
                               )
          Defendants.          )
                               )
```

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO PLAINTIFF'S MOTION TO DEFER

INTRODUCTION

Defendants hereby oppose Plaintiff's "Motion Under Rule 12, To Defer Determination Of All Hereinafter Filed Dispositive Motions Until Trial Except Plaintiff's Motion For A Preliminary Injunction, *Inter Alia*, Preventing Defendants From Opposing An Order To Show Cause, And A Memorandum In Support Thereof, And In Support Of Plaintiff's Motion For A Writ Of Possession In Replevin Under Rule 64" ("Motion To Defer").

On October 11, 2007, Plaintiff formally served Defendants with the complaint and a motion for a preliminary injunction. Defendants filed a dispositive motion raising significant questions as to Plaintiff's ability to proceed with this action. Before Defendants filed their dispositive motion, however, and in an apparent attempt to derail the dispositive motion, Plaintiff filed on November 6, 2007, his Motion To Defer. But as set forth more fully below, Plaintiff has not provided the Court with any reasonable grounds to postpone its decision on Defendants'

November 7, 2007, Motion To Dismiss Or, In The Alternative, For Summary Judgment ("Defendants' Dispositive Motion"). Thus, Plaintiff's motion should be denied.

## ARGUMENT

Federal Rule of Civil Procedure 56(c) provides that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The purpose of summary judgment is to "prevent unnecessary trials." Gleklen v. Democratic Congressional Campaign Committee, Inc., 199 F.3d 1365, 1369 (D.C. Cir. 2000). If cases which do not involve genuine issues of material fact are allowed to proceed to trial, then the purpose of this rule will be undermined.

Here, Defendants have fully explained why there are no genuine issues of material facts in the present case and why dismissal is appropriate. This Court's consideration of the motion sooner than later will promote the efficient administration of justice. If the Defendants' motion is granted, then a trial is obviated, and then the Court's and the parties' valuable resources would be preserved.

Several additional circumstances support resolution of

Defendants' Dispositive Motion as early as the Court's calendar will allow.  First, it is fundamentally unfair for the Court to postpone a dispositive motion until trial where the motion, in part, concerns whether certain defendants are properly before it.  In this case, Defendants Harry I. Moatz and William J. Griffin have moved the court to dismiss the counts against them for lack of jurisdiction under 35 U.S.C. § 32.  <u>See</u> Memorandum In Support of Defendants' Dispositive Motion at 34-35 (arguing that the court has jurisdiction over the USPTO Director, not Messrs. Moatz or Griffin).  Defendants who are not properly before the Court should be dismissed from the litigation as soon as practicable.  By delaying the motion until trial, the Court is effectively denying protections to these defendants that the law allows.

Second, it would also be inappropriate for the Court to only consider Plaintiff's motion for preliminary injunction but not the Defendants' Dispositive Motion.  Plaintiff argues that only his motions should be reviewed by the Court.  However, there is no case law or court rule that states that a Court should limit its determinations to just the plaintiff's filings.

Third, it would be impossible for the Court to rule on Plaintiff's motion for a preliminary injunction without considering the issues set out in Defendants' Dispositive

Motion.[1]  In determining whether there is a substantial likelihood that Plaintiff will succeed on the merits, the Court will review the same facts and issues related to Defendants' motion to dismiss Plaintiff's reinstatement and discrimination claims.  Because Plaintiff's motion for a preliminary injunction and Defendants' Dispositive Motion are intertwined, there is good cause for the Court to decide them at the same time, rather than postpone the latter until trial.

Finally, in support of his Motion To Defer, Plaintiff argues:

> No allegation has been made by Defendants that Plaintiff has any unmet conditions for reinstatement, or has not met any other conditions specified or imposed in 1996 as being necessary for his reinstatement under 37 C.F.R. 10.160.  These matters are now in controversy.  Thus, this Court should defer determination of any further motions in this case until a decision on the merits at trial because the Defendants have merely become "helicopter parents" and editors for unconstitutionally performing their enrolling, governing, judging, disciplining and secreting roles.

See Plaintiff's Motion To Defer at 13.  Plaintiff's assertion is erroneous because, as fully explained in the Defendants' Dispositive Motion, Plaintiff failed to satisfy two crucial conditions under 37 C.F.R. § 11.7(a) for reinstatement.  Specifically, Defendants have alleged, and provided the court

---

[1] Plaintiff' Motion To Defer expressly states that he does not want to postpone a decision on his motion for a preliminary injunction nor on his other requests for equitable relief.

information supporting their allegations, that Plaintiff did not demonstrate that he possessed either the legal, scientific, and technical qualifications necessary to render applicants valuable service or the competency to advise and assist patent applicants in the presentation and prosecution of their applications before the USPTO.  Defendants' filings also explained that, if an individual seeks reinstatement more that five years after his or her name was removed, then the individual must again meet the requirements of 37 C.F.R. § 11.7 or pass the patent examination. See 1064 Official Gazette 12 (March 11, 1986).  Defendants supplied the Court with evidence showing that Plaintiff did not pass the patent examinations in 2005, 2006, or 2007.  Therefore, Plaintiff's argument that Defendants have failed to allege that he has not met the conditions for reinstatement is plainly wrong, and the Court should not grant his motion based upon such reason.

CONCLUSION

The Federal Rules of Civil Procedure permit Defendants to file dispositive motions at the earliest possible moment in the proceedings.  The Court should hear and decide such motions as soon as practical unless good cause exists for deferring the motion until trial.  In this case, no good cause exists to postpone disposition of the motion.

WHEREFORE, for the reasons stated herein, Defendants respectfully request that Plaintiff's Motion To Defer be denied.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC BAR #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney


_____/s/
W. MARK NEBEKER, DC BAR #434122
Assistant United States Attorney

OF COUNSEL:

Steve Walsh
Acting Solicitor

Ronald K. Jaicks
Sydney O. Johnson, Jr.
Associate Solicitors

United States Patent and Trademark Office
Madison West, 08C43
600 Dulany Street
Alexandria, Virginia 22314

CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing Memorandum Of Points And Authorities In Opposition To Plaintiff's Motion To Defer, and a proposed Order has been made by mailing copies thereof to:

CORNELL D.M. JUDGE CORNISH, ESQ.
Suite 301
1101 New Hampshire Ave., N.W.
Washington, DC  20037-1502

on this 19th day of November, 2007.

_____/s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, DC  20530
(202) 514-7230
fax: (202) 514-8780

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

CORNELL D.M. JUDGE CORNISH,      )
                                 )
          Plaintiff,             )
                                 )
     v.                          ) Civil Action No. 07-1719 RWR
                                 )
JON DUDAS, Under-Secretary of    )
   Commerce for Intellectual Property)
   and Director of the U.S. Patent )
   and Trademark Office, et al., )
                                 )
          Defendants.            )
                                 )
```

ORDER

UPON CONSIDERATION of the Plaintiff's "Motion Under Rule 12, To Defer Determination Of All Hereinafter Filed Dispositive Motions Until Trial Except Plaintiff's Motion For A Preliminary Injunction, *Inter Alia*, Preventing Defendants From Opposing An Order To Show Cause, And A Memorandum In Support Thereof, And In Support Of Plaintiff's Motion For A Writ Of Possession In Replevin Under Rule 64" ("Motion To Defer"), for the reasons stated in opposition to the motion, and based upon the entire record herein, it is the _____ day of _____, 2007 hereby

ORDERED that Plaintiff's Motion To Defer be and it hereby is denied.

_____
UNITED STATES DISTRICT JUDGE

```
W. MARK NEBEKER              CORNELL D.M. JUDGE CORNISH, ESQ.
Assistant U.S. Attorney      Suite 301
Civil Division               1101 New Hampshire Ave., N.W.
555 4th Street, N.W.         Washington, DC  20037-1502
Washington, DC  20530
```