UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CORNELL D.M. JUDGE CORNISH,     )
                                )
          Plaintiff             )
                                )
     v.                         )     Civil Action No. 07-1719 RWR
                                )
JON DUDAS, <u>et</u> <u>alia</u>,          )
                                )
          Defendants.           )
_____  )

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
<u>PLAINTIFF'S MOTIONS FILED ON NOVEMBER 19, 2007</u>

Pursuant to Local Civil Rule 7(b), Defendants hereby oppose Plaintiff's November 19, 2007 filings, namely: "Plaintiff's Motion Under Public Law 106-185 (114 Stat 212) for Return of Plaintiff's Property to Claimant or, Alternatively under Rule 64 in Replevin for Clear Title; and Unopposed Request for Leave to File Under Seal and Memorandum in Support Thereof"; Plaintiff's "Motion under Rule 36 for Admissions or, Alternatively for a Limited, Preliminary Injunction Enjoining Defendants from Refusing to Appear in a Show Cause Hearing within the Scope of Rule 26(b), and a Memorandum in Support with Request to File Motion and Memorandum under Seal"; and "Plaintiff's Memorandum in Support of Plaintiff's Motion under Public Law 106-85 for Return of Plaintiff's Property or; Alternatively under Rule 64 in Replevin; and Lodging Material, Appendix or Statements of Uncontroverted and Controverted Material Facts to which There Are Genuine Disputes, or that Are in Controversy."  For the reasons stated herein, Defendants request that Plaintiff's motions be denied insofar as they would affect

this litigation.[1]

In this civil action, Plaintiff challenges the decision of the Office of Enrollment and Discipline ("OED"), United States Patent and Trademark Office ("USPTO"), denying his March 2005 request for reinstatement to the USPTO register of attorneys and agents who are recognized as entitled to represent persons having prospective or immediate business before the USPTO in the preparation and prosecution of patent applications. See 37 C.F.R. § 11.5. Because Plaintiff failed to state a cause of action upon which relief can be granted, Defendants filed a dispositive motion requesting that the Court dismiss his case.[2] The Court has not yet issued its decision on Defendants' Dispositive Motion.

## Background[3]

In November 1995, OED received a serious ethical grievance about Plaintiff from one of Plaintiff's former clients. At or about the same time, a grievance concerning Plaintiff's handling of a patent application was also pending with the Maryland State

---

[1]  Defendants take no position on Plaintiff's request for a referral pursuant to Local Civil Rule 83.20 to the Court's Lawyering Counsel Panel, except to the extent it could be read to attempt to permit resolution of matters in this action by anyone other than an Article III member of this Court.

[2] Defendants' November 7, 2007, "Motion To Dismiss Or, In The Alternative, For Summary Judgment" is hereinafter referred to as "Defendants' Dispositive Motion."

[3]  This background is summarized from the documents previously filed by Defendants in this action.

Bar.  On November 21, 1995, Plaintiff reached an agreement with the Maryland Bar to have his name removed from its register of attorneys and to be placed in an inactive status.  Soon thereafter, in February 1996, Plaintiff informed USPTO that he was ceasing to practice before the USPTO.  Based on this information, in August 1996, Plaintiff was later voluntarily removed from the register with knowledge that: 1) his removal was in lieu of OED commencing an investigation of the complaint that had been filed against him; and, 2) his reinstatement would be subject to satisfying USPTO requirements, including having the legal, scientific, and technical qualifications necessary to render valuable patent services to clients.

After Plaintiff was voluntarily removed from the USPTO register and prior to his requesting reinstatement, Plaintiff was suspended on ethical grounds from the District of Columbia Bar and the New York State Bar as well as from the U.S. District Court for the Southern District of New York.

In March 2005, nearly nine years after his voluntary removal from the USPTO register, Plaintiff requested reinstatement to the USPTO register.  He was unable, however, to demonstrate to the satisfaction of the OED Director that he possessed the requisite legal, scientific, and technical qualifications to represent clients competently after his lack of patent practice before the USPTO for such a lengthy period.  Thus, on March 22, 2005, OED

properly denied his request and invited the Plaintiff to either: a) submit any additional information tending to show that he, in fact, possessed such qualifications; or, b) sit for and pass the patent examination.  Plaintiff opted to register for the patent examination to be administered in July 2005.

Plaintiff failed the July 2005 patent examination.  He also failed the examination when he sat for it again in July 2006.

In September 2007, after having failed the examination in July 2007 for the third consecutive time, Plaintiff filed the pending civil action seeking reinstatement to the USPTO register without having to demonstrate the requisite qualifications or pass the patent examination.  His civil action challenges OED's March 22, 2005 determination that he had not made the requisite showing that he was qualified and alleges that OED failed to accommodate his disabilities while sitting for the 2006 and 2007 patent examinations.  At the time he filed this civil action, Plaintiff also filed a preliminary injunction seeking reinstatement to the USPTO register pending the outcome of the litigation, to which Defendants responded and which is currently pending before the Court with Defendants' Dispositive Motion.

### Summary of Plaintiff's November 19, 2007, Motions

On November 19, 2007, Plaintiff filed two multifaceted motions and a memorandum in support thereof in connection with his

request to be reinstated to the PTO register.[4]  In large measure, those motions and memorandum are simply a rehash of the gravamen of his initial complaint and his motion for preliminary injunction seeking his reinstatement to the USPTO register.  Specifically, in his most recent filings, Plaintiff asks for "a return of his property"[5] (i.e., "his Certificate of Registration No. 19,240"[6]) and for the Court to enjoin Defendants from refusing to appear in a show cause hearing within 20 days to oppose a warrant of possession.[7]  Clearly, those requests are identical, in substance, to the Plaintiff's September 26, 2007, motion for preliminary injunction pending before the Court.  Further, Plaintiff's request

---

[4]  Plaintiff filed "Plaintiff's Motion Under Public Law 106-185 (114 Stat 212) for Return of Plaintiff's Property to Claimant or, Alternatively under Rule 64 in Replevin for Clear Title; and Unopposed Request for Leave to File Under Seal and Memorandum in Support Thereof" (hereinafter referred to as Plaintiff's "first motion"); Plaintiff filed "Motion under Rule 36 for Admissions or, Alternatively for a Limited, Preliminary Injunction Enjoining Defendants from Refusing to Appear in a Show Cause Hearing within the Scope of Rule 26(b), and a Memorandum in Support with Request to File Motion and Memorandum under Seal" (hereinafter referred to as Plaintiff's "second motion"); and "Plaintiff's Memorandum in Support of Plaintiff's Motion under Public Law 106-85 for Return of Plaintiff's Property or; Alternatively under Rule 64 in Replevin; and Lodging Material, Appendix or Statements of Uncontroverted and Controverted Material Facts to which There Are Genuine Disputes, or that Are in Controversy" (hereinafter referred to as "Plaintiff's Memorandum").

[5]  See Plaintiff's Memorandum at 8; see also Plaintiff's First Motion at 3.

[6]  See Plaintiff's Memorandum at 8.

[7]  See Plaintiff's First Motion at 1 and 3; Plaintiff's Memorandum at 7.

- 5 -

that the Court postpone its decision on Defendants' Dispositive Motion[8] is also a duplicate of an earlier filing.  For the reasons given below and those previously presented to the Court, these spare motions should be denied.

Other portions of Plaintiff's November 19 filings, however, seem to suggest that Plaintiff is requesting that the Court grant him new interim relief.  Scattered amid his filings are varied motions including that the Defendants make certain admissions,[9] that certain matters be kept confidential and under seal,[10] that the judge hold a show cause hearing for a consent decree concerning the confidentiality of the proceedings and to determine those matters that are not genuinely disputed by the parties[11] (e.g., whether Plaintiff is a disabled person under the Rehabilitation Act; whether Plaintiff has the right to practice before the USPTO in trademark and other non-patent matters; whether Plaintiff has the right to represent himself and appear in a pro se capacity; whether, and the extent to which, Plaintiff can hold himself out to the public and advertise himself as a trademark attorney or as a pro se patent attorney), and that the

---

[8]    See Plaintiff's Second Motion at 2.

[9]    See Plaintiff's Second Motion at 15.

[10]    See Plaintiff's First Motion at 1 and 4-5.

[11]    See Plaintiff's First Motion at 2-3; Plaintiff's Second Motion at 5-6.

judge confidentially refer Plaintiff pursuant to Local Civil Rule 83.20 to the Court's Lawyering Counsel Panel[12].  Therefore, for the reasons stated below, the Court should deny these other motions.

Finally, in part, Plaintiff's filings are in the nature of a supplemental opposition to Defendant's Dispositive Motion.[13]  In response to those portions of Plaintiff's filings, Defendants rely on the legal analyses presented in support of their dispositive motion, incorporate them by reference, and refer the Court to them.  Any new arguments that Plaintiff may be seeking to assert should be rejected because he has failed to establish any basis to either exceed the page limitations in his filings or to excuse his untimeliness in presenting his arguments.

## **Legal Analysis**

I.  <u>Plaintiff's Motions Duplicate His Already Pending Motions</u>

A.  <u>Plaintiff's Request for Reinstatement to USPTO Register</u>

As mentioned, Plaintiff moves the Court to order USPTO to reinstate him to the USPTO register of patent practitioners and asks for an expedited hearing on the matter (<u>i.e.</u>, to enjoin Defendants from refusing to appear in a show cause hearing within 20 days).  That request is identical, in substance, to Plaintiff's September 26, 2007, motion for preliminary injunction pending

---

[12]  <u>See</u> Plaintiff's First Motion at 3.

[13]  <u>See</u> <u>e.g.</u>, Plaintiff's Second Motion at 1, 7-24.

before the Court.  Although Plaintiff couches his November 19
request as arising under the common law doctrine of "replevin" for
the recovery of "stolen property" and references Federal Rule of
Civil Procedure 64,[14] Plaintiff's desired relief remains exactly
the same: he is asking the Court to order his reinstatement to the
USPTO register.  Thus, assuming <u>arguendo</u> that a motion pursuant to
Federal Rule of Civil Procedure 64 were an appropriate avenue for
seeking reinstatement to the USPTO register, Defendants hereby
incorporate by reference their opposition to Plaintiff's earlier
motion for preliminary injunction as well as their memorandum in
support of their dispositive motion in response to such request.
Because Defendants' earlier filings comprehensively address all
relevant factual and legal issues and because Plaintiff offers no
additional, relevant information or meaningful legal analysis to
his request for reinstatement, the aforementioned parts of
Plaintiff's motions should be denied by the Court, on procedural
grounds, for replicating earlier filings and, on substantive
grounds, based on Defendants' earlier filings.[15]

---

[14] <u>See</u> <u>e.g.</u>, Plaintiff's First Motion at 3.

[15]  With respect to Plaintiff's request for reinstatement,
Plaintiff's November 19 filings also allege a claim under Civil
Asset Forfeiture Reform Act of 2000 (Public Law 106-85), 28
U.S.C. § 2465.  That act is plainly not applicable to this case,
however, because no judgment has been entered for the Plaintiff.
<u>See</u> 28 U.S.C. § 2465(a) ("Upon the entry of a judgment for the
claimant . . . .").  Accordingly, the Court should deny his request
for a hearing based on that Act.

B.    Plaintiff's Request to Postpone Decision on
      Defendants' Dispositive Motion

As in his previously filed November 6, 2007, Motion To Defer, Plaintiff's recent filings appear to be requesting that the Court delay its consideration of Defendants' dispositive motion.  This time Plaintiff argues that the Defendants' dispositive motion is not ripe for adjudication because "granting Summary Judgment in favor of Defendants . . . would automatically end the seal order."[16]

Defendants' dispositive motion raised significant questions as to Plaintiff's ability to proceed with this action; and he has not identified any legitimate basis to warrant delay in resolution of the dispositive motion.  Nothing has changed since Defendants filed their motion, and Plaintiff's current argument is entirely without logic.  Therefore, for the reasons stated in Defendants' November 19, 2007 Opposition to Plaintiff's Motion To Defer, Plaintiff's motion should be denied, and the Court should rule on Defendants' pending dispositive motion when practicable.

II.   Discovery in the Form of Admissions or Otherwise Are
      Inappropriate in the Instant Action

Plaintiff's recent filings also purport to be a "Motion for Admissions."[17]  It appears that Plaintiff desires Defendants to

---

[16] See Plaintiff's Second Motion at 4.

[17] See Plaintiff's Second Motion at 15.

admit some purported factual matters, although it is difficult to decipher from Plaintiff's filings the specific facts as to which he seeks admissions.  Even if Plaintiff's motion were clearer, however, the appropriate means of seeking admissions from parties would be set forth under Federal Rule of Civil Procedure 36, if and when discovery were appropriate.  Plaintiff has not attempted to prepare and serve such discovery on Defendants, nor would discovery be appropriate in this action, which, even if it had been timely brought, would be resolved based on "the record and proceedings before the Patent Office, which shall constitute the sole basis for the court's review."  Local Civ. R. 83.7.

        In any event, this Court has broad authority to regulate discovery and "should not hesitate to exercise appropriate control over the discovery process."  Herbert v. Lando, 441 U.S. 153, 177 (1979); see Fed. R. Civ. P. 26(c).  It is particularly appropriate to stay discovery pending the outcome of dispositive motions.  See Brennan v. Local Union No. 639, International Brotherhood of Teamsters, 494 F.2d 1092, 1100 (D.C. Cir. 1974), cert. denied, 429 U.S. 1123 (1977).  When "the determination of a preliminary question may dispose of the entire suit, applications for discovery may properly be deferred until the determination of such questions."  O'Brien v. Avco Corp., 309 F. Supp. 703, 705 (S.D.N.Y. 1969).

        Plaintiff has not explained any legitimate basis to require

discovery in order to resolve the dispositive issues set forth in support of Defendants' Dispositive Motion.  For the reasons set forth in the summary judgment portion of their dispositive motion, Defendants do not believe that there are any genuinely disputed material facts.  Accordingly, Defendants would oppose any request for discovery filed prior to the Court deciding the Defendants' Dispositive Motion.

III.  The Defendants Neither Consent to or Oppose Plaintiff's
      Motion to Keep Matters Under Seal

Plaintiff's November 17 filings request that certain matters be kept under seal.  Plaintiff alleges that his age-related infirmities are too sensitive for public dissemination.

Defendants cannot consent to Plaintiff's broad request at this time, because he has yet to identify what specific portions of the record he feels are of such a personal nature as to warrant continued under seal treatment.  Defendants submit that unless and until Plaintiff has done so, the Court should not indefinitely maintain under seal what are generally not overly personal details.  Plaintiff should, however, be called upon to identify exactly what specific facts in the record should be maintained under seal.  Wholesale sealing of the case is unwarranted.[18]

---

[18]  In the past, Defendants have included some details of Plaintiff's health concerns in their filings and placed the filings under seal to allow consideration of the details by the Court.  This filing does not contain such details and is therefore not believed appropriate for under seal filing.

IV.  The Defendants Oppose Plaintiff's Motion for A Hearing to
      Show Cause

     It appears that Plaintiff is asking for an expedited hearing
on his November 19 motions.  Regardless of the purpose of the
hearing, Plaintiff's motion should be denied.  To the extent that
the request for a hearing is connected to Plaintiff's motion for
admissions, the motion should be denied because, as explained
above and as is made clear by the entire record herein, discovery
is unnecessary.  Under these circumstances, a hearing is not
required to determining whether material facts are in genuine
dispute.

     If the purpose of the hearing is to assess whether parts of
the proceeding should be kept confidential, Defendants oppose the
hearing.  Such a hearing is not necessary because: 1) Plaintiff
has yet to identify all of the facts which he believes are too
sensitive for public dissemination; and, 2) Defendants are willing
to defer to the Court's judgment on whether any parts of this
civil proceeding should be kept closed to the public.

     Finally, if the hearing is to determine whether Plaintiff is
entitled to a return of his property under Federal Rule of Civil
Procedure 64, Defendants oppose the motion.  A request for such a
hearing is a request for a trial on the merits at a time when
already pending before the Court is Defendants' Dispositive
Motion, including the properly supported, alternative request for
summary judgment.  That motion involves the same issues as the

Plaintiff's September 26, 2007 motion for preliminary injunction, which, in turn, requests the same relief Plaintiff seeks in his November 19, 2007 filings.  As previously argued to the Court, Federal Rule of Civil Procedure 56(c) provides that a Court may grant summary judgment if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The purpose of summary judgment is to "prevent unnecessary trials."  Gleklen v. Democratic Congressional Campaign Committee, Inc., 199 F.3d 1365, 1369 (D.C. Cir. 2000).  If cases which do not involve genuine issues of material fact are allowed to proceed to trial, then the purpose of this rule will be undermined.  The Court's denial of Plaintiff's motion and concomitant decision on Defendants' Dispositive Motion will promote the efficient administration of justice.  See Fed. R. Civ. P. 1 (indicating that the rules of the Court should be "construed and administered to secure the just, speedy, and inexpensive determination of every action.")  If the Defendants' motion is granted, then a hearing is obviated and the Court's and the parties' valuable resources are preserved.  Hence, the Court should deny Plaintiff's motion for a hearing on his Rule 64 claim.

V.    The Defendants Take No Position On Plaintiff's Referral to the Lawyering Counsel Panel

        Whether the Court should refer Plaintiff to the Court's Lawyering Counsel Panel pursuant to Local Civil Rule 83.20 is not

- 13 -

an issue that is material to his complaint, his motion for preliminary injunction, or Defendants' dispositive motion. Accordingly, Defendants take no position on Plaintiff's motion that he be confidentially referred to the Lawyering Counsel Panel. Regardless of the Court's action on this motion, the Court may and should proceed to consider the pending dispositive motion, as the referral would not resolve the merits of claims presented to the Court.

### **Conclusion and Request for Relief**

For these reasons and those previously set forth by Defendants in the filings before this Court, Defendants submit that Plaintiff's motions are repetitive of the earlier filings in this case and otherwise lack merit. The motions should therefore be denied. Wherefore, Defendants respectfully request that

Plaintiff's motions be denied insofar as they would affect this civil action.  A proposed Order accompanies this memorandum.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC BAR #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney


_____/s/___
W. MARK NEBEKER, DC BAR #396739
Assistant United States Attorney

OF COUNSEL:

Steve Walsh
Acting Solicitor

Ronald K. Jaicks
Sydney O. Johnson, Jr.
Associate Solicitors

United States Patent and Trademark Office
Madison West, 08C43
600 Dulany Street
Alexandria, Virginia 22314

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that service of the foregoing defendants'
Memorandum Of Points And Authorities In Opposition To Plaintiff's
Motions Filed On November 19, 2007, and a proposed Order has been
made by mailing copies thereof to:

CORNELL D.M. JUDGE CORNISH, ESQ.
Suite 301
1101 New Hampshire Ave., N.W.
Washington, DC  20037-1502

on this 30th day of November, 2007.


_____ /s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, DC  20530
(202) 514-7230
fax: (202) 514-8780

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
CORNELL D.M. JUDGE CORNISH,        )
                                   )
        Plaintiffs,                )
                                   )
    v.                             )Civil Action No. 07-1719 RWR
                                   )
JON DUDAS, Under-Secretary of      )
  Commerce for Intellectual Property)
  and Director of the U.S. Patent  )
  and Trademark Office, et al.,    )
                                   )
        Defendants.                )
_____)
```

ORDER

UPON CONSIDERATION of the "Plaintiff's Motion Under Public Law 106-185 (114 Stat 212) for Return of Plaintiff's Property to Claimant or, Alternatively under Rule 64 in Replevin for Clear Title; and Unopposed Request for Leave to File Under Seal and Memorandum in Support Thereof"; Plaintiff's "Motion under Rule 36 for Admissions or, Alternatively for a Limited, Preliminary Injunction Enjoining Defendants from Refusing to Appear in a Show Cause Hearing within the Scope of Rule 26(b), and a Memorandum in Support with Request to File Motion and Memorandum under Seal"; and "Plaintiff's Memorandum in Support of Plaintiff's Motion under Public Law 106-85 for Return of Plaintiff's Property or; Alternatively under Rule 64 in Replevin; and Lodging Material, Appendix or Statements of Uncontroverted and Controverted Material Facts to which There Are Genuine Disputes, or that Are in Controversy," for the reasons set forth in opposition thereto, and based upon the entire record herein, it is the _____ day

of _____, 2007 hereby

    ORDERED that Plaintiff's said motions be and are hereby

denied.


                            _____
                            UNITED STATES DISTRICT JUDGE

W. MARK NEBEKER
Assistant U.S. Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530

CORNELL D.M. JUDGE CORNISH, ESQ.
Suite 301
1101 New Hampshire Ave., N.W.
Washington, DC  20037-1502