*Leave to file under seal DENIED.*
*MMRoberts, U.S.D.J 12-17-07*

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

**RECEIVED**

NOV 1 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| CORNELL D.M. JUDGE CORNISH, | ) | |
| | ) | |
| Plaintiff *Pro Se* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JON DUDAS, et al., | ) | |
| | ) | CASE  07-CV-01719 (RWR) |
| Defendants | ) | |
| | ) | |

### PLAINTIFF'S MOTION UNDER PUBLIC LAW 106-185 (114 STAT 212) FOR RETURN OF PLAINTIFF'S PROPERTY TO CLAIMANT OR, ALTERNATELY UNDER RULE 64 IN REPLEVIN FOR CLEAR TITLE; AND UNOPPOSED REQUEST FOR LEAVE TO FILE UNDER SEAL AND MEMORANDUM IN SUPPORT THEREOF

Plaintiff hereby affirms under penalty of perjury, and requests that the Court permit the unopposed filing under seal of this Motion To Claim Property Under PUBLIC LAW 106-185 (114 STAT 212), And For Return Of Property To Claimant OR, Alternately Under Rule 64 in Replevin FOR A CLEAR TITLE and *Writ of Possession*; and the filing under seal of Plaintiff's Alternative Motions For A Limited Preliminary Injunction Enjoining Defendants From Refusing To Appear In A Show Cause Hearing Within 20 days To Oppose A Warrant Of Possession In Plaintiff, and in Replevin.

Plaintiff and Defendants' unopposed motions for filing under seal have both explained why the submissions should be maintained under the present seal Order at least until resolution of the Motions filed by Plaintiff and Defendants, but also possibly permanently, as requested by Plaintiff.  These explanations were made, for example *inter alia*, in Plaintiff's Motion For Admissions Or, Alternately Under this Motion To Claim Property Under PUBLIC LAW 106-185 (114 STAT 212), Or Under Rule 64 in Replevin;

1

And Local Rule LCvR 56.1 Separate From The Complaint For Preliminary Injunction, Enjoining Defendants From Refusing To Appear In A Show Cause Action With or Without Bond of 10% of the Costs, or one Posted By Plaintiff For Twice The Value Of The Property, Namely: his Certificate of Registration No. 19,240 costing approximately $20 for a copy suitable for framing, And For The Return Of Forfeited or Stolen Property described in said Certificate belonging to Plaintiff and received by Defendants and/or that is currently being held by Defendants without a hearing, and for a hearing within 20 days after its filing unless he Court earlier decides the Motion on the papers or makes a finding that a later hearing date will not prejudice the parties because the Motion is Made Separate From The Complaint and is Supported by all the affidavits on which the Plaintiff intends To Rely: Namely Defendants Exhibits 31, 32 and 33 and this affidavit.

The supporting facts that make expedition essential are the presence of Defendants' Motion To Dismiss Or, Alternately For Summary Judgment, which will automatically publish hearsay containing libelous remarks, and other papers certified by Defendants as <u>PRIVATE AND CONFIDENTIAL</u>. The granting of that Motion would automatically release the proceedings now under seal to the public without a hearing or any opportunity to stipulate those portions of the record that should be redacted or permanently sealed.

Defendant has proposed the filing of a stipulation if agreeable redactions can be identified, and an oral hearing within 20 days would be ideally suited to accomplish that purpose in the most expeditious manner possible.

An oral hearing is requested, and the list of witnesses to be called are Defendants Moatz, and Griffin, and Christine M. Nucker, currently employed as an Enrollment and

Discipline Administrator in the Office of Enrollment and Discipline in the USPTO, along with their affidavits in Exhibits 31, 32 and 33. An oral hearing and cross-examination of the three named witnesses would obviously be short in length of time. The estimated time would be less than one morning. It is not believed that the calling of those witnesses would cause prejudice to the parties, undue delay, waste of time, or needless presentation of cumulative evidence. These actions are not frivolous.

Still further all submissions should be maintained under the present seal Order, including without limitation Plaintiff's Motions under Local Rule LCvR 83.20 for confidential referral to the Lawyer Counseling Panel (albeit, Plaintiff is a potential member of the bar of this Court as an active member in good standing of the United States District Court of the Eastern and Southern Districts of New York, and he maintains his principal law office in the District of Columbia at 1101 New Hampshire Ave., NW, Suite 301, Washington, DC 20037-1502 under DC Bar Registration No. 366240). His admission would be expedited with the help of the Lawyer Counseling Panel as it was in the District of Columbia with the help or their Lawyer Counseling Panel.

This is a Motion for Return of Plaintiff's Property under Public Law 106-185 or Alternately in Replevin under Rule 64 FOR A CLEAR TITLE and *Writ of Possession*, along with Plaintiff's Motion under Rule 36 For Admissions Or, Alternately For A Limited Preliminary Injunction Separate From the Complaint Enjoining Defendants From Refusing To Appear In A Show Cause Hearing within 20 days, which follows Plaintiff's Rule 12 Motion To Defer Determination of Motions and Cross-motions, Including Defendants Dispository Motion To Dismiss Or, Alternately For Summary Judgment.

This Motion also follows Plaintiff's Motion For Certification of Plaintiff's Constitutional Challenges of Federal Statutes to the Attorney General of the United States; and Defendants filings and Exhibits currently under seal until resolution of the Motion filed by Plaintiff to continue the seal permanently.

CONCLUSION

Plaintiff's privacy concerns outweigh the public interest in access to sensitive information in these proceedings without a warrant because both the Plaintiff and the Defendants are bound by statute to keep items in the record permanently under seal. This includes Exhibit 3, which is a long ago abandoned, discredited and libelous hearsay statement that Plaintiff alleges contains less than a scintilla of truth, and Defendants admit that has never been investigated. Also, it has been discredited by three states to be without basis in fact or otherwise not worthy of consideration or publication, and held permanently under seal by them. Any such allegation obtained without a warrant needs not be answered, and if not specifically admitted or denied now or in the future, is expressly denied until the mitigating circumstances of this case can be further made evident. The Defendants' admissions and conduct additionally involve inequitable conduct, harassment, a frivolous Motion to Dismiss, and the obstruction of justice by the Defendants not ripe for publication without a hearing. In large part, the Defendants have been on an unconstitutional, manifestly unjust, search, destroy and seizure mission without a warrant or probable cause, intended to discriminate and ruin the good name of Plaintiff he has worked a lifetime to build on the basis of fair and equitable treatment.

Still other examples where privacy concerns outweigh the public interest in access include, for example, Exhibits 8 and 17, which Defendants are obliged by statute to keep

4

confidential.  To this end also, they have marked those items <u>PERSONAL AND</u>

<u>CONFIDENTIAL</u>, indicating that the statutes requiring privacy trump the public's

interest in access, and it would be inconsistent with the Defendants own self-interest and

the public's not to permanently seal these proceedings, excluding only Orders of the

Court.

Respectfully submitted,

*Cornell D. M. Judge Cornish*
Cornell D.M. Judge Cornish
1101 New Hampshire Ave., NW
Suite 301
Washington, DC 20037
(202) 429-9705
cornishj@erols.com

Date:  11/19/07

# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

**Case:  07-cv-01719 (RWR)**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that service of the foregoing has been made by hand

delivering a copy thereof to:

W. Mark Nebeker, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
(202) 514-7230

on this 19th day of November, 2007.

*Cornell D. M. Judge Cornish*
Cornell D.M. Judge Cornish, Pro Se
1101 New Hampshire Ave., NW
Suite 301
Washington, DC 20037-1502
(202 429-9705

Date:  *11/19/07*

# UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

CORNELL D.M. JUDGE CORNISH,  )
)
             Plaintiff *Pro Se*  )
)
v.  )
)
JON DUDAS, et al.,  )
)    CASE   07-CV-01719 (RWR)
             Defendants  )
────────────────────────────  )

## DECLARATION

The District of Columbia    :
                          : ss
The City of Washington

Before me personally appeared the Plaintiff Cornell D.M. Judge Cornish on this - 19th day of November, 2007, and being duly sworn, he declared and affirmed under penalty of perjury that he has read and understood the attached Motion and Memorandum in connection with the above captioned litigation, and that on information and belief he believes them to be true.

_Barbara J. Johnson_

Notary Public

Barbara J. Johnson
Notary Public, District of Columbia
My Commission Expires 4/30/2011

Date: 11/19/07





RECEIVED

NOV 1 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

CORNELL D.M. JUDGE CORNISH,       )
                                  )
                Plaintiff *Pro Se*     )
                                  )
v.                                )
                                  )
JON DUDAS, et al.,                )
                                  )       CASE   07-CV-01719 (RWR)
                Defendants        )
_____  )

PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION UNDER
PUBLIC LAW 106-185 FOR RETURN OF PLAINTIFF'S PROPERTY OR;
ALTERNATELY UNDER RULE 64 IN REPLEVIN; AND LODGING MATERIAL,
APPENDIX OR STATEMENTS OF UNCONRTOVERTED AND CONTROVERTED
MATERIAL FACTS TO WHICH THERE ARE GENUINE DISPUTES, OR THAT
ARE IN CONTROVERSY

Plaintiff affirms under penalty if perjury, that the time of a hearing on this Motion

FOR RETURN OF PLAINTIFF'S PROPERTY, OR Under Rule 65, separately or

alternately from Plaintiff's existing Motion for Preliminary Injunction, is only at the most

one morning.  The only witnesses to be called are the Defendants Moatz and Griffin, and

Christine M. Nucker, Enrollment and Discipline Administrator, Office of Enrollment and

Discipline (OED), in the Office of the Defendant U.S. Patent and Trademark Office.

The only affidavits to be relied on are this affidavit and the three affidavits by the

above-listed witnesses, which are present in Defendants' Exhibits 31, 32 and 33

appended to their 10/16/07 Reply and Opposition to Plaintiff's 9/26/07 Summons and
Complaint.

The property to be returned to Plaintiff is his Certificate of Registration No.
19,240, or a corrected copy thereof, which is a copy of Letters Patent that have been
properly issued to Plaintiff on November 5, 1958, on the basis of which he claims and
holds himself out as an "attorney" for the practice of his profession as an intellectual
property law attorney in a new and unobvious business method that involves substantially
new questions of patentability for reexamination, and/or otherwise for recognition.

Plaintiff's Motion asks for return of his property in his license and profession,
which have been irreparably injured by expelling and suspending him from his profession
as an attorney, by refusing to let him advertise his name as an attorney in his patents and
common law trademarks, and by foreclosing, and seizing his property by forced
forfeiture, or interference and harassment of Plaintiff and his property and identity by
identity theft, followed by refusing Plaintiff's request for return of his property and the
end of interference, harassment and investigation without a warrant or probable cause
based upon less than a scintilla of evidence, or even any basis in fact other than only
libelous hearsay, as shown by Exhibit 3 appended to Defendants' 10/16/07 Reply and
Opposition, which Plaintiff requests be permanently maintained under seal. The Plaintiff
has had his property and identity involuntarily stolen, interfered with and infringed, and
involuntarily seized, held and received as stolen property belonging to Plaintiff, and he
has involuntarily lost his identity by identity-theft of his ID,

Defendants' refusal to return Plaintiff' forfeited or stolen property taken by a
forced, involuntary foreclosure, and received by Defendants and held by them without

investigation for up to eleven years without Plaintiff's knowledge or permission and without a warrant based upon libelous hearsay, is evidence of a "libelous stress disorder," which should not be used as a search and destruction mission without a warrant to ruin the good name that Plaintiff has worked a lifetime to build up on the basis of fair hearings. Instead, Defendants now seek to remove the present seal Order by their Motion to Dismiss by substituting a secret, in-house, seizure of Plaintiff's property, the breaking and entering of the PTO record and computer system by the unannounced alteration, fraud or identity theft of Plaintiff's ID and Plaintiff's property, and the forced foreclosure and forfeiture of his Property without his consent, acquiescence or knowledge by receiving his property and ID by identity theft, and the publication of private, personal, privileged and confidential information, without his permission, acquiescence, with the intention of ruining Plaintiff's good name and coercing him not to advertise or promote his name as an attorney while being investigated for eleven years without a warrant.

Plaintiff's property and identity have now been forcefully foreclosed, seized and received as contraband without a warrant, and his liberty and property rights and identify have been interred with, infringed, stolen and received by identity theft, and held by the Defendants as stolen property or contraband belonging to Plaintiff. The Defendants secretly and illegally made a non-judicial, civil foreclosure and involuntary forfeiture of Plaintiff's property against his will and without his knowledge or acquiescence by the secret breaking and entering of the Defendants computer and record system on or about August 28, 1996 without notice to Plaintiff, and no opportunity for a hearing, based upon libelous hearsay received by Defendants on November 7, 1995 and kept in confidence for eleven years until 10/16/07 without a warrant.

9

Plaintiff's property claimed in this action, is identified as the property to be returned, and that identity is provided by his Letters Patent to his Certificate of Registration No. 19,240 issued on November 5, 1998, in which the Defendants gave their official imprimatur to his claim to be an "attorney" practicing new and novel methods of intellectual property law under the First Amendment and 35 U.S.C. 101, based upon substantially new questions of patentability qualifying for reexamination, in accordance with 35 U.S.C 101, 301 and 302, and based on printed publications of prior art published under the protection of the First Amendment (albeit, they are also available under Plaintiff's FOIA requests), comprising, *inter* alia, Defendants' letter of June 15, 2000 in Exhibit 33, which only became available to Plaintiff when he received the Exhibit.   The term of his Letters Patent in his Certificate of Registration No. 19,240 is for the life of the Plaintiff unless he expires, or unless his clear title to his valid property rights are stolen, infringed, or in some way foreclosed or dedicated to the public by forfeiture based upon criminal conduct, but certainly not libelous hearsay collected and used for an investigation maintained for eleven years without a warrant, or the letter in Exhibit 8.

An intent to hold in abeyance on March 4, 1996, was not a "Decision," but there was a Decision on his request for reexamination of the secret forfeiture, retroactively made effective finally on October 4, 2007, *nunc pro tunc,* to about August 28, 1996, as shown, for example, in Exhibits 8 and 31 in Defendants' 10/26/07 Reply and Opposition to Plaintiff's 9/26/07 Summons and Complaint.  Plaintiff only found out on 10/04/07 that the foreclosure, involuntary forfeiture and identity theft had been made by Defendants without a warrant to receive his stolen or non-judicially, civilly, foreclosed, infringed, and forfeited property, when Plaintiff reviewed his July 2007 Patent Office test on

October 4, 2007, and found out for the first time that there was a secret fraudulent and surreptitious alteration of his Registration, identity and ID from 19,240 to 41361. If necessary, this October 4, 2007 date, can be used as a necessary extension of the date of the mentioned letter and Decision to refuse reexamination of Plaintiff's property from August 22, 2007, which became final by tolling only on October 4, 2007, which is the date upon which to determine Plaintiff's date for a timely appeal to this Court by an extension of time and tolling of Defendants' Decision on August 22, 2007, that Plaintiff's Petition for Reexamination was denied.

Also, Plaintiff's suit is timely because of his timely EEO suit was dismissed less than the time needed for its appeal to this Court. But, for purposes of this Motion, a timely filing determination is not necessary, or is met because of the following:

Plaintiff has standing to contest the involuntary foreclosure, forfeiture, interference, infringement and receiving of his property and theft of his identity in his property, which was stolen and unwillingly foreclosed and forfeited along with his identity without a warrant. His property was foreclosed, seized, taken, stolen and received, and is being held illegally by identity or ID theft.

Plaintiff is financially unable to obtain representation by counsel, who may submit a statement of reasonable attorney fees to the court regardless of the outcome of the case under 28 U.S.C. 2465. Alternately, the Plaintiff is unable financially to obtain representation by counsel in his Replevin action for the return of his property.

The burden of proof is on the Government to establish by a preponderance of the evidence that the property is subject to foreclosure, forfeiture and identity theft, just as in

11

any Replevin action where the property is immediately returned to the claimant, and the government must show cause why they should not return the property.

Under the statute, Plaintiff has met his burden of proof that he is an innocent owner by a preponderance of the evidence. Plaintiff refers under oath to his Certificate of Registration No. 19,240, issued on November 5, 1998 to C. Daniel Cornish, who is also known by the name of Plaintiff Cornell D.M. Judge Cornish. Exhibit 1 is an admission by the Defendants that he has met his burden. Plaintiff has asked for an admission of this fact under Rule 36.

Plaintiff did not know at the time of the forced foreclosure, forfeiture, seizure, interference, infringement and receiving, or identity theft, without a warrant, whether in 1996 or 2007, or at any other time, that his conduct in 1995 would give rise to the foreclosure, forfeiture, seizure, interference, infringement or receiving of stolen property or identity theft by the Defendants; and he did not know and was reasonably without cause to believe that the property was subject to forced foreclosure, forfeiture or identity theft without a warrant upon learning of the foreclosure, forfeiture and identity theft on October 4, 2007. It is alleged under oath that the property was not traceable to the proceeds of any criminal offense. It is alleged under oath that it is not illegal for him to possess the property. Likewise, he alleges under oath that he is an attorney who is recognized and registered as such in several states and federal jurisdictions.

Plaintiff is permitted to practice in the PTO in the trademark Office under his name and ID as an attorney for himself and others, and for himself in the Patent Office, as admitted by the Defendants in Note 2 on page 3, and Note 2 on page 5 of Defendants filings on 10/16/07 and 11/7/07. The controversy that still exists and that currently is a

basis for a legal claim by Plaintiff, is whether he can practice and advertise and promote his name as an attorney in both the Trademark Office and the Patent Office, whether his rights to advertise and promote his name and practice are limited, and whether his practice *pro se* limits his right to advertise and promote his name as an attorney in the Patent Office, or is "moot."

Plaintiff alleges in his legal claims that he is irreparably injured by Defendants assertion that his claims are "moot" until he passes a Patent Office test without reasonable accommodations, which he alleges under oath that he has requested but that have been refused.

Upon learning on October 4, 2007 of the foreclose, forfeiture, and receiving of his stolen property, and its (and his) identity theft without a warrant or illegal criminal activity, Plaintiff did everything that he could reasonably be expected to do under the circumstances to keep from being prosecuted under 35 U.S.C. 32 and 33 or any other criminal statute. Despite the obvious irreparable harm to Plaintiff, he was intimidated by the coercion and threats of the Defendants without a warrant by continued investigating, harassing and infringing of his property and liberty rights, to terminate his use of his property and liberty rights for a living by advertising and promoting his common law trademark in his name and in his name as an attorney in patents and trademarks in the PTO, for others and even for himself. Despite the irreparable injury to Plaintiff, which obviously monetary damages would not sufficiently assuage, he ceased holding himself out as an attorney for practicing intellectual property law for others in all courts and administrating agencies, except where he had a legitimate right to do so in the PTO, pro bono, or otherwise in the states, the federal courts and administrative agencies, or also by

13

limited recognition in various parts of the PTO where Defendants admissions would seem

to permit, such as admitted in Note 2 on page 3 of the 10/16/07 Opposition, and Note 2

on page 5 of the Defendants' 11/7/07 Motion to Dismiss, and/or except with permission

of the Defendants, which he requests as an admission under Rule 36.

He timely revoked permission where feasible of others to use his property.

His primary residence is in the District of Columbia.

The Government knew or should have known of Plaintiff's interest, but the

Government failed to take reasonable steps to provide Plaintiff with notice; and/or to

make the foreclosure, seizure, forfeiture, infringement or identity theft known within a

sufficient time frame to file a timely claim, except in this case. There is substantial

likelihood that Plaintiff will succeed on the merits. Defendants aggravated the irreparable

injury to the Plaintiff at every turn for which there are no remedies available at law, such

as monetary damages. They insufficiently investigated his good moral character and

reputation, and his other qualifications where investigation without a warrant is required.

They did not give him notice and an opportunity to be heard, as required by 35 U.S.C. 32.

Monetary damages are inadequate to compensate for the irreparable injury to the

Plaintiff. And considering the balance of hardships between Plaintiff and Defendants,

there are no consequent injuries to the Defendants that a remedy in equity in favor of

Plaintiff will offer, and the balance in favor of Plaintiff is warranted because it is the only

remedy that will alleviate the irreparable injury and punishment of the Plaintiff that he

has to endure. The public will be served by granting Plaintiff's Motion, and their service

in no way will be disserved by a temporary, preliminary or permanent injunction; or a

temporary, preliminary or permanent seal of the proceedings.

14

The return of the property to Plaintiff will not substantially injure the Defendants or the public because the court may set aside the declaration of forfeiture without prejudice to the Government or the public to commence a subsequent forfeiture proceeding as to the Plaintiff.

Plaintiff has an immediate possessory interest in his property to his Certificate of Registration No. 19, 240, or its corrected version, because he has a possessory interest to the same.

He has sufficient ties to the community to assure that the property will be available at the time of trial.

The continued possession of Plaintiff's property by Defendants will cause irreparable harm to Plaintiff by depriving him of the liberty to practice his profession and to advertise or promote his name as an attorney in trademarks and patents. Indeed, their continued possession will cause substantial hardship; also, by preventing Plaintiff from working as a patent attorney for others based on his practice anywhere in the PTO.

The continued substantial and irreparable hardship to Plaintiff outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if returned to Plaintiff.

Plaintiff has requested return of his property from the appropriate official, and has set forth the basis upon which the return is based; the steps taken to secure release; that his claim is not frivolous; and the Government has submitted evidence ex parte under seal to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial. The Government may place a lien against the property or file a *lis pendens* to insure that the property is not unjustifiably transferred to

15

another person.  The Plaintiff is not likely to commit a criminal or other act prohibited by

35 U.S.C. 32, or punishable under 35 U.S. 33 or otherwise.

At trial, the Plaintiff will establish that the forfeiture was not only grossly

disproportional to the less than scintilla of libelous evidence submitted in Exhibit 3, if not

by the lack of any basis in fact at all.  He will submit evidence of mitigating

circumstances, comprising, *inter alia*, Orders of his good standing and reinstatement, and

the nature of this case in which the proceedings must be permanently sealed.  He will also

show that the forfeiture was constitutionally excessive.  Plaintiff's evidence will allow

the court to compare the forfeiture to the gravity of the libelous hearsay giving rise to the

forfeiture, and to allow the court to reduce or eliminate the forfeiture as necessary to

avoid a violation of excessive fines and/or punishment, and also violation of the

Constitutional protections of Plaintiff's privacy, liberty and property rights.

In response to the Defendants' 11/7/07 Motion to Dismiss and Statement, there is

no need to answer because the Defendants do not have a warrant, and there is no need to

answer Defendants until they obtain a warrant or make a claim under 35 U.S.C.  Plaintiff

would oppose and contravene the Statement not agreed to heretofore, or included in his

request to maintain the procedures permanently under seal because it contains libelous

remarks under seal that are not subject to an opportunity of a hearing or cross-

examination, i.e., items heretofore held and marked <u>PRIVATE AND</u> CONFIDENTIAL

by Defendants; items that must be held under seal because of statutory requirements

and/or agreements concerning Plaintiff's employment or potential employment with the

Defendants; medical evidence;  private, confidential and privileged information, or other

evidence, including evidence in the form of comments thereon, which are expressly

reserved without any admission, agreement, plea bargain, "Consent Decree," or waiver of a right to oppose, reply or answer in the following Lodging Material, as follows:

<u>ANSWER TO NUMBERED PARAGRAPHS, AND LODGING MATERIAL</u>

Plaintiff stands on his constitutional rights to remain silent and to preserve paragraphs 1-78 of Defendants' 11/7/07 Statement permanently under seal due to the fact that they are not submitted with a warrant nor under the express provisions of 35 U.S.C..

Defendants have admittedly kept Plaintiff under surveillance without a warrant since at least since 1996. Paragraphs 1-78 relate to allegations that are conclusions of law to which no response is required. Without a warrant or claim under 35 U.S.C., no response is required. To the extent that they are deemed allegations of fact, Plaintiff has insufficient knowledge to answer, or they are denied without a warrant, except that Plaintiff reserves the right to supplement, amend, or modify the foregoing defenses or denials, and to assert additional defenses or denials. Any allegations not specifically admitted or denied are denied because they are incomplete or misleading, and they are not ripe for review until Plaintiff's FOIA requests have been answered.

Respectfully submitted,

Cornell D.M. Judge Cornish, Pro Se
1101 New Hampshire Ave., NW
Suite 301
Washington, DC 20037-1502
(202 429-9705

Date:

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

**Case: 07-cv-01719 (RWR)**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that service of the foregoing has been made by hand

delivering a copy thereof to:

W.Mark Nebeker, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
(202) 514-7230

on this 19th day of November, 2007.

*Cornell D. M. Judge Cornish*

Cornell D.M. Judge Cornish, Pro Se
1101 New Hampshire Ave., NW
Suite 301
Washington, DC 20037-1502
(202 429-9705

Date: 11/19/07

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

CORNELL D.M. JUDGE CORNISH,    )
                                     )
           Plaintiff *Pro Se*    )
                                     )
v.                                     )
                                     )
JON DUDAS, et al.,             )
                                     )    CASE  07-CV-01719 (RWR)
           Defendants    )
_____)

### DECLARATION

The District of Columbia    :
                           : ss

The City of Washington

        Sworn to and subscribed before me on this _____ day

of_____, 2007, in the above-identified action..

                                 _____

                                      Notary Public

Date:

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

CORNELL D.M. JUDGE CORNISH,  )
                             )
            Plaintiff *Pro Se*  )
                             )
v.                           )
                             )
JON DUDAS, et al.,           )
                             )    CASE   07-CV-01719 (RWR)
            Defendants       )
_____ )


### ORDER

UPON CONSIDERATION of Plaintiff's Unopposed Motion For Leave To File

Under Seal, And Memorandum In Support Thereof, and the grounds stated therefore, and

the entire record herein, it is on this _____ day of _____, 2007.

hereby

    Ordered that Plaintiff's motion should be and it is hereby granted; and it is,

    FURTHER ORDERED the Plaintiff's Motion Under Rule 64 for return of

Property Claimed should be and it is hereby granted.


_____

UNITED STATES DISTRICT JUDGE


W. MARK NEBEKER                 Cornell D.M. Judge Cornish
Assistant U.S. Attorney         Suite 301
555 4th Street, NW              1101 New Hampshire Ave., NW
Civil Division                  Washington, DC 20037-1502
Washington, DC 20530

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

CORNELL D.M. JUDGE CORNISH,                )
                                            )
          Plaintiff *Pro Se*          )
                                            )
v.                                          )
                                            )
JON DUDAS, et al.,                          )
                                            )        CASE   07-CV-01719 (RWR)
          Defendants               )
_____        )


### DECLARATION


The District of Columbia          :
                                  : ss
The City of Washington


    Sworn to and subscribed before me on this _*19th*_ day

of _*November*_ , 2007, in the above-identified action..

                            *Barbara J. Johnson*

                               Notary Public


Date: 11/19/07

                         Barbara J. Johnson
                         Notary Public, District of Columbia
                         My Commission Expires 4/30/2011



                               i

**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CORNELL D.M. JUDGE CORNISH, | ) |
| | ) |
| Plaintiff *Pro Se* | ) |
| | ) |
| v. | ) |
| | ) |
| JON DUDAS, et al., | ) |
| | ) |
| | ) CASE  07-CV-01719 (RWR) |
| Defendants | ) |
| _____ | ) |

**ORDER**

UPON CONSIDERATION of Plaintiff's Unopposed Motion For Leave To File

Under Seal, And Memorandum In Support Thereof, and the grounds stated therefore, and

the entire record herein, it is on this _____ day of _____, 2007.

hereby

Ordered that Plaintiff's motion should be and it is hereby granted; and it is,

FURTHER ORDERED the Plaintiff's Motion Under Public Law 106-185 (114

STAT 212) for return of Property Claimed should be and it is hereby granted.


_____

UNITED STATES DISTRICT JUDGE



W. MARK NEBEKER
Assistant U.S. Attorney
555 4th Street, NW
Civil Division
Washington, DC 20530

Cornell D.M. Judge Cornish
Suite 301
1101 New Hampshire Ave., NW
Washington, DC 20037-1502