**RECEIVED°**

DEC 1 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

CORNELL D.M. JUDGE CORNISH,  )
                               )

           *Plaintiff Pro Se*     )
                               )

v.                                   )
                               )

JON DUDAS, et al.,           )
                               )     CASE  07-CV-01719 (RWR)
          *Defendants*      )
_____ )

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF (1)
PLAINTIFF'S OPPOSITION TO: (A) DEFENDANT'S 11/30/07 OPPOSITION TO
PLAINTIFF'S MOTIONS FILED ON NOVEMBER 19, 2007, (B) DEFENDANTS'
MOTION TO DISMISS;

AND (C) PLAINTIFF'S REQUESTS FOR: (1) RECONSIDERATION OF THE
COURT'S DENIAL OF PLAINTIFF'S MOTION TO DEFER DEFENDANTS'
MOTION TO DISMISS OR, ALLTERNATELY PERMISSION TO APPEAL THE
DENIAL OF PLAINTIFF'S REQUEST FOR SUCH DEFERRAL; (2)
ENLARGEMENT OF TIME FOR DISCOVERY; (3) AN ENLARGEMENT OF TIME
TO REPLY TO DEFENDANTS' UNREDACTED VERSION OF WHAT IS TO BE
PUBLISHED; AND (4) APPOINTMENT OF COUNSEL TO AID THE COURT, E.G.,
IN EVALUATING THE DEFENDANTS' UNREDACTED SUBMISSIONS
SUBMITTED FOR PUBLICATION

      Reconsideration is requested of: (1) the Court's Denial of Plaintiff's Motion to

Defer Defendants' Motion to Dismiss; and (2) Denial of a referral to the Lawyer

Counseling Panel; or alternately, for (3) permission to appeal the Court's Denials.

      Plaintiff also requests: (a) Appointment Of Counsel, in part to Aid The Court in

evaluating the required unredacted submissions; (b) for an enlargement of the time for

Discovery, in part:  (i) to Oppose Defendants' <u>unredacted</u> submissions; and (ii) to explain

the necessity of maintaining the seal on the proceedings with the help of Counsel,

possibly from the Lawyer Counseling Panel or an alternate source.

It is only fair for Plaintiff to be allowed to file this Memorandum of Points and Authorities In Opposition to Defendants 11/30/07 filing. To this end, it is requested that this Memorandum in Opposition to Defendants' 11/30/07 filing be entered with Plaintiff's Opposition to Defendants' Motion to Dismiss in accordance with the Court's Order of 12/7/07, because those two filings overlap each other only in the times available to Plaintiff for his Opposition to those respective filings by the Defendant.

To this end, this Memorandum in Opposition is timely filed, because it is due 20 days from 11/30/07, or on 12/20/07; and Plaintiff's Memorandum in Opposition under the Court's 12/7/07 Order is timely filed because it is due 11 days from 12/07/07, or on 12/18/07.

It is noted that Plaintiff is hereby attempting to obtain authorization for electronic filing in accordance with the requirements of the Court's rules, but that Plaintiff still does not have authority to send and receive electronically. This is important because it takes any where from one week to 10 days for Plaintiff to receive filing by mail, including Defendants' 11/30/07 filing and the Court's Order of 12/07/07 enlarging the time to Oppose Defendants filings, and also including Defendants' Motion To Dismiss for failure to state a claim upon which relief can be granted, or any issues of fact in dispute. It is noted that Defendants' Motion to enlarge the time to Oppose Plaintiff's Motion for a Preliminary Injunction was granted, and Plaintiff's Motion to Defer Defendants Motion to Dismiss was denied.

Nevertheless, this Court, as is the case with all courts, should be reluctant to dismiss a complaint for failure to state a claim upon which relief can be granted, and so this is a request to deny Defendants Motion to Dismiss. Indeed, it is well settled that, "A

2

complaint should not be dismissed on this ground unless it appears *beyond doubt* that Plaintiff can prove <u>no</u> set of facts in support of his claim that would entitle him to relief." <u>Latin American Agribusiness Development Corp.</u>, 711 F.2d 989, 995 (11th Cir. 1983). Plaintiff can prove such facts, so Defendants' Motion to Dismiss should be denied.

It is beyond doubt that Defendants' Motion to Dismiss should be denied in all fairness, and so Plaintiff seeks the Court's permission to enter Plaintiff's filings which parallel each other in Opposition to Defendants' Motion to Dismiss: 1) by bringing to the attention of the Court Defendants' failure to compressively address all relevant factual and legal issues; 2) so that Plaintiff can continue to offer relevant information and meaningful legal analysis for relief against irreparable injury; 3) where appropriate, to incorporate by reference Plaintiff's opposition to Defendants' earlier filings; 4) to bring to the attention of the Court the defects in Defendants 11/30/07 Memorandum in Opposition to Plaintiff's Motions filed on November 19, 2007 based upon genuine issues of fact in dispute in this answering Memorandum of Points and Authorities supporting the DENIAL of Defendants' Motion to Dismiss or Alternately for a Summary Judgment; and 5) to enlarge the time available for Discovery.

To this end, there are genuine issues of fact based upon the Defendants' filings on 11/30/07, 11/19/07, 11/07/07 and 10/16/07, comprising mistakes, errors and conflated facts that are clearly erroneous and inconsistent with the First Amendment. The facts in dispute reveal how Defendants' assertion that Plaintiff failed to state a cause of action is wrong. Defendants' assertion is also wrong in failing to recognize the many genuine factual issues in dispute.

3

The Court's Order of 12/06/07 gives Plaintiff only until December 21, 2007 to comply with Local Rule 5.4 (b) (2) in order to gain authorization for electronic filing. Obviously the Court will not rule on Plaintiff's compliance until after December 21, 2007. Thus, Plaintiff has no way of knowing what filings the Court will electronically publish by granting of Defendants' Motion to Dismiss and the Defendants unredacted version of what the Court should publish, now that their Motion to Dismiss has been filed under seal as of the date of entry of the Court's 12/07/07 Order. A conference with the Defendant and the Court would be helpful in this regard, and in regard to Plaintiff's request for appointment of counsel to aid the Court in this matter and other relevant matters, including enlargement of the time for Discovery, due to the many complications of this case.

Due, *inter alia,* to these complications, reconsideration is requested of the Court's Denial of Plaintiff's Motion to Defer Defendants' Motion to Dismiss, and a request to hold the Dismissal in abeyance, should it be granted, so as to enable Plaintiff to appeal the Dismissal.

Also, enlargement of the time is requested to Oppose Defendants' unredacted version of what should be published in order to explain the necessity of maintaining the seal on the proceedings now that the Court has Denied Plaintiff's Motion to Defer Defendants' Motion to Dismiss.

Genuine Issues of Fact In Dispute And The Case Law

Plaintiff refers to the following genuine issues of fact in dispute, including misplaced or inapposite citations of case law by Defendants in connection with Plaintiff's Opposition to Defendants' Motion to Dismiss:

4

On page 1 of Defendants' 11/30/07 filing, they recognize many genuine issues of fact in dispute beyond any doubt. These include facts in issue concerning Plaintiff's "competence" and" qualifications," which both involve factual issues in dispute that Plaintiff can prove without doubt, since those facts in dispute are used to rebut "incompetence" and "lack of qualifications."

In Cleveland Board of Education v. La Fleur, 414 U.S. 632 (1974), a rule was struck down as violating due process because it created a "conclusive presumption" that every teacher who reaches the fifth or sixth month of pregnancy is physically incapable of continuing. *Id* 644. In the subject case, the rule laid down by Defendants creates a "conclusive presumption" of *prior restraint* of every attorney who wishes to advertise specific material facts, whether or not he is registered, namely: the content of his "shingle" being an advertisement of his name and occupation. That "shingle" truthfully tells the public that he is an *attorney*. It tells the public that he is "competent" and "qualified" to advertise his name as an *attorney* in the specific context of a patent, and trademark application, and that he is legally capable of doing so in both the Trademark and Patent Offices, and/or in any one of those Offices, without passing a patent office exam twice.

In this case, the broad discretion of the Defendants, and their erroneous interpretation of the statutes under which they allege, *inter alia,* that they are authorized to govern the *prior restraint* of the content of Plaintiff's expression in this case, or generally the role and reinstatement of all attorneys in the PTO, is "readily susceptible" to the facial challenge of the Plaintiff. **See** Erznoznik v. Jacksonville, 422 U.S. 205, 216

(1975) ("readily subject" to narrowing construction); and Reno v. ACLU, 521 U.S. 844 (1997) ("statute abridges 'the freedom of speech' protected by the First Amendment."

The interpretation of the Defendants under the Patent Statutes, being clearly erroneous, and "readily susceptible" to a narrowing construction, it is perfectly proper for the Court to grant Plaintiff the Preliminary Injunction that Plaintiff requests to enjoin the Defendants, or to hold them in contempt for their *prior restraint* of the content of Plaintiff's expression in his patents and trademarks, an Order of contempt if the Defendants continue to insist on *prior restraint* of the content of Plaintiff's expression, or if they refusal to even give him limited recognition to advertise that he is an attorney in either or both the Trademark Office and/or the Patent Office.

Likewise, the Court has jurisdiction and the Plaintiff standing for the Plaintiff's position that Defendants' *prior restraint* is not "moot." In this connection, it is noted that the Defendants *retroactively* coerced Plaintiff by the threat of a plurality of civil disabilities to be effective sometime after March 4, 1996, as shown by their letter of March 4, 1996 in Exhibit 8. It wasn't until August 28, 1996 that the *coup de gras* was *retroactively* inflicted, and it was done secretly and fraudulently without authorization by a clearly erroneous interpretation of the Patent Statutes, and without notice to Plaintiff, as shown by the handwritten note in Exhibit 8.

The condemnation was publically released by *prior restraint* against his privileges and immunities, name, identity, occupation and *reputation* in their letter of June 15, 2000 in Exhibit 33, and again in their 11/16/07 counterclaim in this case before the proceedings were placed under seal. Their request for a seal was with intent to

6

obstruct justice by denying Plaintiff access to judicial review of the merits in their Motion
to Dismiss.

The March 4, 1996 letter was intended to coerce Plaintiff into silence, by forcing
him to "cease" practicing in both the Patent Office and the Trademark Office without
access to the courts, *nunc pro tunc* to some unidentified date in 1996. The letter of
March 4, 1996, strategically but fraudulently was intended to coerce Plaintiff into silence
in order to avoid the prospect of an adverse fees and costs award by their malicious,
fraudulent, and clearly erroneous interpretation of the governing statute. The prospect of
an adverse fees and cost award was compounded by a strategic but malicious threat of
condemnation that was implemented secretly in the form of civil disability, as reflected in
Defendants' Exhibit 8, but which was published in a letter of June 15, 2000 by Defendant
Moatz in Exhibit 33. That latter letter pinpointed the *retroactive* condemnation to
sometime in 1996.

In Marinangela *v.* Lehman, 32 F.Supp.2d 1 (D.D.C. 1998), an attorney admitted
to practice before the PTO was specifically requested to supply more information about
his addictions and his suspension in New York because he pleaded guilty to felony theft
of credit cards and bank checks. He was told by the PTO that he could no longer
practice in *trademark* cases, although he was still able to practice before the PTO as a
patent agent, and he brought a pro se action against the Commissioner of Patents and
Trademarks, in which he contested his suspension from practice before the PTO.

On cross-motions for summary judgment In Marinangela *v.* Lehman, 32
F.Supp.2d 1 (D.D.C. 1998), District Court, Joyce Hens Green, J., held: that the PTO
could prohibit individuals who are not attorneys from practicing before the PTO in

7

trademark cases based upon a judicial review of a disciplinary action in the relevant state, as long as the state hearing comported with due process. U.SC.A. Const.Amends 5, 14.

In this case, the Defendants rely on a Maryland action that was not disciplinary in order to deprive Plaintiff of his constitutional rights of speech and press, and by *prior restraint* to censor the content of his speech and press rights, although the narrowing construction of the First Amendment is readily susceptible to the appropriate construction in view of judicial reviews and Orders in favor of Plaintiff in relevant states.

In Marinangela v. Lehman, 32 F.Supp.2d 1 (D.D.C. 1998), there was a hearing, but in the subject case there was no hearing or opportunity for a hearing, although such a hearing was requested and never given. And there was no waiver of a right to call as a witness in this case any investigator, including Defendants Griffin or Moatz.

In Marinangela v. Lehman, 32 F.Supp.2d 1 (D.D.C. 1998), there was a waiver of the attorney's right to call the investigator for the PTO as a witness in the PTO's disciplinary action even though the PTO listed the investigator as a witness and then decided not to call him at the hearing when the attorney did not list the investigator as a witness, and did not object to the PTO's decision not to call the investigator as a witness, and did not indicate his desire to call the investigator as a witness.

Also, the Commissioner relied on expert testimony regarding addiction of the attorney by his sister. And the attorney was not afforded an oral hearing before the Commissioner because the attorney was given a hearing before an administrative judge, at which he was permitted to introduce exhibits, call witnesses and testify. U.S.C.A. Const.Amens. 5, 14; 37 C.F.R. 10.144, 10.155(b). In this case, Plaintiff claims that a

hearing before an administrative judge would be unconstitutional because of a lack of authorization under Article II, Section 2, cl. 2 of the Constitution.

Plaintiff claims, as Judge Green found In <u>Marinangela v. Lehman,</u> 32 F.Supp.2d 1 (D.D.C. 1998), in connection with an attorney admitted to practice in the Trademark Office, that there is a limitation on the Commissioner's broad discretion to sanction attorneys admitted to practice before the PTO in petitions for reinstatement.  35 U.S.C.A. 32; 37 C.F.R. 10.160.

Also, Plaintiff legally claims in the subject case that the Commissioner's broad discretion of sanction is circumscribed and beyond the scope of his authority and clearly erroneous because he lacks authorization of appointment for a hearing before an administrative judge under Article II, Section 2, cl. 2.

Among the still other compelling defects in Defendants' Motion to Dismiss or, For Summary Judgment, are the false representations of the Defendants as to the facts both in dispute and not in dispute (albeit, only one illustrative misrepresentation of fact in dispute relates to repeated false statements by Defendants that <u>Áll</u> the requests for reasonable accommodation by Plaintiff were supplied).  The purpose of the repeated misstatements regarding <u>all</u> the reasonable accommodations given and requested was to invite Plaintiff to whom the representation was made, with knowledge of the true facts by that party, and his reliance on that misstatement and others to take the Patent Office examination, free in one case, for the purely academic reason of his need to supply Continuing Legal Education credits for accreditation in the states, but to bar him by prior restraint from advertising his name as an attorney in his patent and trademark applications by hiding under what Plaintiff claims is a fraudulent use of "strategic

mootness" under the Americans with Disabilities Act of 1990 (ADA). *Cf* <u>Goldstein v.</u> <u>Moatz</u>, 364 F.3d at 211-19 (D.C. Va. 2002); and <u>Buckhannon Board & Care Home v.</u> <u>W.V. Dep't of Health and Human Res.,</u> 532 U.S. 598, 602 (2001).

The March 22, 2005 letter from Defendant Griffin showed that the Defendants relied on a clearly erroneous interpretation of the governing statute because of the clearly erroneous view that Plaintiff "was removed from the roster of attorneys and agents in April 1996, after being placed on disability inactive status with the Maryland state bar. The prospect of avoid the prospect of an adverse fees and costs award, was manufactured by fear of an award under the Americans with Disabilities Act of 1990 (ADA).

Inconsistently, however, the enclosed letter of May 15, 2007 from Defendant Griffin indicates that Plaintiff was not disabled, and was qualified and competent to take the July 16th and July 17th 2007 Patent Office examination. The intent was to deny Plaintiff access to prompt judicial review. And so, Defendants delayed granting the reasonable accommodation Plaintiff requested by *prior restraint*. The *prior restraint* was applied, for example, to include *prior restraint* of the granting of permission to prosecute Plaintiff's patent and trademark applications with limited recognition, including any reasonable accommodation of the expressive content of his advertisements of his name as an attorney. This was unjust, and caused irreparable damage to the public interest by denying <u>all</u> the requested reasonable accommodations requested, including accommodation for advertisements as alleged by Defendants, e.g., on pp. 15, 16, 25 and 27 of their 11/16/07 filing.

Defendant Griffin also said on 11/30/06 that having the reasonable accommodation of a test room alone was "moot," and so didn't need reasonable

accommodation, but no test room alone was ever given on July 16, July 17, or at any other time.

Also, the Defendants' did not give Plaintiff the oral hearing, or any other hearing or review he requested. This amounts to a fraudulent obstruction of justice in unconstitutionally denying access to review and reconsider discretionary actions or inactions, and/or administrative and judicial review. Also, the disciplinary action against Plaintiff being held in abeyance since 1996 is barred by the statute of limitations and laches, and by Plaintiff's showing that the PTO delayed in instituting or activating the same by their cross Motion to Dismiss on 11/16/07.

The failure to give Plaintiff the oral hearing he requested, and to answer his 7/11/06 and 5/21/07 Petitions for Reconsideration with fees of $130 each, are both subject to review in this Court.

Still further, the Doctrine of Acquiescence does not apply to a PTO disciplinary action in this case, because it doesn't apply in this case, or against any attorney, in the absence of an explanation as to how the doctrine was applicable to the case. According to Judge Green in the above-cited case of <u>Marinangeli v. Lehman,</u> 32 F.Supp.2d (D.D.C. 1998), "acquiescence" means there is some sort of implied consent to a certain action. And there was certainly no acquiescence by Plaintiff to substantially any of the significant actions by the Defendants against the Plaintiff from 1996 to the filing of their Motion to Dismiss, or to the present.

Plaintiff makes reference to one of many genuine issues of fact in dispute, by reference to the Defendants statement on page 16 of their 10/16/07 filing, where Defendants say that "OED provided <u>all</u> of the accommodations that Plaintiff requested on

the July 2007 patent examination," but they did not rebut the fact or presumption that they promised but failed to provide the reasonable accommodation of an enlarged MPEP, which is the most important part of the exam components that was requested to be enlarged.

Thus, this court should be reluctant to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted, and so this is a request to deny Defendants' Motion to Dismiss.

Indeed, it is well settled that, "A complaint should not be dismissed on this ground unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Latin American Agribusiness Development Corp., 711 F.2d 989, 995 (11th Cir. 1983). Plaintiff can prove such facts, so Defendants' Motion to Dismiss should be denied.

Plaintiff is alleged to have not explained or attempted to prepare and serve any legitimate basis to require discovery or a trial, not even concerning Defendants' obstruction of justice by a letter on June 15, 2000 in Defendants' Exhibit 33 to a person whose name was redacted on the letter in the Exhibit, about the secret tampering of Plaintiff's ID at an unidentified date in 1996 (Exhibit 33). But Defendants' attorney agreed to try to answer Plaintiff's interrogatories sent by E-mail on 12/12/07 concerning such tampering and or the failure of the "removal" of his name or ID. One interrogatory concerns the lack of publication to Plaintiff of his name in the OG. The secret "removal" would motivate the Defendants not to publish his name in the OG concerning the secret tampering of his ID and name on a PTO roster or register, such as the so-called "register" of attorneys and agents authorized to practice in the PTO.

To this end, there was a secret, handwritten note on August 28, 1996 on the letter in Defendants' 11/16/07 Exhibit 8, requesting that an otherwise unidentified person named "Pat" remove the name "Cornish" from an unidentified "roster" (Exhibit 8). This was one of many of Defendants' secret tampering with the register of attorneys at an unidentified date in April 1996 without any notice to Plaintiff until March 22, 2005 (Exhibit 17).

Plaintiff's request for enlargement of the time for Discovery is essential concerning the above facts, and the breaking and entry of the PTO computer to tamper with his ID and to receive stolen property belonging to Plaintiff but confiscated, condemned and seized by a "declaration of forfeiture." It is not necessary for the denial of Defendants' Motion to Dismiss that the forfeiture was under a statute, although Plaintiff claims statutes do apply. The forfeiture was real, and Plaintiff alleges the same under 37 C.F.R. 11.5 or 19 U.S.C. 1609 (b); and/or under 28 U.S.C. 2465, where Plaintiff is the claimant for whom the judgment was favorable in Maryland, DC and New York.

The forfeiture was real under provisions of federal law, comprising, inter alia, 37 C.F.R. 11.5, Article IV, 1 and 2 of the U.S. Constitution and 28 U.S.C. 1738, as well as judgments in favor of Plaintiff in the U.S. District Courts of the Southern and Eastern Districts of New York; said forfeiture being without his consent, agreement or acquiescence within 60 days after the date of the seizure, and without rebutting the presumption that the property is not subject to forfeiture because of the rebuttable presumption that the Plaintiff is "competent" under 37 C.F.R. 11.5 at the time even if the Defendants are granted deference in interpreting their own regulations, because this Court

13

can still find, as the Court did in In re Garner, Slip Op. 2007-1221 (Fed. Cir., Dec. 5, 2007 (Patently-O 12/06/07).

The Defendants' interpretation of the relevant statutes and the facts upon which their interpretation was based, are and were clearly erroneous (albeit, Plaintiff claims those facts to be genuine issues of fact in dispute because their finding of the facts was clearly erroneous). See Defendants' December 22, 2006 Exhibit 31. The facts are relevant without rebutting the statutory presumption of federal law under 28 U.S.C. 1738 and Article IV, 1 and 2 and the First and Fourth Amendments, that their secret tampering with Plaintiff's ID on his 2007 exam did not rebut the presumption of Plaintiff's competence to advertise his name as an attorney in his cited patent application.

Defendants also fail to rebut the constitutional presumption, which is a genuine issue of fact, that their censoring by *prior restraint* of Plaintiff's advertisement of his name as an attorney in his patent application S.N. 29/273,235, was unconstitutional.

Defendants additionally fail to rebut the statutory presumption that Plaintiff is "competent" under 37 C.F.R. 11.5 based upon his Certificate of Registration No. 19,240 and unspotted record of thirty or more years of successful practice.

The Defendants still further fail the test of obstruction of justice by the tampering with Plaintiff's ID, and/or the shifting of the burden on Plaintiff to rebut the presumption that he is "incompetent." Supreme Court of Virginia et al. v. Friedman, 487 U.S. 59 (1988); and FW/PBS, Inc. v. Dallas, 493 U.S. 215 (1990).

Defendants say that it is not necessary "to require discovery in order to resolve the dispositive issues set forth in support of Defendants' Dispositive Motion. That is not true.

On that basis alone, the Court should be reluctant to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted, and so this is a request to deny Defendants' Motion to Dismiss. Indeed, as stated, it is well settled that, "A complaint should not be dismissed on this ground unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Latin American Agribusiness Development Corp., 711 F.2d 989, 995 (11th Cir. 1983). Plaintiff can prove such facts, so Defendants' Motion to Dismiss should be denied.

The fact set on page 3 of Defendants' filing on 11/30/07, involves Plaintiff's alleged but unexplained "voluntary" but secret "removal," without notice to Plaintiff, which they say "was in lieu of OED commencing an investigation" of a secret, scurrilous, libelous, unsupported, and inadmissible hearsay of what Plaintiff said (see Exhibit 3 filed on 10/16/07 and now under seal). Exhibit 3 was submitted on November 7, 1995 to the "Office of Enrollment" (Exhibit 3), but was never given any ID or investigated, and no copy was sent to Plaintiff until 10/16/007, which was long after the statute of limitation had run thereon.

Again, this court should be reluctant to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted, and so this is a request again to deny Defendants' Motion to Dismiss or for Summary Judgment, to reconsider the denial of denial of the Motion to Dismiss, or to stay implementation for an appeal of the denial of Plaintiff's Motion to defer the Motion to Dismiss. Indeed, it is well settled as already stated, that, "A complaint should not be dismissed on this ground unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Latin American Agribusiness Development Corp., 711 F.2d 989,

15

995 (11th Cir. 1983). Plaintiff can prove such facts, so Defendants' Motion to Dismiss should be denied.

Still other genuine facts and issues that are in dispute are as follows;

1.      Defendants cite the case of New Hampshire v. Piper, 470 U.S. (1985) on page 29 of their 10/16/07 filing, and Jones v. Board of Com'rs Of Alabama State Bar, 737 F.2d 996 (1984) for Plaintiff's "removal" on page 3 of their 11/30/07 filing, but no factual evidence is provided for Plaintiff's "removal " on the basis that he was not "qualified,' i.e., no evidence was submitted by Defendants to rebut the presumption that he was not "competent" or was "incompetent" on that date. On the contrary, that is a genuine issue of fact in dispute, because Defendants didn't rebut the presumption that he was "competent" at the otherwise unidentified time that he was "removed." Plaintiff was also "competent" to be an agent or an attorney but his privileges and immunities were sacrificed at the alter of Defendants' need to obstruct justice and/or to do so fraudulently, no matter what the facts were at the time.

2.      The Defendants intended the "removal" of Plaintiff's privilege and immunity guaranteed by Article IV, 2, in agreement with Supreme Court of Virginia v. Friedman, 487 U.S. 59 (1988), which was not cited by Defendants on page 29 of their 10/16/07 filing, wherein an attorney was admitted without passing the bar exam, citing New Hampshire v. Piper, 470 U.S. 274 (1985), on the assertion that the

16

applicant was well qualified and "competent" without rebutting a presumption that she was "incompetent."

3. In <u>Jones v. Board of Comm'rs of Alabama State Bar</u>, 737 F.2d 996 (1984), cited by Defendants, but not available to Plaintiff until now, the applicant was not a regular member of the bar, such as Plaintiff is, and nevertheless it was said that it not necessarily true that all who fail the bar exam five times would be incompetent attorneys.

4. A handwritten note on August 28, 1996 in Defendants 11/16/07 Exhibit 8, was by an administrative seizing initiated by Defendants or their predecessor secretly under provision of federal law, i.e., 37 C.F.R. 11.5, as cited on page on page 2 of Defendants' 11/30/07 filing.

5. Defendants forced confiscation, condemnation and forfeiture of Plaintiff's property as contraband in his Certificate of Registration No. 19,240, without notice to Plaintiff and not by his request, but by the obstruction of justice, on the basis of an inadmissible, scurrilous and libelous hearsay (Exhibit 3), known at the time to have been resolved in a binding admission to the Court of Appeals of Maryland by the Maryland Bar Counsel that Plaintiff "has taken steps to resolve the matter." (Exhibit 4).

6. This rebutted any presumption that Plaintiff was "incompetent," and any rebuttable presumption that the seizure should not be reversed.

The relevant judicial proceedings in Maryland, DC and New York are provided in the attachments hereto, or the Defendants'

7.    In Defendants' Exhibit 22, the citation of 327 Md. 235 (2003), was in favor of the Plaintiff;

8.    Thus, the claimant in this case, substantially prevailed in that case and by incorporation by reference in this case. He also prevailed in the District Court of the Southern District of New York in federal cases. was caused to be "forfeited" by Defendants because Plaintiff is the "claimant" in the cases in his favor, where the forfeiture was made under federal law, including 37 C.F.R. 11.5, as cited on page 2 of Defendants' 11/30/07 filing. and 28 U.SC. 1738, which provides full faith and credit of that judgment in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken. Thus, that forfeiture by a judgment in Maryland has the same force and effect in this Court as it did in Maryland (also reference is made to DC and NY judgments), and seized by Defendants under Federal Law by a secret handwritten note on August 28, 1996, copied in Exhibit 8.   which was not "Pursuant to your request," as stated in Exhibit 17 by Defendant Griffin. the following genuine issues of fact in dispute conflated by Defendants, and a case not available to Plaintiff until now, which related to the facts cited on 10/16/07 in the case reference of Jones v. Board of

<u>Commissioners Of Alabama State Bar, et</u> al, 737 Fed.2d 996 (11th Cir. 1984).

9.      The fact in that case is opposite to the fact in dispute in this case, as follows: In that case the fact in dispute was the "competency" of the appellant, in which there was a reversible presumption of "<u>incompetence,</u>" because the applicant never passed any of 5 examinations. In this case, there is a reversible presumption of Plaintiff's "<u>competence</u>" because he passed the Patent Office exam on April 28, 1958. The reversible presumption of "competence" is also based upon the <u>fact</u> in dispute that Plaintiff successfully practiced before the PTO for over 30 years, after which there was an unsuccessful attempt to illegally, administratively and secretly strip his license to practice without notice to Plaintiff at a still uncertain and unknown date according to a handwritten note on August 28, 1996 in Defendants' 10/16/07 Exhibit 8, which was a request to "please remove and the otherwise unidentified name "Cornish" from the "roster." That is the only evidence in the record that Plaintiff's name was ever "removed" from anything until June 15, 2000, again without notice to Plaintiff or an opportunity for a hearing, as evidenced in Exhibit 33 by Defendant Moatz' letter closing the matter. It is now finally closed by the statute of limitations. In Exhibit 17, Defendant Griffin states a <u>new</u> ground for the ex post facto "removal" that is without foundation in fact and is so far

without probable cause, on the basis of a scurrilous, libelous hearsay statement of what Plaintiff allegedly said in 1955, in a document that is inadmissible and barred by the statute of limitations.On page 8 of Defendants' 11/30/07 filing, it is asserted that "Plaintiff's desired relief remains exactly the same" (emphasis added). Defendants' say that, "he is asking the Court to order his reinstatement to the USPTO register" (emphasis added).

a.  This is obviously a genuine issue of fact in dispute, and Plaintiff incorporates by reference his earlier and continuing opposition to this assertion in this Motion and Memorandum and earlier Motions and Memoranda and Oppositions to their Motion to Dismiss.

b.  However, this would document Defendants' conflation or misstatement of what they say is their search for the most qualified candidate by a standardized, legitimate, and non-discriminatory process of administering the Patent Office test, when in fact it is the failure to provide an "alternative" test for Continuing Legal Education of Plaintiff without reasonable accommodations for his well documented "impairments" that are not in dispute, but which Defendants referred to on March 22, 2005, as a "disability inactive status with the Maryland State Bar" in their 110/16/07 Exhibit 17.

c.  In fact, Plaintiff has consistently requested a Preliminary and Permanent Injunction to prevent Defendants from withholding an "alternative" to *censorship* by *prior restraint* that would preserve the

*status quo* of preventing the continuance of *prior restraint* to deny him

the reasonable accommodation that Plaintiff needs to advertise his

name as an attorney in a patent and trademark application, even *his*

*own* applications.

10.    Defendants continually and mistakenly assert what they believe is Plaintiff's

desired relief in this Court, but this is an obvious conversion of Plaintiff's Motion

for a Preliminary Injunction to maintain the *status quo* before this Court can grant

Defendants' Motion to Dismiss or, Alternately for Summary Judgment, which

would change the *status quo* in the face of what Plaintiff would call an admission

of a genuine issue of fact in dispute upon which Plaintiff has "fair" chance of

ultimately prevailing on the basis of the genuine issues of facts in dispute and

precedent, including Supreme Court of Virginia v. Friedman, 487 U.S. 59 (1980),

which indeed did grant what Defendant claims Plaintiff is seeking, namely a

license to practice law without passing the "required" examination.

11.    Assuming arguendo that a motion pursuant to Federal Rule of Civil Procedure 64

was an appropriate avenue for seeking reinstatement to the USPTO register, as

Defendants allege on page 8 of their 11/30/07 filing, they don't' admit that this represents

an opposition to their Motion to Dismiss, which is an earlier filing upon which the Court

has not made a decision on substantive grounds, based on Plaintiff's earlier filings.

Accordingly, this is a genuine issue of fact in dispute as to Plaintiff's opposition to

Defendants' still undecided 11/0707 request to remove access to the Court by a Motion to

Dismiss, as well as their continuing unproven argument that "Plaintiff's desired relief remains exactly the same: "he is asking the Court to order his reinstatement to the USPTO register," which would be a Motion for Mandamus instead of injunction.

12. Defendants admit on page 6 of their 11/30/07 filing that Plaintiff's 11/19/07 filings "seem to suggest that the Plaintiff is requesting that the Court grant him new interim relief." This is true because of Defendants' varied motions, including their new, disturbing, and draconian Motion to Dismiss on grounds that there are no genuine issues of fact in dispute, when the Defendants' admit that there are issues in dispute that are conflated with issues that are not in dispute.

    a. For example, the Defendants admit that all attorneys have a right to practice in the Trademark Office, but they dispute Plaintiff's right to practice there because of an eleven year old matter that is barred by the statute of limitation, but which is still under investigation. See Exhibits 8 and 33. See also Exhibit 17, paragraph 3, in which Defendant Griffin makes the inadmissible, unsubstantiated, libelous, hearsay accusation in dispute, as follows: "Pursuant to your request, you were removed from the roster of registered patent attorneys and agents in April 1996, after you were placed on disability inactive status with the Maryland State bar."

    b. That is impossible, because the Maryland State bar has no such power.

It is time to balance the challenges in this case by the Defendants' outright, unfair and secret condemnation, confiscation, denial and prior restraint of Plaintiff's expression, voice, right to speak and publish in this case except under seal, or at all because of prior

restraint of his expression in his patents and trademarks, which is prevented from publication because of prior restraint. That is a fundamental and genuine issue of fact concerning an agency action in dispute. It is a final agency action made reviewable with prompt judicial review by the Constitution. And the required subject mater jurisdiction and standing of the Plaintiff in this Court are present.

To this end, Plaintiff has timely opposed Defendants' 11/07/07 Motion to Dismiss Or, Alternately For Summary Judgment by an enlargement of time to respond. Plaintiff also timely opposes their 11/30/07 Memorandum of Points and Authorities In Opposition to Plaintiff's filings because a jury could reasonably find for the Plaintiff as to the many genuine issues of fact in controversy in this case. Thus, the Court should deny Defendants' Motion to Dismiss Or, Alternately Summary Judgment.

Genuine issues of fact were are not fairly recognized or were unfairly denied by Defendants, and this Court is obliged to require fairness in this and other matters involved in this case. Fairness is required to be evaluated by the Court, in order to provide the required fairness to both parties, and this required an extension of time to implement fairness and that was granted.

Also, there is no way of knowing in advance how many of the genuine issues of fact that remain will be accepted by the Court or permanently sealed so as to keep the burden from being shifted to the Plaintiff. A jury could obviously find for the Plaintiff on the genuine issues of fact that are not sealed according to the Seal Order that was requested by the Defendants. And Defendants Motion to Dismiss will deny these facts to a jury.

The Defendants 11/07/07 Dispositive Motion to Dismiss or, Alternately For

Summary Judgment, is obviously unfair to Plaintiff because Defendants' 11/07/07,

Motions, and 11/19/07 and 11/30/07 Oppositions overlap Plaintiff's 11/09/07 and

11/19/07 filings so that even if Plaintiff filings were made in a timely manner to respond

to the matters inside and outside of the pleadings, the many genuine issues of fact in

controversy require additional time to explore and evaluate properly, including by

discovery before and by testimony during a determination on the merits.

Respectfully submitted,

*Cornell D. M. Judge Cornish*

Cornell D.M. Judge Cornish
1101 New Hampshire Ave., NW
Suite 301
Washington, DC 20037
(202) 429-9705
cornishj@erols.com

Date:    12/18/07

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

**Case: 07-cv-01719 (RWR)**

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that service of the foregoing has been made by hand

delivering a copy thereof to:


W. Mark Nebeker, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
(202) 514-7230

on this 18 day of December, 2007.

*Cornell D. M. Judge Cornish*
_____
Cornell D.M. Judge Cornish, Pro Se
1101 New Hampshire Ave., NW
Suite 301
Washington, DC 20037-1502
(202 429-9705

Date: 12/18/07