UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

Cornell D.M. Judge Cornish, Esq.    )
                                    )
          Plaintiff *Pro Se*        )
                                    )
v.                                  )
                                    )
JON DUDAS, et al                    )
                                    )
                                    )
          Defendants                )

**RECEIVED**
DEC 1 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

07-CIV- 01719 (RWR)

**MOTION FOR APPOINTMENT OF COUNSEL; AND ENLARGEMENT
OF TIME FOR DISCOVERY**

This Motion for the appointment of counsel and the enlargement of the time for discovery have been supported and explained in the attached Memoranda of Points and Authorities, and the cited enclosures herewith. Also, the Defendants' attorney has agreed to try to obtain answers to Plaintiff's interrogatories filed by E-mail.

Accordingly, the granting of these Motions is requested.

                              Respectfully requested,

                              */s/ Cornell D.M. Judge Cornish*

                              Cornell D.M. Judge Cornish, Pro Se
                              1101 New Hampshire Ave., NW
                              Suite 301
                              Washington, DC 20037-1502
                              (202 429-9705

Date: 12/18/07

1

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

Case: 07-cv-01719 (RWR)

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that service of the foregoing has been made by hand delivering a copy thereof to:

W. Mark Nebeker, DC Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
(202) 514-7230

on this 19th day of November, 2007.

*Cornell D. M. Judge Cornish*
_____
Cornell D.M. Judge Cornish, Pro Se
1101 New Hampshire Ave., NW
Suite 301
Washington, DC 20037-1502
(202 429-9705

Date: 12/18/07

Encl: 1. True copy of Order 2/10/06
      Decision & Order
      On Appln. For Reinstatement
      Matter of Cornish, Cornell D.M.J.
      Attorney Reg. No. 1868975
      Supreme Court of New York
      Appellate Division: 2d Dpt.
2. Copy Certificate of Authority To Marry
      State of New York Unified Court System
      February 11, 1999
3. Copy of Order Nov. 16, 2000
      District of Columbia Court of Appeals
      Reinstatement
      Cornell D.M. Judge Cornish
4. Letter of November 30, 2006
      From Defendant Griffin to
      Cornell D.M. Judge Cornish
5. Letter of May 15, 2007
      From Defendant Griffin to
      Cornell D.M. Judge Cornish

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION:SECOND DEPARTMENT
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x   RADI No. 1997-11662

In the Matter of CORNELL D.M.J. CORNISH,
Admitted as CORNELL D. CORNISH,
A Suspended Attorney.

                                                             **NOTICE OF ENTRY**

(Attorney Registration No. 1868975)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

S I R :

     PLEASE TAKE NOTICE that the within is a true copy of an Order duly made and entered in the above-entitled Court and filed in the Office of the Clerk of the Appellate Division of the Supreme Court, Second Department, on February 2, 2006.

Dated: Hauppauge, New York
       February 10, 2006

                                           Yours, etc.,

                                           RITA E. ADLER, Chief Counsel
                                           GRIEVANCE COMMITTEE FOR THE
                                           TENTH JUDICIAL DISTRICT
                                           150 Motor Parkway, Suite 102
                                           Hauppauge, New York  11788

                                           _____
                                           NANCY B. GABRIEL, Of Counsel

TO:  CORNELL D.M.J. CORNISH, ESQ.
      1101 New Hampshire Avenue, NW, Suite 301
      Washington, DC  20037-1502

# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

M35480
K/nal

ANITA R. FLORIO, J.P.
HOWARD MILLER
ROBERT W. SCHMIDT
THOMAS A. ADAMS
DANIEL F. LUCIANO, JJ.

1997-11662

In the Matter of Cornell D.M.J. Cornish,
admitted as Cornell D. Cornish,
a suspended attorney.

(Attorney Registration No. 1868975)

DECISION & ORDER ON APPLICATION
FOR REINSTATEMENT

Application by the respondent, Cornell D.M.J. Cornish, for reinstatement as an attorney and counselor-at-law. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 23, 1982, under the name Cornell D. Cornish. By order of the Maryland Court of Appeals dated December 4, 1995, the respondent was placed on inactive status and his name was stricken from the register of attorneys in the State of Maryland. By subsequent order of the same court dated February 7, 1996, the respondent's application for dissolution or amendment of his inactive status was denied. By decision and order of this court dated March 16, 1998, the Grievance Committee's motion to impose reciprocal discipline upon the respondent based upon the disciplinary action taken against him by the Maryland Court of Appeals was held in abeyance pending a hearing at the respondent's request. By opinion of the District of Columbia Court of Appeals dated March 27, 1997, the respondent was suspended indefinitely from the practice of law in the District of Columbia based on the action of the Maryland court, with his reinstatement conditioned upon a showing of fitness. By order of the United States District Court for the Southern District of New York dated April 3, 1996, the respondent was suspended from the practice of law in that court pending his reinstatement in Maryland. By opinion and order of this court dated August 17, 1998, the respondent was suspended from the practice of law in the State of New York for a period of five years, with his reinstatement to the New York Bar conditioned upon his reinstatement to the Maryland Bar. In a decision and order appended to that opinion, the respondent's motion, inter alia, for summary judgment or a new trial was denied. By decision and order of this court dated November 20, 1998, the respondent's motion, inter alia, for leave to appeal this court's decision and order dated August 17, 1998 to the

Court of Appeals was denied. By order dated November 16, 2000, the District of Columbia Court of Appeals reinstated the respondent to the District of Columbia Bar. By order of the Maryland Court of Appeals dated October 3, 2003, the respondent was reinstated to the practice of law in Maryland. By decision and order of this court dated November 1, 2004, the respondent's application for reinstatement as an attorney and counselor-at-law was held in abeyance and the matter referred to the Committee on Character and Fitness to investigate and report on the respondent's current fitness to be an attorney, including but not limited to the respondent's admission to the Maryland Court of Appeals that he was "unable and has no desire to cope with the demands of the practice of law," and the position of the New York Lawyer's Fund for Client Protection with respect to the respondent's application for reinstatement.

Upon the report of the Committee on Character and Fitness, it is

ORDERED that the application is granted; and it is further,

ORDERED that, effective immediately, the respondent is reinstated as an attorney and counselor-at-law and the Clerk of the court is directed to restore the name of Cornell D.M.J. Cornish, admitted as Cornell D. Cornish, to the roll of attorneys and counselors-at-law.

FLORIO, J.P., H. MILLER, SCHMIDT, ADAMS and LUCIANO, JJ., concur.

ENTER:

*James Edward Pelzer*
James Edward Pelzer
Clerk of the Court

SUPREME COURT, STATE OF NEW YORK
APPELLATE DIVISION SECOND DEPT
I, JAMES EDWARD PELZER, Clerk of the Appellate Division of the Supreme Court, Second Judicial Department, do hereby certify that I have compared this copy with the original filed in my office on 2/2/06 and that this copy is a correct transcription of said original.
IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of this Court on 2/3/06
*James Edward Pelzer*

February 2, 2006

MATTER OF CORNISH, CORNELL D.M.J.

Page 2.

Nº 001038



# State of New York
# Unified Court System

THIS WILL CERTIFY, that in accordance with Section 212, Subdivision (j) of the Judiciary Law

**HON. CORNELL D.M. JUDGE CORNISH**

has been certified to solemnize marriages commencing _____February 11, 1999_____

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Seal of the said Unified Court System at The City of New York in The State of New York this ___9th___ day of ___February___, A.D., 19 __99__.

_____
Chief Administrative Judge

Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.

# District of Columbia Court of Appeals

No. 00-BG-836

IN RE CORNELL D. M. JUDGE CORNISH, RESPONDENT.

A Member of the Bar
of the District of Columbia Court of Appeals

On Report and Recommendation
of the Board on Professional Responsibility

(Submitted October 31, 2000   Decided November 16, 2000)

Before SCHWELB and RUIZ, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM: On April 15, 1996, this court ordered that Cornell D. M. Judge Cornish, then a member of our Bar, be suspended from practice, with reinstatement conditioned upon a showing of fitness. See In re Cornish, 691 A.2d 156, 157-58 (D.C. 1997) (per curiam). Cornish's suspension resulted from reciprocal proceedings by our Bar Counsel following proceedings in Maryland in which Cornish acknowledged that he was then unable to cope with the demands of the practice of law. Id. at 157.[1]

On August 18, 1998, Cornish filed a motion for reinstatement with our Board on Professional Responsibility. On June 30, 2000, the Board found, by clear and convincing evidence, that Cornish had demonstrated his fitness to resume the practice of law. The Board therefore recommended that Cornish be reinstated to the Bar of this court.

---

[1] See Attorney Grievance Comm'n v. Cornish, 667 A.2d 916 (Md. 1995).

2

Bar Counsel has advised the court that she does not except to the Board's recommendation. Under the circumstances, the substantial deference that we accord to the Board's findings and recommendations is even greater. See In re Goldsborough, 654 A.2d 1285, 1288 (D.C. 1995). Accordingly, Cornell D. M. Judge Cornish is hereby reinstated to the Bar of this court.

*So ordered.*

Clerk of the ⎯⎯⎯⎯⎯⎯⎯⎯ Court
of Appeals

BY ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
DEPUTY CLERK



UNITED STATES PATENT AND TRADEMARK OFFICE

OFFICE OF ENROLLMENT AND DISCIPLINE

November 30, 2006

Mr. Cornell D.M. Judge Cornish
1101 New Hampshire Avenue, NW
Suite 301
Washington, DC 20037-1502

PERSONAL AND CONFIDENTIAL

Dear Mr. Cornish:

The Office of Enrollment and Discipline ("OED") is carefully considering your Petition for Review submitted July 12, 2006. A Decision on that Petition will issue in due course. However, as discussed below in greater detail, at this time OED is hereby offering to administer to you a paper-based examination without requiring you to pay additional application or examination fees.

BACKGROUND

You applied for the paper-based registration examination on April 10, 2006, and a Notice of Admission was mailed by OED on April 25, 2006. Your application was accompanied by a cover letter in which you requested:

1. a "reasonable accommodation for a printed examination with LARGE PRINT due to lack of sufficient light levels in the room;"

2. that you not be required "to sit for the examination with all the other test takers on July 12th that are not disabled, as that might expose [you] to ridicule, or coerce [you] unwillingly to reveal confidential, difficult or private explanations concerning [your] certification or [your] medical history;" and

3. an unspecified amount of extra time on the basis that "[i]ncreased time would somewhat lessen the coercion suffered, although that couldn't satisfy the need for larger print and more light."

Your request for a large type font on the printed examination was approved by OED on May 24, 2006. The request for a separate testing room and

additional time were disapproved as being unsupported by medical documentation.

On June 8, 2006, you filed an additional request for a separate testing room and additional time. In support of the request, you submitted a letter from George Bren, M.D. that stated:

> Mr. Cornell D. M. Judge Cornish is under my professional care for treatment of coronary heart disease. He had four-vessel coronary bypass surgery in 1982, and had a stent placed in one of his bypass grafts in 2003.

An unofficial birth certificate showing your birth date was also submitted. However, OED found this documentation to be insufficient to support the request for a separate room and additional time.

The registration examination was administered on July 12, 2006. On that same day, you submitted your Petition for Review along with supporting exhibits. As noted above, a Decision on the Petition for Review will be issued separately. For the purposes of this letter, however, it is noted that the Petition for Review includes a June 28, 2006 letter from Dr. Bren that states:

> [Judge Cornell Cornish] has asked me to write a letter on his behalf. He will soon be taking an examination. He wanted me to inform the individuals who supervise the examination that he is 77 years old and that he would like to be permitted to have additional time allotted for the completion of the examination in view of his age and health issues related in part to his age.

Although your submission of this letter from Dr. Bren was too late for consideration in connection with the July 12 administration of the examination, the letter has been considered here.

Discussion

In reviewing your application file, OED noted that the accommodation approved in response to your request, *i.e.*, an examination with large print, was provided along with a desk lamp when you sat for the examination on July 12. It appears, however, that the answer sheet and the Manual of Patent Examination Procedure ("MPEP") provided at the July 12 examination used standard print size. Although it is unclear whether this had an adverse effect on the final examination score, OED has decided to offer you a one-time opportunity to sit for the registration examination without the payment of additional government fees.

Should you decide to accept this offer, OED will make arrangements for you to sit for the registration examination at USPTO facilities during regular business hours on a mutually convenient government business day on or before January 31, 2007. The examination and answer sheets will be presented in 14 point Arial font. OED also will provide several magnifiers that may be used by you in viewing the MPEP, and will permit you to bring your own magnifying device should you so choose. A desk lamp will be provided for supplemental light.

Your request for a separate room remains unsupported by proper documentation. However, the request for a separate room is effectively moot in that you will be the only test candidate present at this administration of the examination.

With regard to your request for an unspecified amount of additional time, this request remains unsupported by proper documentation. Dr. Bren's June 28 letter merely states that you indicated a desire to have additional time allotted for completion of the examination. The letter is not "[s]upporting documentation, less than one year old, certifying the current severity of the disability and certifying that the accommodations requested are necessary for this disability ... sent by a licensed physician who has evaluated the condition." Thus, the request for an unspecified amount of additional time remains disapproved.

Cornell D.M. Judge Cornish                                                                    Page 4

### FURTHER STEPS

If you choose to accept the offer outlined above, please contact Ms. Christine Nucker on 571-272-4097 as soon as possible so that appropriate testing arrangements may be made.

Very truly yours,

William J. Griffin, Staff Attorney
Office of Enrollment and Discipline



## UNITED STATES PATENT AND TRADEMARK OFFICE

OFFICE OF ENROLLMENT AND DISCIPLINE

May 15, 2007

Mr. Cornell D.M. Judge Cornish
1101 New Hampshire Avenue, NW
Suite 301
Washington, DC 20037-1502

Dear Mr. Cornish:

Pursuant to your telephone discussion with Ms. Christine Nucker, you have been scheduled to sit for USPTO administration of the registration examination on Monday, July 16 and Tuesday, July 17, 2007. Furthermore, you will be refunded the application and examination fees submitted with your most recent application.

Based on your submissions, the following accommodations have been approved:
- Four hours per examination session, with the first session administered on Monday, July 16 and the second session administered Tuesday, July 17;
- Fourteen point print font on the examination booklet and answer sheet;
- Magnifiers provided to assist reading the Manual of Patent Examining Procedure;
- Additional lighting; and
- A testing room separate from the main testing room.

Your admission letter is attached. Should you have any questions concerning administration of the examination, you may contact Ms. Nucker on 571-272-4097.

We also note that you have requested limited recognition to prosecute design patent application no. 29/273,235. You are the named inventor on the application and therefore may prosecute the application *pro se* should you choose to do so. Accordingly, your request for limited recognition to prosecute the application is denied as moot.

Very truly yours,

William J. Griffin, Staff Attorney
Office of Enrollment and Discipline

moot 11/30/06