**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

RECEIVED

JAN - 4 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CORNELL D.M. JUDGE CORNISH,    )
    )
    Plaintiff *Pro Se*    )
    )
v.    )    CASE  07-cv-01719 (RWR)
    )
JON DUDAS, et al.,    )
    )
    Defendants    )
_____ )

## NOTICE OF FILING

Plaintiff hereby notifies the Court and Defendants of the filing of the accompanying

Motion for an Enlargement of Time by Tolling the Filing of Plaintiff's Complaint Because of

Unavoidable and Unintentional Delay; and Memorandum In Support Thereof.

Respectfully submitted,

*Cornell D. M. Judge Cornish*
Cornell D.M. Judge Cornish
1101 New Hampshire Ave., #301
Washington, DC 20037-1502
(202) 429-9705
cornishj@erols.com

Date: 1/4/08

1

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

CORNELL D.M. JUDGE CORNISH,          )
                                     )
                    Plaintiff *Pro Se*   )
                                     )
v.                                   )          CASE  07-cv-01719 (RWR)
                                     )
JON DUDAS, et al.,                   )
                                     )
                    Defendants       )
_____    )

### PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME BY TOLLING BECAUSE OF UNAVOIDABLE AND UNINTENTIONAL DELAY

Plaintiff Moves for an enlargement of time by tolling to file complaint because of unavoidable and unintentional delay.

Plaintiff was unavoidably delayed and unintentionally delayed in filing his complaint for a Preliminary Injunction.

In accordance with 37 C.F.R. 1.137 (a) and the Local Rule of this Court, the critical date for filing of Plaintiff's complaint can be enlarged by tolling, restarted, and revived because the delay in filing the complaint was unavoidable, and because the critical date for filing is not jurisdictional. Also, the critical date for filing of Plaintiff's complaint can be enlarged by tolling restarted, and revived because the delay was unintentional. To this end, the critical date for filing the complaint can be enlarged by tolling, restarted, and revived because the delay in the filing Plaintiff's complaint was unintentional in accordance with 37 C.F.R. 1.137 (b).

The delay in filing the complaint was unavoidable and unintentional because Plaintiff was unavoidably delayed in learning the date that the Defendants' made their Notice of August 22, 2007 final. The Notice was constitutionally insufficient in informing the Plaintiff that it was final because it incorrectly notified Plaintiff of an examination he did not take. To this end, the

1

Notice stated it was for an examination on July 16, 2007, when in fact the examination Plaintiff took was on both July 16th and July 17th 2007. Also, the ID number on the Notice was incorrect. The ID on the examination Plaintiff took was his Registration Certificate No. 19240, but the Notice ID was 41361. Thus, Plaintiff immediately Petitioned for a reconsideration of the Notice, and it was not until October 4, 2007, that the Defendants attempted to clarify their mistakes and to correct the Notice. To this end, they re-dated, revived and renewed the Notice, and enlarged the critical date for making the Notice final, and for responding and appealing the finality of the Decision embodied in the Notice to make it applicable to the July 16th and July 17th examination, an to correct the ID by notifying Plaintiff that they had secretly changed the ID number of the examination that Plaintiff took on July 16th and July 17th form 19240 to 41361.

Still further, Plaintiff on July 12, 2007 had Petitioned for Reconsideration of the Defendants' refusal to provide reasonable accommodations for taking the examination, as admitted on page 21 of Defendants' 10/16/07 Opposition [7] to Plaintiff's Complaint. Also, immediately after receiving the Notice of August 22, 2007, Plaintiff notified the Defendants of the incorrect nature of the Notice, and asked for re-dating, reviving, renewing and enlarging of the critical date for making the Decision Final.

It was not until October 4, 2007, that Defendants' re-dated, revived, renewed and enlarged the critical date for responding to the finality of the August 22, 2007 Notice. Thus, it was impossible and unavoidable, and also unintentional not to delay the filing of Plaintiff's Complaint, because of the constitutional insufficiency of the Notice, the mistakes of the Defendant and the incorrect nature of the Notice until it was corrected and Plaintiff was informed of the corrections on 10/16/07 by Defendants filing of Exhibit 31 on 10/16/07 [7], and their final response on that date to Plaintiff's Petition for Reconsideration on July 12, 2007.

2

As admitted on page 21 of Defendants' 10/16/07 Opposition [7]. Plaintiff's Petition regarding the lack of reasonable accommodation for the July 2007 examination satisfied the 60 day period under the USPTO regulations; and in view of Defendants mistakes and the constitutionally insufficient nature of the Notice of August 22, 2007 to sufficiently notify Plaintiff of its finality on that date, it was unavoidable and unintentional for Plaintiff not to have delayed the filing of his Complaint, and/or otherwise not to have met the critical timing date for the filing of his Complaint.

Still further, it became apparent on October 16, 2007 from Defendants Exhibits [7], that Defendants had concealed and suppressed important incriminating evidence and obstructed justice by inequitable, mistaken and fraudulent actions that made it unavoidable for Plaintiff not to have delayed the date upon which his Complaint was filed.  Also, the mistakes of the Defendants included clearly erroneous interpretations of their duty to inform Plaintiff with the necessary information he needed to file his Complaint without any delay in meeting the critical timing of his Complaint according to the Rules of the Court.

It is additionally submitted that Plaintiff's Complaint was timely filed without tolling, because his EEO and FOIA complaints and requests were finally rejected on 10/26/07 in Defendants' Opposition [7] or otherwise within the 30 day window allowed by the Court's Rules.

Accordingly, it is respectfully moved for the Court to toll the critical timing requirements for the filing of Plaintiff's Complaint sufficient to meet the Court's requirements, which, of course, are not jurisdictional, and, accordingly, to re-date, renew, and revive any timing insufficiency in the filing of Plaintiff's Complaint by tolling.

3

It would be manifestly unjust for the Court not to toll the critical date for the filing of

Plaintiff's Complaint until at least 30 days before October 16, 2007, and so tolling at least to that

date is respectfully requested by this Motion.

Respectfully submitted,

*Cornell D. M. Judge Cornish*

Cornell D.M. Judge Cornish
1101 New Hampshire Ave., #301
Washington, DC 20037-1502
(202) 429-9705
cornishj@erols.com

Date:  1/4/08

4

CASE  07-cv-01719 (RWR)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Plaintiff's Unopposed Motion for

Enlargement of Time, and Memorandum in Support, and in Support of Plaintiff's Motion under

Rule 12 To 'Defer Issues and Controversies that are not ripe for determination have been hand

delivering a copy thereof to:

W. Mark Nebeker
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
(202) 514-7230 fax (202) 514-8780


on this 4th day of January, 2008.


Respectfully submitted,

*Cornell D. M. Judge Cornish*

Cornell D.M. Judge Cornish
1101 New Hampshire Ave., #301
Washington, DC 20037-1502
(202) 429-9705
cornishj@erols.com

Date:   1/4/08

7

**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CORNELL D.M. JUDGE CORNISH, | ) |
| | ) |
| Plaintiff *Pro Se* | ) |
| | ) |
| v. | )    CASE 07-cv-01719 (RWR) |
| | ) |
| JON DUDAS, et al., | ) |
| | ) |
| Defendants | ) |
| | ) |

**MEMORANDUM AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
TOLL TIME FOR FILING OF COMPLAINT DUE TO UNAVOIDABLE AND
UNINTENTIONAL DELAY, WHEREBY PLAINTIFF CAN CONTINUE TO MOVE TO
DENY
DEFENDANTS' MOTION TO DISMISS OR, ALTERNATELY DEFENDANTS' SUMMARY
JUDGMENT**

Plaintiff takes no position for or against Defendants' Motion for an Enlargement of time

to Plaintiff's filings, up to and including January 7, 2008, due to unavoidable and unintentional

delay, as described herein. But Plaintiff Moves to toll the time for filing of his complaint for

Preliminary Injunction, if necessary to continue to Move for a Preliminary and Permanent

Injunction against Defendants' *prior restraint* of Plaintiff's constitutional rights, including

particularly his right to publish the subject matter of his pure, unedited, expression of the

religious content of his personal viewpoint as a Eucharistic minister and acolyte of his religious

Catholic calling to use his name and trademark, which are taken from the book of "Judges" in the

bible, and joined with his occupation to identity him as a living attorney in patent and trademark

applications under the speech, press and religion clauses of the First Amendment, including his

currently pending applications, which have been censored by Defendants' *prior restraint.*

Not only is the subject matter and expressive content of Defendants' *prior restraint* of

the subject matter and expressive content of Plaintiff's uniquely presented expression rights

1

unconstitutional under the speech, press and religious clauses of the First Amendment, as made manifest in such cited decisions as Parker v. Chakrabarty, 477 U.S. 303 (1980). Plaintiff's First Amendment rights have also been violated under the Due Process Clause because of the constitutionally insufficient notice of their final decision of *prior restraint* on August 22, 2007, but also because Defendant Griffin, Defendant Moatz's predecessor and Defendant Moatz himself have caused unavoidable and un-intentioned delay in filing of Plaintiff's Complaint.

As shown by Defendants' constitutionally insufficient Notice on August 22, 2007, and in Defendants' Exhibits 8 and 33, which are new evidence not available to the Plaintiff before the filing of Defendants' Opposition [7] on 10/16/07, that evidence, which is un-rebutted, shows that they acted intentionally, fraudulently and secretly as biased, grand jurors, investigators, prosecutors, and adjudicators against their own ethical duties, and in conflict of interest with those ethical duties, constraints and requirements, without authorization, by overreaching and clearly erroneous fault and by mistake with untrammeled, unsupervised, overbroad discretion, not only based upon unconstitutional statutes, but also as officials and attorneys of record in their own self-interest to save them from personal liability, damages, fees and expenses, by their own intentional, carefully reasoned, deliberate, clearly erroneous and biased interpretation of the record and those unconstitutional statutes after careful review of the record, and without any basis in fact, as described heretofore.

In re Murchison, 349 U.S. 133, 136 (1966), stands for the requirement for a "fair trial in a fair tribunal, as a basic requirement of due process. In that case, which is like this one, a showing has been made that raised serious questions under the federal Constitution. That is reason enough for denying a Motion to Dismiss. The Court found that a procedure which "empowered a judge under [state] law to sit as a [secret] one-man grand jury," as Defendants

2

mistakenly believe they are empowered to do by federal law, and as they have done in this case

by their 10/16/07 Exhibits 8 and 33 [7], using secret testimony, and to try and convict the

Plaintiff based upon that judge's own one-man or one-woman prejudice and selfish pre-judgment

bias, without notice to the Plaintiff or testing by adequate cross-examination, "is a denial of due

process," (albeit, testimony submitted in Exhibit 3, which was used in this case, was

inadmissible, scurrilous and libelous hearsay barred by the statute of limitations, and that

allowed for no exception by a holding of anyone in contempt of court).  As the author stated in

his Wigmore On Evidence, 1904 edition, "It may be that in more than one sense [cross-

examination] takes the place in our system which torture occupied in the medieval system of the

civilians.  Nevertheless, it is beyond any doubt the greatest legal engine ever invented for the

discovery of truth.  However, difficult it may be for the laymen, the scientist, or the foreign jurist

to appreciate its wonderful power . . . cross-examination, not trial by jury, is the great and

permanent contribution of the Anglo-American system of law to improved methods of trial

procedure." Washington Lawyer, Jacob A. Stein, p. 48, January 2008.

In Withrow v. Larkin, 421 U.S. 35 (1975), "a three-judge court declared that the statute

empowering the Board temporarily to suspend a physician's license with formal proceedings was

unconstitutional and preliminarily enjoined the Board from enforcing it on the ground that it

would be a denial of due process for the board to suspend expellee's license at its own contested

hearing on charges evolving form its own investigation." And the statutes forbad the practice of

the defendant's profession without a license based upon professional misconduct proscribing fee

splitting, and illegally practicing under any name other than the name under which his license

had been issued if the public would be misled, such practice would constitute unfair competition

with another person, or other detriment to the profession would result.

3

To enforce those provisions, the Examining Board was empowered to warn and reprimand, temporarily to <u>suspend</u> the defendant's license, and "to institute criminal action or action to revoke license when it finds probable cause therefor under criminal or revocation statute. . ." And in that case, adequate, constitutionally sufficient notice was given, and an investigative proceeding before the Examining Board was commenced. Aslo, a <u>hearing</u> was held, whereas, in this case no constitutionally sufficient notice was given, and no opportunity for a hearing was given. The Director of OED held a secret one woman grand jury hearing, and a simultaneous trial as judge and jury with a pre-judgment bias, without any investigation, witnesses, probable cause or any notice of any kind to Plaintiff. No notice of the unauthorized, constitutionally void, and, therefore, false, fraudulent and secret removal of his name from the OG was sent to Plaintiff. See the secret handwritten note dated August 28, 1996 in Defendants' Exhibit 8 [7], which asked for an otherwise unidentified person named "Pat" to "pls. Remove Mr. Cornish from the roster." And the letter of June 15, 2000 by Defendant Moatz published the libel without notice to Plaintiff in Exhibit 33 [7].

Accordingly, Plaintiff's Motion for tolling of the critical time for filing of his Complaint should be granted along with a Preliminary Injunction. And Defendants' Motion to Dismiss should be denied, along with their Motion for Summary Judgment.

Plaintiff will likely succeed on the merits and his Preliminary Injunction in his favor will in no way injure the Defendants or the public. It will enhance the public's right to know and restore the *status quo*. The lack of a preliminary injunction has, is and will irreparably injure Plaintiff's reputation, identify, trademark, religious beliefs and religious and legal standing in his profession in support of the First Amendment, and will discriminate against him and infringe his religious and property rights because of his age and religious beliefs in his calling and name if it

4

is not granted.  Likewise, the Defendants' *prior restraint* in and outside of the PTO will irreparably injure Plaintiff retroactively in the past and going forward indefinitely into the future unless the requested tolling and Preliminary Injunction is granted.

This injury started with Director Karen Bovard's threats, coercion and strategic mooting of any "investigation" held in "abeyance" up until the times that Defendants' notices, including Director Bovard's notice, and the Notice of August 22, 2007, which were all constitutionally deficient.   Her threat was to "remove" Plaintiff's name by strategic mooting within 30 days of March 4, 1996, save only if the abeyance of the "investigation" was reversed by a change of status action notice by Plaintiff, all of which unavoidably delayed Plaintiff's complaint.  A letter of Plaintiff's "intent" by itself would have been insufficient to institute an investigation or insure the continuance of the strategic mooting of Plaintiff's "removal."

The constitutionally insufficient notices of March 4, 1996 in Exhibit 8; January 15, 2000 in Exhibit 33; March 22, 2005 in Exhibit 17, without any doubt, all were unilaterally and maliciously intended to coerce Plaintiff into delaying the date of his Complaint, and to coerce him into silence by obstructing his right to the hearing and access to judicial review that he invited, desired and requested.  All unavoidably and unintentionally caused him to delay the filing of his Complaint, and the change of his position to his detriment due to the coercing of the Plaintiff to surrender his right to practice in the Trademark Office.  This has retroactively caused, is causing, and will cause irreparable injury to the Plaintiff in the future, as described heretofore Therefore, the lack of a preliminary injunction will irreparably injure Plaintiff's <u>privileges</u> and <u>immunities</u> as a professional attorney and official who is an authorized Religious and Eucharistic Minister and Acolyte who institutes marriages as a Eucharistic minister and acolyte inside and outside the Catholic church, whereby he can earn a living as a professional attorney in the state

5

of New York, according to his religious beliefs and the participants' religious beliefs (albeit, he is also authorized and privileged to make his living in his profession, and to hold himself out as an attorney, a trademark attorney, a patent attorney and an intellectual property law attorney in Maryland and the District of Columbia, as well as the District Courts of the Eastern and Southern Districts of New York, the CAFC and the Supreme Court of the United States – also the U.S. Tax Court). He is also authorized to earn his living as a contractor by examining PCT applications forwarded to him by a contract with the Defendants. Since the Defendants have ignored these issues and the truth of the facts involved, the Court can assume that they are admitted by the Defendants as long as they remain unanswered by them. And for these reasons the Defendants' Motions to Dismiss and for Summary Judgment should be denied, and Plaintiff's Motion for a Preliminary Injunction should be granted.

In view of the above-mentioned and other obvious reasons described in Plaintiff's filings, 1) it is hereby submitted that Plaintiff's Motion to Toll the filing of his Complaint by an Enlargement of the Time due to unavoidable and unintentional delay should be granted at least to October 16, 20007; 2) Plaintiff's Motion for Preliminary Injunction should be granted; and 3) the Defendants Motion to Dismiss should be denied. The Court is requested to maintain the proceedings under seal that are currently under seal.

Also, the Court is requested to file the following list of references as the submission of a Supplemental List of cases relevant to the undisputed and disputed facts involved (with * referring to new or supplemental citations relevant to those already cited):

6

STATEMENT OF REFERENCES

1. Aharonian v. Carlos Gutierrez, Civil Action No. 07-1224 (JR) (D.D.C. 2007) under the APA and 35 U.S.C. 3 (b) against USPTO;

2. *Americable Int'l Inc. v. Dep't of the Navy, 129 F.3d 1271, 1274 n. 5 (D.C. Cir. 1997);

3. Animal Legal Defense Fund v. Quigg, 932 F.2d 920, 929 (Fed. Cir. 1991);

4. *Baird v. State Bar of Arizona, 401 U.S. 1 (1971);

5. Bantam Books, Inc. v. Sullivan, 372 U.S. 58, 70 P. 57 (1963);

6. *Bates v. Little Rock, 361 U.S. 516 (1960);

7. Bates v. State Bar of Arizona, 433 U.S. 350 (1977);

8. Buckhannon Board & Care Home v. W.V. Dep't of Health and Human Res., 532 U.S. 598, 602 (2001);

9. Buckley v. Valeo, 424 U.S. 1, 132 (1976);

10. Cameron v. Johnson, 390 U.S. 611 (1968); and 28 U.S.C. 1292.

11. Civil Action No. 07-1224 (JR) in this Court;

12. Chou v. University of Chicago, 254 Fed 1347, 1359 (Fed. Cir. 2001);

13. Cleveland Board of Education v. La Fleur, 414 U.S. 632 (1974);

14. *Conley v. Gibson, 355 U.S. 41, 45-46 (1957);

15. Consolidated Edison Co. of N.Y. v. Public Serv. Comm'n of N.Y., 447 U.S. 530, 536, 630 (1980);

16. Czarnik v. Illumina, Inc., 437 F.Supp.2d 252 (D.Del. 2006);

7

17. <u>Dombrowski v. Pfister,</u> 380 U.S. 479 (1965), there No. 1"07-cv-01008-JC-TRJ, 2007 WI, 3196683 (E.D. Va., October 31, 2007);

18. <u>Erznoznik V. Jacksonville,</u> 422 U.S. 205, 216 (1975);

19. *<u>Ex Parte Garland,</u> 4 Wall 333 (1866);

20. <u>FDIC v. Bender,</u> 127 F.3d 58, 67-68 (D.C. Cir. 1997);

21. <u>Florida State Board of Dentistry v, Mack,</u> 401 U.S.960 (1971);

22. <u>Freedman v. Maryland,</u> 380 U.S. 51 (1965);

23. <u>Freytag v. Commissioner,</u> 501 U.S. 868, 880, 878 (1991);

24. <u>FW/PBS, Inc. v. Dallas,</u> 493 U.S. 215 (1990);

25. *<u>Gibson v. Florida Legislative Investigative Committee,</u> 372 U.S. 539 (1963);

26. <u>Goldstein v. Moatz,</u> 364 F.3d 205, 211-19, 212 n. 11 (4th Cir. 2004);

27. <u>Hopkins v. Women's Div., General Bd. Of Global Ministries,</u> 238 F.Supp. 2d 174, 178 (D.D.C. 2002);

28. <u>In re Garner,</u> Slip Op. 2007 – 1221 (Fed. Cir., Dec. 5, 2007);

29. <u>In re Maldague,</u> 10 USPQ2d 1477, 1478 (Comm'r Pat. 1988), and 37 C.F.R. 1.138;

30. <u>In Re Matter of: David A.</u> Teicher, Commissioner of Patents and Trademarks, September 7, 1989;

31. <u>In re Murchinson,</u> 349 U.S. 133, 136 (1966);

32. *<u>In re United Mine Workers of Am. Employee Ben. Plans Litig.,</u> 854 F.Supp. 914, 915 (D.D.C. 1994);

33. <u>Jones v. Board of Com'rs Of Alabama State Bar,</u> 737 F.2d 996 (1984);

34. <u>Jones v. Flowers,</u> 547 U.S. _____ (2006);

35. *<u>Keyishian v. Board of Regents,</u> 385 U.S. 589, 607 (1967);

8

36. Kramer v. USPTO, Civil Action 05-01455 (HHK) (DC Cir. 8/9/06);

37. Landgraf v. ISO Films Prod., 511 U.S. 244 (1994);

38. Latin American Agribusiness Development Corp., 711 F.2d 989, 995 (11th Cir. 1983);

39. Leis v. Flynt, 439 U.S. 438, 443-44 (1979);

40. Marinangela v. Lehman, 32 F.Supp.2d 1 (D.D.C. (1998);

41. Marshall County Health Care Auth. v. Shalala, 988 F.2d 1221, 1227 (DC Cir. 1993);

42. Milbank Tweed Hadley & McCloy LLP v. Milbank Holding Corp. d/b/a Milbank Real Estate Services (D.D. Cal. 82 U.S.P.Q.2d 1583 (2007));

43. Moatz, Harry v. David Duncan Reynolds, Proc. No. D99-12, April 4, 2001;

44. Morrison v. Olson, 487 U.S. 654, 671-73 (1988);

45. Myers v. United States, 272 U.S. 52, 128-129 (1926);

46. *NACP v. Alabama, 357 U.S. 449 (1958);

47. Ohraik v. Ohio State Bar Ass'n, 436 U.S. 447, 459 (1978);

48. *Parker v. Chakrabarty, 477 U.S. 303 (1980);

49. Peterlin, Margaret, 35 U.S.C.3 (b) – **See** Civil Action 07-1224 (JR) (D.C.D.C 2007); 29 U.S.C. 705 (9) (B);

50. Reno v. ACLU, 521 U.S. 844 (1997);

51. *Roe v. Housing Auth. Of the City of Boulder, 909 F. Supp. 814, 820 (D. Colo. 1995);

52. *Schneider v. Smith, 390 U.S. 17, 25 (1968);

53. Schoemaker v. United States, 147 U.S. 282 (1893);

9

54. Schware v. Board of Bar Examiners of New Mexico, 353 U.S. 232. 239 (1957);

55. Smyth v. Rivero, 282 F.3d 268, 274 (4th Cir. 2002);

56. Springer v. Philippine Islands, 272 U.S. 189, 202 (1928);

57. *Schuler v. United States, 617 F.2d 605, 608 (1979);

58. *Shelton v. Tucker, 364 U.S.479. 485-487 (1960);

59. Smyth v. Rivero, 282 F.3d 268, 274 (4th Cir. 2002);

60. Springer v. Philippine Islands, 272 U.S. 189, 202 (1928);

61. Supreme Court of New Hampshire v. Piper, 470 U.S. 274, 283 n 16 (1985),

62. Supreme Court of Virginia et al. v. Friedman, 487 U.S. 59 (1988);

63. Tafas v. Dudas et al, No. 1:07-cv-846-JCC-TRJ consolidated with SmithKline Beecham Corporation et al v. Dudas et al., ____F.Supp.2d ____, No. 1"07-cv-01008-JC-TRJ, 2007 WI, 3196683 (E.D. Va., October 31, 2007);

64. *Thomas v. Collins, 323 U.S. 516, 531 (1945);United States v. Germaine, 99 U.S. 508, 509 (1879);

65. *United States v. Robel, 389 U.S. 258 266 (1967);

66. * United States v. Treasury Employees, 513 U.S. 454, n. 26 (1995);

67. *Virginia v. American Booksellers, 484 U.S. at 397 (1988);

68. Weiss v. United States, 510 U.S. 163 (1994);

69. *West Virginia Board of Education v. Barnette, 319 U.S. 624, 642 (1943);

70. Winthrow v. Larkin, 421 U.S. 35 (1975);

71. *Wyner v. Struhs, 179 Fed. Appx. 566, 2006 WL 1071850 (C.A. 11(Fla.);

72. Younger v. Harris, 401 U.S. 37 (1971); Zeiegler v. City of South Pasadena, 86 Cal. Rptr.2d (Cal. App. 1999);

73. First, Fourth, Fifth, and Tenth Amendments, and Articles I, II, III, and IV of the Constitution;

74. 19 U.S.C. 2465; 19 U.S.C. 1607, 1609, a forfeiture statute, such as 983; Rule 64; Art. I, Section 8, cl. 8; II, Section 2, cl. 2;  IV, Section 1 and 2; and Amendments I,

75. 35 U.S.C. 2 (b)(2)(D), 6, 32;

76. 35 U.S.C. 33;

77. 35 U.S.C.3 (b) – **See** Civil Action 07-1224 (JR) (D.C.D.C. 2007);

78. 28 U.S.C. 1292, 1331, 1332, 1338, 1361, 1366, 1367, 1738, 2412, 2465, *et seq*.;

79. 19 U.S.C. 1607, 1609, a forfeiture statute, such as 983; Rule 64; Art. I, Section 8, cl. 8; II, Section 2, cl. 2;  IV, Section 1 and 2; and Amendments I, IV, V and X of the Constitution;

80. The cited Patent Statutes are inconsistent with the Patent Office Rules,. 37 C.F.R. 10.7 and 10.11, and Articles II, III, IV, V and X of the Constitution.

81. 37 C.F.R. 10.160; 37 C.F.R. 11.5;

82. presentation or prosecution of their patent and/or trademark applications

83. 37 C.F.R. 10.14, and revisions, including 11.7;

84. U.S. Patent 5,256,367, Application S.N. 29/273,235, filed 2/26/07; and S.N. 77/247,319, filed 08/04/2007;

85. The Washington Lawyer, Jacob A. Stein, p. 48, January 2008;

86. Wigmore on Evidence, 1904 edition;

87. Certificate of Registration formally issued under the Seal of the United States of America and the signature of the Acting Commissioner of Patents, Arthur W.

11

Crocker on November 5, 1998, in which Plaintiff, the subject matter of the patent, was described personally, "as an ATTORNEY, Registration No. 19,240."

88. First, Fourth, Fifth, and Tenth Amendments, and Articles I, II, III, and IV of the Constitution.

89. Official Gazette (OG), (constitutionally insufficient notice on August 28, 1996);

90. Federal Practice & Procedure, Sec. 177 (1982);

91. "Let's Run the PTO as a Business," Intellectual Property Today, December 2007, p. 26-28,

Respectfully submitted,

*Cornell D. M. Judge Cornish*

Cornell D.M. Judge Cornish
1101NewHampshireAve.NW
Suite 301
Washington, DC 20037
(202) 429-9705
cornishj@erols.com

Date:  1/4/08

Encl:  Past Exams available on-line;

Printed Copy of Past Exams for $30 ea.

12

CASE  07-cv-01719 (RWR)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Plaintiff's Unopposed Motion for

Enlargement of Time, and Memorandum in Support, and in Support of Plaintiff's Motion under

Rule 12 To 'Defer Issues and Controversies that are not ripe for determination have been hand

delivering a copy thereof to:

W. Mark Nebeker
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
(202) 514-7230 fax (202) 514-8780

on this 4th day of January, 2008.

Respectfully submitted,

*Cornell D. M. Judge Cornish*

Cornell D.M. Judge Cornish
1101 New Hampshire Ave., #301
Washington, DC 20037-1502
(202) 429-9705
cornishj@erols.com

Date:  1/4/08

7

**POLICY**



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

Boards & Counsel > OED > Past Exams

| OED Quick Links | Past Exams |
|---|---|

**OED Quick Links**

**Exam Registration**

**Registered Attorneys and Agents**

**Registration Info and Status**

**Final Agency Decisions**

**Contact OED**

### Past Exams

**October 2003 Examination**

  Exam Questions and Answers:

- **OED Exam October 2003 AM Questions** *[PDF; 180KB] [PDF viewer] (posted 23DEC2003)*
- **OED Exam October 2003 AM Answers** *[PDF; 193KB] [PDF viewer] (posted 23DEC2003)*
- **OED Exam October 2003 PM Questions** *[PDF; 176KB] [PDF viewer] (posted 23DEC2003)*
- **OED Exam October 2003 PM Answers** *[PDF; 202KB] [PDF viewer] (posted 23DEC2003)*

**April 2003 Examination**

  Exam Questions and Answers:

- **OED Exam April 2003 AM Questions** *[PDF; 412KB] [PDF viewer] (posted 06JUN2003)*
- **OED Exam April 2003 AM Answers** *[PDF; 252KB] [PDF viewer] (posted 06JUN2003)*
- **OED Exam April 2003 PM Questions** *[PDF; 404KB] [PDF viewer] (posted 06JUN2003)*
- **OED Exam April 2003 PM Answers** *[PDF; 241KB] [PDF viewer] (posted 06JUN2003)*

**October 2002 Examination**

  Exam Questions and Answers:

- **OED Exam October 2002 AM Questions** *[PDF; 381KB] [PDF viewer] (posted 06DEC2002)*
- **OED Exam October 2002 AM Answers** *[PDF; 132KB] [PDF viewer] (posted 06DEC2002)*
- **OED Exam October 2002 PM Questions** *[PDF; 375KB] [PDF viewer] (posted 06DEC2002)*
- **OED Exam October 2002 PM Answers** *[PDF; 230KB] [PDF viewer] (posted 06DEC2002)*

**KEY:** ⟨⟩ =online business system   ⊥ =fees   =forms ⟩⟨ =help ⊥⊥ =laws/regulations ⟨⟨=definition (glossary)

*Is there a question about what the USPTO can or cannot do that you cannot find an answer for? Send questions about USPTO programs and services to the USPTO Contact Center (UCC). You can suggest USPTO webpages or material you would like featured on this section by E-mail to the webmaster@uspto.gov. While we cannot promise to accommodate all requests, your suggestions will be considered and may lead to other improvements on the website.*

|.HOME | INDEX | SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

Last Modified: 05/11/2006 12:44:58

## judge

**From:**    "judge" <cornishj@erols.com>
**To:**      <cornishj@erols.com>
**Cc:**      <dan2222@juno.com>
**Sent:**    Monday, December 31, 2007 11:04 PM
**Subject:** Emailing: Fee for a Printed Copy of Past Registration Exams

POLICY

Boards & Counsel > OED > Fee for a Printed Copy of Previous Registration Exams

| OED Quick Links | **Fee for a Printed Copy of Previous Registration Exams** |
|---|---|
| **Exam Registration** | Past Exams may be freely downloaded or printed from the USPTO Web site. However, printed copies of past exams may be purchased from the Office for a fee. |
| **Registered Attorneys and Agents** | The fee for each printed copy of past Registration Examinations is $30.00 for each exam. The past exam printed copy will include the questions and answers from the morning and afternoon sessions for the administration of each exam ordered. |
| **Registration Info and Status** | You may submit a request for one or more past exams and the fee by check or credit card to the OED mailing address: Mail Stop OED, U. S. Patent and Trademark Office, P. O. Box 1450, Alexandria, VA 22313-1450. |
| **Final Agency Decisions** | You may submit the $30.00 fee by credit card: PTO/2038 - **Credit Card Payment Form and Instructions** |
| **Contact OED** | |

**KEY**:  ▪ =online business system    =fees    =forms ⚿ =help  =laws/regulations ℧ =definition (glossary)

*Is there a question about what the USPTO can or cannot do that you cannot find an answer for? Send questions about USPTO programs and services to the USPTO Contact Center (UCC). You can suggest USPTO webpages or material you would like featured on this section by E-mail to the webmaster@uspto.gov. While we cannot promise to accommodate all requests, your suggestions will be considered and may lead to other improvements on the website.*

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

CORNELL D.M. JUDGE CORNISH,      )
                                          )
          Plaintiff *Pro Se*       )
                                          )
v.                                    )   CASE  07-cv-01719 (RWR)
                                          )
JON DUDAS, et al.,             )
                                          )
          Defendants       )
_____)

### ORDER

UPON CONSIDERATION of Plaintiff's Motion in favor of Plaintiff for the tolling of the critical timing date of his Complaint at least to October 16, 2007, the grounds stated there for, in favor of Plaintiff, and the entire record herein, it is this _____ day of _____, 2008, hereby

ORDERED that Plaintiff's Motion should be and it hereby is Granted, and it is,

FURTHER ORDERED that Defendants' Motion to Dismiss Or, Alternately For Summary Judgment, should be and it hereby is Denied.

_____
UNITED STATES DISTRICT JUDGE

Cornell D.M. Judge Cornish
1101 New Hampshire Ave., #301
Washington, DC 20037-1502
(202) 429-9705
cornishj@erols.com

W. Mark Nebeker
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
(202) 514-7230 fax (202) 514-8780

5