```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA

CORNELL D.M. JUDGE CORNISH,   )
                              )
            Plaintiff,        )
                              )
     v.                       )  Civil Action No. 07-1719 RWR
                              )
JON DUDAS, et al.,            )
                              )
            Defendants.       )
_____)
```

## DEFENDANTS' OPPOSITION
## TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME

Defendants' oppose Plaintiff's January 4, 2008, Motion for Enlargement of Time in which he requests the Court to toll the applicable 30-day limitations period so that his September 26, 2007 complaint against Defendants will not be time-barred. As set forth below, Plaintiff's motion for enlargement of time is bereft of legal or factual support. Therefore, it should be denied.

### I. Introduction

The Court is aware from Plaintiff's numerous, repetitive filings that Plaintiff's September 26, 2007 complaint challenges the actions of the United States Patent and Trademark Office ("USPTO"), Office of Enrollment and Discipline ("OED"), in connection with OED's denial of Plaintiff's January 2005 request for reinstatement to the USPTO register after a nearly nine-year

hiatus.[1]  Plaintiff specifically seeks relief from OED's March 22, 2005, determination that he did not demonstrate that he possessed the requisite qualifications to be reinstated to USPTO's register without having to take and pass the USPTO patent examination ("the reinstatement claim").[2]

Defendants' Motion To Dismiss Or, In The Alternative, For Summary Judgment ("Defendants' Motion") is pending before the Court.  In part, Defendants' motion seeks to dismiss the reinstatement claim on the basis that Plaintiff did not file his complaint within the applicable limitations period.  Local Civil Rule 83.7 permits persons refused recognition to practice before

---

[1] In February 1996, Plaintiff asked the USPTO to remove him voluntarily from its register of practitioners after Plaintiff had consented to being removed from the Maryland Bar register and while an ethical grievance against him was pending before the USPTO.  In response to his request, USPTO informed Plaintiff that it intended to hold in abeyance its investigation of the grievance and that his future request for reinstatement may be subject to satisfying the qualification requirements for registration.  Plaintiff was subsequently suspended for disciplinary reasons by the Federal District Court for the Southern District of New York, the District of Columbia Bar, and the New York State Bar.  USPTO granted Plaintiff's voluntary request for removal from the USPTO register effective August 1996.

[2] Plaintiff's September 26, 2007, complaint also alleges that, as a consequence of its March 22 determination, USPTO is preventing him from holding himself out (e.g., advertising) as a registered patent attorney.  Plaintiff also asserts that OED did not grant him certain reasonable accommodations in connection with the July 2007 USPTO patent examination in violation of section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("the discrimination claim").

the USPTO to file a petition with this Court.  The local rule, however, sets a 30-day limitations period.  Because the gravamen of Plaintiff's reinstatement claim is OED's March 22, 2005, determination, Plaintiff was required to file a petition in this Court within 30 days of March 22, 2005, <u>i.e.</u>, by April 22, 2005.  Plaintiff's September 26, 2007 complaint clearly did not meet this filing deadline.

Rather than filing a timely petition, Plaintiff chose to take the registration examination three times (in July 2005, July 2006, and July 2007).  Plaintiff sat for the registration examination three times because he never received a passing score.  It was only after Plaintiff failed the registration examination for the third time in July 2007 that Plaintiff eventually decided to file a petition in this Court on September 26, 2007—-well over two years past OED's March 22, 2005, determination.

## II. <u>Legal Analysis</u>

### A. <u>Plaintiff's Reinstatement Claim is Time Barred</u>

Statutes of limitations represent "a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that 'the right to be free of stale claims in time comes to prevail over the right to prosecute them.' " <u>United States v. Kubrick</u>, 444 U.S.

111, 117 (1979) (quoting R.R. Telegraphers. v. Ry. Express Agency, 321 U.S. 342, 349 (1944)). Statutes of limitations are designed to afford a plaintiff a reasonable time to present his claim and, at the same time, to protect defendants and the court from having to deal with a case in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise. See Kubrick, 444 U.S. at 117 (citing, inter alia, United States v. Marion, 404 U.S. 307, 322, n.14 (1971)). Accordingly, courts "are not free to construe [a statute of limitations] so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims." Id.

Statutes of limitations commonly begin running from the date the cause of action accrued. See Norwest Bank Minnesota Nat'l Assoc. v. FDIC, 312 F.3d 447, 451 (D.C. Cir. 2002). The general accrual rule for remedial civil actions is that the "cause of action accrues either when a readily discoverable injury occurs or, if an injury is not readily discoverable, when the plaintiff should have discovered it." Communications Vending Corp. of Ariz., Inc. v. FCC, 365 F.3d 1064, 1074 (D.C. Cir. 2004) In cases where defendants have not engaged in affirmative acts of fraudulent concealment, a plaintiff is deemed to have sufficient notice of critical facts to set the statute of limitations

- 4 -

running if the plaintiff has inquiry notice of the injury and its cause. <u>Kubrick</u>, 444 U.S. at 120; <u>Sprint Communications Co. v. FCC</u>, 76 F.3d 1221, 1228 (1996)(<u>citing</u> <u>Riddell v. Riddell Wash. Corp.</u>, 866 F.2d 1480, 1491 (D.C. Cir. 1989)).

As mentioned, Plaintiff's complaint identifies OED's March 22, 2005, determination as the alleged wrongdoing from which the alleged harm flows under his reinstatement claim.  Thus, his cause of action accrued from that date.  Because Plaintiff did not file within 30 days of the March 22 determination, his cause of action is barred, <u>see</u> Local Civil Rule 83.7, and his complaint should be dismissed under Fed. R. Civ. P. 12(b)(1), <u>see</u> <u>Kramer v. U.S. Patent and Trademark Office</u>, 2006 WL 2320916, 4 (D.D.C. Aug. 9, 2006) (not reported in F.Supp.2d); <u>O'Hair v. United States</u>, 281 F.Supp. 815, 818 (D.D.C. 1968) (court granting motion to dismiss after recognizing "[t]he first duty of the sole judge is to pass on the sufficiency of the complaint specifically as to whether or not a justiciable controversy is presented over which he has adjudicatory powers, and if he determines that the Court lacks jurisdiction, he must dismiss the suit"); <u>cf</u>. <u>Yamaha Motor Corp. v. United States</u>, 779 F.Supp. 610 (D.D.C. 1991) (motion to dismiss granted pursuant to Fed. R. Civ. P. 12(b)(1) where court lacked jurisdiction over pre-enforcement tax assessments and collection process).

The same holds true for Plaintiff's other arguments supporting his reinstatement claim that are based on USPTO actions arising prior to August 27, 2007, i.e., 30 days before his September 26, 2007 filing.  For example, the limitations period under Local Civil Rule 83.7 operates to bar Plaintiff's challenge to OED's August 22, 2007, letter notifying Plaintiff that he did not pass the July 2007 patent examination.

### B. Plaintiff's Arguments are Insufficient to Support the Equitable Tolling of the Limitations Period

Because Defendants' Motion to Dismiss properly asserts and correctly analyzes their statute of limitations defense, Plaintiff's Motion for Enlargement of Time can only be granted if the doctrine of equitable tolling is available to Plaintiff.  For the reasons set forth below, the doctrine should not be applied in Plaintiff's case.

#### 1.  37 C.F.R. § 1.137 Does Not Apply

Plaintiff erroneously argues that 37 C.F.R. § 1.137 permits the Court to toll the 30-day limitation period because his delay in filing a timely complaint was supposedly "unavoidable" and "unintentional."  See Plaintiff's Motion for Enlargement at 1. Plaintiff's argument lacks merit because that federal regulation is not applicable to his case.

Section 1.137 is part of the rules of practice in patent cases. It concerns the revival of an abandoned patent application, a terminated reexamination prosecution, or a lapsed patent. See 37 C.F.R. § 1.137(a). Section 1.137 has nothing to do with filing a complaint in the Federal District Court for the District of Columbia pursuant to 35 U.S.C. § 32 and, therefore, is not to be considered by the Court when reviewing Plaintiff's motion. Instead, the general law regarding the equitable tolling of statutes of limitations in civil actions applies.

### 2. Plaintiff May Not Properly Avail Himself to the Doctrine of Equitable Tolling Apply

Generally speaking, the doctrine of equitable tolling permits a plaintiff to avoid the bar of the statute of limitations period in situations where the plaintiff is unable to discover the existence of a claim despite the use of due diligence. The court's equitable power to toll the statute of limitations is to be exercised, however, only in extraordinary and carefully circumscribed instances, such as where a claimant has received inadequate notice or where affirmative misconduct by the defendant lulled the claimant into inaction. See Mondy v. Sec'y of the Army, 845 F.2d 1051, 1057 (D.C. Cir. 1988). Thus, equitable tolling is unwarranted where a litigant "has failed to exercise due diligence in preserving his legal rights. Id.

(citing Communications Vending Corp. of Ariz., Inc. v. FCC, supra at 1075, (D.C.Cir. 2004) (quoting Irwin, 498 U.S. at 96)).

Equitable tolling of statute of limitations should "be exercised only in extraordinary and carefully circumscribed instances." Kramer v. U.S. Patent and Trademark Office, 2006 WL 2320916, at *4 (memorandum order analyzing doctrine in case arising under 35 U.S.C. § 32)(citing Smith-Haynie v. Dist. of Columbia, 155 F.3d 575, 579-80 (D.C. Cir. 1998) (quoting Mondy, supra at 1057).  The doctrine should be employed only "sparingly." Id. (citing United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir 2000) (quoting Irwin v. Dep't of Vets. Affairs, 498 U.S. 89, 96 (1990)).

Plaintiff offers three meritless arguments in support of his motion for enlargement of time.  None of those arguments, however, specifically address the over two-year delay between March 22, 2005 and September 26, 2007, in filing the complaint.

First, Plaintiff argues that the USPTO's August 22, 2007, letter notifying him that he did not pass the July 2007 patent examination was "constitutionally insufficient." See Plaintiff's Motion to Enlarge, pages 1-2.  Plaintiff does not dispute that the August 22, 2007, delivered OED's intended message to him, namely: he did not pass the July 2007 patent examination.  Instead, he argues that the August 22 letter incorrectly

- 8 -

referenced the patent examination administered on July 16, 2007, when, in fact, Plaintiff sat for the examination on July 16 and 17, 2007.  He also argues that the August 22, 2007, letter was insufficient because USPTO secretly changed his identification number and referenced the new number in the letter.  But, Plaintiff fails to explain how either purported insufficiency is material, i.e., how either creates a nexus to an inability to file his complaint within the applicable time period after receiving the March 22, 2005, letter.

    The July 2007 examination was administered on July 16, 2007; consequently, USPTO used the date of July 16, 2007, in its correspondence about that examination.  Significantly, USPTO granted Plaintiff's request for accommodations in connection with the July 2007 examination including permitting Plaintiff extra time to take the examination.  USPTO allowed Plaintiff to take the test over a two-day period, namely: July 16 and 17, 2007.  Similarly, as previously explained in Defendants' Motion to Dismiss, as part of an overall administrative change affecting all applicants, OED issued Plaintiff a new identification number in December 2006.  Plaintiff's number changed from 900019240 to 41361; there is nothing sinister about that administrative change.  Accordingly, there is no substance to Plaintiff's argument that the wording in the August 22, 2007, letter somehow

led him to file his complaint against the Defendants beyond the limitations period.

Second, Plaintiff asserts that Defendants "concealed and suppressed important incriminating information" by not providing him a copy of Defendants Exhibit 8 until after he filed his reinstatement claim. See Plaintiff's Motion to Enlarge, page 3. Again, Plaintiff does not explain how not having a copy of the Defendants' Exhibit 8 —- which contains a hand-written notation signifying the date on which the USPTO effectuated Plaintiff's request to be voluntarily removed from the USPTO register -- adversely affected his ability to file a complaint for over two years after receiving the March 22, 2005, letter.  His argument is seemingly disingenuous as Plaintiff knew that USPTO had earlier granted his request to be voluntarily removed from the rolls as plainly evidenced by a) his sua sponte February 1996 request to be voluntarily removed from the USPTO register, which was undoubtedly motivated by his contemporaneous removal from the Maryland State Bar; his soon-to-follow suspension from the Federal District Court for the Southern District of New York, the District of Columbia Bar, and the New York State Bar; and the pending ethical complaint filed by a former client against him with the USPTO, b) his not prosecuting patent applications for clients for nearly nine years, and c) his sua sponte request for

"reinstatement" to the USPTO register in January 2005, see Defendants' Motion, Exhibits 12, 13, and 15.  Therefore, because it cannot be reasonably disputed that Plaintiff knew that USPTO had granted his voluntary request to be removed from its register; the fact that Plaintiff received a copy of Defendants' Exhibit 8 after he filed his complaint is of no legal consequence to the issue of whether he could have timely filed his complaint within the applicable time period.

Third, Plaintiff argues that sundry activity between the parties regarding: a) his July 12, 2007, petition concerning his request for reasonable accommodations, b) his EEO complaint, or c) his FOIA complaint made a timely filing of his complaint impossible, unavoidable, and unintentional.  See Plaintiff's Motion for Enlargement at 3.  Plaintiff offers only broad, conclusory allegations and does not attempt to explain how those matters caused him not to file his complaint within the requisite time period.

In short, Defendants did nothing to interfere with Plaintiff's ability to file his reinstatement claim in a timely manner with this Court.  To the contrary, the March 22, 2005, letter provided Plaintiff with clear notice of OED's determination not to reinstate him to the USPTO register, and Plaintiff subsequently filed his complaint on September 26, 2007,

based upon it.  Plaintiff has not, and cannot, point to any conduct by Defendants after issuing its March 22, 2005, determination that lulled him into inaction.  Because Plaintiff has not established that the statute of limitations should be equitably tolled, his motion for enlargement of time should be denied.  See, e.g., United States v. MWI Corp., ____ F.Supp.2d ____, 2007 WL 3287443, 10 (D.D.C. Nov. 6, 2007) (citing Kubrick, 444 U.S. at 117, 100 S.Ct. 352) ("Plaintiff cannot sit on his hands and plead confusion; to do so subverts the purpose of the statute of limitations and exploits the equities of the tolling doctrine).

### III.  Conclusion

For the reasons stated herein, Defendants respectfully request that Plaintiff's Motion for Enlargement of Time be denied and that their pending Motion to Dismiss be granted.

    Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing Defendants' Opposition to Plaintiff's Motion for Enlargement of Time has been made by mailing a copy thereof to:

CORNELL D.M. JUDGE CORNISH, ESQ.
Suite 301
1101 New Hampshire Ave., N.W.
Washington, DC  20037-1502

on this 15th day of January, 2008.

W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, DC  20530
(202) 514-7230
fax: (202) 514-8780

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

CORNELL D.M. JUDGE CORNISH,       )
                                  )
          Plaintiffs,             )
                                  )
     v.                           )Civil Action No. 07-1719 RWR
                                  )
JON DUDAS, Under-Secretary of     )
  Commerce for Intellectual Property)
  and Director of the U.S. Patent )
  and Trademark Office, et al.,   )
                                  )
          Defendants.             )
_____)
```

ORDER

UPON CONSIDERATION of Plaintiff's January 4, 2008, Motion for Enlargement of Time in which he requests the Court to toll the applicable 30-day limitations period and for the reasons set forth by Defendants in opposition and in support of Defendants' Motion To Dismiss, Or In The Alternative, For Summary Judgment, and based upon the entire record herein, it is this ___ day of _____, 2008, hereby

ORDERED that Plaintiff's motion should be and it hereby is DENIED.

```
                              _____
                              UNITED STATES DISTRICT JUDGE
```

```
W. MARK NEBEKER              CORNELL D.M. JUDGE CORNISH, ESQ.
Assistant U.S. Attorney      Suite 301
555 4th Street, N.W.         1101 New Hampshire Ave., N.W.
Civil Division               Washington, DC  20037-1502
Washington, DC  20530
```