UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CORNELL D.M. JUDGE CORNISH, ) | |
| ) | |
| Plaintiff *Pro Se* ) | |
| ) | |
| v. ) | CASE 07-cv-01719 (RWR) |
| ) | |
| JON DUDAS, et al., ) | |
| ) | |
| Defendants ) | |
| _____ ) | |

<u>Petition For And Order To Strike All Records in the PTO, Court Records, And Other Records Maintained by the Government relating to Any Charges Against Plaintiff, Including At Least Defendants' Exhibit 3 [7 and 24]</u>

This is a Petition for an Order to Strike, expurgate, expunge, remove, delete and redact All Records in the PTO, Court Records, And Other Records Maintained by the Government Relating To Any Charges Against Plaintiff, Including At Least Defendants' Exhibit 3 [7 an 24] as irrelevant and inadmissible. This is also a Memorandum in Support.

Defendants 1/15/08 filing states that, "Rather than filing a timely petition, Plaintiff chose to take the registrations examination three times (in July 2005, July 2006 and July 2007)...that Plaintiff eventually decided to file a petition in this Court on September 26, 2007 – well over two years past OED's March 22, 2005 determination."

That is not an accurate characterization of why Plaintiff filed his Petition For Preliminary Injunction to enjoin Defendants from *prior restraint* of his expression in an advertisement of his name and profession in his current applications S.N. 29/273,235, 02/26/07; and 77/247,319 on 08/04,07. That was long after the letter of March 22, 2005, which was a "threat" to prosecute

1

RECEIVED
JAN 2 2 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff under 35 U.S.C. 33 as one who, having been "removed from the roster of registered patent attorneys and agents in April 1996, you were placed on *disability* [emphasis added] inactive status with the Maryland State bar..." and "not being recognized to practice before the Patent and Trademark Office, "holds himself out" or permits himself to be held out as so recognized, or "as being qualified to prepare or prosecute applications for patent," under threat of a fine of "not more than $1000 per offense." *See* page 28 of Defendants' 10/17/07 filing [7], which mentions "Plaintiff's claims under the First Amendment and his claim that his Due Process rights have bee violated appear to be based on his assertion that the government has placed upon him an improper prior restraint on his exercise of his right to express himself by limiting his ability to advertise that he is a lawyer..." (albeit, Defendants go on to refer not to his holding himself out broadly as admitted to practice as an attorney in Maryland, DC and New York, which he is, as well as before the CAFC, the Supreme Court and the District Courts in the Eastern and Southern Districts of New York, which he also is, but only before the "patent bar," which he could be construed to be doing in his current applications in the PTO).

The "gravamen" of Plaintiff's reinstatement claim is not simply OED's March 22, 2005 "threat" of serious criminal penalties and *prior restraint* for exercising his First Amendment rights, or all the other threats to prosecute him by *prior restraint* from exercising his First Amendment rights because of a "disability," but also other such threats, comprising the threats in the OED Director's letter of March 4, 1996 because of an "investigation." Both the "disability," which is a fantasy and a fictitious invention of Defendant Griffin, and the "investigation," which is without basis in fact, are barred by the Statute of Limitations, and are irrelevant and immaterial to this action. Therefore, it Plaintiff has been provoked to make this Motion to strike, suppress,

2

revoke, remove, redact, repudiate, and expunge from the record in this case Defendants' Exhibit 3 [7 and 24].

The graveman also, incidentally includes the <u>requirement</u> for Plaintiff to <u>apply</u> to be "<u>reinstated</u>" to <u>qualify</u> or be <u>licensed</u> by <u>discretion</u> <u>only</u> to take the Patent Office examination for <u>Continuing Legal Education</u> (CLE) purposes, or other <u>mere</u> <u>academic</u> <u>purposes</u> <u>without</u> <u>reasonable</u> <u>accommodations</u> because of discrimination based on his age related life function disabilities that do not prevent his practice of law

At least in Maryland, it is possible to change the record by expunging inadmissible and irrelevant hearsay like that in Defendants' Exhibit 3, and the same is true in the federal courts. Generally such an "investigation" without any basis in fact is placed on the stet docket, which is an inactive group of cases which generally are not reopened. Sometimes, a *Nolle Prosequi* is entered, which occurs if the prosecutor decides to drop the case, but that was not done in this case. See Defendant Moatz' letter of June 15, 2000 in Defendants' Exhibit 33 [7 and 24].

In <u>Moatz v. Kersey,</u> Proceeding No. 00-07 before the Under Secretary of Commerce for Intellectual Property and Director of the USPTO, October 24, 2002, 28 U.S.C. 2462 precluded the OED Director from penalizing Respondent for violations which occurred more than five years prior to the filing of the complaint on August 8, 2000. And ultimately, the ALJ concluded that the two-year suspension sought by the OED Director was too harsh and more severe than would be called for under the Reciprocal Discipline Rule, especially given "Kerseys' lack of prior disciplinary history, his substantial compliance with the orders of the Vermont court and his efforts to purge himself of contempt…Initial decision at 27 and 35."

This is a Petition for and Order to Strike and to Expunge, The "determination" of a "disability" in 2005, which was a fictitious invention of Defendant Griffin, and an

3

"investigation" in 1996 upon which Plaintiff has been required to pre-qualify to take an examination, which he has already been pre-qualified for many times, but without reasonable accommodations, and with *prior restraint,* "*if* he "holds himself out or permits himself to be held out as recognized to practice before the Patent and Trademark Office."

The way Defendants have treated Plaintiff's case, is a serious misconstruction of the interface between patent law and the First Amendment, and it raises new issues and novel theories not based on fact to support their Motion to Dismiss.

This Motion is timely filed with a request to supplement it until 2/7/08, which is the choke point requested by Defendants for an enlargement of time for them to respond to filing by Plaintiff.

This is also a request to file under seal, it being understood that that is a formal requirement to comply with the Defendants Unopposed Motion [4] for Leave to Seal and the Court's two Motions to seal [6 on 10/15/07 and 23 on 12/10/07] and Plaintiff's Motion [10] of 10/22/07 to continue the Seal Order until at least the final hearing.

Respectfully submitted,

*Cornell D. M. Judge Cornish*

Cornell D.M. Judge Cornish
1101 New Hampshire Ave., NW
Suite 301
Washington, DC 20037-1502
(202) 429-9705
cornishj@erols.com

Date: 1/22/08

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of copies of the foregoing Plaintiff's Motion and Memorandum in Support thereof have been hand delivered to:

W. Mark Nebeker
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
(202) 514-7230 fax (202) 514-8780

on this 22nd day of January, 2008.

> Respectfully submitted,
>
> *Cornell D.M. Judge Cornish*
>
> Cornell D.M. Judge Cornish
> 1101 New Hampshire Ave., NW
> Suite 301
> Washington, DC 20037-1502
> (202) 429-9705
> cornishj@erols.com

Date: 1/22/08

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CORNELL D.M. JUDGE CORNISH, )<br>)<br>Plaintiff *Pro Se* )<br>)<br>v. )<br>)<br>JON DUDAS, et al., )<br>)<br>Defendants )<br>_____ ) | CASE 07-cv-01719 (RWR) |

ORDER

UPON CONSIDERATION of Plaintiff's Petition for an Order to Strike, expurgate, expunge, remove, delete and redact All Records in the PTO, Court Records, And Other Records Maintained by the Government Relating To Any Charges Against Plaintiff, Including At Least Defendants' Exhibit 3 [7 an 24] as irrelevant and inadmissible, his Memorandum in Support. thereof and in support of Plaintiff's Answer and Opposition To Defendants' 1/15/08 Filing, and the grounds stated therefore, and the entire record herein, it is on this _____ day of _____, 2007, hereby

Ordered that Plaintiff's motion should be and it is hereby granted; and it is

FURTHER ORDERED that the Defendants' Motion to Dismiss is Denied.

_____
UNITED STATES DISTRICT JUDGE

W. MARK NEBEKER
Assistant U.S. Attorney
555 4th Street, NW
Civil Division

Cornell D.M. Judge Cornish
Suite 301
1101 New Hampshire Ave., NW
Washington, DC 20037-1502