UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CORNELL D.M. JUDGE CORNISH,  )
                              )
          Plaintiff,          )
                              )
     v.                       )  Civil Action No. 07-1719 RWR
                              )
JON DUDAS, <u>et</u> <u>al</u>.,            )
                              )
          Defendants.         )
_____)

**DEFENDANTS' RESPONSE**
**TO PLAINTIFF'S DECEMBER FILINGS**

Plaintiff filed numerous matters with the Court between December 17, 2007, and December 31, 2007, which may be found at Docket Nos. 25, 26, 29, 31 and 33. Generally speaking, each matter is characterized by multiple motions interspersed with arguments opposing Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (hereinafter "Defendants' Motion to Dismiss"). More often than not, there is no organized demarcation between Plaintiff's requests for relief in these motions and his opposition to Defendants' Motion to Dismiss, and to the extent that his filings could be read to seek to present untimely matters, he has failed to establish good cause or excusable neglect such as would warrant an untimely filing. <u>See</u> Fed. R. Civ. P. 6(b). Thus, the matters should not be considered by the Court in its efforts to resolve the dispositive issues in the case.

In an effort to simplify and streamline the Court's consideration of Plaintiff's December filings, Defendants offer a single, combined response.  Plaintiff's filings are identified in Part I of this response.  In turn, Defendants' response to each is set forth in Part II.

In short, for the reasons explained below, none of Plaintiff's motions have merit, and all are properly denied by the Court.

## I. <u>Plaintiff's Motions and Related Filings</u>

This response addresses the following matters filed by Plaintiff in December:

1) December 17, 2007, "Plaintiff's Motion under Public Law 106-185 (114 Stat 212) for Return of Plaintiff's Property to Claimant or, Alternatively under Rule 64 in Replevin for Clear Title; and Unopposed Request for Leave to File Under Seal and Memorandum in Support Thereof" (Docket No. 25).

2) December 17, 2007, "Motion under Rule 36 for Admissions or, Alternatively for a Limited, Preliminary Injunction Enjoining Defendants from Refusing to Appear in a Show Cause Hearing within the Scope of Rule 26(b), and a Memorandum in Support with Request to File Motion and Memorandum under Seal."  (Docket No. 26).

3) December 18, 2007, Memorandum of Points and Authorities in Support of (1) Plaintiff's Opposition to: (A) Defendants'

11/20/07 Opposition to Plaintiff's Motions Filed on November 19,
2007, (B) Defendants' Motion to Dismiss; and (C) Plaintiff's
Requests for: (1) Reconsideration of the Court's Denial of
Plaintiff's Motion to Defer Defendants' Denial of Plaintiff's
Request for Such Deferral; (2) Enlargement of Time for Discovery;
(3) An Enlargement of Time to Reply to Defendants' Unredacted
Version of What is to be Published; and (4) Appointment of
Counsel to Aid the Court, e.g., In Evaluating the Defendants'
Unredacted Submissions for Publication" (Docket Nos. 28 and 29)[1].

   4) December 18, 2007, "Plaintiff's Timely Supplemental
Response with Approval of the Court for an Enlargement of Time to
Respond to Defendants' Motion to Dismiss" (Docket No. 30).

   5) December 18, 2007, "Plaintiff's Timely Supplemental
Response with Approval of the Court for An Enlargement of Time to
Respond to Defendants' 44-Page Motion to Dismiss, and to Supply a
Statement of Material Facts as to Which There is No Dispute or as
to Which There is a Dispute, in Opposition to Defendants' 17-Page
Statement of Facts" (Docket No. 30-2).

---

[1]  Although Docket No. 28 is identical to Docket No. 29, the
Court's electronic record system, PACER, identifies Docket No. 28
as "Memorandum in Opposition" and Docket No. 29 as "Motion for
Reconsideration".  Accordingly, the documents are similarly
labeled in this response.

6) December 18, 2007, "Motion for Appointment of Counsel; and Enlargement of Time for Discovery" (Docket No. 31[2]).

7) December 26, 2007, "Plaintiff Requests: (1) Filing of the Following Supplemental Redacted Statement of References under Seal and Deeming It Filed for Publication with an Enlargement of Time to Respond to Defendants' Redacted Motion to Dismiss, Which Has Not Been Received by Plaintiff on or Before the Due Date of December 20, 2007; and (2) Denial of Defendants' Redacted and Unredacted Motions to Dismiss, Neither of Which Has Been Approved for Publication within the Time Allowed" (No Court Document Number; hereinafter referred to as "December 26, 2007, Filing").

8) December 31, 2007, "Plaintiff's Unopposed Motion to Enlarge Period for Response, to Oppose Defendants' Current, 12/20/97 [sic], or Second, New Motion to Dismiss; and to Defer Issues and Controversies not Ripe for Determination" and accompanying December 31, 2007, "Memorandum and Authorities in Support of Plaintiff's Motion to Oppose and to Deny Defendants' Motion to Dismiss or, Alternately to Oppose and to Deny Defendants' Motion for Summary Judgment; and for Enlargement of Time to Reply, or Alternatively to Defer Issues and Controversies Not Ripe for Determination" (Docket No. 33).

---

[2] Docket Nos. 28 and 29 also address the motions set forth in Docket No. 31.

- 4 -

II.  **Defendants' Combined Response**

A.  Docket Nos. 25 and 26

On November 19, 2007, Plaintiff served Defendants with copies of the documents now identified as Docket Nos. 25 and 26. On November 30, 2007, Defendants filed a thorough response thereto with the Court (Docket No. 21) and mailed a copy of the response to Plaintiff.  Accordingly, Defendants incorporate by reference Docket No. 21 in response to the various matters raised by Plaintiff in Docket Nos. 25 and 26.

Although Docket No. 21 responds fully to Docket Nos. 25 and 26, one point requires clarification, namely: Plaintiff's lingering misunderstanding of USPTO's position regarding whether Plaintiff may properly hold himself out to the public as an attorney who is entitled to represent others before the USPTO. As indicated by Plaintiff in Docket No. 26 (e.g., pages 7, 8-10, 19) as well as other documents filed by Plaintiff (e.g., comments throughout Docket Nos. 30 and 33), Plaintiff continues to assert that Defendants are preventing him from practicing trademark or other non-patent law before USPTO.  Plaintiff's assertion is entirely incorrect.

A duly licensed attorney may practice trademark and other non-patent law before the USPTO without being on USPTO's register of patent practitioners. See 37 C.F.R. § 10.14(a).  Therefore, it

- 5 -

is USPTO's position that, if Plaintiff is duly licensed to practice law in another jurisdiction (e.g., Maryland, New York, the District of Columbia), then he may legally represent others in trademark and other non-patent cases before the USPTO.  And, if so licensed, then he may so hold himself out to the public as being entitled to appear before the USPTO on trademark and non-patent matters.[3]

Defendants have previously alerted Plaintiff and the Court about his purported confusion regarding whether he may practice trademark law before the USPTO.[4]  Nevertheless, Plaintiff persists in misrepresenting to the Court that "Defendants have barred Plaintiff from advertising and promoting his name as an attorney in both the Trademark Office and the Patent Office," see Docket No. 6 at 8 (emphasis added).  That allegation is blatantly untrue, and, if Plaintiff is actually licensed to practice law somewhere, there is no genuine dispute about Plaintiff's

_____

[3]Nor does USPTO challenge Plaintiff's entitlement to represent himself ──but only himself── in patent, trademark, or other pro se matters before the USPTO.  See part F. 3., below.

[4]See Defendants' Memorandum in Opposition to Motion for Preliminary Injunctions, page 3, fn. 2 (Docket No. 7, which was served on Plaintiff via mail on or about October 16, 2007) and Defendants' Motion to Dismiss, page 5, fn. 2 (Docket No. 27, which was initially served on Plaintiff via mail on or about October 31, 2007).

entitlement to represent others before the USPTO in trademark and non-patent cases.

It must be noted, however, that practicing trademark and other non-patent law before the USPTO is separate from practicing patent law before it.  Plaintiff is not on USPTO's register of patent practitioners; therefore, regardless if he is entitled to practice trademark law before the USPTO, Plaintiff may not legally hold himself out, or permit himself to be held out, as being recognized to practice patent law before the USPTO.  See 35 U.S.C. § 33.  Accordingly, the Court's review of Plaintiff's prior restraint argument is correctly limited to the issue of whether Plaintiff is permitted to advertise that he is a person entitled to represent others in patent cases before the USPTO.

B.   Docket No. 28 (Memorandum in Opposition)

Plaintiff opposes Defendants' Motion to Dismiss on the grounds that there are factual issues that prevent the Court from summarily disposing of both his reinstatement claim and his Rehabilitation Act claim.  As discussed below, there are no material facts in dispute that prevent the Court from ruling on Defendants' Motion to Dismiss.

1.   Reinstatement Claim

Plaintiff argues his "competence" and "qualification" are factual issues that prevent the Court from ruling on Defendants'

Motion to Dismiss his reinstatement claim.  See Docket No. 28 at
5 and 16.  Plaintiff's argument does not have merit because those
purported factual disputes are not material to the issues
presented in support of Defendants' Motion to Dismiss.

First, Plaintiff's "competence" and "qualification" to
practice patent law have nothing to do with his discrimination
claim under section 504 of the Rehabilitation Act.  Second,
Defendants' Motion to Dismiss the reinstatement claim is based on
Plaintiff's failure to exhaust his administrative remedies, his
failure to file a petition with this Court in a timely manner,
and his failure to allege an actionable claim under the Twombly
standard.[5] See Docket No. 27 at 30-36.  In short, Plaintiff may
believe there is a factual dispute as to his competency to
practice patent law, but that dispute is not material to any
issues upon which the Defendants' Motion to Dismiss is based.

2.  Rehabilitation Act Claim

Plaintiff also endeavors to uncover a genuine issue of
material fact in his Rehabilitation Act claim by noting that
Defendants did not grant him "all" of the accommodations he

---

[5]Defendants argue that, in accordance with Bell Atlantic v.
Twombly, ___ U.S. ___, 127 S.Ct. 1955 (2007), neither Plaintiff's
mere disagreement with USPTO's March 22, 2005, determination
regarding his request for reinstatement nor his conclusory
allegation of arbitrary and capricious action by USPTO adequately
states a basis for relief.

requested in connection with the July 2007 patent examination. See Docket No. 28 at 10-11. Plaintiff points to the fact that Defendants did not grant his specific request that he be provided with an enlarged version of the Manual of Patent Examining Procedure ("MPEP"). See id. Plaintiff's allegation, however, is insufficient as a matter of law to thwart the Court's consideration of Defendants' Motion to Dismiss.

Plaintiff does not dispute that, in lieu of re-printing the MPEP, which is composed of three volumes and over 3,000 pages, USPTO: 1) provided Plaintiff with magnifiers for reading the MPEP, 2) granted him permission to bring in and use his own magnifying devices, and 3) provided him extra lighting and additional time in which to take the examination. Plaintiff has not provided the Court with any information as to why those accommodations were not reasonable. Nor does he allege (and explain how) the reprinting of the MPEP is the only reasonable accommodation that Defendants could make that would satisfy their legal obligations under section 504 of the Rehabilitation Act. Instead, Plaintiff merely asserts that Defendants did not grant his specific request for a specially printed MPEP.

Plaintiff's argument plainly fails to recognize that, under section 504 of the Rehabilitation Act, Defendants were required to provide only a reasonable accommodation, not necessarily grant

Plaintiff's specific request.  See, e.g., American Council of
the Blind v. Paulson, 463 F.Supp.2d 51, 58 (D.D.C. 2006) (citing
Alexander v. Choate, 469 U.S. 287, 301 (1985)).  Therefore, the
mere fact that Defendants did not re-print and provide Plaintiff
with a specialized version of the MPEP is insufficient as a
matter of law to create a genuine issue of material fact in
connection with his Rehabilitation Act claim.  Hence, there is
nothing preventing the Court from considering this aspect of
Defendants' Motion to Dismiss.[6]

   C.  Docket No. 29 (Motion for Reconsideration)

   Plaintiff requests reconsideration of the Court's denial of
Plaintiff's Motion to Defer Defendants' Motion to Dismiss [Docket
Nos. 13 and 14] and his motion for referral to the Court's Lawyer
Counseling Panel [Docket No. 10].  Alternatively, he asks for
permission to appeal the Court's denial of those motions.  The
Court properly denies these motions.

   1.  Requests for Reconsideration

   Reconsideration of Plaintiff's motions is unwarranted.  The
Court's prior rulings were well-founded and Plaintiff offers no
new, material information or legal precedent for the Court to
consider.  Motions for reconsideration "are not simply an

_____

[6] The Court is reminded that Defendants' Motion to Dismiss the
Rehabilitation Act claim is also based on Plaintiff's failure to
allege that he is a disabled person under that Act.

- 10 -

opportunity to reargue facts and theories upon which a court has already ruled." Black v. Tomlinson, 235 F.R.D. 532, 533 (D.D.C. 2006)(internal quotations omitted).   Accordingly, Plaintiff's motion for reconsideration should be denied.

2.   Request for Permission to Appeal

A district court may certify an interlocutory order for immediate appellate review when it involves "a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." See 28 U.S.C. § 1292(b). "A party seeking certification pursuant to § 1292(b) must meet a high standard to overcome the strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals." Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group, 233 F.Supp.2d 16, 20 (D.D.C.2002) (quoting U.S. v. Nixon, 418 U.S. 683, 690, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974)).   "Although courts have discretion to certify an issue for interlocutory appeal, interlocutory appeals are rarely allowed . . . the movant 'bears the burden of showing that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of

final judgment.' " <u>Id.</u> (quoting <u>Virtual Def. and Dev. Int'l, Inc.</u> <u>v. Republic of Mold.</u>, 133 F.Supp.2d 9, 22 (D.D.C.2001)).

Plaintiff's request is unsupported by a controlling question of law involving a substantial ground for difference of opinion. Instead, he simply disagrees with the Court's decisions.  "Mere disagreement, even if vehement, with a court's ruling does not establish a substantial ground for difference of opinion sufficient to satisfy the statutory requirements for an interlocutory appeal." <u>A.S.C.P.A. v. Ringling Bros. And Barnum &</u> <u>Bailey Circus</u>, 246 F.R.D. 39, 43 (2007) (quoting <u>Judicial Watch</u>, 233 F.Supp.2d at 20 (internal citations omitted)).  Accordingly, the Court properly denies this motion too.

D.  <u>Docket No. 31</u>

It appears that Plaintiff moves the Court for the appointment of counsel and for an enlargement of time.[7]  Neither motion should be granted.

1. <u>Motion for Appointment of Counsel</u>

Plaintiff asks the Court to appoint counsel for the purpose of aiding the Court "in evaluating the required unredacted submissions". <u>See</u> Docket No. 28 at 1.  Defendants take no position on Plaintiff's motion except to the extent it could be

_____

[7]  Plaintiff asks for an enlargement of time "for discovery." His motion, however, addresses only non-discovery matters.

read to attempt to permit the resolution of matters in this
action by anyone other than an Article III member of this Court.
For that reason, alone, the Court should deny the motion.

    2. <u>Motion for an Enlargement of Time</u>

    Plaintiff asked the Court for an enlargement of time "to
Oppose Defendants <u>unredacted</u> submissions" and "to explain the
necessity of maintaining the seal on the proceedings with the
help of Counsel, possibly from the Lawyer Counseling Panel or an
alternate source". <u>See</u> Docket No. 28 at 1 (emphasis in
original). Plaintiff's motion should be denied because the Court
has already resolved the underlying issues upon which the motion
is based.

    The Court's December 7, 2007, order granted Plaintiff's
unopposed motion for an extension of time to respond to
Defendants' Motion to Dismiss, including the "unredacted
submissions" referenced in Plaintiff's motion. Plaintiff has
filed numerous oppositions to Defendants' Motion to Dismiss
pursuant to that order (<u>e.g.</u>, Docket Nos. 28-30). Therefore,
this matter is moot.

    Likewise, the Court's December 7 order resolved the issue of
how sensitive matters are to be filed in this case, namely: the
parties shall file under seal unredacted versions of any
documents containing personal identifiers set forth in Local

Civil Rule 5.4, privileged information, and/or proprietary
information; and redacted versions are to be filed on the public
record.  This ruling obviates Plaintiff's request for additional
time to explain why matters should be filed under seal.

     For these reasons, Plaintiff's motion for an enlargement of
time should be denied.

     E. <u>December 26, 2007, Filing</u>

     Plaintiff alleges that he did not receive a copy of
Defendants' redacted Motion to Dismiss on the date it was filed
with the Court (<u>i.e.</u>, on December 20, 2007).  <u>See</u> December 26,
2007, Filing, page 2.  Therefore, he requests that the Court not
accept the redacted version for filing and that the seal on the
unredacted version be maintained.  <u>See</u> <u>id.</u>  Plaintiff's motion
lacks merit.

     As indicated in the proof of service attached to the
redacted Motion to Dismiss, Defendants' counsel mailed Plaintiff
a copy of the motion on the same date it was filed with the
Court.  Service by mail is appropriate, <u>see</u> Fed.R.Civ.Proc.
5(b)(2)(B), and Plaintiff does not allege that he has been
prejudiced in any way by not receiving the redacted version of
the motion on the same day as the Court.  Accordingly,
Plaintiff's request for relief is unfounded and should be denied.

F.   Docket No. 33

In Docket No. 33, Plaintiff makes three points to which the Defendants are obliged to respond so that the Court is not otherwise misled by them:

1.  Practicing Trademark and Non-Patent Law
    Before the USPTO

Plaintiff again incorrectly asserts that USPTO is impeding his ability to practice trademark and other non-patent law before the USPTO and to advertise himself to the public as an attorney who is entitled to practice such law before it.  See Docket No. 33-2 at 5, 7, 10-11, 13-15.  As explained in Part II. A. of this response, above, Plaintiff's representations are incorrect, and the Court should not be misled by them.

2.  Request for Reinstatement to Take Patent
    Examination for CLE Purposes or Merely
    Academic Reasons

Plaintiff asserts that he seeks reinstatement in order to "qualify" for the USPTO patent examination.  See Docket No. 33-2 at 14.  Defendants are uncertain as to what Plaintiff refers when making such assertion.  However, to the extent that he is alleging that Defendants are preventing him from sitting for the USPTO patent examination for that or any other purpose, Plaintiff's allegation is incorrect.

Since Plaintiff requested reinstatement to the USPTO register in January 2005, USPTO has never denied him the

opportunity to sit for the patent examination. Indeed, Plaintiff has taken the examination in 2005, 2006, and 2007. Therefore, Plaintiff's implied contention that Defendants are denying him the opportunity to sit for the patent examination is untrue.

3. Request to Practice "Pro Se" Before the USPTO

Plaintiff alleges that "Defendants have even refused to grant Plaintiff 'limited' recognition for the purpose of *pro se* prosecution and practice as an attorney." Docket No. 33-2 at 23. Once again, Plaintiff is confused about his rights to practice before the USPTO, as USPTO is not preventing Plaintiff from prosecuting patent matters in a *pro se* capacity.

Plaintiff is correct, however, that USPTO denied him "limited recognition" in patent matters pursuant to 37 C.F.R. § 11.9. Pursuant to § 11.9, the Director of the Office of Enrollment and Discipline may bestow limited recognition to practice before the USPTO in three situations. First, limited recognition under § 11.9 (a) may be granted where it is necessary or justifiable to the USPTO's review of a patent application (e.g., granting limited recognition to a child of an inventor who does not speak English). Second, a non-immigrant alien working in the United States may be granted limited recognition for a specified time period where the requirements of 37 C.F.R. § 11.9(b) are satisfied. Finally, limited recognition is granted

in certain international patent applications before the U.S. International Searching Authority and the U.S. International Preliminary Examining Authority under 37 C.F.R. § 11.9 (c). Because 37 C.F.R. § 11.9 is not implicated by *pro se* patent prosecutions, USPTO did not grant Plaintiff's request for limited recognition to prosecute his *pro se* cases. Moreover, given that limited recognition is not required for anyone to prosecute his or her own patent applications, Plaintiff has suffered no harm as the result of USPTO's denial of his request for limited recognition.

### III. <u>Conclusion</u>

For the reasons stated herein, Defendants respectfully request that Plaintiff's motions be denied and that the Court dismiss Plaintiff's complaint for the reasons set forth in Defendants' Motion to Dismiss.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____/s/____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing Defendants'

Response To Plaintiff's December Filings and a proposed order has

been made by mailing copies thereof to:

CORNELL D.M. JUDGE CORNISH, ESQ.
Suite 301
1101 New Hampshire Ave., N.W.
Washington, DC  20037-1502

on this 30th day of January, 2008.


                                        /s/
                         _____
                         W. MARK NEBEKER, DC Bar #396739
                         Assistant United States Attorney
                         555 4th Street, N.W.
                         Civil Division
                         Washington, DC  20530
                         (202) 514-7230
                         fax: (202) 514-8780

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
CORNELL D.M. JUDGE CORNISH,        )
                                   )
            Plaintiffs,            )
                                   )
        v.                         )Civil Action No. 07-1719 RWR
                                   )
JON DUDAS, Under-Secretary of      )
  Commerce for Intellectual Property)
  and Director of the U.S. Patent  )
  and Trademark Office, et al.,    )
                                   )
            Defendants.            )
_____)
```

ORDER

UPON CONSIDERATION of Plaintiff's December 2007 filings
(Docket Nos. 25, 26, 29, 31 and 33), for the reasons set forth by
Defendants in opposition thereto and in support of Defendants'
Motion To Dismiss, Or In The Alternative, For Summary Judgment,
and based upon the entire record herein, it is this ___ day of
_____, 2008, hereby

ORDERED that Plaintiff's motions should be and they hereby
are DENIED.


_____
UNITED STATES DISTRICT JUDGE



W. MARK NEBEKER            CORNELL D.M. JUDGE CORNISH, ESQ.
Assistant U.S. Attorney    Suite 301
555 4th Street, N.W.       1101 New Hampshire Ave., N.W.
Civil Division             Washington, DC  20037-1502
Washington, DC  20530