UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
CORNELL D.M. JUDGE CORNISH,   )
                              )
          Plaintiff,          )
                              )
    v.                        )  Civil Action No. 07-1719 RWR
                              )
JON DUDAS, et al.,            )
                              )
          Defendants.         )
                              )
```

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 1, 6 and 7, and for the reasons set forth in the accompanying memorandum, Defendants move the Court for entry of an order requiring Plaintiff to seek and obtain leave of Court prior to filing any further motions in this proceeding until the Court renders its decision on Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Docket No. 27) and deferring briefing on Plaintiff's motions.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

                                    /s/
_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA

CORNELL D.M. JUDGE CORNISH,   )
                              )
            Plaintiff,        )
                              )
     v.                       )   Civil Action No. 07-1719 RWR
                              )
JON DUDAS, et al.,            )
                              )
            Defendants.       )
_____)
```

## DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

### I. Introduction

In the brief history of this civil matter, Plaintiff, a pro se litigant, has inundated the Court with reiterative, prolix, and unsubstantiated motions that do little to advance his cause and, instead, mostly waste the respective time and resources of the Court and opposing counsel. In December 2007 and January 2008, Plaintiff filed numerous, lengthy documents that haphazardly intermingled motions with his general opposition to Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (hereinafter "Defendants' dispositive motion"). For example, Plaintiff's recent filings include: 1) a motion seeking the appointment of counsel to assist him or the Court in prosecution of his civil case against Defendants; 2) a request that the Court certify its denial of his motion to defer Defendants's dispositive motion for interlocutory appeal; 3)

unrelenting allegations that Defendants are preventing him from practicing trademark law before the USPTO even though Defendants are not preventing him from doing so; 4) a motion to reopen the record; and 5) a petition to strike all records in the PTO.  <u>See</u> Docket Nos. 25-26, 29, 31, 33, 37, 38, 39.  To respond even to the December filings, a nearly undecipherable jumble of requests for relief and random rhetoric, required a lengthy response from Defendants.  Accordingly, for the reasons set forth below, Defendants move for a protective order requiring Plaintiff to seek and obtain leave of Court prior to filing any additional motions in this proceeding until the Court rules on Defendants' dispositive motion and permitting the Defendants to defer briefing on any motions by Plaintiff until the Court calls for a response to a particular motion.

　　Defendants do not make this motion lightly.  They acknowledge that Plaintiff should be given free access to the Court.  <u>See</u>, <u>e.g.</u>, <u>In re Carl Clovis Green</u>, 598 F.2d 1126, 1127 (8th Cir. 1979) ("It is axiomatic that no petitioner or person shall ever be denied his right to the processes of the court.").  Nevertheless, given Plaintiff's pattern of filing nearly incoherent, reiterative motions even after Defendants have filed and fully briefed a dispositive motion, there appears to be no end in sight to Plaintiff's filings.  Accordingly, Defendants

- 2 -

submit that interests of judicial economy warrant delaying further briefing in the case as well as any discovery pending resolution of the dispositive motion.  See Fed. R. Civ. P. 1 (indicating that the rules of the Court should be "construed and administered to secure the just, speedy, and inexpensive determination of every action.")

## II. Argument

Federal courts have both the inherent and constitutional obligation to protect their jurisdiction from conduct that impairs its ability to carry out its functions under Article III. See In re Martin Trigona, 737 F.2d 1254, 1261 (2nd Cir. 1984) (affirming in part district court order granting injunction against vexatious pro se litigant).  It is well-settled that a court may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice.  Urban v. United Nations, 768 F.2d 1497, 1500 (D.C. Cir. 1985) (enjoining pro se litigant from filing any civil action in any federal court of the United States without first obtaining leave of court) (citing In Re Martin-Trigona, 737 F.2d at 1261; In Re Green, 669 F.2d 779, 787 (D.C. Cir. 1981) (ordering district court to enjoin pro se litigant from filing suit without leave of the court); Ruderer v. United States, 462 F.2d 897, 899 (8th Cir.), cert. denied, 409 U.S. 1031 (1972) (enjoining pro se

litigant from filing further suits relating to discharge from army)).

Plaintiff's filings illustrate a lack of understanding of the issues that are *relevant* to his complaint. They are prolix and disorganized; they raise issues that are not material and, at times, are simply bizarre[1]; and, most significantly, they do not have merit. Consequently, an undue amount of the Court's and Defendants' respective time and resources have been unnecessarily expended untangling and responding to them. Doing so has been especially frustrating because Defendants' dispositive motion, to which Plaintiff has responded, is pending before the Court. Plaintiff's filings have likely adversely affected the Court's orderly and expeditious consideration of that motion. Accordingly, Defendants request modest relief that does not unduly prejudice Plaintiff, namely: a deferral of the filing and briefing of motions in the case until the Court has made its decision on Defendants' dispositive motion or unless Plaintiff obtains leave of court and the Court directs a response.

---

[1] For example, Plaintiff has moved the Court to refer him to the Lawyer's Counseling Panel. Judges may make such referrals confidentially where an attorney exhibits a deficiency in performance and where, in the judge's opinion, the attorney would likely benefit from counseling by other trial lawyers on litigation matters, ethics, or apparent abuse of drugs or alcohol. See Local Civil Rule 83.20. Plaintiff, however, makes this request at the same time he seeks admittance to the patent bar.

Defendants' motion for protective order is analogous to a protective order barring discovery while a dispositive motion is pending.  It is well-settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the complaint is pending.  See, e.g., Brennan v. Local Union No. 639, Int'l Brotherhood of Teamsters, 494 F.2d. 1092, 1100 (D.C. Cir. 1974), cert. denied, 429 U.S. 1123 (1977).  See also Maljack Productions, Inc. v. Motion Picture Association of America, 1990 WL 157900, at *1 (D.D.C. Oct. 3, 1990) (discovery appropriately stayed where motion to dismiss is pending).  Thus, in such cases, it is entirely appropriate for the Court to defer discovery until it has made its determination of a preliminary question that may dispose of the claims at hand.  The same rationale applies to Defendants' instant request.

In sum, Defendants' motion for a protective order is intended only to allow the Court to focus on the Defendants' dispositive motion rather than on future vexatious filings by a pro se litigant.  Accordingly, it is properly granted.  Cf. Clemmons v. U.S. Department of Homeland Security, 2007 WL 2059796 (July 13, 2007) (slip opinion) (granting defendant's motion for protective order imposing filing restrictions against pro se plaintiff such that plaintiff not permitted to file any further

- 5 -

motions in case without leave of court.)

### III. Conclusion

For the reasons stated herein, Defendants respectfully request that the Court enter an order requiring Plaintiff to seek and obtain leave of Court prior to filing any additional motions in this proceeding until the Court renders its decision on Defendants' pending Motion to Dismiss or, in the Alternative, for Summary Judgment and asks that further briefing on such motions as are filed be deferred until resolution of the dispositive motion or until the Court directs Defendants to respond.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____/s/___
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

CERTIFICATE OF SERVICE

    I hereby certify that service of the foregoing Defendants' Motion for Protective Order and Memorandum in Support Thereof and a proposed order has been made by mailing copies thereof to:

CORNELL D.M. JUDGE CORNISH, ESQ.
Suite 301
1101 New Hampshire Ave., N.W.
Washington, DC  20037-1502

on this 30th day of January, 2008.

                                                                              /s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, DC  20530
(202) 514-7230
fax: (202) 514-8780

```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA

CORNELL D.M. JUDGE CORNISH,       )
                                  )
        Plaintiffs,               )
                                  )
   v.                             ) Civil Action No. 07-1719 RWR
                                  )
JON DUDAS, Under-Secretary of     )
  Commerce for Intellectual Property)
  and Director of the U.S. Patent )
  and Trademark Office, et al.,   )
                                  )
        Defendants.               )
_____)
```

ORDER

UPON CONSIDERATION of Defendants' Motion For Protective Order, for the reasons set forth by Defendants in support thereof, and based upon the entire record herein, it is this ___ day of _____, 2008, hereby

ORDERED that Defendants' Motion For Protective Order be and is hereby granted and it is

FURTHER ORDERED that Plaintiff shall first secure leave of Court to file any future motions in this action and that absent further order from the Court, Defendants' time to respond to any outstanding motions filed by Plaintiff shall be extended until a time after resolution of the pending dispositive motion or until the date the Court directs the Defendants to respond.

                                    _____
                                    UNITED STATES DISTRICT JUDGE

copies to:

W. MARK NEBEKER
Assistant U.S. Attorney
555 4th Street, N.W.
Civil Division
Washington, DC  20530

CORNELL D.M. JUDGE CORNISH, ESQ.
Suite 301
1101 New Hampshire Ave., N.W.
Washington, DC  20037-1502