UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
CORNELL D.M. JUDGE CORNISH,    )
                               )
    Plaintiff,                 )
                               )
    v.                         )   Civil Action No. 07-1719 (RWR)
                               )
JON DUDAS, et al.,             )
                               )
    Defendants.                )
_____)
```

**MEMORANDUM ORDER**

*Pro se* plaintiff Cornell D.M. Judge Cornish, an attorney who was previously registered to practice before the United States Patent and Trademark Office ("USPTO" or "PTO"), filed a complaint against the defendants[1] alleging, among other things, that the defendants engaged in discrimination by requiring him to sit for the patent examination before being reinstated, violated his First Amendment rights by preventing him from advertising as a registered patent attorney, and violated his due process rights by not providing notice and a hearing regarding his reinstatement. Cornish has filed a motion for a preliminary injunction which appears to request an order (1) enjoining the

---

[1] The defendants are the USPTO; Jon Dudas, Under Secretary of Commerce for Intellectual Property and Director of the USPTO; Harry I. Moatz, Director of the Office of Enrollment and Discipline; and William J. Griffin, Staff Attorney in the Office of Enrollment and Discipline. The individuals are being sued in their official capacities.

- 2 -

USPTO from requiring that he pass the patent examination before being reinstated, (2) enjoining the USPTO from preventing him from holding himself out to the public as a registered patent attorney, and (3) requiring the USPTO to provide reasonable accommodations when he sits for the patent examination.  Cornish also filed a series of miscellaneous motions following his motion for a preliminary injunction, to which the defendants responded by moving for a protective order to temporarily either ban plaintiff from filing more motions or relieve defendants from having to respond to further motions by plaintiff unless the court orders responses.  Because Cornish has failed to demonstrate any irreparable harm or that other factors entitle him to the emergency relief sought, his motion for a preliminary injunction will be denied.  Cornish's additional motions lack merit and will be denied.  The ban defendants seek will be denied at this time, but defendants will be temporarily excused from responding to future motions by plaintiff.

I.

Cornish applied for and passed the patent examination in 1958, and became registered to practice before the USPTO.  (See Defs.' Mem. of P. & A. in Opp'n to Pl.'s Mot. for Prelim. Inj. ("Defs.' Opp'n") at 5, Ex. 1.)  In 1995, Cornish was removed from the register of attorneys in Maryland after a grievance was filed

- 3 -

against him.[2]  (See id. at 7, Ex. 5.)  As a result, Cornish sent a letter in 1996 to the USPTO stating that he was "ceasing the practice before the United States Patent and Trademark Office." (See id. at 7, Ex. 7.)  In response, the director of the USPTO's Office of Enrollment Discipline ("OED") sent a letter to Cornish stating that the USPTO was "treating [Cornish's letter] as a request to have [his] name removed from the register."  (See id. Ex. 8.)  The director's letter further explained that Cornish should inform OED if it was not his intent to have his name removed from the register, and described how he could be reinstated after his name was removed.  (See id.)  After sending the letter and allowing Cornish sufficient time to respond, the OED director removed Cornish's name from the USPTO register in 1996.  (See id.)

     In 2005, Cornish submitted a request for reinstatement to the USPTO register.  (See id. at 9, Ex. 12).  OED informed Cornish that because it had been over five years since he had been registered, he must take the patent registration examination or submit a showing to the satisfaction of OED that he continued to possess the legal qualifications necessary to render valuable services for patent applicants.  (See id. at 9, Ex. 13.)  Cornish

---

[2] Both the District of Columbia and New York State Bars temporarily suspended Cornish from the practice of law based on the Maryland action.  He has since been reinstated to all three bars.  (See Defs' Opp'n at 8-9.)

- 4 -

elected to submit information regarding his legal qualifications. Based upon a review of Cornish's submission, OED concluded that Cornish did not present sufficient objective evidence to show that he continued to possess the legal qualifications to render patent applicants valuable service. (See id. at 10, Exs. 15, 32.) OED sent a letter to Cornish informing him that the determination was "without prejudice," inviting him to submit additional information to support his qualifications. (See id. at 10-11, Ex. 17.) Before submitting additional information about his qualifications in response to OED's letter, Cornish applied for, and subsequently failed, the July 2005 patent examination. (See id. at 11, Exs. 18, 20, 33.) Cornish then filed an application to take the July 2006 examination, and his application included a request for various "reasonable accommodations."[3] OED granted Cornish's request in part, but Cornish subsequently failed the 2006 examination. As a result, Cornish applied to sit for the July 2007 examination, and OED agreed to grant all of his requests for accommodations.[4] Cornish

---

[3] The request sought an examination in larger print, a separate examination room, a different test date, and additional time to take the test. (See Def.'s Opp'n Ex. 22.)

[4] OED gave Cornish the examination and answer sheets printed in 14-point font; magnifiers for reading the Manual of Patent Examining Procedure; additional lighting; a testing room separate from the main testing room; additional time to take the examination; and the opportunity to take the examination over two days instead of one. (See id. at 25.)

- 5 -

was informed that he did not pass the latest examination, and he then filed his complaint and motion for preliminary injunction.

II.

"[I]njunctive relief is an 'extraordinary and drastic remedy,' and it is the movant's obligation to justify, '*by a clear showing*,' the court's use of such a measure." Citizens United v. FEC, Civil Action No. 07-2240 (ARR, RCL, RWR), 2008 WL 134226, at *2 (D.D.C. Jan. 16, 2008) (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis in original)). "The court will not issue such relief unless the movant shows that [he] has '1) a substantial likelihood of success on the merits, 2) that [he] would suffer irreparable injury if the injunction is not granted, 3) that an injunction would not substantially injure other interested parties, and 4) that the public interest would be furthered by the injunction.'" Citizens United, 2008 WL 134226, at *2 (citing Omar v. Harvey, 479 F.3d 1, 18 (D.C. Cir. 2007) (citation omitted)). "The four factors should be balanced on a sliding scale, and a party can compensate for a lesser showing on one factor by making a very strong showing on another factor." In re: Navy Chaplaincy, 516 F. Supp. 2d 119, 122 (D.D.C. 2007) (citing CSX Transp., Inc. v. Williams, 406 F.3d 667 (D.C. Cir. 2005)). Ordinarily, though, "[a] movant must demonstrate at least some injury" to warrant securing an injunction. In re: Navy Chaplaincy, 516 F. Supp. 2d at 122

- 6 -

(internal quotations and citations omitted).  Where a party has made no showing of irreparable injury, injunctive relief may be unavailable regardless of the showings on the other factors.  See CityFed Fin. Corp. v. Office of Thrift Supervision, 58 F.3d 738, 747 (D.C. Cir. 1995).  Moreover, "[a] court may deny a plaintiff's application for a temporary restraining order or preliminary injunction without first providing a hearing on the merits when the record is sufficient to demonstrate a lack of right to relief."  Smith v. Harvey, Civil Action No. 06-1117 (RWR), 2006 WL 2025026, at *2 (D.D.C. July 17, 2006) (citing Johnson v. Holway, 329 F. Supp. 2d 12, 14 n.1 (D.D.C. 2004); Local Civil Rule 65.1(d) (allowing a court to decide a motion for preliminary injunction on the papers before holding a hearing)).

Assuming, without deciding, that Cornish can demonstrate a likelihood of success on the merits, he has wholly failed to show that he would suffer any irreparable harm.  Cornish alleges economic harm because the USPTO will not place him on its register until he passes the patent examination and will not allow him to advertise to the public that he was a USPTO-registered patent attorney.  He states that the USPTO has already caused him "very great injury . . . estimated to amount to possibly over $1,000,000, and . . . irreparable damage that cannot be denied."  (See Pl.'s Reply at 18.)  However, the D.C. Circuit has made clear that "[m]ere injuries, however

- 7 -

substantial, in terms of money . . . are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." <u>Wis. Gas Co. v. Fed. Energy Regulatory Comm'n</u>, 758 F.2d 669, 674 (D.C. Cir. 1985) (citation omitted). Because adequate compensatory relief may be provided during the ordinary course of this litigation, and because Cornish is free to earn a living by practicing non-patent law in the jurisdictions in which he is an attorney in good standing, any economic harm that may be suffered by him does not constitute irreparable harm warranting preliminary injunctive relief.

Cornish also insists that he will be irreparably injured if an injunction is not granted because he "will continue to be harassed [for] failure to clarify his status as 'inactive'" in the PTO and will be "barred and coerced from practicing at all by threats of fines and imprisonment." (<u>See</u> Pl.'s Reply at 27.) However, Cornish "has not submitted any competent evidence into the record . . . that would permit the Court to assess whether []he, in fact, faces irreparable harm to h[is] professional life if an injunction is not issued[,]" and he provides "only broad conclusory statements as to alleged harms." <u>Barton v. Venneri</u>, Civil Action No. 05-0669 (JDB), 2005 WL 1119797, at *3 (D.D.C. May 11, 2005) (finding that a plaintiff failed to establish

irreparable harm by generally arguing that "defendant's continuing harassment threatens the very existence of her professional life . . . and personal, emotional well being" (citation omitted)).  Cornish has not demonstrated why he should be permitted to practice as a patent attorney given the fact that he has repeatedly failed the patent examination, nor has he demonstrated that the USPTO is engaging in inappropriate harassment or threats against him.  Further, Cornish fails to explain why an order to reinstate him to the patent bar, if ultimately found to be warranted, would not be a sufficient legal remedy.

Accordingly, there is little need to evaluate in detail the likelihood of success here because Cornish completely fails to demonstrate any irreparable harm as any harm caused by the defendants could be remedied at law.  Nor do the remaining factors tilt in favor of granting the relief Cornish seeks.  Cornish argues that an injunction would "not substantially injure . . . the Defendants" (Pl.'s Mem. of Law in Supp. of Mot. for Prelim. Inj. at 2.), and that it would have a "good effect" on the public interest.  (See id. at 24.)  To the contrary, there is inherent harm to an agency in preventing it from enforcing regulations that Congress found it in the public interest to direct that agency to develop and enforce.  See, e.g., Hunter v. Fed. Energy Regulatory Comm'n, Civil Action No. 07-1307 (RJL),

- 9 -

2007 WL 4302772, at *7 (D.D.C. Dec. 10, 2007) ("Given . . . the harm that issuing an injunction would cause to [an agency's] enforcement authority, the Court finds that the public interest would not be served by issuing an injunction at this time."). The balance of factors weighs decidedly against issuing a preliminary injunction.

### III.

Following his motion for a preliminary injunction, Cornish also filed a series of miscellaneous motions, including: (1) a motion "under Public Law 106-185 for return of plaintiff's property"; (2) a motion for limited admission; (3) a motion for reconsideration of various court orders; (4) a motion to appoint counsel; (5) several motions for extensions of time; (6) a motion for tolling; (7) a motion for leave to file; (8) several motions for various court orders to be issued; and (9) a motion to amend the complaint.[5]  Because Cornish has failed to show good cause for the relief requested in these motions, they will each be denied.

### IV.

Finally, the defendants complain that the plaintiff has filed an unrelenting stream of meritless motions raising immaterial issues and containing "a nearly undecipherable jumble

---

[5] The captions of these motions have been abbreviated as many of the motions seek a large number of forms of relief.

- 10 -

of requests for relief[.]"  (Defs.' Mem. in Supp. of Mot. Prot. Order at 2, 4.)  They have moved for an order prohibiting plaintiff from filing any more motions without leave of court to do so until the defendants' pending dispositive motion is resolved.  Defendants' complaint has merit, but the ban defendants seek will be denied.  However, while the defendants' dispositive motion remains pending, the defendants will be allowed to defer responding to any future motion filed by plaintiff unless the Court calls for a response.  Furthermore, the plaintiff is warned that given his history in this case of filing motions that have lacked merit, future motions that he files before the defendants' dispositive motion has been decided may be denied without prejudice sua sponte.

V.

Because Cornish has failed to justify by a clear showing the injunctive relief he seeks, his motion for a preliminary injunction will be denied.  Moreover, because Cornish has failed to show good cause for the relief he seeks in his additional motions, those motions will be denied and defendants' request for a protective order will be denied without prejudice in part and granted in part.  Accordingly, it is hereby

ORDERED that plaintiff's motion [2] for a preliminary injunction be, and hereby is, DENIED.  It is further

- 11 -

ORDERED that plaintiff's miscellaneous motions [25, 26, 29, 31, 33, 35, 37, 38, 39, 42, 45] be, and hereby are, DENIED.  It is further

ORDERED that defendants' motion [41] for a protective order be, and hereby is, DENIED WITHOUT PREJUDICE in part and GRANTED in part.  Plaintiff at this time is not banned from filing more motions without leave of court, but before the defendants' dispositive motion is decided, defendants may defer responding to future motions by the plaintiff unless responses are ordered.  It is further

ORDERED that plaintiff's motion [43] to deny the defendants' motion for a protective order, and for a stay to allow plaintiff to make an interlocutory appeal, be, and hereby is, DENIED.

SIGNED this 25th day of February, 2008.

                                                          /s/
                                    RICHARD W. ROBERTS
                                    United States District Judge