**RECEIVED**

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

FEB **2 7** 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CORNELL D.M. JUDGE CORNISH,                    )
                                               )
                    Plaintiff *Pro Se*         )
        v.                                     )
                                               )     CASE  07-cv-01719 (RWR)
                                               )
JON DUDAS, et al.                              )
                                               )
                    Defendants                 )
_____            )

**Motion And Petition Under 5 U.S.C.706 For Relief, Or Under 705 For Relief Pending**

**Review By Leave To Postpone Or Deny Defendants' Dispositive Motions To Dismiss, For**

**Summary Judgment And For A Protective Order, In Order To Hold A Hearing Or Under**

**5 U.S.C. 702 And 704 To Review And For Return Of "Tariffs" Paid Under 37 C.F.R. 1.21**

**(a) (1) (i) [$40.00]and (ii) (b) [$450]; And Under 5 U.S.C. 702 And 704 For Review And**

**Reversal Of Forced "Expiration" Of Plaintiff's License To Practice By "Strategic**

**Mooting" And By Granting Plaintiff's Motion For A Temporary Restraining Order Or**

**Preliminary Injunction To Enjoin Defendants From Enforcing Prior Restraint**

This is a *pro se* Motion For Relief under 5 U.S.C. 706, or alternately, Pending

Review under 5 U.S.C. 705, by postponing or denying Defendants' Dispositive Motions and

Motion For A Protective Order, in order to hold a hearing or under 5 U.S.C. 702 and 704 to

review and for return of "tariffs" paid under 37 C.F.R. 1.21 (a) (1) (i) and (ii) (b); and under

U.S.C. 702 and 704 for review and reversal of forced "expiration" of Plaintiff's license to

practice by "strategic mooting" of tentative Rules and Orders of *prior restraint* without a

hearing by granting Plaintiff's Motion for a Preliminary Injunction to enjoin Defendants from

1

implementing them; and also under 5 U.S.C. 556, 557 and 558 (a), (b) and (c) for review and return of two "tariffs" paid under 37 C.F.R. 1.21 (a) (1) (i) [$40 ea.] and (ii) (b) [$450 ea.]; and review and reversal of Commissioner's *prior restraint* revision of the settled law of the *status quo* by enjoining Defendants from implementing the forced "expiration" of Plaintiff's license dated November 5, 1958 by "strategic mooting." This is a genuine issue of material fact in dispute, or it is at least a colorable substantive question, as to whether Plaintiff is "eligible" to be a *pro se* "practitioner," and whether he is "eligible" under the First Amendment to express his name as an attorney in a patent or whether *prior restraint* is an absolute *de facto* bar because of his age-related disabilities without reasonable accommodations that have been denied to him.

This genuine issue of fact is raised in support of temporarily restraining or enjoining the Commissioner's *prior restraint* of Plaintiff's *pro se* expression in his patent applications, and the Revised Rules for the *prior restraint* of the Plaintiff's filing of claims for more than two Continuation patent applications also raises the genuine issue of material fact as to whether the PTO lacks inherent power to cause unreasonable delay or substantive limitations in prosecution which is prevented by 35 U.S.C. 120 and 132. Symbol Techs., Inc. v. Lemelson Med., Educ. & Research Found., 422 F,3d 1378 (Fed. Cir. 2005). And in Tafis v. Dudas, Civil Action 1:07cv846 (JCC) and SmithKline Beecham et al v. Dudas,1:07cv1008 (JCC) in the District Court of the E. Distr. Of VA, (Alexandria Division), it was held that the Defendants are not entitled to *Chevron* deference Chevron U.S.A., Inc. v. NRDE, 467 U.S. 837 (1984). Instead, under Adams Fruit, 494 U.S. at 649-50, the PTO is entitled to no deference, and Judge Cacheris' agreed with this in his October 31, 2007 Temporary Restraining Order in the cited case of Tafis v. Dudas, 1:07cv846 (JCC), (D.VA. Alex. Div.).

2

Furthermore, the PTO rationale of administrative efficiency is suspect because "it has not been adequately explained." And it "ignores less-drastic and less-damaging alternatives to restricting abusive continuations and expressions protected under the First Amendment by *prior restraint.*" Judicial review of agency rulemaking under 5 U.S.C. 706 (2) (A) is guided by Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mutual Auto. Ins. Co., 463 U.S. 29 (1983). Under this standard, while a court "is not to substitute its judgment for that of the agency," it must still "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." *Id.*; Hush-A-Phone et al v. United States Federal Communications Commission, 238 F.2d 266 (D.C. Cir. 1956); Parker v. Chakrabarty, 447 U.S. 303 (1980); and Freedman v. Maryland, 380 U.S. 51 1965).

In particular, the *prior restraint* is both prospective and retroactive, the latter of which was considered in the cited case of Taflas, *Id.,* in connection with whether there was a likelihood of success for the Plaintiffs.

In connection with the merits of Plaintiff and his likelihood of success in this case the same criteria apply here because they would impair copyright, trademark, trade secret and other rights of Plaintiff that he possessed when he acted; increase his liability for past conduct in his patents; and impose new non-procedural or other duties with respect to transactions already completed, including Plaintiff's existing patents and applications, and his new duties that did not exist, including the shifting of the burden of proof, and the non-procedural requirement of justifying the eligibility" of his constitutionality protected expressions as an attorney and in his Continuation applications, RCE's (Requests For Continuing Examination), ESD's (Examining Support Document"), and more than 5 independent claims. Landgraf v. USI Film Prods., 511 U.S. 244, 280 (1994), and Freedman, *Id*.

3

In addition, 35 U.S.C. 2 (b) (2) (D), 6 and 32 are unconstitutionally vague because they fail to provide narrowly tailored boundaries for the compelling public purposes of free expression and due process, and insufficient boundaries that would enable a reasonably prudent person to be enabled to comply with the *prior restraint* and ESD requirements under the First Amendment. And those requirements will so truncate Plaintiff's applications as to irreparably injure his property, due process and expression rights if they are not temporarily restrained or enjoined because he is forced to choose either to violate an invalid ordinance and suffer the inherent consequences of doing so or comply with the same and suffer a loss with little hope of recovery. Synapgro-Wwt, Inc. v. Louisa County, 2001 U.S. Dist. LEXIS 10987 (W.D. Va. 2001).

The secret, tentative, substantive, forced "expiration" of Plaintiff's license was implemented unconstitutionally without authorization and not according to law; as were the Final Rules, referred herein and by Defendants as the Revised Rules for *prior restraint* of the filing of claims for more than two Continuation patent applications (to be imposed November 1, 2007). The *prior restraint* was without a hearing and was thereby an unconstitutional, substantive rule or order not authorized by law and not implemented according to law.

1) According to 5 U.S.C. 702 Right of review in pertinent part:

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action with the meaning of a relevant statute, is entitled to judicial review hereof.

2) According to 5 U.S.C. 704, Actions Reviewable in relevant part:

Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.

3) According to 5 U.S.C. 705:

4

On such conditions as may be required and to the extent necessary to prevent irreparable

injury, the reviewing court, including the court to which a case may be taken on appeal from

or on application for certiorari or other writ to a reviewing court, may issue all necessary and

appropriate process to postpone the effective date of an agency action or to preserve status or

rights pending conclusion of the review proceedings.

4) According 5 U.S.C. Section 558, Title 5 > Part 1 > Chapter 5 > SUBCHAPTER II > 558:

Imposition of sanctions; determination of applications for licenses; suspension, revocation,

and expiration of licenses

- (a) This section applies, according to the provisions thereof, to the exercise of a power or
  authority.

- (b) (b) A sanction may not be imposed or a substantive rule or order issued except within
  jurisdiction delegated to the agency and as authorized by law.

( c) When application is made for a license required by law, the agency, with due regard

for the rights and privileges of all the interested parties or adversely affected persons and

within a reasonable time, shall set and complete proceedings required to be conducted in

accordance with section 556 and 557 of this title of other proceedings required by law

and shall make its decision.  Except in cases of willfulness or those in which public

health, interest, or safety requires otherwise, the withdrawal, suspension, revocation, or

annulment or a license is lawful only if, before the institution of agency proceedings

therefor, the licensee has been given –

- (1) Notice by the agency in writing of the facts or conduct which may warrant the
  action; and

5

> (2) Opportunity to demonstrate or achieve compliance with all lawful
>
> requirements.

When the licensee has made timely and sufficient application for a renewal or a new

license in accordance with agency rules, a license with reference to an activity of a

continuing nature does not expire until the application has been finally determined by the

agency.

Plaintiff was never excluded from practice in the USPTO. And Plaintiff's license to express

his name as an attorney in a patent application was never suspended or revoked nor did it expire.

There is a genuine issue of fact as to whether his license expired in accordance with 5 U.S.C.

558, because the Defendants did not meet their burden of proof with substantial evidence for its

expiration. However, Defendants tentatively decided without jurisdiction by *prior restraint* to

force "expiration" of his license by "strategic mooting" without a hearing after notice by the

Defendants in writing of the facts or conduct which may warrant that action; and without a

reasonable opportunity to demonstrate or achieve compliance with all lawful requirements

without reasonable accommodations for age-related life function disabilities, including medically

documented seeing, hearing, breathing, blood circulating and excreting.

A tentative rule was made by "strategic mooting" to the effect that Plaintiff's *pro se* filing of

a patent application was not subject to *prior restraint,* but use of his name as an attorney would

not be given "limited recognition" in that patent application, but instead it was barred by *prior*

*restraint* of Plaintiff's expression of his name, and, further, there was an order of *prior restraint*

against the filing of claims in more than two continuing patent applications, which was imposed

on him and others without jurisdiction delegated to the Defendants, or as authorized by law. *See,*

*e.g.,* 5 U.S.C. 553 (c) and 706 (2).

6

A valid license issued to Plaintiff on November 5, 1958, in accordance with agency rules, which included immunity from *prior restraint* of the use of his name as an attorney in applications and Continuations (albeit, the same would now apply to RCE's and CPA's); authorization to file trademark applications for others; and authorization to file and prosecute patent and continuation applications for others with his name as an attorney. That license for *pro se* filing of patent and trademark applications did not expire nor was it revoked or suspended by a final determination of the Defendants after a hearing and opportunity to demonstrate or achieve compliance with all lawful requirements with reasonable accommodations for age-related disabilities. Nevertheless, a tentative rule of *prior restraint* of the expression of Plaintiff's name and the filing of claims in more than two Continuation patent applications were imposed by *prior restraint* on Plaintiff without jurisdiction delegated to the agency and without authorization by law. The Defendants did not meet their burden of proof of substantial evidence to show that the *prior restraint* of the use of Plaintiff's name as an attorney, and /or the *prior restraint* of the filing of claims in more than two continuation applications was constitutional. And there was no substantial evidence to support a finding that use of the Plaintiff's name as an attorney, or the filing of claims in more than two continuation applications would either pervade the whole patent system or be publically detrimental. Notice by the agency in writing of the facts or conduct which may warrant the action was not made or given to the Plaintiff. There was no opportunity to timely demonstrate or achieve compliance with all lawful requirements with reasonable accommodations for age-related life function disabilities of seeing, hearing, breathing, blood circulation and excretions.

The described *prior restraint* scenario to change settled law and the *status quo* is reminiscent of the action of the government and its agents in connection with the substantive tariff, order and

7

rules imposed against Hush-A-Phone. Hush-A-Phone et al v. United Stataes Federal
Communications Commission, 238 F.2d 266 (D.C. Cir. 1956).

In that case, although the government found that using the Hush-A-Phone did not impair
telephone service, a tariff provision barring use of the device by attachment to a telephone
belonging to the telephone company was found by the government to be 'just and reasonable'
within the meaning of the law under its authority. The court, however, found that the
governments' decision was clearly erroneous by finding that it was an unwarranted interference
with the plaintiff's right to reasonably use a telephone in ways which were privately beneficial
without being publically detrimental.

Likewise, the Defendants have not met their burden of showing by substantial evidence that
Plaintiff's use of his name as an attorney in patent and trademark applications without *prior
restraint* would be in accordance with law unconstitutional, and/or that his *pro se* filing of more
than two continuation patent applications was not just or reasonable, within the meaning of the
law, under their authority, or that such filings would be publically detrimental. In fact, the same
would be "just and reasonable' without such *prior restraint,* they would be privately beneficial
without being publically detrimental, and such *prior restraint* is an unwarranted interference
with Plaintiff's substantive constitutional rights.

Like the license required for attaching anything to a telephone, a license is required for
anyone attaching an expression of his name as an attorney to a patent or a Continuation under the
Revised Rules, even *pro se* attorney applicants, as co-inventors, assignees, executors or as co-
inventors for absent, hostile or dead inventors. And just as a test was used to sort out those who
obtained a license to be registered to attach anything to a telephone, so too must anyone wishing
to be registered as a practitioner to express his name as an attorney in a patent pass a test to be

8

registered to attach an expression of his name to a patent. Just as the government found that the use of a "Hush-A-Phone pervaded the whole telephone system, even though it did not physically impair any of the facilities of the telephone companies, so too the Defendants have concluded that the use of an unregistered attorneys name as an attorney in a patent application, or the filing of more than two continuation patent applications pervades the whole system such that they would be 'deleterious to system as a whole and thus would injure the service rendered by them.'

The process includes payment of a "tariff" under 37 C.F.R. 1.21 for permission to take the test to be re-registered to take the test for a license to use an expression in a patent application or patent naming a practitioner as an attorney without *prior restraint*. To this end, to be a registered practitioner by re-registration to practice, the practitioner must pass the Patent Office examination. As General Counsel Toupin has said, in cases including Petitions under 37 CFR 11.2(d), e.g., on July 12, 2006, "To the extent justice is considered, therefore, the overriding concern must be the protection of applicants through the admission of only those practitioners who have demonstrated that they have the knowledge and skills necessary to pass the examination."

To this end, there is a $40 "tariff" charge for applications by *pro se* applicants for reinstatement to take the Patent Office Examination for Continuing Legal Education purposes, or other mere academic reasons, and a further tariff" charge of $450 to take the examination, and there are classifications, practices, and regulations affecting such charges. These "tariffs" forbid by *prior restraint* the *attachment* to a patent application of a *pro se* attorney's *expression* or his name and title [as an attorney] unless registered on the roster of attorneys and agents. For violation of this *prior restraint* of *expression* of this *foreign attachment* provision, the Defendants claim by a right of "expiration" the right to "remove" Plaintiff from the roster of

9

attorneys and agents, and to enforce expiration of his license or to terminate his right and

privilege to use his name in connection with his title, privilege or appellation. *Compare* Hush-

A-Phone Corporation et al v. United States of America And Federal Communications

Commission, et al, 238 F.2d 266, (D.C. Cir. 1956).

Under 5 U.S.C. 705 Relief pending review:

When an agency finds that justice so requires, it may postpone the effective date of action

taken by it, pending judicial review. On such conditions as may be required and to the extent

necessary to prevent irreparable injury, the reviewing court, including the court to which a

case may be taken on appeal from or on application for certiorari or other writ to a reviewing

court, may issue all necessary and appropriate process to postpone the effective date of an

agency action or to preserve status or rights pending conclusion of the review proceedings.

In as much as the Defendants have never answered Plaintiff's Petitions for review of their

*prior restraint,* and in as much as the Defendants have denied Plaintiff "limited recognition" by

"strategic mooting," of the use of his name as an attorney by *prior restraint,* the Defendants have

effectively postponed the effective date of action taken by them indefinitely, and, thus,

obstructed Plaintiff's right to judicial review of the "expiration" of Plaintiff's license to practice

for others in the patent and trademark offices by "strategic mooting," except as to their *prior*

*restraint* of the filing of claims for more than two Continuation patent applications, which is now

under Preliminary Injunction in the District Court of Virginia (Alexandria Division).

Accordingly, it is requested that the Court postpone or Deny the Defendants' Motions To

Dismiss and alternately, for Summary Judgment, and Deny Defendants' Motion For A Protective

Order or grant Plaintiff leave for an interlocutory appeal.

10

Meanwhile, this will give the Court the option of granting Plaintiff's Motion for a

Preliminary Injunction to prevent the hemorrhaging of Plaintiff's irreparable injury or alternately

to give him the oral hearing that has been sadly lacking in this case since March 4, 1996.

A hearing must be provided  under 5 U.S.C. 553, 554 and 556 for an initial decision;

conclusiveness; review by agency; submissions by parties; contents of decisions; record. This

section applies, according to the provisions thereof, when a hearing is required to be conducted

in accordance with section 556 of this title.

According to 557 (b) in pertinent part, As Defendants admit on page 2 of their 1/30/2008

Motion for a Protective Order without a request by Plaintiff, "It is axiomatic that no petitioner or

person shall ever be denied his right to the processes of the court." In re Carl Clovis Green, 598

F.2d 1126, 1127 (8th Cir. 1979). This includes access for a motion like this one to call for a pre-

enforcement Temporary Restraining Order or a Preliminary Injunction to enjoin Defendants'

*prior restraint* of Plaintiff's expressions and Continuations by their Order of August 21, 2007

imposing *prior restraint* on Plaintiff by their "533 rulemaking" Order directed against

expressions by applicants in patents, patent applications and *Continuation Applications* for

utility, plant and design patents.

This is a Motion for a Temporary Restraining Order or a Preliminary and Permanent

Injunction under the APA to enjoin Defendants from *prior restraint* of Plaintiff's expressions in

his patents, trademarks, and applications both original and *Continuation Applications* as

provided for by Local Rule LCvR 65.1 (c) before a decision on Defendants' Motion to Dismiss,

and by enlargement of time to reply, whereby all parties will be given a reasonable time under

Rule 56 to present all material made pertinent to a motion for summary judgment by Defendants'

Motion of a Protective Order.

11

Included is this Motion and Petition under 5 U.S.C. 706 for Relief, or under 5 U.S.C. 705 for

Relief Pending Review By Leave To Postpone Or Deny Defendants' Dispositive Motions to

Dismiss or For Summary Judgment, and for a Protective Order; and to hold a hearing under 5

U.S.C. 702 and 704 to Review and for return of "tariffs" paid under 37 C.F.R. 1.121 (a) (1) (i)

and (ii (b); and under 5 U.S.C. 702 and 704 for Review and reversals of *prior restraint* by

granting Plaintiff's Motion for a Temporary Restraining Order to enjoin Defendants from

implementing *prior restraint* and the forced "expiration" of Plaintiff's license to practice by

secret forced "strategic Mooting" of Rules and Final Orders without notice or a hearing.

This includes a request for leave to seek and obtain an oral hearing and a call upon the

Defendants in an oral hearing for a reply to this Motion, and a more responsive pleading under

Rule 12 to Plaintiff's 2/08/08 Motion and Memorandum To Deny Defendants' Motion For A

Protective Order and for A Stay To Allow Plaintiff To Make An Interlocutory Appeal of the

granting of such a Protective Order.

Plaintiff's Motion for Preliminary Injunction, is a *per se* call for leave to ask for a Response

under Rule 12 to a pending unanswered Motion, including a response to Plaintiff's pre-

enforcement, legal claims for a Preliminary Injunction to enjoin Defendants as aforesaid under

the APA by incorporation by reference herein and by judicial notice with the duplicate Motion

for Preliminary Injunction granted to the plaintiffs' identical claim under the APA against the

same first named Defendants as in this case, referred to herein as the combined cases of

SmithKline Beecaham Corporation v. Dudas, No. 1:07cv1008; and Tafis v. Dudas, No.

1:07cv846 (JCC/TRJ) in the District Court of the Eastern District of Virginia (Alexandria

Division).

12

In the plaintiffs' combined claim in that case the requested Preliminary Injunction was granted so it is a non-frivolous basis for a request for an oral hearing and Preliminary Injunction in this case. This case in addition to the same Motion for a Preliminary Injunction as made in that combined case in Virginia, makes a legal claim for harm to Plaintiff that will without doubt be significant, incalculable and not susceptible to monetary compensation, and in addition Plaintiff claims irreparable damages, fees, expenses, attorneys fees, and costs, as well as other relief to which the court may find just in this case under the First, Second, Third, Fourth, Fifth and Tenth Amendments, against the Defendants' for *prior restraint* of his expressions in patents, trademarks, and applications, including especially continuation applications, continuation-in-part applications, and claims in those applications, reissue applications and continuing prosecution applications that Defendants intend to bar under their "553 rulemaking."

Additionally, Plaintiff in this case makes legal claims for relief for injury due to negligence, discrimination, failures under the FOIA, EEO, Section 504 of the Rehabilitation Act, and failure to provide reasonable accommodations for medically certified life function disabilities, which all agree were not provided as requested, and as were even suggested by the Defendants in connection with a zoom enlarged MPEP, and reconsideration and reversal of the Motions of Plaintiff that were denied. Reconsideration of Plaintiff's Motion for the help of the Lawyer Counseling Panel under Local Rules LCvR 83.20 is requested on the basis of a request for an affidavit from the Defendants' lawyers in connection with their personal knowledge of this matter.

The final "553 rulemaking" of Defendants are herein referred to in connection with the Revised Rules that were to be effective November 1, 2008. These Revised Rules were supposed to have been implemented on November 1, 2007 at 72 Fed. Reg. No. 161, at 46716-46843,

13

published on August 21, 2007, and were entitled "Changes to Practice for Continuing

Examination Filings, Patent Applications Containing Patentably Indistinct Claims, and

Examination of Claims in Patent Applications; Final Rule" (to be codified at 37 CFR Part 1 and

sometimes collectively referred to as Revised Rules by "53 rulemaking" or otherwise under the

APA).

It is too plain and too well settled to be open to dispute that Plaintiff has a right of appeal by

permission under Rule 5.1; enlargement of time under Rule 6 and 30; a stay under Rule 8;

reopening, composition, modification or correction of the Record under Rule 10; the review or

enforcement of agency Orders under rule 15 (albeit, the case cited by Defendants is inapposite

since it was decided under the Tax Injunction Act that deprives the federal district courts of

jurisdiction over any action to "enjoin, suspend or restrain the assessment, levy or collection of

any tax under State law" 28 U.S.C. 1341). Plaintiff also has a right to ask for discovery under

Rule 26; for the accommodation of the pages and appendices in patent cases like this one, which

may be informally renumbered if necessary under Rule 32; a right in all cases to ask for the

appointment of counsel, for lawyer assistance, and for the assistance of the Court in seeking and

obtaining a more full response under local rules; and to ask for oral argument or approval by a

three judge panel because the dispositive issue of a Motion to Dismiss has recently been

authoritatively decided, and because the request is not, therefore, frivolous under Rule 34 and

local rules LCvR 7, LCvR 65.1(c) and/or LCvR 78.1.

Only Congress can suspend the right to challenge an unlawful detention of applicants right to

access in court by a gag order, and Congress and the courts can protect and grant Plaintiff's pre-

enforcement challenge to Defendants' *prior restraint* of his right and the right of every citizen

and alien with global equality to be free of *prior restraint* and to a right to enjoin the Defendants

from infringing their right to free speech, press, religion and petition in patents and *Continuation Applications* and for a Preliminary and Permanent Injunction under the First Amendment and the APA in connection with Defendants' policies and "533 rulemaking" Orders, including the cited "Revised Rules."

Plaintiff's Motion is for a pre-enforcement Temporary Restraining Order or a Preliminary Injunction to enjoin Defendants from *prior restraint* based upon the four factors relevant to the Court's decision to grant or deny a preliminary injunction, namely: (1) the likelihood of Plaintiff's success on the merits; (2) irreparable harm if the injunction is not granted; (3) the balance of hardships between the parties; and (4) the public interest. Abbott Labs. V. Andrix Pharms., Inc., 473 F.3d 1196, 1200-01 (Fed. Cir. 2007).

The merits of Plaintiff's case and the likelihood of success are based at least in part on the genuine issues of material fact in dispute, comprising Defendants' unauthorized rule-making, which is not in accordance with law, is clearly erroneous, without substantial evidence and based upon conjecture, which is manifestly unfair, unreasonable and without detriment to the public.

Accordingly, it is requested that the Court postpone or Deny the Defendants' Dispositive Motions (To Dismiss and alternately for Summary Judgment), and Deny Defendants' Motion For A Protective Order or grant Plaintiff leave for an interlocutory appeal.

Review and reversal of the Commissioner's *prior restraint* revision of the settled law of the *status quo* is requested by enjoining Defendants from implementing the forced "expiration" of Plaintiff's license dated November 5, 1958 by "strategic mooting." This is a genuine issue of material fact in dispute, or it is at least a colorable substantive question, as to whether Plaintiff is "eligible" to be a *pro se* "practitioner," and whether he is "eligible" under the First Amendment to express his name as an attorney in a patent or whether *prior restraint* is an absolute *de facto*

15

bar because of his age-related disabilities without reasonable accommodations that have been denied to him.

This genuine issue of fact is raised in support of temporarily restraining or enjoining the Commissioner's *prior restraint* of Plaintiff's *pro se* expression in his patent applications, and the Revised Rules for the *prior restraint* of the Plaintiff's filing of claims for more than two Continuation patent applications also raises the genuine issue of material fact as to whether the PTO lacks inherent power to cause unreasonable delay or substantive limitations in prosecution which is prevented by 35 U.S.C. 120 and 132. Symbol Techs., Inc. v. Lemelson Med., Educ. & Research Found., 422 F,3d 1378 (Fed. Cir. 2005). And in Tafis v. Dudas, Civil Action 1:07cv846 (JCC) and SmithKline Beecham et al v. Dudas,1:07cv1008 (JCC) in the District Court of the E. Distr. Of VA, (Alexandria Division), it was held that the Defendants are not entitled to *Chevron* deference Chevron U.S.A., Inc. v. NRDE, 467 U.S. 837 (1984). Instead, under Adams Fruit, 494 U.S. at 649-50, the PTO is entitled to no deference, and Judge Cacheris' agreed with this in his October 31, 2007 Temporary Restraining Order in the cited case of Tafis v. Dudas, 1:07cv846 (JCC), (D.VA. Alex. Div.).

Furthermore, the PTO rationale of administrative efficiency is suspect because "it has not been adequately explained." And it "ignores less-drastic and less-damaging alternatives to restricting abusive continuations and expressions protected under the First Amendment by *prior restraint.*"

Judicial review of agency rulemaking under 5 U.S.C. 706 (2) (A) is guided by Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mutual Auto. Ins. Co., 463 U.S. 29 (1983). Under this standard, while a court "is not to substitute its judgment for that of the agency," it must still "consider whether the decision was based on a consideration of the relevant factors and

16

whether there has been a clear error of judgment." *Id.*; <u>Hush-A-Phone et al v. United States</u>

<u>Federal Communications Commission,</u> 238 F.2d 266 (D.C. Cir. 1956); <u>Parker v. Chakrabarty,</u>

447 U.S. 303 (1980); and <u>Freedman v. Maryland,</u> 380 U.S. 51 1965).

To this end, the Plaintiff makes this **Motion And Petition Under 5 U.S.C.706 For Relief,**

**Or Under 705 For Relief Pending Review By Leave To Postpone Or Deny Defendants'**

**Dispositive Motions (To Dismiss and For Summary Judgment) And For A Protective**

**Order; And To Hold A Hearing, Or Under 5 U.S.C. 702 And 704, To Review And For**

**Return Of "Tariffs" Paid Under 37 C.F.R. 1.21 (a) (1) (i) [$40.00]and (ii) (b) [$450]; And**

**Under 5 U.S.C. 702 And 704 For Review And Reversal Of The Forced "Expiration" Of**

**Plaintiff's License To Practice By "Strategic Mooting;" And By Granting Plaintiff's**

**Motion For A Temporary Restraining Order Or Preliminary Injunction To Enjoin**

**Defendants From Implementing *Prior Restraint***

A proper form of relief in this action includes, but is not limited to, the following:

a. Issuing preliminary and permanent injunctions under 5 U.S.C. 703;

b. Issuing declaratory relief under 5 U.S.C. 703 and 28 U.S.C. 2201-2202;

c. Holding unlawful and setting aside the PTO's action (i.e., issuing a vacatur remedy) under 5 U.S.C. 706 (2); and

d. Compelling the PTO to perform its duty under 28 U.S.C. 1361.

"*Attorney, Agent or Firm* – Cornell D.M. Judge Cornish" or "*Attorney, Agent or*

*Firm* – Cornell D.M. Judge Cornish TM SM "

Downpat ®2008

17

Respectfully submitted,

*Cornell D. M. Judge Cornish*

Cornell D.M. Judge Cornish DC Bar #366240
1101 New Hampshire Ave., NW, Suite 301
Washington, DC 20037
(202) 429-9705
cornishj@erols.com

Date:    2/27/08

18

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Plaintiff's Motion and Memorandum in

support have been served by hand by delivering a copy thereof to:

W. Mark Nebeker
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
(202) 514-7230 fax (202) 514-8780

on this 28th day of February, 2008.

*Cornell D. M. Judge Cornish*

Cornell D.M. Judge Cornish DC Bar #366240
1101 New Hampshire Ave., NW, Suite 301
Washington, DC 20037-1502
(202) 429-9705
cornishj@erols.com

Date:  2/27/08

19

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

CORNELL D.M. JUDGE CORNISH,                    )
                                               )
                        Plaintiff *Pro Se*     )
            v.                                 )
                                               )     )     CASE  07-cv-01719 (RWR)
                                               )
JON DUDAS, et al.                      )
                                               )
                        Defendants             )
_____        )

**Memorandum In Support of Plaintiff's Motion And Petition Under 5 U.S.C.706 For Relief,
Or Under 705 For Relief Pending Review By Leave To Postpone Or Deny
Defendants' Dispositive Motions To Dismiss, For Summary Judgment And For A
Protective Order,**

This is a Memorandum in support of Plaintiff's *pro se* Motion For Relief under 5 U.S.C.

706, or alternately, Pending Review under 5 U.S.C. 705, by postponing or denying Defendants'

Dispositive Motions and Motion For A Protective Order, in order to hold a hearing or under 5

U.S.C. 702 and 704 to review and for return of "tariffs" required by Defendants to be paid by

Plaintiff under 37 C.F.R. 1.21 (a) (1) (i) and (ii) (b); and under U.S.C. 702 and 704 for review

and reversal of the requirement to pay the "tariffs" required by the forced "expiration" of

Plaintiff's license to practice by "strategic mooting" and the resultant *prior restraint* of

Plaintiff's use of his name as an attorney and the *prior restraint* directed against his filing of

more than five claims in more than two Continuation patent applications.

To this end, Plaintiff seeks a Temporary Restraining Order or the granting of Plaintiff's

Motion for a Preliminary Injunction to enjoin Defendants from enforcing said "tariffs" and prior

restraint against his expressions ; and also specifically for relief under 5 U.S.C. 556, 557 and 558

(a), (b) and (c) for review and return of two "tariffs" paid under 37 C.F.R. 1.21 (a) (1) (i) [2 x

1

$40 ea.] and (ii) (b) [2 x $450 ea.]; and review and reversal of Commissioner's *prior restraint* revision of the settled law of the *status quo* by enjoining Defendants from requiring the payments of the "tariffs" by implementing the forced "expiration" of Plaintiff's license dated November 5, 1958 by "strategic mooting." This is a genuine issue of material fact in dispute, or it is at least a colorable substantive question, as to whether Plaintiff is "eligible" to be a *pro se* "practitioner" without paying the "tariffs," and whether he is "eligible" under the First Amendment to express his name as an attorney in a patent or whether *prior restraint* is an absolute *de facto* bar because of his age-related disabilities without reasonable accommodations that have been denied to him.Plaintiff alleges that there has been a clear error of judgment."

In this connection, Hush-A-Phone et al v. United States Federal Communications Commission, 238 F.2d 266 (D.C. Cir. 1956) is instructive. Also, Parker v. Chakrabarty, 447 U.S. 303 (1980); and Freedman v. Maryland, 380 U.S. 51 1965). Referring more particularly to Hush-A-Phone, *Id.*, the question in the final analysis, was whether the government possessed enough control over the subscriber's use of his telephone to authorize the telephone company to prevent him from expressing himself or herself freely over the their telephone. Likewise, the genuine issue of material fact in issue in this case is whether the Defendants possess enough control over the Plaintiff's private use of his pen to express his right to advertise his name as an attorney, because the government is authorized to "remove" his name from the roster of attorneys by forcing the expiration of his license to practice in order to prevent him from expressing himself freely in a patent in a way that involves no public detriment and does not pervade the entire patent system adversely by authorizing the Defendants to require the payment of a "tariff" in order to avoid *prior restraint.* The key in Hush-A-Phone, *Id.*, like that in this subject case of controversy is the genuine material issue of fact as to the "eligibility" of a person

2

to freely voice his expression. The question was raised by the Defendants in support of their enforcement of a *per se* blanket and complete embargo of the "eligibility" of certain *pro se* voices by censorship.

This, of course, was challenged in Hush-A-Phone, *Id.*, and in this case by Plaintiff's request for a Temporary Restraining Order or Preliminary Injunction enjoining the Commissioner's "tariff" and *prior restraint* of the Plaintiff's *pro se* expression.

In Hush-A-Phone, *Id.*, the expression in controversy was by *pro se* voice on a telephone that was theoretically if not practically or potentially connected electrically to everyone in the world. In this subject case in controversy, the Plaintiff's *freely* made expression is by pen used as a "voice" in a patent or trademark application that is literally connected electronically via the internet to every one in the world who can read his expressions freely made with global equality in a patent or trademark application on a computer. There is literally no limitation on who can freely express himself or read that expression in a patent or trademark application under the First Amendment. And those expressions are now widely available electronically on the internet, with the rather insignificant exception that employees in the PTO are restrained from doing so not by a tariff, as Plaintiff is, but by conflict of interest laws only while they are on duty in the PTO, and thereafter only for a short time. Indeed, they are never removed from the register once they are registered no matter how long they are barred by conflict of interest laws from obtaining a patent, and there is no limitation for patent examiners who want to represent others in the trademark office.

More threatening to the compelling interests of the public under the First Amendment are the lack of authority and the requirements of the law, is the genuine issue of fact in dispute as to whether the Defendants who are employed in the OED are constantly in conflict of interest with

all applicants voices because of the lack of independence and the daily interaction of Defendant

Moatz and Griffin in all the enrollment and discipline functions of the PTO and its employees or

appointees, such as the administrative judges who are appointed to try attorneys without the

authority of Congress under Article II and the patent laws, including 35 U.S.C. 2 (b) (2) (D), 6

and 32.

In this connection, the Patent Laws e.g., the cited statutes without limitation, are so vague

and indefinite as to the definition of "practice," "applicant," "other," "recognition" or

"prosecution" as to be facially and substantively unconstitutionally obscure and unworkable to a

reasonable *pro se* applicant, as well as one of ordinary skill in the art. *See* also the vague and

indefinite use of "recognized" in 35 U.S.C. 33, which is unconstitutionally vague and indefinite.

The "tariffs" are required by Defendants to be paid by all *pro se* attorney applicants who are not

licensed to file and prosecute patents but who desire to publish their name and occupation in a

patent application on equal terms with all other attorneys who are licensed to publish their names

as "attorney, agent or firm." The Defendants irrationally discriminate against the Plaintiff by

preventing him by *prior restraint* from freely expressing his name and profession in patent

applications having one or more than five claims or more than two Continuation patent

applications without authority from Congress or under law. To enforce their absolute bar by

*prior restraint,* Plaintiff is required to pay the "tariffs" or nuisance tax in order to be "eligible" to

apply to be selected for consideration to be tested for re-licensing.

Plaintiff's license to be free of such a nuisance tax or "tariff" was removed by holding

that his license had "expired" and was secretly "removed" by an internal hand written note on

August 28, 1996 without notice, opportunity for response, a hearing, or substantial evidence of

probable cause for any local "public detriment" or any "pervading" detriment to the patent

4

system in any fashion.    There were no findings of substantial evidence of any statutory basis in

support of such a nuisance tax or "tariff."    There was no finding of substantial evidence of

compliance with any provision of 5 U.S.C. 552, 553, 554, 566, 557, 558, 599 or 702 – 706 in

support of such a nuisance tax or "tariff."    The nuisance tax or "tariff," and its enforcement by

*prior restraint* of Plaintiff's expression in patent applications, including Continuation patent

applications, is an unwarranted interference with the global equality of any and all *pro se*

applicants and "others" to be free to express the reasonable use of their name and occupation in a

patent application without detriment to the public or any pervading detriment to the patent

system as a whole.  It is an unwarranted interference, infringement and censorship by *prior*

*restraint* of Plaintiff's expressions, trademarks, copyrights, privileges, property, privacy and civil

rights, including monetary damages for negligence and interference, and taxation without

representation under both federal and state law.

      Plaintiff's expressions without *prior restraint* are privately beneficial without being

publicly detrimental.  This includes the private benefits to the Plaintiff in his patent applications

having more than five claims, or in more than two Continuation applications under the

Defendants' Revised Rules.  Plaintiff's rights are just, fair and reasonable.  Determining what

orders may be required to prohibit violation of applicants rights is a function that can be

performed by this Court under the APA because that law has been abused by the Defendant and

the Defendants have not followed that law.  Additionally, the Defendants have acted arbitrarily

and capriciously without authority and beyond the scope of their authority, by reference to and

without limitation only to, the First and Due Process Amendments to the U.S. Constitution.  In

Tafis v. Dudas, Civil Action 1:07cv846 (JCC) and SmithKline Beecham et al v.

Dudas,1:07cv1008 (JCC) in the District Court of the E. Distr. Of VA, (Alexandria Division), it

was held that the plaintiff's were entitled to a temporary order of restraint based in part on the

Defendants failures and violations of the APA and the Due Process rights of all applicants for

patents.

Also, the plaintiff's in that case, as well as this case in which the first named Defendants

are the same, have met the requirements for a Preliminary Injunction, namely: (1) the likelihood

of Plaintiff's success on the merits; (2) irreparable harm if the injunction is not granted; (3) the

balance of hardships between the parties; and (4) the public interest. Abbott Labs. V. Andrix

Pharms., Inc., 473 F.3d 1196, 1200-01 (Fed. Cir. 2007).

### (1)Likelihood Of Plaintiff's Success

Plaintiff is likely to succeed on the merits on the basis of the successful outcome of his

claim under state law for relief and/or damages without exclusion or limitation of other relief,

and not limited to a Temporary Order of Restraint or a Preliminary Injunction (also separately

under federal law under the APA for relief), including irreparable damages without a Preliminary

Injunction or Order of Restraint based on the successful outcome in favor of Plaintiff: 1) by the

continued requirement of an unconstitutional and unauthorized nuisance tax or "tariff" enforced

without representation by a requirement to qualify to re-take the Patent Office examination for

CLE or other purely academic reasons; 2) by the continued requirement of an unconstitutional

and unauthorized nuisance tax or "tariff" enforced without representation by a requirement to

qualify to re-take the Patent Office examination without reasonable accommodations; 3) the

continued requirement of a nuisance tax or "tariff" enforced without representation by an

6

unconstitutional and unauthorized nuisance tax or "tariff" to qualify to re-take the Patent Office

examination to be re-licensed to express his name and occupation in any *pro se* patent, trademark

or other application, paper, record or business in the USPTO without *prior restraint,* or including

the rendering of valuable service, advice, and assistance in the presentation or prosecution of

their applications or other business before the PTO to co-inventors, or as an assignee or executor,

or for a co-inventor who is hostile, dead or unable to be found; 4) being forced to be removed

from the register by a secret "expiration" of his license; 5) the "strategic mooting" of Plaintiff's

rights; 6) damages from the secret identity theft or forfeiture or removal of, or the tampering

with, his ID; 7) taking without just compensation; 8) damages for interference with and

violations of his civil and state and federal *constitutional* rights; 8) damages for infringement of

and interference with his profession and/or state rights to privacy, privilege, immunity, property,

identity,  common law trademarks; 9) for irreparable injury to those rights without a Temporary

Restraining Order or a Preliminary Injunction; 10) violations of his right to be free of the

absolute bar of *prior restraint* for their expressions in patent and trademark applications,

including more than two Continuation applications, applications having more than five

independent claims, Continuation-in-part applications connected to in his parent patent

applications.


### (2)Irreparable Harm If The Injunction (Or Temporary Restraining Order Is Not Granted


There will be irreparable harm to Plaintiff if the Temporary Restraining Order of Preliminary

Injunction is not granted. The unconstitutional burden of a nuisance tax and "tariff" for enforcing

censorship is an irreparable cost and injury to free speech, press and religion rights.  It chills

those compelling public rights and his private benefits and rights of invention under Article I,

Section 8, paragraph 8, and the First Amendment. It is an arbitrary and capricious activity, that

is clearly erroneous and beyond the scope of their authority. It is overtly and openly imposed

with immeasurable irreparable injury to Plaintiff for the purpose only and exclusively of

enforcing without probable cause or substantial evidence to support it of an unreasonable,

irrational, unconstitutional and unauthorized requirement to make Plaintiff ask for reinstatement

to qualify to take the Patent Office license examination to be free of *prior restraint* and

censorship of his right to the free expression with global equality of his professional, artistic,

creative, inventive and religious voice in business before the PTO. The irreparable costs include

the costs for Defendants unconstitutional process to shift their burden of proof and to interfere

with Plaintiff access to judicial review of their actions. The Plaintiff would be forever

irreparably injured by granting Defendants Motion to Dismiss or for Summary Judgment or for a

Protective Order without the intervention of a Temporary Restraining Order or Preliminary

Injunction.

Likewise, he is being injured irreparably by the delay and unbearable costs involved in

enforcing his well-established, long-standing constitutional rights by the long process necessary

for review by this Court, and/or the delay in obtaining reinstatement to qualify to take the Patent

Office examination and to have his license renewed or re-activated by the Defendants to re-

qualify to take the Patent Office examination for removal of the unconstitutional *prior restraint*

against Plaintiff's pure right of expression in all his patent and trademark applications, including

his *pro se* parent and child, continuation, continuation-in-part, re-issue, or other utility, design or

plant patent applications, or those filed while practicing as a *pro se* co-inventor, attorney

assignee, executor or agent for a hostile, dead or unavailable co-inventor

8

### (3)The Balance Of Hardships Between The Parties Favors Plaintiff

Plaintiff is likely to succeed on the basis of the successful balancing of hardships between the parties because there is an obvious benefit to Plaintiff without any detriment to the Defendants or the public by the preservation of the *status quo.* The benefit to Plaintiff is obvious by being free of the penalty, punishment, and cost of the Defendants' nuisance tax and "tariff" to enforce their unconstitutional *prior restraint* of Plaintiff protected expressions in his patents and trademarks, as well as all his other business before the PTO as a *pro se* practitioner for himself. The irreparable injury to Plaintiff would be extremely costly under state law without a Preliminary Injunction or Order of Restraint because the injury would be permanent and irreparable and the damages would be taken away without just compensation by granting Defendants' Dispositive Motions or their Motion for a Protective Order.

There is a strong likelihood that Plaintiff willl be successful and that the outcome on the merits will be in favor of Plaintiff because of: 1) the "strategic mooting" of Plaintiff's rights; 2) violations of the APA by *prior restraint;* 3) violations of the APA by Defendants' Revised Rules for the *prior restraint* of the Plaintiff's filing of more than five claims or for more than two Continuation patent applications.

This raises the genuine issue of material fact as to whether the PTO lacks inherent power to cause unreasonable delay or substantive limitations in prosecution which is prevented by 35 U.S.C. 120 and 132. Symbol Techs., Inc. v. Lemelson Med., Educ. & Research Found., 422 F,3d 1378 (Fed. Cir. 2005). And in Tafis v. Dudas, Civil Action 1:07cv846 (JCC) and SmithKline Beecham et al v. Dudas,1:07cv1008 (JCC) in the District Court of the E. Distr. Of

9

VA, (Alexandria Division), it was held that the Defendants are not entitled to *Chevron* deference
Chevron U.S.A., Inc. v. NRDE, 467 U.S. 837 (1984). Instead, under Adams Fruit, 494 U.S. at
649-50, the PTO is entitled to no deference, and Judge Cacheris' agreed with this in his October
31, 2007 Temporary Restraining Order in the cited case of Tafis v. Dudas, 1:07cv846 (JCC),
(D.VA. Alex. Div.).

Furthermore, the PTO rationale of administrative efficiency is suspect because "it has not
been adequately explained." And it "ignores less-drastic and less-damaging alternatives to
restricting abusive continuations and expressions protected under the First Amendment by *prior
restraint.*" Judicial review of agency rulemaking under 5 U.S.C. 706 (2) (A) is guided by Motor
Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mutual Auto. Ins. Co., 463 U.S. 29 (1983).
Under this standard, while a court "is not to substitute its judgment for that of the agency," it
must still "consider whether the decision was based on a consideration of the relevant factors and
whether there has been a clear error of judgment." Hush-A-Phone et al v. United States Federal
Communications Commission, 238 F.2d 266 (D.C. Cir. 1956); Parker v. Chakrabarty, 447 U.S.
303 (1980); and Freedman v. Maryland, 380 U.S. 51 1965).

In particular, the *prior restraint* is both prospective and retroactive, the latter of which
was considered in the cited case of Taflas, *Id.,* in connection with whether there was a likelihood
of success for the Plaintiffs.

In connection with the merits of Plaintiff and his likelihood of success in this case the
same criteria apply here because they would impair copyright, trademark, trade secret and other
rights of Plaintiff that he possessed when he acted; increase his liability for past conduct in his
patents; and impose new non-procedural or other duties with respect to transactions already
completed, including Plaintiff's existing patents and applications, and his new duties that did not

10

exist, including the shifting of the burden of proof, and the non-procedural requirement of justifying the eligibility" of his constitutionality protected expressions as an attorney and in his Continuation applications, RCE's (Requests For Continuing Examination), ESD's (Examining Support Document"), and more than 5 independent claims. Landgraf v. USI Film Prods., 511 U.S. 244, 280 (1994), and Freedman, *Id*.

In addition, 35 U.S.C. 2 (b) (2) (D), 6 and 32 are unconstitutionally vague because they fail to provide narrowly tailored boundaries for the compelling public purposes of free expression and due process, and insufficient boundaries that would enable a reasonably prudent person to be enabled to comply with the *prior restraint* and ESD requirements under the First Amendment. And those requirements will so truncate Plaintiff's applications as to irreparably injure his property, due process and expression rights if they are not temporarily restrained or enjoined because he is forced to choose either to violate an invalid ordinance and suffer the inherent consequences of doing so or comply with the same and suffer a loss with little hope of recovery. Synapgro-Wwt, Inc. v. Louisa County, 2001 U.S. Dist. LEXIS 10987 (W.D. Va. 2001).

### (4)The Public Interest

There are several compelling Public Interests in this case in controversy that are ripe for determination by this Court. It was against the Public Interest for the Defendants to use a secret, tentative, substantive, forced "expiration" of Plaintiff's license, and to implement it unconstitutionally without authorization and not according to law. Likewise, the Final Rules of the Defendants limiting Plaintiff's constitutional rights by *prior restraint* are not in the Public

11

Interest. That public right is referred herein in part as the Revised Rules of Defendants for *prior restraint* of the filing of more than five claims and/or the filing of more than two Continuation patent applications (to have been imposed November 1, 2007). The *prior restraint* was without a hearing and was thereby an unconstitutional, substantive rule or order not authorized by law and not implemented according to law. That is against the Public Interest.

It is also against the Public Interest for the Defendants not to have followed the APA.

Plaintiff's Motions are in the Public Interest because they will restore the *status quo* under the well established, long-lasting law as it has been since the First Amendment limited the first Patent Act of 1790.

A PTO action is generally reviewable under the Administrative Procedure Act 5 U.S.C. 701 et seq. ("APA"), and may be set aside if it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" Ray, 55 F.3d at 608 (quoting 5 U.S.C. 706 (2) (A). Indeed, the court can set aside decisions of the Patent Office if they "lack any basis in reason or common sense." Smith v. Mossinghoff, 671 F.2d 533 (D.C. Cir. 1982).

There is clear and convincing evidence to conclude that the Defendants abused their discretion in an arbitrary and capricious manner, and in failing to apply the narrowly tailored standards, and the well established, long-standing, order and harmony necessary and required by the compelling public interests under the constitutional standards of the First Amendment and the Due Process clauses, and they have not met their burden of proof under those standards. *See, e.g.,* holdings of abuse of discretion under Section 706 (2) (A) of the APA, that were therefore subject to being overturned. Field Hybrids, LLC v. Toyota Motor Corp., 205 U.S. Dist Lexis 1159 *22 (D. Minn. 2005), and Hush-A-Phone,*Id.* There is a general presumption favoring judicial review of administrative action. And because the Defendants have failed to identify

12

clear and convincing evidence of a legislative intention to preclude judicial review, this Court

may and should find that it may review the Defendants' *prior restraint* and grant Plaintiff's

Motion for a Temporary Order of Restraint and for a Preliminary Injunction based upon genuine

material facts in dispute.   *See.g.,* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Under the Federal Rule of Civil Procedure 56 (c) Defendants bear the initial burden of

demonstrating the basis for their Motion for Summary Judgment and for identifying the portions

of he pleadings, depositions, answers to interrogatories, affidavits, and admissions on file that

establish the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317,

323 (1986), and the Plaintiff's have not met their burden.  Indeed, Plaintiff has without

limitation or prejudice to his case has presented specific facts showing that there are many

genuine and specifically documented, substantive, constitutional and damage issues of material

fact in dispute that are ripe for trial under the First and Due Process clauses, the APA and state

law. Fed. R. Civ. P. 56 (e). *See also,* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48

(1986).

The Defendants' bare assertions, standing alone, are insufficient to meet their burden of

proof and to support their Motion for Summary Judgment.  And Plaintiff has shown facts that are

material under the substantive law, *inter alia*, of the First Amendment and the Due Process

clauses, and also state law.  Resolution of those factual disputes does affect the case's outcome.

To this end, factual disputes are genuine if they properly can be resolved in favor of either party.

Anderson, *Id.*  Thus, a genuine issue for trial exists if the Plaintiff presents evidence from which

a reasonable jury, viewing the evidence in the light most favorable to the Plaintiff, could resolve

the material issue in favor of the Plaintiff.  Likewise, if the evidence presented by the Defendants

13

is merely colorable, or is not significantly probative, which is the situation in this case, summary judgment may not be granted.

The record in this case provides the undisputed facts necessary to decide the pending motions in favor of the Plaintiff for the entire case. Also, Plaintiff has supported his Motions and Petition under 4 U.S.C. 706 for relief, and under 705 for relief pending review by leave to postpone or deny Defendants' Dispositive Motions to Dismiss, For Summary Judgment and for a Protective Order. Accordingly, Plaintiff requests the granting of his Motions and the Denial of Defendants' Motions.

"*Attorney, Agent or Firm* – Cornell D.M. Judge Cornish" or "*Attorney, Agent or Firm* – Cornell D.M. Judge Cornish TM SM "

Downpat (c) 2008

Respectfully submitted,

*Cornell D. M. Judge Cornish*

Cornell D.M. Judge Cornish DC Bar #366240
#366240
1101 New Hampshire Ave., NW,
Suite 301
Washington, DC 20037
(202) 429-9705
cornishj@erols.com

Date: 2/27/08

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Plaintiff's Motion and Memorandum

in support have been served by hand by delivering a copy thereof to:

W. Mark Nebeker
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
(202) 514-7230 fax (202) 514-8780

on this 2 7th day of February, 2008.

Cornell D. M. Judge Cornish
Cornell D.M. Judge Cornish DC Bar #366 240
#366240
1101 New Hampshire Ave., NW, Suite 301
Washington, DC 20037-1502
(202) 429-9705
cornishj@erols.com

Date: 2/27/0 8

15

UNITED STATES **DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

CORNELL D.M. JUDGE CORNISH, )
)
        Plaintiff *Pro Se* )
)
           v. )    CASE 07-cv-01719 (RWR)
)
JON DUDAS, et al., )
)
        Defendants )
_____ )

ORDER

      UPON CONSIDERATION of Plaintiff's Motions and Petition for Relief Under 5

U.S.C. 701 et seq., to Amend the Complaint to include the United States as a Defendant;

to vacate the Court's Order to Deny Plaintiff's request for a subpoena of Defendant

Moatz for discovery; for return of "tariffs;" to Re-open Discovery; for appointment of

Counsel; and for Temporary Order of Restraint or Preliminary Injunction to enjoin the

Defendants from failing to do their duty not to censor or discriminate against Plaintiff by

*prior restraint* and failure to provide reasonable accommodations because of his age-

related disabilities that do not impact negatively on his ability to successfully practice

law; and to enlarge the time to reply to the Defendants 2008 filings until February 28,

2008, and for the requested Order for Discovery, and the entire record herein, it is this

_____ day of _____, 2008, hereby

ORDERED that Plaintiff's Motions should be and it hereby is Granted, and it is,

FURTHER ORDERED that Defendants' Motion to Dismiss Or, Alternately For Summary

      Judgment, and for a Protective Order should all be and are hereby Denied.

1

_____
**UNITED STATES DISTRICT JUDGE**

W. Mark Nebeker

Assistant United States Attorney

Civil Division

555 4th Street, NW

Washington, DC 20530

(202) 514-7230 fax (202) 514-8780

Cornell D.M. Judge Cornish

1101 New Hampshire Ave., #301

Washington, DC 20037-1502

(202) 429-9705

cornishj@erols.com

THE DISTRICT OF COLUMBIA

CORNELL D.M. JUDGE CORNISH,                )
                                                                     )

2

**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

CORNELL D.M. JUDGE CORNISH,　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff *Pro Se*　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　v.　　　　　　　　　　　　)　　　CASE  07-cv-01719 (RWR)
　　　　　　　　　　　　　　　　　　　　)
JON DUDAS, et al.,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants　　　　　　　　)
_____)

**ORDER**

UPON CONSIDERATION of Plaintiff's Motions and Petition for Relief Under 5

U.S.C. 701 et seq., to Amend the Complaint to include the United States as a Defendant;

to vacate the Court's Order to Deny Plaintiff's request for a subpoena of Defendant

Moatz for discovery; for return of "tariffs;" to Re-open Discovery; for appointment of

Counsel; and for Temporary Order of Restraint or Preliminary Injunction to enjoin the

Defendants from failing to do their duty not to censor or discriminate against Plaintiff by

*prior restraint* and failure to provide reasonable accommodations because of his age-

related disabilities that do not impact negatively on his ability to successfully practice

law; and to enlarge the time to reply to the Defendants 2008 filings until February 28,

2008, and for the requested Order for Discovery, and the entire record herein, it is this

_____ day of _____, 2008, hereby

ORDERED that Plaintiff's Motions should be and it hereby is Granted, and it is,

FURTHER ORDERED that Defendants' Motion to Dismiss Or, Alternately For Summary

Judgment, and for a Protective Order should all be and are hereby Denied.

1

_____

**UNITED STATES DISTRICT JUDGE**

W. Mark Nebeker

Assistant United States Attorney

Civil Division

555 4th Street, NW

Washington, DC 20530

(202) 514-7230 fax (202) 514-8780

Cornell D.M. Judge Cornish

1101 New Hampshire Ave., #301

Washington, DC 20037-1502

(202) 429-9705

cornishj@erols.com

THE DISTRICT OF COLUMBIA

CORNELL D.M. JUDGE CORNISH,                    )
                                               )

2