## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CORNELL D.M. JUDGE CORNISH,** | ) |
| | ) |
| **Plaintiff *Pro Se*** | ) |
| **v.** | ) |
| | ) |
| | ) |
| | ) **Case 1:07cv01719 (RRW)** |
| | ) |
| **JON DUDAS, et al.** | ) |
| | ) |
| **Defendants** | ) |
| | ) |
| | ) |

---

**Motion In Opposition To, For Reconsideration of Minute Order Of 5/30/08, And For Extension Of Time To Reply Thereto**

---

### MOTION

This is a Motion In Opposition To, For Reconsideration Of, And For An Extension Of Time To Reply to the Minute Order of 5/30/08, which has not been received by the Plaintiff electronically or by mail.

It would be unfair to require Plaintiff to reply to the Minute Order of 5/30/08 without Notice because he has not been authorized to receive electronic mail, the Order is otherwise not available to Plaintiff electronically, and he has not received a copy of that Order in the mail within three days of the date of the Order. In fact, it has been six days since the Order was issued on May 30, 2008 with notice that it has been filed, and the Order has still not been received in the mail by Plaintiff, even allowing three days for delivery.

**RECEIVED**

JUN - 5 2008


NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

Without a copy of the Order, it is extremely difficult to answer it or to understand what it says and why it is intended to deny Plaintiff's Motion 55 to <u>stay</u> the proceedings, and Plaintiff's Motion 57 for <u>reconsideration,</u> and the <u>denial</u> of both of those Motions.

As pointed out in the 4/18/08 Appeal of this case in Case 08-5089, a three Judge Panel has been requested to grant Appellant's Amendment and Appeal, and to reverse and remand the Appealed District Court Orders, Including the Orders of 5/8/08, 3/24/08 and 3/3/08. Appellant needs more time to prepare his appeal of the Minute Order of 5/30/2008, in view of the Court's practice to follow its Minute Orders with a formal written Order containing the Court's rationale for its action, and since such a formal written Order does not appear to exist. Obviously, no such formal written Order containing such a rationale has been made, so Plaintiff moves to stay the time for response at least until ten days after the corresponding formal written Order is written and received by the Plaintiff by mail so that he can appeal that formal written Order within the ten days or more, such as within the 30 days allowed for an appeal by the Local Rules and the F. R. of Proc.

This would be the sensible thing to do because Plaintiff has already made a Motion to reverse and remand the decisive interlocutory Orders in case 07-1719, including the Court's Order of 5/8/08 because that "denial" effectively *immunizes* the Appellees from a trial of Plaintiff's claims for emergency equitable relief by a Temporary Restraining Order, A Preliminary or a Temporary Injunction that is readily reviewable, and reversible for Constitutional violations for which his requests for equitable relief for <u>irreparable</u> harm were denied as lacking merit. By refusing to stay the proceedings in the District Court on the collateral issue of "immunity," while the denied equitable relief is on appeal, effectively <u>immunizes</u> the Appellees from the important irreparable harm that is independent and distinct

2

from Appellant's claims for <u>Bivens</u> damages and attorney's fees, which are also separate and distinct from, and collateral to the Patent Laws.

All the appealed Orders raised narrow, "collateral" and controlling issues of law independent of the claim for Constitutional violations that were central to Appellant's case. The District Court failed to acknowledge those controlling issues of law, which Appellant has shown to exist, contrary to what was found in the Orders of the District Court.

The final  decisions protecting the Appellees' *immunity* from preliminary, and interlocutory liability, including standing for trial for temporary and preliminary equitable relief, are separate and "collateral" to Appellants still pending meritorious claims for final equitable relief, <u>Bivens</u> damages and attorneys fees for Constitutional violations.

Accordingly, a Dispositive Motion was made on Appeal for reversal and remand without prejudice by reserving Appellant's right to complete the record for final appeal in this Circuit, without jeopardizing his right for a possible appeal to the CAFC, or alternately by bifurcating the portion of this case having to do with the Final Revised Rules of the Appellees without prejudice, and without dismissing it or affecting the remaining claim for <u>Bivens</u> damages and attorney's fees by denying the immunity of the Appellees, and allowing for the certification, transfer to and merger with the substantially similar case already in the CAFC on the same subject matter against the Appellees in this case to reserve and preserve both Appellant's and Appellees Options for a full trial in the District Court on the <u>Bivens</u> damage claims, and claim for attorney's fees, possibly leaving only the bifurcated part of this case to be decided in the CAFC, *inter alia,* without prejudice, e.g., in connection with Appellant's opposition to the Appellees Final Revised Rules. (*See* substantive Rules 75 and 78 (72 Fed. Reg. 46,716-843)

3

(Aug. 21, 2007) (to be codified at 37 C.F.R. pt. 1) (the "Final Rules" effective November 21, 2007) (*See* also 72 Fed. Reg. at 46836-37; 37 C.F.R. 1.75 (b) (2) & (b) (5) (c)).

## REMARKS

This Motion and proposal to possibly bifurcate, certify, transfer and merge only part of this case with the case already in the CAFC, refers to that part that is substantially the same as the successful case of Tafas v. Dudas, et al., 1:07cv846 (JCC) and 1:07cv1008 (JCC) in the E.Distr. Va., which addressed the "controlling questions of law", involved under 28 U.S.C. 1332. *See* Defs.' Opp'n to Pls.' Mot. at 22 cited on page 20 in 1:07cv846 (JCC) (DC Va Order October 31, 2007). That subject matter of this Appeal, which has been already been appealed to the CAFC by the Appellees without Appellant, clearly needs to incorporate the Appellant because he has satisfied his burden of showing that his case has merit and a likelihood of success; it also shows that he has been irreparably harmed with little or no harm to the Appellees or the public, contrary to the finding of the District Court Orders appealed in this case.

This is a Dispositive Motion for a three Judge Hearing to grant Appellant's Amendment and Appeal to reverse and remand Appealed District Court Orders, Including the Order of 5/8/08.

As proof that Appellant's Motion and interlocutory appeal have merit, he refers first to the District Court's denial of Appellant's motions for a trial of his complaint for temporary restraining order, preliminary injunction and a permanent injunction, Bivens damages and attorney's fees. Moreover, the District Court has deprived Appellant of a trial on those and other meritorious Constitutional complaints for obstruction of justice and suppression of Appellant's right to a trial going back at least to March 4, 1996 (Appellees' Exhibit 8). The District Court

4

has relied on a clearly erroneous and arbitrary and capricious finding of lack of merit, particularly lack of irreparable harm.

It is submitted that Appellees have appealed the exact same claim against substantially the same defendants as Appellees in this case. That case was found to have merit on the basis of irreparable harm in a judgment of the District Court in the Eastern District of Virginia that declared the Final Revised Rules of the Appellees to be invalid and void. Preliminary and permanent injunctions were granted in that case.

The claims in that case are substantially similar to the claims made in this case against substantially the same Defendants, identified as <u>Tafas v. Dudas, et al.</u>, 1:07cv846 (JCC) and 1:07cv1008 (JCC) in the E.Distr. Va., which addressed only one of the "controlling question of law" involved in this case under 28 U.S.C. 1332. *See* Defs.' Opp'n to Pls.' Mot. at 22 cited on page 20 in 1:07cv846 (JCC) (DC Va Order October 31, 2007). This is proof that Appellant has met his burden of showing merit and irreparable harm; also, a probable successful outcome and little harm to the Appellees and the public.

This reveals another Controlling Question of Law and genuine issues of fact in dispute in this case because Appellant in this case has also challenged those same Rules in this case that were challenged in that case, but in this case Appellant has additionally challenged those Rules as unconstitutional because of *prior restraint* under the First Amendment in order to show well-established, judicially determined merit and irreparable harm if his requested injunctions are not granted.

That is another Controlling Question of law, as well as a genuine material fact in dispute for determination in this interlocutory appeal for advancing this case to issue in the most expeditious manner. Therefore, the Appellant is asking the Court to reverse and remand the

Orders of the District Court appealed in this case without prejudice to a bifurcation of this portion of this case and the associated Controlling Questions of Law for determination by transferring that portion of the case only to, and merging it with the related case in the CAFC.

Alternately, this Court could remand that portion of this case or hold it temporarily in abeyance without prejudice pending the outcome of the Appellees appeal to the CAFC without denying this request to refer, transfer and merge this case with the one in the CAFC already, or to hold that bifurcated portion of this case in abeyance before transferring it to the CAFC if it refuses to reverse the District Court's refusal to grant the initial temporary restraining order, preliminary injunction and/or provisional injunctive relief as requested by the Appellant in this case, and refuses to recognize Appellant's claim for one million dollars in <u>Bivens</u> damages.

This appeal is based on the one hand upon the Appeal approved by this Court in <u>Goldstein v. Harry I. Moatz, et al</u>, No. 03-1257 (CA 4th 2004). *See* <u>Goldstein</u>, 364 F.3d at 211-19; and No. 05-1399 (CA 4th Apr. 20, 2006); and <u>Behrens v. Pelltier</u>, 516 U.S. 299 (1996).

In that first-cited Goldstein case, a patent lawyer, similarly as in this case, filed an interlocutory appeal of an award of absolute immunity accorded certain officials in the Patent and Trademark Office for their conduct in an attorney disciplinary investigation (albeit, in this case, the District Court denied Plaintiff/Appellant's Motion for equitable relief, which was effectively an approval of absolute immunity from liability, including a trial, by denying a Temporary Restraining Order, Preliminary Injunction or Provisional Injunction for lack of irreparable harm without any determination of liability for <u>Bivens</u> damages). *See* <u>Bivens v. Six Unknown Named Agaents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

And because substantially the same or corresponding defendants as in this case, including Harry Moatz, his investigator, and the Commissioner, were not held to have absolute immunity

or qualified immunity from standing trial in this case for a claim for a temporary restraining

order or injunction collateral to and separate from Appellant's claim for <u>Bivens</u> damages and

attorney's fees.    And the District Court did not separately consider a complete record, or

whether the defendants were immune from suit for declaratory relief, this Court of Appeals, not

the CAFC, must vacate and remand on those aspects of this case, as the court did in Goldstein'

interlocutory appeal without transferring the case to the CAFC under 28 U.S.C. 1338 or 35

U.S.C. 1, et seq.  This appeal is based on the one hand upon the Appeal approved by Court of

Appeals in the Furth Circuit in <u>Goldstein v. Harry I. Moatz, et al,</u> No. 03-1257 (CA 4th 2004).

*See* <u>Goldstein</u>, 364 F.3d at 211-19; and No. 05-1399 (CA 4th Apr. 20, 2006); and also <u>Bivens v.</u>

<u>Six Unknown Named Agaents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971);  <u>Cohen v.</u>

<u>Benefiicial Industrial Loan Corp.</u>, 337 U.S. 541, 546 (1949). Apr. 20, 2006); and <u>Behrens v.</u>

<u>Pelltier</u>, 516 U.S. 299 (1996).

    Appellant's Motion herein opposes Appellees' 5/29/08 Request To Deny Appellant's

Appeal, and this is a request and Motion to reverse and remand the Orders of 3/3/08, 3/24/08 and

5/8/08 without prejudice, and by reserving Appellant's right for further proceedings in the

District Court, and/or otherwise pending an outcome of this or the related case in the CAFC on

the same issues against the same Respondents as in this case.  This is an alternate to denying

Appellant's appeal in this case, as requested by the Appellees, or transfering this case to the

CAFC if Appellant's Appeal for a Temporary Restraining Order, Temporary Injunction or

Preliminary Injunction would otherwise be Denied or Dismissed in the District Court of the

District of Columbia or in this appeal, as requested by the Appellees.

    The record in the District Court, including the Order of 02/25/08, is sufficient to

demonstrate irreparable harm (albeit, alternately it sufficiently demonstrates other factors in a

substantially similar case against substantially the same Defendants, identified as <u>Tafas v. Dudas,</u> <u>et al.</u>, 1:07cv846 (JCC) and 1:07cv1008 (JCC) in the E.Distr. Va., which addressed one of the "controlling question of law" involved under 28 U.S.C. 1332. *See* Defs.' Opp'n to Pls.' Mot. at 22 cited on page 20 in 1:07cv846 (JCC) (DC Va Order October 31, 2007).

The order finding irreparable harm in the District Court of the Eastern District of Virginia, entitles Appellant to the emergency relief sought and denied on substantially the same issues against substantially the same Defendants, including irreparable harm to the Plaintiffs. The Court also balanced the success of the case for an emergency injunction against the harm to the Defendants and to the public in coming up with a final decision of injunction and invalidity of the contested Final Revised Rules, which the Defendants/Appellees in this case appealed to the CAFC. Thus, Appellant in this case demands remand to the District Court or the granting of Appellant's Motion for equitable relief on the basis of irreparable harm or "other factors entitling Appellant to the emergency relief sought.

If this Court denies Appellant's Appeal and transfers this case to the CAFC, the CAFC will only have to hold this case in abeyance, or remand the case to the District Court for completion of the record, which would be a waste of judicial resources.

The collateral and Controlling Questions of law raised by Appellant's claims are in need of a decision by this Court, not the CAFC. They are insufficient as a basis for a denial of Appellant's request for equitable relief. They are in no way dependent on the Patent Law, nor as a claim under 28 U.S.C. 1338, except as they relate to the Final Revised Rules declared invalid in the substantially similar case against substantially the same Defendants, identified as <u>Tafas v.</u> <u>Dudas, et al.</u>, 1:07cv846 (JCC) and 1:07cv1008 (JCC) in the E.Distr. Va. That case was a

District Court case that addressed one of the Controlling Question of Law in this case under 28

U.S.C. 1332, namely the invalidity of those Final Revised Rules.

But this appeal does not depend upon the awarding of a permanent injunction in that case

because it is on appeal in the CAFC or because of the Patent Laws. This appeal in based upon a

request to reverse or remand the Orders cited below not under 28 U.S.C. 1332, including

Motions for injunctions and other miscellaneous motions having nothing in whole or part to do

with 28 U.S.C.1332 or the Patent Laws, comprising 35 U.S.C. 1 et seq.


## CONCLUSION

In view of the above, this Court is requested to consider carefully this Motion made

herein, herewith and hereby, and the Remarks in support to allow time for the Plaintiff to

appeal the Minute Order of 5/30/08 and the formal written Order that presumably will

follow so that he can properly ask the Appellant Court to reverse and remand the District

Court's denial of temporary and preliminary interlocutory relief, which effectively made

the Appellees immune from a trial for emergency and equitable relief for irreparable harm

that has been clearly shown to exist but now denied. The Appellant can thus ask for

reversal and remand without prejudice to Appellants right to reserve the right of this

Court to certify and transfer or merge his Appeal into the related Appeal in the CAFC;

and also without prejudice to the continuation of the trial in this case by the District Court

in this Circuit by Reversal and Remand for Reconsideration of the Appealed District

Court's Orders, including their Order of 5/8/08 Denying Petitioner's Motion For

Injunctive Relief And Refusing to Give An Opinion Under Section 1292 (b) That Such

Order Involves A Controlling Question of Law, And That An Immediate Appeal Would

**Materially Advance The Ultimate Termination Of The Litigation Below, And In This Appeal No. 08-5089.**

"*Attorney, Agent or Firm* – Cornell D.M. Judge Cornish" or "*Attorney, Agent or Firm* – Cornell D.M. Judge Cornish Down Pat TM SM (c) 2008

Respectfully submitted,

*Cornell D. M. Judge Cornish*

Cornell D.M. Judge Cornish *pro se*
DC Bar #366240
1101 New Hampshire Ave., NW, Suite 301
Washington, DC 20037
(202) 429-9705
cornishj@erols.com

Date:    6/5/08

10

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing and enclosed Appellant's Motion,

Response and Remarks in support of his interlocutory appeal have been served by hand by

delivering a copy thereof to:

W. Mark Nibeker
[LD NTC GVT ATTY USAO/AUSA]
Assistant United States Attorney
(USA) Civil Division
555 4TH Street
Washington, DC 20530
(202) 514-7230 fax (202) 514-8780

on this     5th     day of June, 2008.

Cornell D. M. Judge Cornish

Cornell D.M. Judge Cornish *pro se*
DC Bar #366240
1101 New Hampshire Ave., NW, Suite 301
Washington, DC 20037-1502
(202) 429-9705
cornishj@erols.com

Date:   6/5/08

11

# UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CORNELL D.M. JUDGE CORNISH,** | ) | |
| | ) | |
| **Plaintiff** *Pro Se* | ) | |
| **v.** | ) | |
| | ) | |
| | ) | |
| | ) | **Case 1:07cv01719 (RRW)** |
| | ) | |
| **JON DUDAS, et al.** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |
| | ) | |

### Memorandum In Opposition To, For Reconsideration of Minute Order Of 5/30/08, And For Extension Of Time To Reply Thereto

This is a Memorandum in support of the attached Motion in Opposition to, and for reconsideration and modification of the Minute Order of 5/30/08, and for an extension of time to reply.

The Court is requested to consider carefully this Memorandum and Motion to allow more time to answer the Order to stay and deny reconsideration of the Plaintiff's Motion 55 to "stay" the case while it is on appeal, and Motion 57 for reconsideration of Order 56 for Miscellaneous Relief.

1

This is a Memorandum in support of opposition to the denial of the stay of this case and the denial or reconsideration of the denial of the stay and for an extension of time to reply to the denials because they are "collateral" to the Final interlocutory Orders of the District Court that are likely to be reversed because they conclusively determined important, controlling, non-trivial, disputed questions of law separate and distinct from the merits of this case, including the question of Appellees' immunity from liability for, and from standing trial for, Bivens damages and attorney's fees, and for depriving Appellant of a right to stand trial on compelling questions of law, including substantial and substantive changes to existing law by Appellees' Final Revised Rules that have been judicially determined to be meretricious because they infringe, *inter alia*, Appellant's due process rights, and as Appellant claims, his First Amendment rights of speech, press, religion and petition, his Article II, Section 2 rights to a hearing on his claim of unconstitutionality of 35 U.S.C. 2 (b) (2) (D), 6 and 32; or alternately **for an interlocutory Order by this Court certifying, transferring and merging only a portion of this Appeal with the corresponding case now in the CAFC.**

**To this end, the attached Motion is to Reverse and Remand for Reconsideration the Appealed District Court's Orders, including the Order of 5/8/08, with a Request that there be a Decision that the Appellees are not immune to liability for equitable and money damages and attorney's fees and, thus, from standing trial. The reversal and remand include the appealed Orders, including the Order of 5/8/08 Denying Petitioner's Motion For Injunctive Relief And Refusing to Give An Opinion Under Section 1292 (b) That Such Order Involves A Controlling Question of Law, And That An Immediate Appeal Would Materially Advance The Ultimate Termination Of The Litigation Below, And In This Appeal No. 08-5089**

2

## REMARKS

Appellant's <u>Bivens</u> claim for damages and attorney's fees are still pending below. They are like the claims for <u>Bivens</u> damages and attorney's fees upon which the Court of Appeals in the 4th Circuit accepted interlocutory jurisdiction in <u>Goldstein v. Harry I. Moatz, et al</u>, No. 03-1257 (CA 4th 2004). *See* also <u>Goldstein</u>, 364 F.3d at 211-19; <u>Goldstein</u>, No. 05-1399 (CA 4th Apr. 20, 2006); and much like the interlocutory appeal accepted in <u>Behrens v. Pelltier</u>, 516 U.S. 299 (1996), which involved a narrow and controversial Controlling Questions of law relating to the immunity from liability and standing trial in a meretricious case like this one.

The enclosed Motion for an extension of time to reverse and revise the stay and denial of reconsideration of the emergency injunctions, which were denied in this case because of lack of irreparable harm. Appealing those Orders from the District Court is appropriate because were narrow "collaterial" but final decisions protecting the Appellees from preliminary, and interlocutory liability, including standing for trial for temporary equitable relief in a case involving <u>Bivens</u> damages and attorneys fees, and also the portion of this case having to do with the Final Revised Rules of the Appellees without prejudice, and without dismissing it or affecting the remaining claim for <u>Bivens</u> damages and attorney's fees by denying the immunity of the Appellees while allowing for the certification, transfer to and merger with the substantially similar case already in the CAFC on the same subject matter against the Appellees in this case to reserve and preserve both Appellant's and Appellees Options for a full trial in the District Court on the <u>Bivens</u> damage claims, and claim for attorney's fees, leaving only the part of this case to be decided in the CAFC, *inter alia,* without prejudice, e.g., in connection with Appellant's opposition to the Appellees Final Revised Rules. (*See* substantive Rules 75 and 78 (72 Fed. Reg.

3

46,716-843) (Aug. 21, 2007) (to be codified at 37 C.F.R. pt. 1) (the "Final Rules" effective

November 21, 2007) (*See also* 72 Fed. Reg. at 46836-37; 37 C.F.R. 1.75 (b) (2) & (b) (5) (c)).

This certification, transfer and merger of only part of this case would be with the case

already in the CAFC, which involves that part that is substantially the same as the successful

case of Tafas v. Dudas, et al., 1:07cv846 (JCC) and 1:07cv1008 (JCC) in the E.Distr. Va., which

addressed the "controlling questions of law", involved under 28 U.S.C. 1332. *See* Defs.' Opp'n

to Pls.' Mot. at 22 cited on page 20 in 1:07cv846 (JCC) (DC Va Order October 31, 2007). That

subject matter of this Appeal, which has been already been appealed to the CAFC by the

Appellees without Appellant, clearly needs to incorporate the Appellant because he has satisfied

his burden of showing that his case has merit and a likelihood of success; it also shows that he

has been irreparably harmed with little or no harm to the Appellees or the public, contrary to the

finding of the District Court Orders appealed in this case.

The Supreme Court has established precedents that justify at least one interlocutory

appeal in one "small class" of "collateral" interlocutory district court decisions that are subject to

revision, and even if they are "fully consummated decisions [that] are but steps towards final

judgment in which they will merge." Cohen v. Benefiicial Industrial Loan Corp., 337 U.S. 541,

546 (1949). Apr. 20, 2006); and *see* Behrens v. Pelltier, 516 U.S. 299 (1996), which involved a

narrow and controversial Controlling Questions of law relating to immunity and from standing

trial.

This "small class" of interlocutory decisions comprises the ordinary absolute or qualified

immunity case, such as this one, where the harm is irreparable and permanent, to conclusively or

finally determine disputed issues that are effectively unreviewable and completely separate from

the merits of the case, i.e., claims that are of right, "separable from, and "collateral" to rights

4

asserted in the action, which are too important (and meritorious) to be denied interlocutory review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* Post-trial review will come too late to avoid the harm, and the legal issue is "separate" enough from the more basic substantive issues of Appellant's Bivens tort and damage claims in this case to avoid significant duplication of appellate court time and effort. *See* 472 U.S., at 527-529.

The object in that interlocutory appeal is to prevent the denial of a clearly erroneous decision denying an injunction for lack of irreparable harm in a case with clear merit and chance of success with little harm to the government or the public, and where the denial is part of a sequential and long lasting pattern of obstructing justice, so as to provide Appellees with immunity from equitable relief and damages by standing trial. To that end, the Appellees have sequentially defeated the substantial and merited claims of the Appellant based upon disputed material facts relating to the effective "house arrest" of Appellant's practice of patent, trademark and copyright law by a strategic mooting of an investigation of Appellant on March 4, 1996 (an investigation that is still pending, and which was perfected by a secret, irreparable, hijacking and identity theft of his practice on August 28, 1996 by violation of hi First Amendment right to free of *prior restraint* of his speech, press, religion and petition rights), in order to escape the required trial and burden of proof by standard revocation procedures, due process, equitable relief, Bivens damages and attorney's fees by the denial of a Temporary Restraining Order, A Temporary Injunction, or a Preliminary Injunction. The denial of such temporary and revocable relief is but a way of preventing Appellant from obtaining his full day in court by a trial of Appellant's claim for one million dollars in Bivens damages. *See* Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

5

The court in Cohn, Id., said that it applied interlocutory appeals to "that small class" of orders that determine claims of right "too important to be denied [immediate] review." This is one of those small class of interlocutory orders where the Appellant's Motion was denied in summary fashion without notice or opportunity to be heard, which violated his right to procedural due process, and substantive due process for his clearly established Bivens damage and Constitutionally protected First Amendment rights, as well as his property and other liberty rights to a specific employment and to pursue Appellant's profession free from undue governmental interference that can and should be reviewed, reversed and remanded without prejudice or referral to the CAFC under 28 U.S.C. 1338. See Behrens v. Pelletier, 516 U.S. 299 (1996), in which the government held an investigation over the head of the litigant, despite a statute of limitations defense (albeit, the Appellees in this case have been holding an investigation over the head of the Appellant with a statute of limitations claim for about eleven years on the basis of a reverse RFI on March 4, 1996 (Appellees Exhibit 8), that narrowed his permit by the coercion of a strategic mooting of an investigation not known by Appellant to be open, and then which was secretly removed and secretly hijacked by identity theft without Constitutionally sufficient notice to the Appellant by a secret handwritten note dated August 28, 1996 on the reverse RFI of March 4, 1996 (Appellees Exhibit 8). Thereafter, the investigation was closed without notice or a closing letter to the Appellant on June 15, 2000. (Appellees' Exhibit 33). See United States v. Sheehan, No. 07-3002 (decided January 11, 2008 CA DC Cir.), where the narrowing of a permit was relevant to the assessment of the knowledge and intent of the litigant and the deprival of any opportunity to present a defense.

It is noted that this case differs from Sheehan, Id., in that in this case the holder of a permit did not voluntarily withdraw his existing permit and apply for a new one, and there is

every indication in Constitutional law and equity obliging the Government to follow the revocation procedures codified and required by law. In both cases, moreover, there was a Government failure to give any notification that the scope of the permits was narrowed and secretly hijacked by identity theft. In this case, like in the <u>Sheehan</u> case, *Id.* that is relevant to an assessment of Appellant's knowledge and intent during the time from the Maryland Bar Counsel's letter of December 6, 1996 (Appellees Exhibit 6), and February 8, 1996 (Appellees' Exhibit 7), until the reverse RFI of March 4, 1996, or the minimum 30 day period assigned to the Appellee for holding the investigation in abeyance before presenting a "closing letter" or a formal complaint to which Appellant would have been obligated to respond or face discipline or some other Draconian penalty.

A Controlling Question of Law for determination in this *interlocutory* appeal, is whether this Court has jurisdiction to determine in this interlocutory appeal if the Appellees lack immunity to stand trial for temporary and preliminary equitable relief, and money damages in connection with Appellant's claim for <u>Bivens</u> damages? *See* <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). In this connection, the Appellees claim that Defendants Moatz and Griffin are absolutely immune because they have asked the Court to remove them from the litigation without liability. *See* page 34 of Appellees' 12/20/07 Dispositive Motions to Dismiss or for Summary Judgment – "c. <u>Defendants Moatz and Griffin Should Be Dismissed</u> To the extent the Court determines that it has jurisdiction over Plaintiff's *reinstatement claim* under 35 U.S.C. 32 and does grant Defendants' motion to dismiss the reinstatement claim under Fed. R. Civ. P. 12 (b) (1), then it is appropriate for the Court to dismiss the defendants, Harry I. Moatz and William J. Griffin." (Emphasis added).

7

In their long lasting effort to avoid standing trial for equitable relief, damages and attorney's fees, the Appellees 12/20/07 filing, like the District Court's Order of 2/25/08 (*See* Pp. 1-2), is a continuing phantasmagoria or sequence of real or imaginary images like that seen in a dream to deprive Appellant of his Constitutional rights. That dream raises the not-so-widely feared phantom spectre imagined by Appellees in the imagination of "Reinstatement Police," or the Director of OED, Defendant/Appelle Moatz and his investigator, Defendant/Appellee Griffin. They feel that Appellant is a threat to what they consider is their "mission to protect the public from incompetent practitioners." *See* page 35 of Appellees' 12/20/07 filing, when in fact they are referring to Invention Promoters under the Inventor's Protection Act of 1999, as if Appellant is pandering falsely to an imaginary real person rather than a general audience without any specific knowledge or intent to pander deceitfully. The problem with that clearly erroneous and manipulated error not in accordance with law, it that the phantom "Reinstatement Claim" does not exist in this case.

According to page 34 of their 12/20/07 filing, Defendants Moatz and Griffin should be dismissed with absolute immunity from any temporary injunction denied by the Orders of the District Court under the plain terms of section 32 of title 35 of the U.S. Code, which they say "grants the Court [has] jurisdiction over the USPTO Director, not Messrs. Moatz and Griffin." They cite for comparison, Gager v. Ladd, 212 F.Supp. 671 (D.D.C. 1963) (discussing authority under 35 U.S.C. 32, to review [of] the action of the Commissioner of Patents) (albeit, they allege that the Commissioner is immune under the Reinstatement Claim because he has not made a decision that can be reviewed by this Court).

And devously, according to page 32 of Appellees' 12/20/07 filing, they can escape liability and standing trial because "The USPTO Director has not issued a decision regarding

8

Plaintiff's reinstatement request." They further state that, "Because this Court does not have a final agency action from the USPTO to review, i.e., a USPTO Director decision, it should dismiss the claim under Fed. R. Civ. P. 12 (b) (1)." They cite, <u>Natural Resources Defense Council v.</u> Johnson, 422 F.Supp.2d 105 (D.D.C. 2006). They additionally cite <u>Ticor Title Ins. Co. v. FTC</u>, 814 F.2d 731m 746 b,2 (D.C. Cir. 1987) for the proposition that the "Court did not have [*Court does have*] jurisdiction over matter because defendant had not taken final agency decision." (Emphasis and brackets added because statements are inconsistent). They note that: "the finality requirement applies to 'agency action made reviewable by statute,'" for example, under the [Age Discrimination in Employment Act] ADEA. By implication they attempting to avoid liability and from standing trial by applying as a Controlling Question of Law the failure to make decisions in connection with both the FOIA and ADEA claims made by Appellant in this case, and Appellees claims, which are genuine issues of fact in dispute, "for failure to exhaust administrative remedies."

This is an interlocutory appeal of such an absurd, clearly erroneous, and imagined defense against a "<u>Reinstatement Claim</u>" without any basis in fact. Appellant's interlocutory appeal is for reversal and remand of the interlocutory Orders denying Appellant's meritorious request for equitable relief, his <u>Bivens</u> tort claim for damages, and for attorneys fees for Constitutional violations by Appellees who are not absolutely immune based upon Supreme Court precedents that justify at least one interlocutory appeal in one "small class" of district court decisions, such as this case, that are subject to revision, even if they are "fully consummated decisions [that] are but steps towards final judgment in which they will merge." <u>Cohen v. Benefiicial Industrial Loan Corp.</u>, 337 U.S. 541, 546 (1949).

For example, this "small class" comprises this ordinary absolute or qualified, interlocutory immunity case, where the harm is irreparable and permanent, to conclusively or finally determine the Controlling question of law involved relating to the disputed issue of immunity that is effectively unreviewable and completely separate from patent law and 35 U.S.C. 1, et seq. *See* the cited 4th Circuit case that accepted interlocutory jurisdiction in <u>Goldstein v. Harry I. Moatz, et al</u>, No. 03-1257 (CA 4th 2004). *See also* <u>Goldstein</u>, 364 F.3d at 211-19; <u>Goldstein,</u> No. 05-1399 (CA 4th Apr. 20, 2006). The cited <u>Goldstein</u> case, *Id.*, which involved an interlocutory appeal by a patent attorney, is much like the interlocutory appeal in this case and the one accepted in <u>Behrens v. Pelltier</u>, 516 U.S. 299 (1996), which involved a narrow and controversial Controlling Questions of law relating to the immunity from liability and standing trial in a meretricious case like this one.

That Controlling question of law is also completely separate and independent of the merits of the case, i.e., the claims of Appellant as of right, "separable from, and collateral to, rights asserted under the patent laws in the action, which are too important to be denied interlocutory review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* Post-trial review will come too late to avoid the *emergency* of the *irreparable harm* involved (which was denied by the District Court in this case), and the legal issue is "separate" enough from the more basic substantive issues of Appellant's <u>Bivens</u> tort and damage claims in this case to avoid significant duplication of appellate court time and effort. *See* 472 U.S., at 527-529; and the 4th Circuit case that accepted interlocutory jurisdiction in an appeal without going to the CAFC, in <u>Goldstein v. Harry I. Moatz, et al</u>, No. 03-1257 (CA 4th 2004). *See also* <u>Goldstein</u>, 364 F.3d at 211-19; <u>Goldstein,</u> No. 05-1399 (CA 4th Apr. 20, 2006); and much like the interlocutory appeal accepted

10

in <u>Behrens v. Pelltier</u>, 516 U.S. 299 (1996), which involved a narrow and controversial

Controlling Questions of law relating to the immunity from liability and standing trial in a

meretricious case like this one.

The Appellees opposition to this Court's jurisdiction is a delaying tactic. Reference is

made to the so-called war on constitutional tort lawsuits played out in the field of motion practice

rather than in the courtroom. *See* Appellees Motions for sealing and unsealing with redaction, for

an Order of Protection, and for Summary Judgment or a Motion to Dismiss in this case to avoid

responding to the Appellant in a trial or even in discovery. Also, their proposed Order attached

to their 5/8/08 filing, seeks and sets forth: "that plaintiff's motion [52] for permission to file an

interlocutory appeal be, and hereby is, DENIED." And they additionally seek denial of

"Appellant's Motion for Amendment of Appeal" and its "dismissal," and their Dispositive

Motions for Summary Judgment and Dismissal are pending in order to frustrate Appellant's

request for a trial. Appellant has also asked for mediation and settlement without any response

from the Appellees. He is now asking for referral, transfer and merger of Appellant's claims that

are limited to an appeal under the patent law with the Appellees' substantially similar case now

on appeal in the CAFC.

This Court should determine the Controlling Question of Law as to whether this

interlocutory appeal has to be completely transferred to the CAFC under 28 U.S.C. 1338, as

arising in whole or part under 35 U.S.C. 1, et seq? Or does proof that this is a meritorious case

need to be bifurcated and transferred to the CAFC, whether appropriate or not, or can it be

decided under the general appellate jurisdiction statute, 28 U.S.C. 1291? <u>Goldstein v. Harry I.</u>

<u>Moatz, et al</u>, No. 03-1257 (CA 4th 2004). *See* <u>Goldstein</u>, 364 F.3d at 211-19; and No. 05-1399

(CA 4th Apr. 20, 2006); <u>Behrens v. Pelltier</u>; and <u>Mitchell v. Forsyth</u>, 472 U.S. 511 (1985).

11

The record is incomplete in this case in connection with the Appellees' Final Revised Rules that were to be effective November 1, 2007. The status of this case in the District Court, which is still pending there, is prior to discovery and a final decision on Appellant's request for a permanent injunction. The District Court has not decided the latter issue, which is still pending, but the issue of whether the Appellees need to stand trial on the Controlling Question of law, which is a "collateral" issue relating to denial of temporary equitable relief, has been finally settled. Appellant asks this Court to decide that those Controlling Questions of Law and the genuine issues of fact in dispute which are involved in this case be decided and remanded to the District Court without prejudice while the case is still pending in the District Court, and while preserving the parties right of appeal to the CAFC from a final decision after a final trial of the issues in the District Court.

This Court will be unable to review the incomplete record in connection with the Final Revised Rules until the record in more complete in connection with those Rules in this case, so this Court should remand for a completion of the Record. The same is not the case if the portion of this case relating the Final Revised Rules is certified by this Court for transfer and merger with the case that the Appellees have already appealed to the CAFC. Those are Controlling Questions of law as to whether those Rules will be finally held to be invalid and void on appeal to the CAFC from the District Court of the Eastern District of Virginia and the District Court in this Circuit. The Appellees' and the Appellant should equally be able to have a trial in this Circuit, and an appeal in this case of a final decision that is appealable to the CAFC on the basis of what is decided in that case, which is substantially similar, with some Constitutional issues added, to the case against substantially the same Defendants, identified as <u>Tafas v. Dudas, et al.</u>, 1:07cv846 (JCC) and 1:07cv1008 (JCC) in the E.Distr. Va., which addressed one of the

12

"controlling question of law" involved under 28 U.S.C. 1332. *See* Defs.' Opp'n to Pls.' Mot. at 22 cited on page 20 in 1:07cv846 (JCC) (DC Va Order October 31, 2007).

As an aid to these proposed solutions, Appellant has asked for mediation and settlement talks in this case. Lacking a positive outcome in favor of Appellant, this case should be bifurcated without prejudice only as to the added and corresponding claims relating to the invalidity and Unconstitutionality of the Final Revised Rules by certifying those issues for transfer to the CAFC and merger with the cited <u>Tafas</u> case *Id.* that is already in the CAFC. Alternately, that portion of this case could be held in abeyance over the summer recess in the Court's business pending the possible outcome of the cited case in the CAFC.

The <u>Bivens</u> damage claim in this case, which is an independent "collateral" claim not related to the Patent Laws, should be *remanded* back to the District Court for further proceedings after this Court has decided the issue of the immunity or lack of immunity to equitable relief, <u>Bivens</u> damages, and attorney's fees of the Appellees.

In this connection, Appellees have avoided a judgment against them as to this Controlling Question of Law relating to "immunity" or the lack thereof. *See* <u>Goldstein v. Harry I. Moatz, et al</u>, No. 03-1257 (CA 4th 2004), where the facts were substantially the same. Goldstein was a patent lawyer, who appealed an award of absolute immunity accorded certain officials of the Patent and Trademark Office for their conduct in an attorney disciplinary investigation. The same officials in this case have been holding an investigation in abeyance since March 4, 1996. *See* his letter of June 15, 2000 from Appellee Moatz in his Exhibit 33. And the District Court's Orders, including their Order of 5/8/08, refusing Appellant equitable relief are effectively awards of absolute immunity to that same official on Appellant's meritorious request for immediate,

emergency relief whose merit has been judicially determined to be valid and recognized by implication in the Tafas, case Id.

The request for the removal of Defendant Moatz and Griffin are also effectively consistent with a Court Order for absolute immunity. *See also* Goldstein, 364 F.3d at 211-19s, in which the Court of Appeals in the Fourth Circuit ; and No. 05-1399 (CA 4th Apr. 20, 2006); and Behrens v. Pelltier, 516 U.S. 299 (1996).

In the cited Goldstein case, *Id.*, because the defendants Harry Moatz, and his investigator were not absolutely immune from Goldstein's Bivens claim for damages, and because the district court did not separately consider whether the defendants are immune from suit for equitable relief, the lower court's Order was vacated and remanded.

As in Goldstein *Id.* and this case, pursuant to PTO regulations, the OED Director Moatz is responsible for investigating allegations of misconduct by members of the patent bar. 37 C.F.R. 10.2 (b) (2), 10.131 (a). When the director conducts disciplinary investigations, practitioners are required to report and reveal to him any unprivileged knowledge they possess of PTO disciplinary rule violations. *Id.* 10.24 (a), 10.131 (b). No such knowledge of any such violations were present in this case to report to the Director of OED by Appellant, and so none were reported by him, and he didn't know he was under investigation from December 6, 1995 (Appellees Exhibit 6), until March 4, 1996 (Appellees Exhibit 8), so he had no duty to respond to the letter of March 4, 1996, as held in Goldstein, *Id.*

As in Goldstein, *Id.*, and this case, there are two revocation periods involved. One is the 30 day period for revocation or withdrawal of an attorney as a representative, a practitioner, a co-inventor, an assignor, an owner or a co-owner, which may be submitted at any time. "Any

14

request by an attorney or agent of record to withdraw from a patent will normally be approved

only if at least 30 days remain in any running period for response.  See also MPEP 402.06."

Based on Appellant's knowledge and intent, his letter of February 8, 1996 (Appellees'

Exhibit 7) was part of the process involved in properly revoking his representation as an

attorney, co-inventor and co-owner from the "Continuation-in-part that was under investigation

in the PTO without Appellant's knowledge, although notice to Appellant is required by PTO

regulations.  MPEP 2560.  "The revocation or withdrawal of an attorney may be submitted at any

time; however, it is recommended that it be done well prior to the date a maintenance fee is due.

It should be noted that an assignment does not act as a revocation of power of attorney for

authorization previously given.  However, the assignee may revoke a previous power of attorney.

See 37 CFR 3.71 and 3.73," and PTO/SB/83 (04-08).  "Any request by an attorney or agent of

record to withdraw from a patent will normally be approved only if at least 30 days remain in

any running period for response.  See also MPEP 402.06."

As in Goldstein, Id., the other revocation procedure is the one after said 30 days at the

end of the investigation for the revocation of a permit or license in accordance with the

subjective and objective procedural requirements of the Constitution.  See Goldstein v. Harry I.

Moatz, et al, No. 03-1257 (CA 4th 2004), where the facts were substantially the same as in this

case.  See also Sheehan, Id.

As in Goldstein, Id., the latter revocation procedure in this case is the formal revocation

procedure after a reasonable time, at least a 30-day period in abeyance.  If no violation has

occurred, a closing letter to the Appellant is required, but no closing letter was given to the

Appellant.

If the Director believes that a practitioner has violated a disciplinary rule, he is obliged to convene the PTO's Committee on Discipline (the Committee"). *Id.* 10.132 (a). If he believes no such violation has occurred, he is obliged to give notice of that fact to the initiator of the one who requested the investigation and the Appellant in a closing letter, like the one sent secretly to only the requester by Defendant Moatz with an apology on June 15, 2000 (Appellees' Exhibit 33).

In this case, however, by coercion and a strategic mooting to avoid convening the Committee on Discipline, and the consequent litigation and trial, the Director of OED notified Appellant on March 4, 1996 that she intended to hold the investigation in abeyance for 30 days, thereby to decide whether the Director was "obligated" to convene the PTO's Committee on Discipline. Her intent was also to effectively hold Appellant's practice under "house arrest" in and out of the PTO so that she could secretly hijack Appellant's practice by identity theft on August 28, 1996 (Appellees' Exhibit 8). To this end, she used a secret handwritten note for her eyes and only those of one other on her letter of March 4, 1996, without notice to the Appellant (Appellees Exhibit 8).

The Committee is a body of at least three PTO staff attorneys appointed by the Commissioner for Patents. Goldstein, *Id.* and 37 C.F.R. 10.4 (a). The Committee decides whether there is probable cause to believe that a disciplinary rule has been violated. *Id.* 10.4 (b). "If the Committee makes a finding of probable cause, the Director of OED initiates formal disciplinary proceedings by filing a complaint against the attorney and referring the matter to an administrative law judge (an "ADJ"). *Id.* 10.132 (b), (c) Such disciplinary proceedings may result in the issuance of a reprimand, or they can lead to the suspension or expulsion of a lawyer from the patent bar. *Id.* 10.132 (b)" (albeit, Appellant claims that 35 U.S.C. 2 (b) (2) (D), 6 and 32 are unconstitutionally vague and indefinite as to "necessary qualifications," authorization of

16

"administrative patent judges" under Article II, Section 2, "intent to defraud" and "recognition" under the Constitution in context with the First Amendment, "qualified" in 35 U.S.C. 33, and "investigations" and "administrative law judges" under 37 C.F.R.10.131 and 132 .

The secret hijacking and identity theft on August 28, 1996 in this case after a specified 30 days was to hide the secret agenda of avoidance of a demand to stand trial for a <u>Bivens</u> damage claim by a series of stalling and obstructionist tactics. In Goldstein, the delaying tactics were by an endless string of RFIs. The reverse RFIs and coercion used in this case started with a similar string of RFIs in this case. They started with a strategic mooting of an investigation against the Appellant by a reverse RFI on March 4, 1996 (Appellees Exhibit 8). That mooting was by a reverse RFI that caused Appellant to await a closing letter disclosing the outcome of the investigation for at least 30 days before resuming his practice in either the Patent Office or the Trademark Office, and outside the PTO, because it effectively put his practice under "house arrest.". Until a decision was made in that investigation in accordance with the required revocation procedures, there was no way for the Appellant to appeal the decision to moot the investigation. His constitutional safeguards of speech, press, religion, petition, property, identity, ID and his privileges and immunities were stymied, suppressed, obstructed, violated and taken unconstitutionally without adequate compensation or equal protection, without authority, not according to law, by arbitrary, capricious and illegal coercion and by unconstitutional *prior restraint.*

The purpose of the obstruction in this case, as in both <u>Goldstein</u>, *Id.*, and <u>Sheehan</u>, *Id.*, was clearly to deny an opportunity to present a defense to an offense that they might or might not formally charge. The charge was made in <u>Sheehan</u>, *Id.*, but was never made in this case or <u>Goldstein</u>, *Id.* Instead, in this case they deviously and devilishly told Appellant that it was their

17

intent to hold an investigation in abeyance for at least 30 days to coerce Appellant under threat of investigation and possible prosecution into involuntarily and permanently placing his practice effectively under "house arrest" to force him to withdraw from his practice as a patent attorney in and out of the PTO without any intent to do so or knowledge as to why he should do so. All the while, without any knowledge or intent to do so, he was coerced to await a closing letter or a formal complaint, but instead Appellees secretly took his property and practice with irreparable harm, and secretly hijacked it by identity theft so that they could narrowed or remove his permit or license secretly without his knowledge or intent to do so. And they prevented him from applying for a new one by discriminating against his age-related disabilities so that they would deviously and devilishly be able to say, as the government did in <u>Sheehan</u>, *Id.*, that they were not obliged to follow the revocation procedures prescribed by law, because they were immune from standing trial and an interlocutory appeal to this Court.

The knowing purpose and intent of the Appellees was to narrow his practice illegally by coercion on March 4, 1996, then secretly on August 28, 1996 and June 15, 2000 in Appellees' Exhibits 8 and 33, finally and secretly to unilaterally initiate the removal of his permit and license without Appellant's permission, knowledge or intent, and without a Constitutionally sufficient notice or due process in violation of the required revocation procedures by identity theft that hijacked his name, identity, privilege, property, ID and permit to practice as an attorney, agent or firm anywhere without telling Appellant.

Now, incongruously and inconsistently the Appellees are claiming that the jig is up by claiming a *phantom* <u>Reinstatement</u> <u>Claim</u> that has no basis in fact and does not otherwise follow the required revocation procedures, which in any event are unconstitutional under 35 U.S.C. 2 (b) (2) (D), 6 and 32, in order to get this case into the CAFC on that basis without standing trial

18

on the merits of this case. To this end, as in <u>Sheehan</u>, *Id.*, the Appellees have tightened the noose of their claim to discriminate against Appellant because of his age related disabilities by imagined claims that he is illegally pandering his name as an unregistered attorney, agent or firm under the Inventor's Protection Act of 1999, in the Trademark and Patent Offices and outside thereof in Maryland, D.C and New York State, by claiming as a defense Appellant's allegedly unsuccessful but non-existent "<u>Reinstaement</u> <u>Claim</u>" only.

They claim that Appellant can't practice patent, trademark and copyright law in this court *pro se,* or for others with a power of attorney from his co-inventors who are alive, dead, unavailable, or hostile, as an executor or administrator of an estate, or for a foreign application filed in the USPTO, or in the District Courts of the Eastern and Southern Districts of New York, the CAFC, the Supreme Court of the United States, or the U.S. Tax Court, where he is admitted and in good standing. They claim he is not a *pro* se limited practitioner, and that he can't practice as an attorney, agent or firm by holding himself out as a *pro se* or non-registered attorney, agent or firm by *prior restraint* in violation of his First Amendment rights and threat of prosecution.

Their investigation, which they have held in abeyance since March 4, 1996, is still pending and Appellant has requested an injunction against continuing the investigation so that he can resume his practice in both the Trademark Office and the Patent Office and also outside the PTO, or request reinstatement to do so as the necessity of the case demands without discrimination, with equal protection, and with reasonable accommodations for his medically certified and undisputed age-related disabilities.

So far, he has only requested and never been refused permission to qualify to be reinstated to take the patent examination. He has done so four times successfully without being

19

refused reinstatement.   Those successful reinstatements were not the phantom requests for reinstatement.   Nor were they requests for a new permit or license, as in <u>Sheehan</u>, *Id.,* that the Appellees and the District Court base their opinions on.   Appellant now requests a reversal and remand of the District Court's denial of a temporary restraining order, or a temporary or preliminary injunction against *prior restraint* of his pending unanswered request to be reinstated to qualify to take the examination without charge as an unregistered attorney for purposes of Continuing Legal Education, or other purely academic reasons with the reasonable accommodations already granted to him for age-related, medically certified, and unopposed disabilities under the ADEA or otherwise; and permission to copy his examinations and marked answers under the FOIA without cost, or as advertised.

Contrary to what the Appellees and the District Court Orders imply, Appellant's practice as an unregistered attorney in the PTO has not been suspended or revoked or in any other way been refused recognition under Local Rule LCvR 83.7, or otherwise, nor has he asked to be reinstated to the register of attorneys in the PTO.  So far, there is no reason for him to ask for or to be refused recognition to practice as an unregistered attorney, agent or firm because he is already recognized as an attorney, agent and firm by Maryland, DC, New York State, the Eastern and Southern District of New York, the Court of Appeals of the Federal Circuit (CAFC), the Supreme Court of the U.S., and the U.S. Tax Court.  He is also practicing currently in the PTO as *pro se* attorney, agent and firm under his trademark soon to be registered (albeit, he is being restrained by *prior restraint* from saying so or holding himself out as authorized to do so in violation of the First Amendment).  And he is an unrecognized *pro se* attorney who has been coerced by *prior restraint* to refrain from acquiring limited recognition to prosecute with a power of attorney from co-inventors who are alive or dead, unavailable or hostile, with letters of

20

administration or as an executor, or for foreign clients who want foreign applications to be filed

in the PTO as a depository country (albeit, the Appellees say that the issue is "moot" and

recognition is not necessary in the Trademark Office).   And registration has not been formally

revoked with constitutionally sufficient notice, a hearing or due process under the required

revocation procedures.

## CONCLUSION

**In view of the above, this Court is requested to consider carefully this Motion made**

**herein, herewith and hereby, and the Remarks in support to allow time for the Plaintiff to**

**appeal the Minute Order of 5/30/08 and the formal written Order that presumably will**

**follow so that he can properly ask the Appellant Court to reverse and remand the District**

**Court's denial of temporary and preliminary interlocutory relief, which effectively made**

**the Appellees immune from a trial for emergency and equitable relief for irreparable harm**

**that has been clearly shown to exist but now denied.  The Appellant can thus ask for**

**reversal and remand without prejudice to Appellants right to reserve the right of this**

**Court to certify and transfer or merge his Appeal into the related Appeal in the CAFC;**

**and also without prejudice to the continuation of the trial in this case by the District Court**

**in this Circuit by Reversal and Remand for Reconsideration of the Appealed District**

**Court's Orders, including their Order of  5/8/08 Denying Petitioner's Motion For**

**Injunctive Relief And Refusing to Give An Opinion Under Section 1292 (b) That Such**

**Order Involves A Controlling Question of Law, And That An Immediate Appeal Would**

**Materially Advance The Ultimate Termination Of The Litigation  Below, And In This**

**Appeal No. 08-5089.**

21

"*Attorney, Agent or Firm* – Cornell D.M. Judge Cornish" or "*Attorney, Agent or Firm* –

Cornell D.M. Judge Cornish Down Pat TM SM (c) 2008

Respectfully submitted,

*Cornell D. M. Judge Cornish*

Cornell D.M. Judge Cornish *pro se*
DC Bar #366240
1101 New Hampshire Ave., NW, Suite 301
Washington, DC 20037
(202) 429-9705
cornishj@erols.com

Date: 6/5/08

22

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing and enclosed Appellant's Motion,

Response and Remarks in support of his interlocutory appeal have been served by hand by

delivering a copy thereof to:

W. Mark Nibeker
[LD NTC GVT ATTY USAO/AUSA]
Assistant United States Attorney
(USA) Civil Division
555 4TH Street
Washington, DC 20530
(202) 514-7230 fax (202) 514-8780

on this     *5th*     day of June, 2008.

*Cornell D. M. Judge Cornish*

     Cornell D.M. Judge Cornish *pro se*
     DC Bar #366240
     1101 New Hampshire Ave., NW, Suite 301
     Washington, DC 20037-1502
     (202) 429-9705
     cornishj@erols.com

Date:  *6/5/08*

23

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CORNELL D.M. JUDGE CORNISH,** | ) |
| | ) |
| **Plaintiff *Pro Se*** | ) |
| **v.** | ) |
| | ) |
| | ) |
| | ) Case 1:07cv01719 (RRW) |
| | ) |
| **JON DUDAS, et al.** | ) |
| | ) |
| **Defendants** | ) |
| | ) |
| | ) |

## ORDER

UPON CONSIDERATION of Plaintiff's Motion and Memorandum in support of his

request for an extension if tune to reply to the Minute Order of 5/30/08, and the entire record, it

is this fifth day of June, 2008, hereby

ORDERED that Plaintiff's Motion should be and it is hereby Granted.

_____
United States District Judge

W. Mark Nebeker
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
(202) 514-7230 fax (202) 514-8780

Cornell D.M. Judge Cornish, *pro se*
1101 New Hampshire Ave., NW
Suite 301
Washington, DC 20037
(202) 429-9705

1