UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
CORNELL D.M. JUDGE CORNISH,         )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )    Civil Action No. 07-1719 (RWR)
                                    )
JON DUDAS, et al.,                  )
                                    )
        Defendants.                 )
_____     )


MEMORANDUM ORDER

Plaintiff Cornell Cornish moves for reconsideration of the June 4, 2010 memorandum opinion and order granting summary judgment to the defendants on the plaintiff's reinstatement and Rehabilitation Act claims, dismissing all of the plaintiff's remaining claims, and denying him leave to file a second amended complaint.  Cornish reargues his constitutional and reinstatement claims and contends that the court made clearly erroneous findings of fact.  Because Cornish's assignments of error have no basis in the record, and because he presents no new law, new evidence, or proof of injustice warranting reconsideration, the motion will be denied.

The facts of this case are reported in Cornish v. Dudas, 715 F. Supp. 2d 56, 58-60 (D.D.C. 2010).  Briefly, the U.S. Patent and Trademark Office ("USPTO") construed Cornish's letter of intent to cease practice as a request for removal from the patent

register.  Id. at 59.  The Office invited Cornish to correct its interpretation, waited five months for a response, and, having received none, removed Cornish's name.  Id.  Nine years later, Cornish requested reinstatement.  Id.  The Office denied the request for failure to present sufficient evidence "of his ability to render patent applicants valuable service" or, in the alternative, to pass the patent examination.  Id. at 59-60. Cornish challenged the denial as arbitrary and capricious and asserted various constitutional claims.[1]  The defendants, in turn, moved for summary judgment.

The motion as to Cornish's reinstatement claim was granted because Cornish had failed to exhaust his administrative remedies, id. at 61-64, and Cornish's constitutional claims under the First, Fourth, and Fourteenth Amendments were dismissed.  Id. at 67-68.  Cornish moves for reconsideration of these rulings, arguing that certain findings of fact and legal conclusions were error.  (Pl.'s Mot. for Reconsideration ("Pl.'s Mot.") at 8, 12, 21-23.)  For example, Cornish denies having failed to exhaust his

---

[1]      The motion for reconsideration offers no argument or authority for disturbing the court's rulings on Cornish's claims under the Rehabilitation Act, the Fourth Amendment to the United States Constitution, or Tafas v. Dudas, 541 F. Supp. 2d 805 (E.D. Va. 2008).  Neither does the motion challenge the portions of the order dismissing Cornish's employment discrimination claims and denying him leave to file a second amended complaint.  Cornish's motion to stay these proceedings and to consolidate this matter with Cornish v. Dudas, Civ. No. 09-797, will be denied as the plaintiff presents no legal basis for the relief he seeks.

- 3 -

administrative remedies on his reinstatement claim, having been removed from Maryland's attorney register as a result of a grievance, and having been denied reinstatement after requesting it. (Pl.'s Mot. at 12, 21-22.)  He also challenges the statement that his removal from the patent register was voluntary. (<u>Id.</u> at 21.)  The defendants oppose the motion and argue merely that reconsideration should be denied for Cornish's failure to discuss four claims, and to characterize accurately the relevant law and facts applicable to three others. (<u>See, e.g.</u>, Defs.' Opp. at 2, 4, 11.)  The plaintiff filed no reply.

　　　To prevail, Cornish bears the burden of identifying "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." <u>Goodman v. Blount</u>, No. 10-5410, 2011 WL 2618214, at *1 (D.C. Cir. June 21, 2011) (citing <u>Firestone v. Firestone</u>, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  However, "[m]otions for reconsideration are disfavored[.]" <u>Wright v. F.B.I.</u>, 598 F. Supp. 2d 76, 77 (D.D.C. 2009) (internal quotation marks and citation omitted).  "The granting of such a motion is . . . an unusual measure, occurring in extraordinary circumstances." <u>Kittner v. Gates</u>, Civil Action No. 09-1245 (GK), 2011 WL 1791233, at *1 (D.D.C. May 11, 2011).  Accordingly, the movant must not "relitigate old matters, or raise arguments or present evidence that could have been raised prior to the entry

- 4 -

of judgment." Jung v. Assoc. of Am. Med. Colls., 226 F.R.D. 7, 8 (D.D.C. 2005) (internal quotation marks and citation omitted).

The "errors" Cornish cites are all findings supported by the record. (Pl.'s Mot. at 21-23.) See Cornish, 715 F. Supp. 2d at 59, 62. The findings are not newly available evidence; as evidence, they are merely newly advanced. Even if Cornish's allegations to the contrary constituted newly discovered evidence, none is "so central to the litigation" as to warrant reconsideration. Taitz v. Obama, 754 F. Supp. 2d 57, 59 (D.D.C. 2010). Further, Cornish's motion merely repeats arguments raised and rejected in the June 4, 2010 memorandum opinion and order. (See, e.g., Pl.'s Mot. at 11.) His continued failure to plead or cite to a final agency decision on his reinstatement claim ordinarily bars review here. Cornish, 715 F. Supp. 2d at 61-62. He has presented no new law or newly discovered evidence showing that the material facts of the denial of his reinstatement are in dispute. See id. at 63. Neither does Cornish present any persuasive argument that denying his reinstatement denies him the freedom to speak under the First Amendment. It simply justifiably prevents him from holding himself out as a registered patent attorney. (See, e.g., Pl.'s Mot. at 1-2.) See also Cornish, 715 F. Supp. 2d at 67. He has identified no intervening change of controlling law, new evidence, manifest injustice, or clear legal errors warranting reconsideration of

- 5 -

the ruling.  Finally, Cornish, who sued federal officials in

their official capacities, offers no authority for the

proposition that the Fourteenth Amendment, applicable to state

action, is an appropriate vehicle for his claims.  (<u>See</u> Def.'s

Opp. at 11.)  No intervening law or new evidence demonstrates

"facts that, if proven, would demonstrate that he did not have a

meaningful opportunity to be heard."  <u>Cornish</u>, 756 F. Supp. 2d at

67, 68.  In sum, the plaintiff's arguments either "lack

sufficient support, ha[ve] already been considered and rejected

by the Court, or raise[] arguments that could have and should

have been made previously."  <u>Owen-Williams v. BB & T Inv.</u>

<u>Services, Inc.</u>, Civil Action No. 06-948 (CKK), 2011 WL 2783783,

at *4 (D.D.C. July 18, 2011).  None provides a legal basis for

granting reconsideration.  Accordingly, it is hereby

ORDERED that the plaintiff's motion [97] for reconsideration

be, and hereby is, DENIED.

SIGNED this 27th day of September, 2011.

_____/s/_____

RICHARD W. ROBERTS
United States District Judge